This document was signed electronically on April 3, 2018, which may be different from its entry on the record.

IT IS SO ORDERED.

Dated:  April 3, 2018



ALAN M. KOSCHIK
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] | ) Case No. 18-50757 |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Hon. Judge Alan M. Koschik |

## INTERIM ORDER AUTHORIZING DEBTORS TO CONTINUE PERFORMANCE OF OBLIGATIONS UNDER INTERCOMPANY AGREEMENTS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (the "Order") authorizing, but not directing, the Debtors to continue performance of their obligations under the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage L.L.C. (6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Intercompany Agreements in the ordinary course of business, as more fully set forth in the Motion; and upon the First Day Declaration; and upon the Moore Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion, to the extent granted herein, is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at an interim hearing before the Court (the "<u>Hearing</u>"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "<u>Final Hearing</u>") on the Motion shall be held on **April 26, 2018 at 9:00 a.m.** (Eastern Time). Any objections or responses to entry of a final order shall be filed and served on or before **April 19, 2018 at 4:00 p.m.** (Eastern Time).

3. During the Interim Period, the Debtors are authorized, but not directed, to continue performing under any and all of the Intercompany Agreements in the ordinary course of business and on the terms set forth in the Motion and this Order;[3] *provided, however*, that

---

[3] For the avoidance of doubt, this shall not include the Mansfield Lease Agreement and the Debtors have filed a motion seeking to reject the Mansfield Lease Agreement contemporaneously with the filing of the Motion.

nothing in this Interim Order shall in any way prejudice (i) the ability of the Debtors' creditors and other parties in interest to analyze and raise objections to any aspects of the Intercompany Agreements prior to the Final Hearing including, but not limited to, all payments made thereunder and the methodologies employed in calculating such payments or (ii) the Debtors' ability to contest such objections. The Debtors are further authorized, but not directed, to use estate property and to expend estate funds consistent with prepetition practices and in the ordinary course of business to perform under the Intercompany Agreements. In the event that FESC is provided with estate property by the Debtors to pay FirstEnergy entities or third parties in accordance with an Intercompany Agreement, FESC is authorized to pay such entities as directed by the Debtors.

4. The Debtors are authorized, but not directed, to honor, pay, or otherwise satisfy any prepetition obligations arising on account of the Shared Services Agreements, Tax Allocation Agreement, Power Purchase Agreements, Mansfield Power Purchase Agreement, Bay Shore Steam Purchase Agreement and the Master Nuclear Operating Agreement, in each case to the extent that such payments have not already been authorized pursuant to a separate order of this Court and to the extent such obligations will become due and owing during the first 30 days following the Petition Date; *provided, however*, that the Debtors shall not pay any amounts owed to FESC or FirstEnergy under the Shared Services Agreements prior to entry of the Final Order.

5. The Debtors are authorized to continue to use the P-Cards in the ordinary course of business and to satisfy the March 2018 P-Card charges by allowing FESC to offset such charges against the deposit held by FESC.

6. In accordance with this Order and any other order of this Court, each of the financial institutions at which the Debtors or their non-Debtor affiliates maintain accounts

relating to the payment of the obligations described in the Motion and FESC is directed to receive, process, honor, and pay any and all checks, drafts, wire transfers, and automated clearing house transfers issued, whether before or after the Petition Date, for payment of obligations described in the Motion.

7. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

9. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. The Debtors and FESC are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11. This Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

# # #

**SUBMITTED BY:**

*/s/Marc B. Merklin*
**BROUSE MCDOWELL LPA**
Marc B. Merklin (0018195)
Kate M. Bradley (0074206)
Bridget A. Franklin (0083987)
388 South Main Street, Suite 500
Akron, OH 44311-4407
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
kbradley@brouse.com
bfranklin@brouse.com

- and -

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira Dizengoff (Admitted *pro hac vice*)
Lisa Beckerman (Admitted *pro hac vice*)
Brad Kahn (Admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
lbeckerman@akingump.com
bkahn@akingump.com

- and -

Scott Alberino (Admitted *pro hac vice*)
Kate Doorley (Admitted *pro hac vice*)
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
salberino@akingump.com
kdoorley@akingump.com

*Proposed Counsel for Debtors*
*and Debtors in Possession*