**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **OHIO VALLEY ENERGY CORP.,** | ) | **CASE NO. 5:18-MC-34** |
| | ) | |
| Movant, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **FIRSTENERGY SOLUTIONS CORP.,** | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is Movant Ohio Valley Energy Corporation's ("OVEC") Motion to Withdraw Reference, Doc #: 1. OVEC owns and operates power plants in Ohio and Indiana. Mot. ¶ 1. It generates and sells wholesale power to companies, including FirstEnergy Solutions Corp. ("FES"), pursuant to an Inter-Company Power Agreement ("ICPA"). *Id.* On March 26, 2018, OVEC initiated an action before the Federal Energy Regulatory Commission ("FERC"), seeking findings regarding FES's anticipated rejection of the ICPA. Mot. ¶ 12; *see also* FERC Compl., Mot. Ex. C. On April 1, 2018, FES filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. *See* Doc #: 1-2. FES also filed a Rejection Motion seeking authority from the Bankruptcy Court to reject the ICPA. *Id.* On April 3, 2018, OVEC filed the instant motion requesting the Court to withdraw the Rejection Motion from the Bankruptcy Court's

jurisdiction pursuant to 28 U.S.C. § 157(d). Mot. ¶ 3. For the following reasons, OVEC's Motion to Withdraw Reference is **DENIED**. The motion should still be referred to the Bankruptcy Court for decision pursuant to the Bankruptcy Code. In order to reject the ICPA, FES must also obtain a ruling from FERC that doing so will not contravene the public interest.

Title 28 U.S.C. § 157(d) requires the Court to withdraw a reference to the Bankruptcy Court "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." OVEC argues that the Rejection Motion involves a question of federal law under the Federal Power Act ("FPA") because it asks the Bankruptcy Court to reject the ICPA, a wholesale power agreement. Mot. ¶ 16. The FPA appears to grant FERC exclusive authority over wholesale power agreements pursuant to 16 U.S.C. § 824(b). Thus, OVEC argues that the Court should withdraw the Rejection Motion to determine whether federal courts have jurisdiction to authorize the rejection of wholesale power agreements in the bankruptcy context. Mot. § A. This is a matter of first impression for a district court in this circuit.

The Court determines that it need not withdraw the Rejection Motion because the Bankruptcy Court will not have to engage in any significant interpretation of the FPA. The Court finds that FERC and the Bankruptcy Court have concurrent jurisdiction over the ICPA. Thus, FES must seek approval from both FERC and the Bankruptcy Court to reject the ICPA. FERC will apply the FPA's public interest standard to determine if the rejection comports with federal law. 16 U.S.C. § 824b(a)(4). The Bankruptcy Court will apply its business judgment standard to determine if the rejection is consistent with Chapter 11 of the Bankruptcy Code. The order in which these decisions are issued is of no consequence because FES cannot reject the ICPA

without approval from both FERC and the Bankruptcy Court.

Accordingly, OVEC's motion is **DENIED** and FES's Motion for Rejection shall remain within the Bankruptcy Court's jurisdiction for consideration consistent with this opinion.

**IT IS SO ORDERED.**

*/s/ Dan A. Polster    Apr. 5, 2018*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**