## Exhibit C

**Proposed Order**

| | |
|---|---|
| In re: | ) Chapter 11 )  |
| FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] | ) Case No. 18-50757 ) (Jointly Administered) |
| Debtors. | ) ) Hon. Judge Alan M. Koschik ) |

**ORDER APPROVING THE APPLICATION OF THE DEBTORS
PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) TO (I) RETAIN
ALVAREZ & MARSAL NORTH AMERICA, LLC TO PROVIDE
THE DEBTORS A CHIEF RESTRUCTURING OFFICER AND
CERTAIN ADDITIONAL PERSONNEL AND (II) DESIGNATE
CHARLES MOORE AS CHIEF RESTRUCTURING OFFICER
FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application, dated March 31, 2018 (the "Application")[2] of FirstEnergy Solutions Corp., and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), for authorization to retain Alvarez & Marsal North America, LLC ("A&M") to provide the Debtors with a CRO and certain Additional Personnel (as described in the Application) and designate Charles Moore as the Debtors' CRO, *nunc pro tunc* to the Petition Date on the terms set forth in the Engagement Letter annexed to the Application as Exhibit A and the Moore Declaration annexed to the Application as Exhibit B, all as more fully described in the Application; and the Court having jurisdiction to consider the Application and grant the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186), and Norton Energy Storage L.L.C. (6928), case no. 18-50763. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having provided notice of the Application and Hearing (as defined below) to the Notice Parties; and the Court having held a hearing to consider the requested relief (the "**Hearing**"); and the record of the Hearing, and all of the proceedings before the Court, the Court finds and determines that the requested relief is in the best interests of the Debtors, their estates, creditors, and all parties in interest; the Debtors have provided due and proper notice of the Application and Hearing and no further notice is necessary; the legal and factual bases set forth in the Application establish just and sufficient cause to grant the requested relief herein; **IT IS HEREBY ORDERED THAT:**

1. The Application is granted to the extent set forth herein.

2. The terms of the Engagement Letter, including without limitation, the compensation provisions and the indemnification provisions, as modified by the Application and this Order, are reasonable terms and conditions of employment and are hereby approved.

3. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are hereby authorized to retain A&M to provide the Debtors with a CRO and certain Additional Personnel and to designate Charles Moore as the Debtors' CRO, *nunc pro tunc* to the Petition Date on the terms set forth in the Engagement Letter, subject to the following terms, which apply notwithstanding anything in the Engagement Letter or the Application or any Exhibits related thereto to the contrary:

    (a) A&M and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the above-captioned cases.

(b) In the event the Debtors seek to have A&M personnel assume executive officer positions that are different than the positions disclosed in the Motion, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new executive officers, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

(c) A&M shall file with the Court with copies to the U.S. Trustee and all official committees, a report of staffing on the engagement for the previous month. Such report shall include the names and functions filled of the individuals assigned. All staffing shall be subject to review by the Court in the event an objection is filed.

(d) No principal, employee or independent contractor of A&M and its affiliates shall serve as a director of any of the above-captioned Debtors during the pendency of the above-captioned cases.

(e) A&M shall file with the Court, and provide notice to the U.S. Trustee and all official committees, reports of compensation earned and expenses incurred on a quarterly basis. Such reports shall contain summary charts which describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred. All compensation shall be subject to review by the Court in the event an objection is filed.

(f) Notwithstanding the requirements of paragraph (e) above, the Debtors are authorized, but not directed, to pay, in the ordinary course of business, all amounts invoiced by A&M for fees and expenses incurred in connection with A&M's retention.

(g) Success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee.

(h) For a period of three years after the conclusion of the engagement, neither A&M nor any of its affiliates shall make any investments in the Debtors or the Reorganized Debtors.

(i) A&M shall disclose any and all facts that may have a bearing on whether A&M, its affiliates, and/or any individuals working on the engagement

have any interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason. The obligation to disclose identified in this subparagraph is a continuing obligation.

4. A&M shall provide ten (10) business days' notice to the Debtors and the U.S. Trustee before any increases in the rates set forth in the Application are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds.

5. To the extent there is inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

6. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order, the Engagement Letter and/or the services provided by the Engagement Personnel.

# # #

**SUBMITTED BY:**

/s/
**BROUSE MCDOWELL LPA**
Marc B. Merklin (0018195)
Kate M. Bradley (0074206)
Bridget A. Franklin (0083987)
388 South Main Street, Suite 500
Akron, OH 44311-4407
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
kbradley@brouse.com
bfranklin@brouse.com

- and -

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira Dizengoff (admitted *pro hac vice*)
Abid Qureshi (admitted *pro hac vice*)
Brad Kahn (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
aqureshi@akingump.com
bkahn@akingump.com

- and -

Scott Alberino (admitted *pro hac vice*)
Kate Doorley (admitted *pro hac vice*)
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
salberino@akingump.com
kdoorley@akingump.com

*Proposed Counsel for Debtors
and Debtors in Possession*