**This document was signed electronically on April 26, 2018, which may be different from its entry on the record.**

**IT IS SO ORDERED.**

**Dated: April 26, 2018**



**ALAN M. KOSCHIK**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 )  |
| FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] | ) Case No. 18-50757 (AMK) ) (Jointly Administered) ) |
| Debtors. | ) ) Hon. Judge Alan M. Koschik ) |

## ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS

Upon the motion (the "Motion")[2] of the above-captioned debtors in possession (collectively, the "Debtors"); and upon the First Day Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that the Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage L.L.C. (6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Debtors provided due and proper notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause therefore; it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Except as may otherwise be provided in orders of the Court authorizing the retention of specific Professionals, all Professionals in these Chapter 11 cases pursuant to order of the Court may seek compensation for professional services rendered and reimbursement of expenses incurred in accordance with the following Compensation Procedures:

   (a) On or after the 20th day of each calendar month following the month for which compensation is sought, each Professional seeking interim allowance of its fees and expenses may (i) file with the Court a monthly fee statement (the "Monthly Fee Statement") for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (the "Compensation Period") and (ii) serve the Monthly Fee Statement on each of the following parties: (a) the Debtors, FirstEnergy Solutions Corp., 341 White Pond Drive, Akron, OH, 44320 (Attn. Rick Giannantonio); (b) counsel for the Debtors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, 44th Floor, New York, NY 10036-6745 (Attn. Lisa Beckerman) 1333 New Hampshire Avenue, N.W., Washington, DC 20036 (Attn. Scott Alberino); (c) local counsel for the Debtors, Brouse McDowell LPA, 388 South Main St., Suite 500, Akron, OH 44311 (Attn. Kate Bradley and Marc Merklin); (d) Office of the United States Trustee, Howard M. Metzenbaum U.S. Courthouse, 201 Superior Avenue East, Suite 441, Cleveland, OH 44114 (Attn: Attn: Tiiara Patton); (e) Counsel to FirstEnergy Corp. and its non-Debtor subsidiaries, Jones Day, 901 Lakeside Avenue, Cleveland, OH 44114 (Attn: Heather Lennox and Thomas Wearsch); and (f) counsel to the Unsecured Creditors' Committee, Milbank, Tweed, Hadley &

McCloy, 28 Liberty Street, New York, NY 10005 (Attn: Evan Fleck) (collectively, the "Notice Parties.") Any Professional that fails to file a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement that includes a request for compensation earned or expenses incurred during previous months. All Monthly Fee Statements shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any applicable guidelines issued by the Office of the United States Trustee (the "U.S. Trustee Guidelines") and applicable Sixth Circuit law.

(b) Each Professional must submit its first Monthly Fee Statement no earlier than May 21. This initial Monthly Fee Statement will cover the period from the Petition Date through April 30, 2018. Thereafter, the Professionals must serve Monthly Fee Statements on the Notice Parties in the manner described above.

(c) Any Notice Party receiving a Monthly Fee Statement may object to the payment of the fees or the reimbursement of costs set forth therein by serving a written notice of objection (a "Notice of Objection to Fee Statement") upon the other Notice Parties within 20 business days of receiving the Monthly Fee Statement (the "Objection Deadline"). The Notice of Objection to Fee Statement shall state the nature of the objection and identify the amount of the fees or costs to which the objection is made. Thereafter, the objecting party and the Professional whose statement is objected to shall attempt to reach an agreement regarding the correct payment to be made.

(d) Upon the expiration of the Objection Deadline, each Professional may file a certification of no objection or a certification of partial no objection with the Court, whichever is applicable, after which the Debtors are authorized to pay each Professional an amount (the "Actual Payment") equal to the lesser of (i) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Fee Statement (the "Maximum Payment"), and (ii) eighty percent (80%) of the uncontested fees and one hundred percent (100%) of the uncontested expenses pursuant to subparagraph (e) herein. Any Professional who fails to submit a Monthly Fee Statement shall be ineligible to receive further payments of fees and expenses as provided herein until such time as the Monthly Fee Statement or Interim Fee Application is submitted.

(e) If the Debtors receive a Notice of Objection to Fee Statement, they shall withhold payment of that portion of the Monthly Fee Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (d). Any fees incurred in connection with such fee disputes shall not be paid pursuant to a Monthly Fee Statement but may only be sought and paid upon the filing of an Interim Fee Application as set forth in paragraphs (h)-(i) below and pursuant to an order of the Court.

(f) If the parties to an objection are able to resolve their fee dispute, the Debtors are authorized to pay, in accordance with paragraph (d), that portion of the Monthly Fee Statement that is no longer subject to an objection.

