This document was signed electronically on April 26, 2018, which may be different from its entry on the record.

IT IS SO ORDERED.

Dated:  April 26, 2018



ALAN M. KOSCHIK
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 18-50757 |
| FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | Hon. Judge Alan M. Koschik |
| | ) | |

## ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND COMPENSATE PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors"), for entry of an order authorizing, but not directing, the Debtors to employ and compensate professionals utilized in the ordinary course of business (the "OCPs"),

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage L.L.C. (6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

2 Capitalized terms not defined herein are defined in the Motion.

as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and this Court having reviewed the Motion, the First Day Declaration, and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause therefore; it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code and rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the extent deemed necessary or appropriate by the Debtors, the Debtors are authorized to employ the OCPs listed on the OCP Schedules attached hereto as **Exhibit 1** and **Exhibit 2** in the ordinary course of the Debtors' business, effective as of the Petition Date, and any OCPs not listed on the OCP Schedules, as provided for in this Order, in accordance with the following compensation procedures (collectively, the "Compensation Procedures"):

   a. Each OCP shall file with the Court a declaration of disinterestedness (each a "Declaration of Disinterestedness"), substantially in the form attached as **Exhibit 3** to this Order, within twenty-eight (28) days after the later of (i) the date of entry of this Order, (ii) the date on which such OCP commences services for the Debtors, and (iii) the date on which such OCP is added to the OCP Schedules. Each OCP shall serve the Declaration of

Disinterestedness upon: (a) the Debtors, FirstEnergy Solutions Corp., 341 White Pond Drive, Akron, OH, 44320 (Attn. Rick Giannantonio); (b) counsel for the Debtors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, 44th Floor, New York, NY 10036-6745 (Attn. Lisa Beckerman), and 1333 New Hampshire Avenue, N.W., Washington, DC 20036 (Attn. Scott Alberino); (c) local counsel for the Debtors, Brouse McDowell LPA, 388 South Main St., Suite 500, Akron, OH 44311 (Attn. Kate Bradley and Marc Merklin); (d) the Office of the United States Trustee, Howard M. Metzenbaum U.S. Courthouse, 201 Superior Avenue East, Suite 441, Cleveland, OH 44114 (Attn: Tiiara Patton); (e) counsel for FirstEnergy Corp., Jones Day, 901 Lakeside Avenue, Cleveland, OH 44114 (Attn. Heather Lennox); and (f) counsel to the Unsecured Creditors' Committee, Milbank, Tweed, Hadley & McCloy, 28 Liberty Street, New York, NY 10005 (Attn: Evan Fleck) (each a "Notice Party," and collectively, the "Notice Parties").

b. The Notice Parties shall have twenty (20) days after the filing and service of a Declaration of Disinterestedness to object to the retention of the OCP filing such declaration (the "Objection Deadline"). Any objecting party shall (i) serve its objection upon the Notice Parties and the relevant OCP on or before the Objection Deadline, and (ii) file its objection with the Clerk of the Court, United States Bankruptcy Court for the Northern District of Ohio, at 455 U.S. Courthouse, 2 South Main Street, Akron, Ohio 44308, together with proof of service, on or before 5:00 p.m. (prevailing Eastern Time) of the Objection Deadline. If an objection cannot be consensually resolved within seven (7) days after the Objection Deadline, then the retention of the OCP that is the subject of the objection shall be scheduled for hearing by the Debtors at the next regularly scheduled omnibus hearing date that is no less than fourteen (14) days from that date or on another date to which the parties agree. The Debtors shall not be authorized to retain and pay directly or through non-debtor affiliate FirstEnergy Service Company ("FESC") such OCP until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

c. If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular OCP, then retention of the OCP shall be deemed approved by the Court without hearing or further order and the Debtors shall be authorized to retain and pay through FESC or directly each such OCP as set forth below.

d. The Debtors reserve the right to modify the OCP Schedules as necessary to add or remove OCPs, from time to time, in their sole discretion. In the event an OCP is added to the OCP Schedules, the Debtors will file a notice with the Court listing the additional OCPs that the Debtors intend to employ (each, an "OCP Notice") and to serve each OCP Notice on the

3

Notice Parties. Additionally, each additional OCP listed in the OCP Notice shall be subject to the terms of this Order, and shall serve a Declaration of Disinterestedness on the Notice Parties in accordance with this Order. The Notice Parties shall have fourteen (14) days following the date of service of an OCP Notice to notify the Debtors' attorneys, in writing, of any objection to the proposed retention of any additional OCP, file any such objection with the Court, and serve any such objection upon each of the Notice Parties so as to be actually received within fourteen (14) days of service of such OCP Notice.

