**This document was signed electronically on May 9, 2018, which may be different from its entry on the record.**

**IT IS SO ORDERED.**

**Dated:  May 9, 2018**



_____
**ALAN M. KOSCHIK**
**U.S. Bankruptcy Judge**


# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: <br><br> FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] <br><br> Debtors. | ) Chapter 11 <br> ) <br> ) Case No. 18-50757 <br> ) (Jointly Administered) <br> ) <br> ) <br> ) Hon. Judge Alan M. Koschik <br> ) |

### ORDER AUTHORIZING RETENTION AND APPOINTMENT OF SITRICK AND COMPANY, INC. AS CORPORATE COMMUNICATIONS CONSULTANT TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for retention and appointment of Sitrick and Company, Inc. ("Sitrick") as corporate communications consultant *nunc pro tunc* to the Petition Date

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186), and Norton Energy Storage L.L.C. (6928), case no. 18-50763.  The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

pursuant to sections 327(a) and 328(a) of the Bankruptcy Code (the "Bankruptcy Code"), Rules 2014(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure the ("Bankruptcy Rules"), and Local Rule 2016-1; and the Court having jurisdiction to consider the Application and relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application being adequate and appropriate; and a hearing having been held to consider the relief requested in the Application; and upon the Adrian Declaration submitted in support of the Application; and the Court being satisfied that Sitrick has the capability and experience to provide such services and that Sitrick does not hold an interest adverse to the Debtors or the estates respecting the matters upon which it is to be engaged; and good and sufficient notice of the Application having been given and no other or further notice being required; and sufficient cause appearing therefor; it is HEREBY ORDERED THAT:

1. Notwithstanding the terms of the Engagement Letter attached to the Application, the Application is approved solely as set forth in this Order.

2. The Debtors are authorized to retain Sitrick as corporate communications consultant effective *nunc pro tunc* to the Petition Date, under the terms of the Engagement Letter annexed to the Application as **Exhibit C**, and Sitrick is authorized and directed to perform communication advising services and all related tasks, as described in the Application and the Engagement Letter.

3. Sitrick shall file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any applicable orders of this Court, and the Fee Guidelines.

4. Sitrick will submit time records in a summary format which shall set forth a description of the services and the amount of time spent on each date by each professional in rendering services on behalf of the Debtors.

5. The Engagement Letter is incorporated herein by reference and approved in all respects as modified herein.

6. The indemnification provisions of the Engagement Letter are approved, subject to the following modifications:

(a) Sitrick shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such other services and the indemnification, contribution or reimbursement therefore are approved by the Court;

(b) The Debtors shall have no obligation to indemnify Sitrick, or provide contribution or reimbursement to Strick, for any claim or expense that is either : (i) judicially determined (the determination having become final) to have arisen solely from Sitrick's gross negligence, fraud, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; or (ii) settled prior to a judicial determination as to Sitrick's gross negligence, willful misconduct, breach of fiduciary duty, or bad faith or self-dealing but determined by this Court, after notice and a hearing to be a claim or expense for which Sitrick should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order;

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Sitrick believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, Sitrick must file an application therefore in the Court, and the Debtors may not pay any such amounts to Sitrick before the entry of an order by this Court approving the payment. This subparagraph ( c)

is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Sitrick for indemnification, contribution or reimbursement, and is not a provision limiting the duration of the Debtors' obligation to indemnify Sitrick. The duration of the Debtor's obligation to indemnify Sitrick post-chapter 11 proceedings will be governed by the Engagement Letter. Notwithstanding this subparagraph, the United State Trustee shall retain the right to object to any demand by Sitrick for indemnification, contribution or reimbursement; and

(d) If, during the pendency of the Debtors' cases, the indemnification is held unenforceable by reason of the exclusions set forth in subparagraph (b) above (i.e., bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, willful misconduct, or a contractual obligations if the Court determines that indemnification would not be permissible to the United Artists decision) and Sitrick makes a claim for the payment of any amounts by the Debtors on account of the Debtors' contribution obligations, then any contractual provisions requiring payment in the Engagement Letter shall not apply.

7. Sitrick shall provide ten (10) business days' notice to the Debtors, the U.S. Trustee and counsel to the Unsecured Creditors' Committee before any increases in the rates set forth in the Application are implemented and shall file such notice with the Court. The U.S. Trustee and Unsecured Creditors' Committee retains all rights to object to any rate increase on all grounds.

8. The Debtors and Sitrick are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

9. Notwithstanding any term in the Engagement Letter to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

10. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

11. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules

4

18-50757-amk    Doc 500    FILED 05/09/18    ENTERED 05/09/18 11:03:02    Page 4 of 6

of the United States Bankruptcy Court for the Northern District of Ohio are satisfied by such notice.

    12.    In the event of any inconsistency between the Engagement Letter, the Application and the Order, the Order shall govern.

###

5

18-50757-amk   Doc 500   FILED 05/09/18   ENTERED 05/09/18 11:03:02   Page 5 of 6

**SUBMITTED BY:**

*/s/ Bridget A. Franklin*
**BROUSE MCDOWELL LPA**
Marc B. Merklin (0018195)
Kate M. Bradley (0074206)
Bridget A. Franklin (0083987)
388 South Main Street, Suite 500
Akron, OH 44311-4407
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
kbradley@brouse.com
bfranklin@brouse.com

- and -

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira Dizengoff (admitted *pro hac vice*)
Lisa Beckerman (admitted *pro hac vice*)
Brad Kahn (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
lbeckerman@akingump.com
bkahn@akingump.com

- and -

Scott Alberino (admitted *pro hac vice*)
Kate Doorley (admitted *pro hac vice*)
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
salberino@akingump.com
kdoorley@akingump.com

*Counsel for Debtors
and Debtors in Possession*