(g) If the parties are unable to reach a resolution of the Objection within twenty (20) days after service of the Notice of Objection to the Fee Statement, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Payment and the Actual Payment (the "Incremental Amount") made to the affected Professional; or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the parties.

(h) Beginning with the approximate four (4) month period from the Petition Date, at four (4) month intervals thereafter or such other intervals convenient to the Court (the "Interim Fee Period"), each Professional shall file with the Court and serve on the Notice Parties on or before the 45th day following the last compensation period for which compensation is sought a request, pursuant to Bankruptcy Code section 331, for interim Court approval and allowance of the compensation and reimbursement of expenses sought in the Monthly Fee Statement filed during the Interim Fee Period (an "Interim Fee Application"). The Interim Fee Application must include a brief description identifying (i) the Monthly Fee Statements that are the subject of the request, (ii) the amount of fees and expenses requested, (iii) the amount of fees and expenses paid to date or subject to an Objection, (iv) the deadline for other parties and the Notice Parties to file objections (the "Additional Objections") to the Interim Fee Application, and (v) any other information requested by the Court or required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines and applicable Sixth Circuit law. Objections, if any, to an Interim Fee Application shall be filed and served upon the affected Professional and the Notice Parties so as to be received on or before the 20th day following service of the applicable Interim Fee Application.

(i) Each Professional shall file and serve its Interim Fee Application within forty five (45) days after the conclusion of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses. The first Interim Fee Application shall cover the period from the Petition Date and through and including July 31, 2018, and may be filed on or before September 14, 2018.

(j) The Debtors shall request a hearing on the pending Interim Fee Applications at least once every six (6) months. The Debtors, however, may request that a hearing be held every four (4) months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing, upon the Professional's filing of a certificate of no objection. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

3. The pendency of an objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional or Committee member from the future payment of compensation or reimbursement of expenses as set forth above. There will be no other penalties for failing to file a Monthly Fee Statement or an Interim Fee Application in a timely manner. Neither (a) the payment of or the failure to pay, in whole or in part, monthly interim compensation of fees and reimbursement of expenses under the Compensation Procedures, nor (b) the filing of or the failure to file an Objection to any Monthly Fee Statement or Interim Fee Application will prohibit any party in interest or the Court from raising any objection with respect to the final allowance of Professional fees or expenses. All fees and expenses paid to Professionals in accordance with the Compensation Procedures are subject to disgorgement until final allowance by the Court. In each Interim Fee Application and Final Fee Application, all attorneys who have been or are hereafter retained pursuant to sections 327 or 1103 of the Bankruptcy Code, unless such attorney is employed and retained pursuant to the Debtors' motion for an order authorizing the retention and employment of ordinary course professionals and is not required to file fee applications in accordance with the terms thereof shall (a) apply for compensation for professional services rendered and for reimbursement of expenses incurred in connection with these Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the local bankruptcy rules, and any other applicable procedures and orders of the Court and (b) intend to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "Revised UST Guidelines").

4. Each member of any Committee is permitted to submit statements of expenses and supporting vouchers (excluding third-party counsel or advisor expenses of individual Committee members) to the respective Committee's duly retained and approved counsel, which counsel will collect and submit the Committee members' requests for reimbursement in accordance with the Compensation Procedures. Approval of the Compensation Procedures, however, does not authorize payment of such expenses to the extent that such authorization does not exist under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines and applicable Sixth Circuit law.

5. Notice of Interim and Final Fee Applications shall be limited to: (a) the Notice Parties; and (b) parties that have filed a Notice of Appearance with the Clerk of this Court. In particular: (a) the Notice Parties shall receive both the Fee Applications and the Hearing Notice; and (b) all other parties entitled to notice shall receive only the Hearing Notice, unless they request in writing (and at their expense) a copy of the Application from the applicant.

6. The Debtors shall include all payments made to Professionals in accordance with the Compensation Procedures in their monthly operating reports identifying the amounts paid to each Professional.

7. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# # #

**SUBMITTED BY:**

*/s/ Kate M. Bradley*
**BROUSE MCDOWELL LPA**
Marc B. Merklin (0018195)
Kate M. Bradley (0074206)
Bridget A. Franklin (0083987)
388 South Main Street, Suite 500
Akron, OH 44311-4407
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
kbradley@brouse.com
bfranklin@brouse.com

- and -

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira Dizengoff (admitted *pro hac vice*)
Lisa Beckerman (admitted *pro hac vice*)
Brad Kahn (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
lbeckerman@akingump.com
bkahn@akingump.com

- and -

Scott Alberino (admitted *pro hac vice*)
Kate Doorley (admitted *pro hac vice*)
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
salberino@akingump.com
kdoorley@akingump.com

*Proposed Counsel for Debtors
and Debtors in Possession*