e.  The Debtors intend to pay fees and disbursements owed to the OCPs in the ordinary course of business by paying FESC, who is authorized to remit payment to the OCPs, or by paying the OCPs directly.

f.  The Debtors and/or FESC shall be authorized to pay, without formal application to the Court by any OCP, 100% of fees and disbursements to each of the OCPs retained pursuant to these procedures (including the filing of a Declaration of Disinterestedness) upon the OCP's submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses incurred after the Petition Date; provided, however, that while these chapter 11 cases are pending, the fees of each OCP set forth on **Exhibit 1** to this Order (the "Tier 1 OCPs"), excluding costs and disbursements, may not exceed $100,000 per month on average over a rolling three-month period for services rendered to one or more of the Debtors (the "Tier 1 OCP Cap"), and that the fees of each OCP set forth on **Exhibit 2** to this Order (the "Tier 2 OCPs"), excluding costs and disbursements, may not exceed $75,000 per month on average over a rolling three-month period for services rendered to one or more of the Debtors (the "Tier 2 OCP Cap" and, together with the Tier 1 OCP Cap, the "OCP Caps").

g.  If the compensation sought for any OCP for any month exceeds the applicable OCP Cap calculated based upon the prior three months including such month, then such OCP must file a fee application for the full amount of its fees and expenses for that single month in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Ohio (the "Local Rules"), any applicable guidelines issued by the Office of the United States Trustee, and any applicable orders of this Court. The US Trustee reserves the right to request that any OCP who is regularly exceeding the applicable OCP Cap, as applicable, be the subject of a retention application pursuant to Bankruptcy Code section 327.

h.  Beginning with the period of April 1, 2018 through June 30, 2018, and for each three-month period thereafter (each, a "Quarter"), the Debtors shall

4

18-50757-amk    Doc 428    FILED 04/26/18    ENTERED 04/26/18 14:09:34    Page 4 of 18

file with the Court and serve on the Notice Parties, no later than thirty (30) days after the end of such Quarter, a statement that shall include the following information for each OCP: (a) the name of the OCP; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such OCP during each month of the reported Quarter; (c) the aggregate amount paid as compensation for services rendered and reimbursements of expenses incurred by such OCP during the pendency of these cases; and (d) a general description of the services rendered by each OCP during the reported Quarter.

3. The Debtors and FESC shall not make any payment to any OCP who has not complied with the Compensation Procedures and the other terms of this Order with respect to any services rendered by the OCP for one or more of the Debtors.

4. If any OCP exceeds the applicable OCP Cap by more than $5,000 during any three separate months in any 6-month period, such OCP must be retained by the Debtors pursuant to a separate retention application and will subsequently file fee applications in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any applicable guidelines issued by the Office of the United States Trustee, and any applicable orders of this Court. Any such OCP that is an attorney will make a reasonable effort to comply with the US Trustee's requests for information and disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* in connection with such retention and fee applications.

5. All payments to any one OCP shall be subject to sections 328(c) and 330 of the Bankruptcy Code, which provides generally that the Court may deny allowance of compensation for services and reimbursement of expenses if such professional is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed or for reasons set forth in section 330 of the

Bankruptcy Code. In addition to the limits set forth in this Order, all payments to an OCP are further subject to the Bankruptcy Rules and the Local Rules regarding expense reimbursement.

6. All non-OCPs employed by the Debtors to assist in the prosecution of their chapter 11 cases will be retained by the Debtors pursuant to separate retention applications and will not be subject to the procedures set forth in the Motion or this Order.

7. Except for law firms that represented the Debtors prior to the Petition Date and that have been employed pursuant to this Order, all OCPs shall, once their employment is effective pursuant to this Order, be deemed to have waived any and all prepetition claims they may have against the Debtors and their estates. Such OCPs shall include a statement of disinterestedness in their Declaration of Disinterestedness.

8. This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of this Court.

9. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

12. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation, implementation or enforcement of this Order.

### # # #

6

18-50757-amk    Doc 428    FILED 04/26/18    ENTERED 04/26/18 14:09:34    Page 6 of 18

**SUBMITTED BY:**

*/s/ Bridget A. Franklin*
**BROUSE MCDOWELL LPA**
Marc B. Merklin (0018195)
Kate M. Bradley (0074206)
Bridget A. Franklin (0083987)
388 South Main Street, Suite 500
Akron, OH 44311-4407
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
kbradley@brouse.com
bfranklin@brouse.com

 - and -

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira Dizengoff (admitted *pro hac vice*)
Lisa Beckerman (admitted *pro hac vice*)
Brad Kahn (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
lbeckerman@akingump.com
bkahn@akingump.com

  - and -

Scott Alberino (admitted *pro hac vice*)
Kate Doorley (admitted *pro hac vice*)
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
salberino@akingump.com
kdoorley@akingump.com

*Proposed Counsel for Debtors
and Debtors in Possession*

**Exhibit 1**

Tier 1 OCP Schedule

## Schedule of Tier 1 OCPs

| Name | Address | Services |
|---|---|---|
| Calfee Halter & Griswold LLP | 1405 EAST SIXTH STREET, CLEVELAND, OH 44114 | Outside legal services - Regulatory and Asbestos Litigation Matters |
| Dewey Square Group, LLC | 607 14TH ST. NW, SUITE 500, WASHINGTON DC 20005 | Outside professional Services - Legislative Matters |

1

**Exhibit 2**

Tier 2 OCP Schedule

## Schedule of Tier 2 OCPs

| Name | Address | Services |
|---|---|---|
| Babst, Calland, Clements and Zomnir, P.C. | 2 GATEWAY CENTER, 6TH FLOOR, PITTSBURGH, PA 15222 | Outside legal services - Environmental Matters |
| Benesch, Friedlander, Coplan & Aronoff LLP | 200 PUBLIC SQ #2300, CLEVELAND, OH 44114-2378 | Outside legal services - Environmental and Commercial Matters |
| Carpenter Mccadden & Lane LLP | 106 CHESLEY DRIVE, MEDIA, PA 19063 | Outside legal services - Workers' Compensation |
| Esty & Associates | DAN ESTY, 213 PRESTON TERRACE, CHESHIRE, CT 06410 | Outside professional services - Expert Witness |
| Davis Wright Tremaine LLP | 1201 3RD AVENUE, SUITE 2200, SEATTLE, WA 98101 | Outside legal services - Federal Regulatory Matters |
| Day Pitney | 300 KANAWHA BLVD., EAST, CHARLESTON, WV 25301 | Outside legal services - State Regulatory |
| Deloitte Transactions & Business Analytics, LLP | 4022 SELLS DRIVE, HERMITAGE, TN 37076 | Outside professional services - Tax Advisory Services |
| Economists Incorporated | 1200 NEW HAMPSHIRE AVENUE, NW, SUITE 400, WASHINGTON, DC 20036 | Outside professional services - Expert Witness |
| Gibson Dunn & Crutcher LLP | 333 SOUTH GRAND AVENUE, LOST ANGELES, CA 90071 | Outside legal services - Federal Regulatory Matters |
| Greenberg Traurig LLP | 54 STATE STREET, 6TH FLOOR, ALBANY, NY 12207 | Outside legal services - Federal Regulatory Matters |
| Harrington Hoppe & Mitchell Ltd | P.O. BOX 6077, YOUNGSTOWN, OH 44501-6077 | Outside legal services - Commercial Litigation |
| Hepler Broom LLC | P.O. BOX 510, 130 N. MAIN STREET, EDWARDSVILLE, IL 62025 | Outside legal services - Asbestos Litigation |
| J E Cichanowicz Incorporated | 236 N. SANTA CRUZ AVE., SUITE 202, LOS GATOS, CA 95030 | Outside professional services - Expert Witness |
| Jackson Kelly P LLC | 500 LEE STREET, EAST, SUITE 1600, CHARLESTON, WV 25301-3202 | Outside legal services - Arbitration Matters |
| Jackson Lewis PC | 75 PARK PLAZA, 4TH FLOOR, BOSTON, MA 02116 | Outside legal services - Arbitration Matters |
| Knox McLaughlin Gornall & Sennett, P.C. | 120 WEST TENTH STREET, ERIE, PA 16501 | Outside legal services - Workers' Comp Matters |
| Lanier Consulting LLC | P.O. BOX 1621, STOW, OH 44224 | Outside professional services - Consulting Services |
| Law Firm Of Russell R Johnson III | 2258 WHEATLANDS DRIVE, MANAKIN SABOT, VA 23103 | Outside legal services - Bankruptcy Cases Filed By Third Parties |
| Lewis Brisbois Bisgaard & Smith LLP | 633 W. 5TH STREET, LOS ANGELES, CA 90071 | Outside legal services - Asbestos Litigation Matters |
| Litchfield Cavo LLP | ONE GATEWAY CENTER, SUITE 600, 420 FORT DUQUESNE BLVD., PITTSBURGH, PA 15222-1435 | Outside legal services - Personal Injury Claim and Asbestos Litigation Matters |
| Mansour Gavin LPA | NORTH POINT TOWER, 1001 LAKESIDE AVE., SUITE 1400, CLEVELAND, OH 44114 | Outside legal services - Commercial Matters |

1

| Name | Address | Services |
|---|---|---|
| Marnen Mioduszewski Bordonaro Wagner & Sinnott, LLC | 516 WEST TENTH STREET, ERIE PA 16502 | Outside legal services - Workers Compensation |
| Martin & Obermaier LLC | 565 FIFTH AVENUE, NEW YORK, NY 10017 | Outside legal services - Contract Dispute |
| Mololamken LLP | 430 PARK AVE., FLOOR 6, NEW YORK, NY 10022 | Outside legal services - Federal Regulatory/Appeals |
| Morgan Lewis & Bockius LLP | 1701 MARKET STREET, PHILADELPHIA, PA 19103 | Outside legal services - State and Federal Regulatory Matters |
| Navigant Consulting Incorporated | 30 S. WACKER DRIVE, SUITE 1300, 4511 PAYSPHERE CIRCLE, CHICAGO, IL 60606 | Outside professional services - Consulting Services |
| Persun & Hamlin Pc | P.O. BOX 659, 1700 BENT CREEK BLVD., MECHANICSBURG, PA 17055-0659 | Outside legal services - Tax Matters |
| Porter Wright Morris & Arthur LLP | 41 SOUTH HIGH STREET, COLUMBUS, OH 43215 | Outside legal services - Environmental and State Regulatory Matters |
| R L Banks & Associates Inc | 2107 WILSON BLVD #750, ARLINGTON, VA 22201 | Outside professional services - Expert Witness |
| Rawle & Henderson LLP | THE WIDENER BUILDING, ONE SOUTH PENN SQUARE, PHILADELPHIA, PA 19107 | Outside Legal Services-Litigation Matters |
| Roetzel & Andress, LPA | 222 SOUTH MAIN STREET, AKRON, OH 44308 | Outside legal services - Workers Compensation. Employment, Trademark and Claim Matters |
| Ross Brittain & Schonberg | 6480 ROCKSIDE WOODS BLVD. SOUTH, SUITE 350, CLEVELAND, OH 44131 | Outside legal services - Labor Matters |
| Scanlon, Howley & Doherty, P.C. | 217 WYOMING AVENUE, SCRANTON, PA 18503 | Outside legal services - Electrical Contact Claim Matters |
| Skadden Arps Slate Meagher & Flom LLP And Affiliates | FOUR TIMES SQUARE, NEW YORK, NY 10036-6522 | Outside legal services - Federal Regulatory |
| Spillman, Thomas & Battle | 300 KANAWHA BLVD., EAST, CHARLESTON, WV 25301 | Outside legal services - Environmental Matters |
| Squire Patton Boggs US LLP | 4900 KEY TOWER, 127 PUBLIC SQUARE, CLEVELAND, OH 44114 | Outside legal services - Real Estate Matters and Bay Shore Asset Sale Transaction |
| Steptoe & Johnson PLLC | 400 WHITE OAKS BOULEVARD, BRIDGEPORT, WV 26330 | Outside legal services - Environmental and Employment Matters |
| The Brattle Group | 44 BRATTLE STREET, CAMBRIDGE, MA 02138-3736 | Outside professional services - Expert Witness |
| The Levicoff Law Firm | 650 SMITHFIELD STREET, SUITE 1900 CENTRE CITY TOWER, PITTSBURGH, PA 15222 | Outside legal services - Personal Injury Claim Matters |
| Tucker Ellis LLP | 950 MAIN AVENUE, SUITE 1100, CLEVELAND, OH 44113 | Outside legal services - Indemnification Matters |
| Van Ness Feldman LLP | P.O. BOX 79814, BALTIMORE, MD 21279-0814 | Outside legal services - Contract Matters |
| Wilkinson Barker Knauer LLP | 1800 M STREET, NW, SUITE 800N, WASHINGTON, DC 20036 | Outside Legal Services-Litigation Matters |

| Name | Address | Services |
|---|---|---|
| Philip Elwell Troy, Esq. | 217 ASH COURT, WEXFORD, PA 15090 | Outside legal services - Federal Regulatory Matters |
| Penny Legal Group, LLC | 800 NORTH THIRD STREET, SUITE 201, HARRISBURG, PA 17102 | Outside legal services - Federal Regulatory Matters |
| Black, McCuskey, Souers & Arbaugh, LPA | 220 MARKET AVENUE S; SUITE 1000 CANTON OHIO 44702 | Outside legal services - Contract Matters |
| Law Office Of Kathy Kolich | 1521 HIGHTOWER DRIVE, UNIONTOWN OH 44685 | Outside legal services - State Regulatory Matters |
| Whiteley BPS Planning Ventures LLC | 12000 HEATHERDANE DR, ST. LOUIS, MO 63131 | Outside professional services - Regulatory Matters |

# **Exhibit 3**

Form Declaration of Disinterestedness

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 ) |
| FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] | ) Case No. 18-50757 ) (Jointly Administered) |
| Debtors. | ) ) Hon. Judge Alan M. Koschik ) |

**DECLARATION OF DISINTERESTEDNESS IN SUPPORT
OF EMPLOYMENT OF [_____] AS A
PROFESSIONAL UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the following is true and correct:

1. I am a [member] of the firm [_____] (the "Firm"), which maintains offices at the address and phone number listed below:

    Address: [_____]

    Phone: [(\_\_) \_\_\_-\_\_\_\_ ]

2. The Firm has been employed by non-debtor affiliate FirstEnergy Service Company ("FESC") to render services to one or more of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") in the ordinary course of their business. The Debtors wish to retain the Firm to continue providing ordinary course services during their chapter 11 cases. This declaration (the "Declaration of Disinterestedness") is

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage L.L.C. (6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

submitted in compliance with the *Order Authorizing the Debtors to Employ and Compensate Professionals Utilized in the Ordinary Course of Business* (the "<u>OCP Order</u>") [Docket No. [•]].

3. I am familiar with and have personal knowledge of the facts set forth below.

4. Since [date], the Debtors have requested that the Firm provide [description of services provided by the firm with specificity], and the Firm has agreed to provide such services. The Firm [has/has not] provided services to the Debtors prior to the Petition Date. The Firm, through me, and other members, partners, associates, or employees of the Firm, [has provided, and/or plans to provide], the following services to the Debtors from and after the Petition Date: [__].

5. Neither I, the Firm, nor [any member, counsel, or associate] thereof, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors or stockholders, or any party in interest herein, except as set forth hereinafter:

**[PLACEHOLDER FOR EXCEPTION, IF APPLICABLE]**

6. To the best of my knowledge, information, and belief, formed after due inquiry, (a) except for the proposed retention of the Firm in these chapter 11 cases, the Firm does not currently provide services to any party in any matter related to these chapter 11 cases, and (b) the Firm does not represent or hold an interest adverse to the Debtors.

**[STATEMENT OF PAST REPRESENTATION OF THE DEBTORS]**

7. [The Debtors owe the Firm approximately $[___] for prepetition services rendered from [____] through [_____]. [Non-legal professional only] has agreed to waive that amount against the Debtor as part of the requirement to allow the Firm to provide postpetition services.]

8. The Firm holds [a retainer of $____ / no retainer] that is applicable to post-petition services.

9.  If the Firm represents the Debtors on a contingency fee basis with respect to any services provided to the Debtors, the terms of such contingency fee arrangement are attached to this Declaration of Disinterestedness.

10.  This Firm and certain of its [members, counsel, and associates] may have in the past represented, currently represent, and may in the future represent FESC and other non-Debtor affiliates, or other entities that are claimants or equity security holders of the Debtors in matters totally unrelated to the Debtors' chapter 11 cases. [Include description of any necessary disclosures.] The Firm will be compensated for professional services rendered to one or more of the Debtors in accordance with the Compensation Procedures set forth in the OCP Order, based on the hourly rates set forth below, plus reimbursement of actual necessary expenses and other charges incurred by the Firm. The principal [professionals] designated to represent the Debtors and their current standard rates are:

**[LIST OF PROFESSIONALS AND HOURLY RATES]**

11.  The rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Such rates are the Firm's standard rates for work of this nature. The rates are set at a level designed to fairly compensate the Firm for the work of its [professionals] and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with a client's matter. The expenses charged to clients include, among other things, [description of expenses] and, in general, all identifiable expenses that would not have been incurred except for representation of a particular client. The Firm will charge the Debtors and FESC for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.

3

18-50757-amk    Doc 428    FILED 04/26/18    ENTERED 04/26/18 14:09:34    Page 17 of 18

12. Except as provided in the OCP Order, no representations or promises have been received by the Firm nor by [any member, counsel, or associate] thereof as to compensation in connection with these cases other than in accordance with the provisions of title 11 of the United States Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these chapter 11 cases.

13. If, at any time during its employment by the Debtors, the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration of Disinterestedness.

14. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

        [Professional Name]
        [Title]
        [Address]