**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FIRSTENERGY SOLUTIONS CORP., *et al.*, | ) Case No. 18-50757 (AMK) |
| | ) (Jointly Administered) |
| | ) |
| | ) Hon. Judge Alan M. Koschik |
| | ) |

**OBJECTION BY UTILITY WORKERS UNION OF AMERICA, LOCAL 270, AFL-CIO,
AND INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCALS
29, 245, AND 1413, AFL-CIO, TO DEBTORS' MOTION FOR ENTRY OF AN ORDER
AUTHORIZING THE DEBTORS TO CONTINUE AND MAKE PAYMENTS
DUE AND OWING UNDER THE DEBTORS' RETENTION PLANS (DKT. NO. 400)**

Creditors Utility Workers Union of America, Local 270, AFL-CIO, and International
Brotherhood of Electrical Workers Locals 29, 245, and 1413, AFL-CIO ("Unions") submit this
objection (the "Objection") to *Debtors' Motion for Entry of an Order Authorizing the Debtors to
Continue and Make Payments Due and Owing Under the Debtors' Retention Plans* (Dkt. No.
400) ("the Motion").

## INTRODUCTION

On April 23, 2018, the Debtors filed the Motion seeking authorization to make payments
pursuant to retention plans described therein as the Management Retention Agreements, 2016
KERPs, the Local 29 Retention Plan, the Local 245 Retention Plan, and the 2018 FENOC
KERP. On May 14, 2018, at the hearing on the Motion, the Debtors agreed to continue the
Motion as to the 2018 FENOC KERP (hereinafter "the KERP" or "the Plan") until June 15,
2018. The Court, by order dated May 14, 2018, authorized the Debtor to make payments
pursuant to the Management Retention Agreements, 2016 KERPs, the Local 29 Retention Plan,
and the Local 245 Retention Plan. (Dkt. 542).

The retention plans approved by the Court on May 14, 2018, according to the Debtors'

own filings, covered 366 employees and totaled $23.9 million. (Dkt. 404-2 at 7, Cumberland

Declaration).[1]  The 2018 FENOC KERP, for which the Debtors now seek approval, covers 1,019

non-bargaining unit employees at a cost of $99.7 million.  (Id.).

Debtors claim that the 2018 FENOC KERP is necessary because the Debtors have

determined that the existing 2016 FENOC KERP is not adequate to retain employees through the

anticipated plant shutdown dates. (Dkt. 400, ¶25). The Debtors purportedly determined that the

2016 KERP "does not include many Employees who would now be likely to constitute flight

risks and seek job security in light of the contemplated deactivation announcement."  (Id.).

Although not all non-bargaining unit members are covered by the 2018 FENOC KERP,

bargaining unit membership is the principal criteria for distinguishing between those employees

covered by the Plan and those who are not. The Debtors' summary of the Plan provides that

"[n]o bargaining unit employees are currently in the program," and that the participants are "[a]ll

active, non-bargaining FENOC employees," with the exception of those job positions Debtors

plan to downsize, those Debtors claim can be readily replaced, and those Debtors deem non-

critical. (Dkt. 404-2 at 10).[2]

The 2018 FENOC KERP is described as including reactor operators, senior reactor

operators, fleet and site management, and superintendents and supervisors, some of the same

categories of employees covered by the Local 29 Retention Plan and Local 245 Retention Plan.

(Id. ¶29). The KERP provides participants with 60, 80 or 100 percent of their base salary. (Id.

---

[1] Brian L. Cumberland is National Managing Director of Compensation & Benefits Practice at Alvarez & Marsal North America, LLC, retained by the Debtors to assist in evaluating retention plans.

[2] The Unions understand that certain modifications to the original plan were negotiated between the Debtors and the Unsecured Creditors Committee.  Because these proposed modifications fail to cover any bargaining unit employees, the Unions' objection is unaffected by these proposed modifications.

¶30). Even though the 2018 FENOC KERP is bigger and broader, in terms of scope and cost, than all of the previously approved retention plans combined, the 2018 FENOC KERP does not include any employees represented by the Unions, even those categories of represented employees covered by the retention plans approved by the Court on May 14, 2018.

The 2018 FENOC KERP covers 1,019 non-bargaining unit employees (Dkt. 404-2 at 7), or 44 percent of FENOC's total employees, (id. at 14). While Debtors' Motion does not specifically state the number of FENOC's bargaining unit and non-bargaining unit employees, based on Debtors' representation that 71% of non-bargaining unit employees are covered by the Plan (id. at 14), FENOC has approximately 1,434 non-bargaining unit employees and 899 bargaining unit employees.[3] Accordingly, under the Plan, 1,019 of 1,434 non-bargaining unit employees will receive bonuses of up to 100% of salary, and none of the 899 bargaining unit employees will receive any payment. Although the money is not allocated equally among those covered, the rough math suggests that about a thousand non-bargaining unit employees will get $100,000 each and bargaining unit employees will get nothing.

It is undisputed that Debtors did not consult Union representatives in the design of the 2018 FENOC KERP, and, in their Motion, Debtors provide no explanation regarding why the Unions were not consulted and why employees represented by the Unions were not included in the 2018 FENOC KERP. The Debtors included almost every other possible interested party, except the Unions. Debtors consulted Alvarez and Marsal Holdings, LLC, FENOC senior management, Hogan Lovells US LLP, Akin Gump, FESC human resources group, FENOC Board, and the Ad Hoc Noteholder Group. (Dkt. 404 ¶¶17-19, Cumberland Declaration).

While the Debtors have not offered any retention payments to bargaining unit employees, the Debtors have used other measures to attempt to retain bargaining unit employees who seek to

---

[3] FENOC had 2,333 employees as of March 15, 2018. (Dkt. 400, ¶13).

move to jobs outside the nuclear plants. For example, at the Perry plant, the UWUA Local 270 CBA covers FirstEnergy locations other than the Perry plant itself. The CBA provides in Article VI that when jobs outside the Perry plant are posted, employees who work at the Perry plant can apply for such jobs, which are awarded based on seniority and qualifications. Ironically, unlike the non-bargaining unit employees who have no contractual right to transfer to other more secure FirstEnergy jobs and are being offered incentives to stay in their positions, bargaining unit employees actually have a contractual right to leave Perry for other more secure FirstEnergy jobs. Four bargaining unit employees employed at the Perry plant recently applied for three positions as underground electricians, jobs outside the plant that would not be affected by the plant closure. Although the employees are entitled to the jobs by virtue of their seniority and the CBA, one of these employees was advised by a FENOC supervisor, in clear violation of the CBA, that he will not be allowed to move to the underground electrician job to which he is entitled. Rather than incentivizing those employees to stay in their positions when they have the contractual right to transfer elsewhere, the  Debtors' actions invite discord. Witness testimony will be presented regarding these matters at the hearing on the Motion.[4]

## ARGUMENT

Debtors seek authorization for the Plan pursuant to sections 363(b) and 503(c)(3) of the Bankruptcy Code on the ground that the 2018 FENOC KERP is a sound exercise of the Debtors' business judgment. 11 U.S.C. §363(b)(1) permits a court to authorize such an action only "when a sound business purpose dictates such action." *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986). The law "requires that a judge determining a § 363(b) application expressly find from the evidence presented before him at the hearing a good business reason to grant such

---

[4] It is unclear whether the supervisor is one who will receive retention payments under the 2018 FENOC KERP. Relevant pages of the Local 270 CBA are attached hereto as Exhibit A.

an application." *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983). "[T]here must be some articulated business justification, other than appeasement of major creditors, for using, selling or leasing property out of the ordinary course of business before the bankruptcy judge may order such disposition under section 363(b)." *Id*. at 1070.

However, because the KERP "is not an ordinary course transaction," it must also be analyzed under Section 503(c)(3). *In re Borders Grp., Inc.*, 453 B.R. 459, 473 (Bankr. S.D.N.Y. 2011). "Section 503(c)(3) limits payments made to the Debtors' employees outside of the ordinary course unless such payments are justified by 'the facts and circumstances of the case.'" *Id*.[5]

Courts have applied different standards to motions pursuant to Section 503(c)(3). "Section 503(c) was added to the Code in 2005 as part of the Bankruptcy Abuse Prevention and Consumer Protection Act ('BAPCPA')." *In re Pilgrim's Pride Corp.*, 401 B.R. 229, 234 (Bankr. N.D. Tex. 2009) (citing *In re CEP Holdings, LLC*).[6]

> [T]he test of section 503(c)(3) should not be equated to the business judgment rule as applied under section 363(b)(1). First, to do so would mean that section 503(c)(3) is redundant. A transfer made or an obligation incurred outside the ordinary course of a debtor's business would fall within section 363(b)(1) in the absence of section 503(c)(3), and, thus, the latter provision would add nothing to the Code. Congress is presumed to intend that independent sections of the Code will have independent, differing impacts. To read section 503(c)(3) as requiring nothing not already required by section 363(b)(1) would violate this principle of construction.
>
> Second, the conditioning of approval of covered transfers and obligations upon their being "justified by the facts and circumstances of the case" suggests to the

---

[5] 11 U.S.C. §503(c)(3) provides that "there shall neither be allowed, nor paid other transfers or obligations that are outside the ordinary course of business and not justified by the facts and circumstances of the case, including transfers made to, or obligations incurred for the benefit of, officers, managers, or consultants hired after the date of the filing of the petition."

[6] In *In re CEP Holdings, LLC*, No. 06-51848, 2006 WL 3422665, at *3 (Bankr. N.D. Ohio Nov. 28, 2006), the court held that the court should consider the role of the recipients in negotiation of the payment plan, and "the base salary compensation of the employee and the additional responsibilities that the employee is required to undertake in order to receive the additional compensation."

5

court that Congress intended the court to play a more critical role in assessing transactions, at least those with insiders, that fall within the ambit of section 503(c)(3). In applying the simple business judgment test, courts are adjured to defer to the debtor in possession or trustee; if a valid business reason is shown for a transaction, the transaction is to be presumed appropriate.

The court concludes that section 503(c)(3) is intended to give the judge a greater role: even if a good business reason can be articulated for a transaction, the court must still determine that the proposed transfer or obligation is justified in the case before it. The court reads this requirement as meaning that the court must make its own determination that the transaction will serve the interests of creditors and the debtor's estate.

*In re Pilgrim's Pride Corp.,* 401 B.R. 229, 236–37 (Bankr. N.D. Tex. 2009) (citations omitted).

Other courts have evaluated KERPs based on factors set forth in *In re Dana Corp.*, 358

B.R. 567, 576-77 (Bankr. S.D.N.Y. 2006).

Courts consider the following in determining if the structure of a compensation proposal and the process for developing the proposal meet the "sound business judgment" test:

– Is there a reasonable relationship between the plan proposed and the results to be obtained, i.e., will the key employee stay for as long as it takes for the debtor to reorganize or market its assets, or, in the case of a performance incentive, *is the plan calculated to achieve the desired performance?* (emphasis added)

– Is the cost of the plan reasonable in the context of the debtor's assets, liabilities and earning potential?

– Is the scope of the plan fair and reasonable; does it apply to all employees; does it discriminate unfairly?

– Is the plan or proposal consistent with industry standards?

– What were the due diligence efforts of the debtor in investigating the need for a plan; analyzing which key employees need to be incentivized; what is available; what is generally applicable in a particular industry?

– Did the debtor receive independent counsel in performing due diligence and in creating and authorizing the incentive compensation?

*In re Dana Corp.*, 358 B.R. 567, 576–77 (Bankr. S.D.N.Y. 2006) (emphasis in original).

6

A critical assessment of the Plan, even according to these criteria, requires the conclusion that the Plan is not appropriate, and that the Motion should be denied.

*First*, there is no reasonable relationship between the Plan proposed and the results Debtors seek to obtain.

- Tier 1 participants, "made up of managers and above and non-union licensed operators," receive 100% of base salary, plus an additional $50,000 for *non-union* reactor operators. (Dkt. 400 at ¶30; Dkt. 404-2 at 10-11 (emphasis added)).

- Tier 2 participants, "made up of superintendents and supervisors," receive 80% of base salary. (Id.)

- Tier 3 participants, "nuclear engineers, nuclear specialists, and others," receive 60% of base salary. (Id.).

The proposed Plan is designed to provide extraordinary bonuses to management level employees only and is not tailored to Debtors' purported goal to keep its critical workforce intact until the proposed plant shutdown dates in 2020 and 2021.

While the KERP handsomely rewards management and supervisory personnel, Debtors admit that it covers only 44% of total employees, and those who are covered are only non-bargaining unit employees. (Dkt. 404-2 at 14). The KERP includes executives and management employees who do not even work at the plants. Although Tier 1 includes licensed operators, it is specifically limited to "*non-union* licensed operators." (Dkt. 404-2 at 10 (emphasis added)). None of the employees covered by the Local 29 Retention Plan nor the Local 245 Retention Plan, both of which end in 2018, are covered by the 2018 FENOC KERP. Further, none of FENOC's 899 represented employees receive a penny from the KERP. A Plan focused primarily on management employees ignores the operational side of running a nuclear power plant, and is

7

not reasonably related to Debtors' purported goal of keeping its workforce intact pending plant closure.[7]

Debtors admit there have been no Chapter 11 cases in which a nuclear power plant was deactivated. (Dkt. 404, ¶21 n. 14). Therefore, the comparable retention plans are those adopted in the context of the closure of a nuclear plant outside of bankruptcy. KERPs implemented in those cases apply to all employees. Debtors' consultant, after reviewing KERPs implemented at other nuclear plants which have announced shutdowns, found that "[g]enerally all employees are included." (Dkt. 404-2 at 14). Debtors have submitted no evidence of a nuclear plant closure where the KERP did not cover all employees.

One of the retention programs relied on by Debtors' consultants is the retention program for the Diablo Canyon nuclear power plant in California which is being decommissioned. (Dkt. 404-2 at 12). The California Public Utility Commission approved a retention plan that covered all employees to allow the plant to retain employees necessary for continued operations until closure. (Id.). The Commission, addressing the retention plan in the context of the public interest relating to the retirement of the plant, approved the retention plan in light of the "unique nature of the nuclear industry." *Application of Pac. Gas & Elec. Co. for Approval of the Ret. of Diablo Canyon Power Plant, Implementation of the Joint Proposal, & Recovery of Associated Costs*

---

[7] Debtors' purported justification for the 2018 FENOC KERP is inconsistent with the Local 29 Retention Plan and Local 245 Retention Plan, and the representations made by Debtors when seeking Court approval to make payments pursuant to those plans. With respect to the Local 29 Retention Plan, Debtor's Motion stated that "[t]he highly trained and qualified individuals needed for important positions in Debtors' nuclear power plants are in short supply and the nuclear industry's labor market is full of competitive opportunities," and that the Debtor has traditionally maintained special programs to retain such employees because they are "especially difficult to replace upon departure." (Dkt. 400, ¶¶18-20). With respect to the Local 245 Retention Plan, Debtor's Motion stated that after it was disclosed that the plants would be shut down, there was a "sudden increase in Represented Employee departures at the Davis-Besse Nuclear Power Station." (Id. ¶23). The 2018 FENOC KERP seeks to provide retention payments to employees of the same nuclear power plants that were covered by the Local 29 and 245 Retention Plans, but provides no retention payments to bargaining unit employees, despite the fact that the Debtors have previously admitted that the threats of plant closures have put the work force at risk of bargaining unit employees departing.

*Through Proposed Ratemaking Mechanisms (U39e)*, 16-08-006, 2018 WL 555608, at *17 (Jan. 11, 2018).[8]

Debtors' materials also include the Pilgrim Nuclear Power Station in Plymouth, Massachusetts and the Indian Point Nuclear Power Plants in New York. (Dkt. 404-2 at 12). The Pilgrim plant is scheduled to close June 1, 2019 and the two units at Indian Point are scheduled to close in 2020 and 2021. (Id.). At Pilgrim, the company, Entergy Nuclear Operations, Inc., agreed to pay retention bonuses of as much as 100% of base salary "to each current Union employee" in order "to retain as many qualified Union employees as possible around and to the time and date when the shutdown and defueling of the Pilgrim Station reactor is projected to occur." (Memorandum of Agreement ¶6 (Pilgrim)). Likewise at Indian Point, the Company agreed to pay retention bonuses of as much as 100% of annual base pay "to each full-time regular bargaining unit employee" "[i]n an effort to retain as many qualified bargaining-unit employees as possible through the time and date when the shutdown and defueling of units 2 and 3 at IPEC are completed." (Memorandum of Agreement ¶3 (Indian Point)).[9]

Debtors did not provide the Court with the details of any of the other KERPs entered into in the context of recent nuclear plant shutdowns, but agreed that in such situations "generally all employees are included." (Dkt. 404-2 at 14). Accordingly, as demonstrated through these three examples, and Debtors' own evidence, a retention plan tailored to the goal of keeping the operational workforce intact should provide retention benefits to all employees.

Further, Debtors' plan to reward only certain employees undermines the claimed reasonableness of the Plan. As Debtors' own evidence establishes, a reasonable plan would apply

---

[8] A copy of the decision is attached hereto as Exhibit B.

[9] The Memorandum of Agreement for Pilgrim is attached hereto as Exhibit C, and the Memorandum of Agreement for Indian Point is attached hereto as Exhibit D.

9

to the entire workforce. Debtors attempt to justify the Plan by reference to regulatory requirements. However, Debtors have identified only a few categories of employees, such as reactor operators, who are necessary to maintain compliance with applicable regulations, and have not identified how many reactor operators are required. No evidence is provided that regulations require the multiple levels of supervisors, superintendents, and managers included in the KERP. Further, it is not credible to contend that compliance with regulatory requirements will be jeopardized if a few mid-level management employees such as supervisors or superintendents leave FENOC, while at the same time Debtors leave most of the operational workforce at risk by providing no retention plan whatsoever for nearly 900 bargaining unit employees. Debtors' Plan is not tailored to the purported justification asserted for the Plan.

For example, in *In re Glob. Aviation Holdings Inc.*, 478 B.R. 142, 150 (Bankr. E.D.N.Y. 2012), the court approved retention payments totaling $137,031 to five employees because "[t]he KERP Employees fill the five positions specifically mandated by FAA regulation § 119.65, and oversee and manage the systems that must be approved by the FAA as a prerequisite to the relocation of North American's operations to Georgia." There is no evidence that the Plan in this case is narrowly tailored to the applicable regulations. Debtors, without sufficient evidentiary support, simply ask the Court to take their word that regulations require payments as great as 100% of salary to 1,019 FENOC employees.

Accordingly, the Plan does not bear a reasonable relationship to the goal of securing the workforce pending plant closure.

*Second*, the cost of the plan is not reasonable. As noted, the 2018 FENOC KERP has a cost of $99.7 million while previous retention plans approved by the Court have a cost of $23.9 million. What makes this cost unreasonable is the fact that the Plan addresses only 44% of the

workforce, and does not address the bulk of the employees who actually operate the plants. To date, as discussed above, the Debtors have attempted to strong-arm bargaining unit employees to continue to work at the plants by threatening violation of the CBA. While these tactics may be temporarily successful, Debtors will incur financial liabilities in the future when the consequences of such tactics, through grievances, arbitrations, and related claims, come home to roost. Addressing retention in an incomplete and piecemeal manner is inefficient and costly.

In evaluating the cost of the Plan, the comparable KERPs are those adopted in the context of other recent nuclear plant shutdowns. The data presented by the Debtors purports to demonstrate that KERPs adopted in nuclear plant shutdowns range from $28,289 to $70,769 "per Employee" (Dkt. 404-2 at 12 ("Average Annualized Retention/Severance per Employee")). However, as Debtors admit, and as the Diablo Canyon, Pilgrim, and Indian Point retention plans discussed above demonstrate, KERPs adopted in this context apply to *all employees*, not just management and supervisors.

The KERP in this case only provides retention incentives to 44% of the workforce, none of whom are bargaining unit employees who operate the plants. The Court cannot evaluate the cost of the Plan proposed by Debtors because it does not accomplish what the comparable KERPs accomplished in the context of a nuclear plant shutdown, *i.e.*, a retention plan for the entire workforce. Accordingly, the $29,000 to $70,000 range is a misleading number that is not relevant for evaluating the Plan in this case which does not cover all employees.

Even assuming that the $29,000 to $70,000 range identified by Debtors' consultant was relevant, Debtors' Motion should be rejected because the proposed KERP is near the top of the range of KERPs implemented in the context of nuclear plant closures. The calculations of Debtors' consultant indicate that the applicable average retention and severance for the proposed

11

Plan is $54,800. (Dkt. 404-2 at 14). This is much higher than the average annualized

retention/severance per employee of the retention plans at Diablo Canyon, Pilgrim, and Indian

Point, each of which provided retention for all employees.

| Plant | Average Annualized Retention/Severance Per Employee |
|---|---|
| | |
| Diablo Canyon, California | $37,088 |
| Indian Point 2 & 3, New York | $34,286 |
| Pilgrim, Massachusetts | $48,000 |
| FENOC | $54,800 |

(Id. at 12, 14). Accordingly, in light of the fact that the KERP only deals with the retention issue

for 44% of FENOC employees and is at the high end of the range for even non-bankrupt nuclear

shutdowns, the Plan should be rejected.

Third, the Plan is unfair and discriminatory because it was explicitly designed to exclude

bargaining unit employees, focusing on management, supervisors, and superintendents, and even

excluding the relatively small number of bargaining unit members covered by the Local 29 and

Local 245 Retention Plans previously approved by the Court. The Debtors discriminate against

the life blood of its workforce by compensating nearly all of its non-bargaining unit employees,

while including no plan to retain the bargaining unit employees who run the plants. Under the

Plan, 1,019 of 1,434 non-bargaining unit employees (71%) will receive bonuses of up to 100% of

salary, and none of the 899 bargaining unit employees will receive any payment whatsoever.

This severe disparity suggests that the design of the Plan is not for the purpose of retention, but

strictly to discriminate against represented employees and reward management, particularly in

light of the fact that Debtors' own consultant concluded that retention plans in this context apply

to the entire workforce. Such discrimination is not "sound judgment."

*Fourth*, the Plan is not consistent with industry standards. As discussed above, Alvarez & Marsal North America, LLC, retained by the Debtors to assist in evaluating retention plans, reviewed retention plans for other nuclear plants which have announced a shutdown. A&M found that "[g]enerally all employees are included" in retention plans relating to shutdown of nuclear power plants. (Dkt. 404-2 at 14). The Debtors have presented no comparable plan that makes the kinds of distinctions among employees that they are proposing here. All such plans adopted in the context of a nuclear plant shutdown have included all employees in their retention plan. The Plan proposed by Debtors does not. Further, the Plan proposed by Debtors is well above industry standards. At $54,800 the Plan proposed by the Debtors is well above average ($29,000 to $70,000) in Plans proposed in the nuclear plant shutdown context. Accordingly, the Plan at issue is inconsistent with industry standards in both scope and cost.

*Fifth*, the Debtors did not exercise due diligence. No evidence is provided regarding how the Debtors decided that nearly 900 bargaining unit employees who report to work each day at these nuclear plants were not critical to the operation of the plants. Debtors repeatedly state that senior management made this determination, but no evidence is provided to the Court regarding what criteria were applied and why bargaining unit employees did not meet these criteria. This is particularly significant in light of the fact that, according to Debtors' consultant, every other operator which shut down a nuclear plant in recent years determined that retention plans for bargaining unit employees were necessary and generally extended such plans to the entire workforce.

Finally, the Unions were frozen out of any discussion regarding the design of the Plan. Debtors did not discuss, much less bargain, with any of the Unions regarding the 2018 FENOC KERP. In *In re Geneva Steel Company*, 236 B.R. 770 (D. Utah 1999), the Court denied the

13

company's motion to approve a KERP despite the company's assertion that the KERP reflected sound business judgment, and despite the fact that the motion was supported by the Unsecured Creditors Committee and the Official Committee of Bondholders. The Court denied the motion, finding that "to propose this retention program without first having discussed its provisions with the Steelworkers is not an example of sound business judgment." *Id*. at 773. The Court found that some employees had already left the company and that the unions' participation was as important as that of the key employees. The Court found that "[i]f Geneva's management had consulted with the Steelworkers while formulating its retention program, the resulting program might have accommodated the Steelworkers' objections, might have been submitted to the court unopposed, and might have been approved by the court as filed." *Id*. at 773 n. 4.

The Unions, on behalf of their members, are a key stakeholder in this matter. The Debtors' complete failure to consult with the Unions regarding a proposal to spend over $100 million for employee benefits that excludes all Union members sends a very loud message that is counter-productive to the stated purposes of employee retention and maintenance of employee morale.

## CONCLUSION

The Court should approach the issue of retention in a holistic manner, consistent with the manner in which retention has been dealt with by other operators faced with retaining their workforce while facing the planned closure of a nuclear power plant. Until Debtors deal with the issue of retention of bargaining unit employees, neither the Debtors, nor the Court can know the true cost of retention. Piecemeal adoption of a retention plan for only 44% of the workforce, when the industry standard is to implement a retention plan for the entire workforce, is not justified by the facts and circumstances, nor is it even an exercise of sound business judgment.

14

For the foregoing reasons, the Unions request that the Court deny Debtors' Motion authorizing payments pursuant to the 2018 FENOC KERP.

Dated:  June 8, 2018                    Respectfully submitted,

                                        **GOLDSTEIN GRAGEL LLC**

                                          /s/ Joyce Goldstein
                                        Joyce Goldstein (#0029467)
                                        *jgoldstein@ggcounsel.com*
                                        Richard L. Stoper, Jr. (#0015208)
                                        *rstoper@ggcounsel.com*
                                        1111 Superior Avenue, Suite 620
                                        Cleveland, Ohio 44114
                                        (216) 771-6633 ext. 3
                                        (216) 771-7559 (fax)

                                        Counsel for Utility Workers Union of America,
                                        Locals 270, AFL-CIO, and International
                                        Brotherhood of Electrical Workers Locals 29, 245,
                                        and 1413, AFL-CIO

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 8, 2018, a true and correct copy of the foregoing was filed

electronically and was served as follows:

Via the court's Electronic Case Filing System on these entitles and individuals who are listed on

the court's Electronic Mail Notice List:

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service
for this case.

• John R. Ashmead ashmead@sewkis.com
• Todd A. Atkinson tatkinson@ulmer.com, 4442920420@filings.docketbird.com
• Richard A. Baumgart rbaumgart@dsb-law.com
• David Beck beck@carpenterlipps.com
• James Bentley James.Bentley@srz.com
• Julie Anderson Bickis jbickis@stark-knoll.com
Richard E. Bordonaro, rbordonaro@mmbwslaw.com
• Kate M. Bradley kbradley@brouse.com,
tpalcic@brouse.com;mmiller@brouse.com
• Mona Burton mburton@hollandhart.com
• Jeremy M. Campana jeremy.campana@thompsonhine.com,
ECFDocket@thompsonhine.com
• Brian Carney bcarney@akingump.com
• Maria Carr mcarr@mcdonaldhopkins.com, bkfilings@mcdonaldhopkins.com
• Sonia A. Chae chaes@sec.gov
Conrad Chiu, cchiu@pryorcashman.com
• Shawn M. Christianson schristianson@buchalter.com,
cmcintire@buchalter.com
• James A. Copeland james.copeland@nortonrosefulbright.com
Robert Darnell, robert.darnell@usdoj.gov
Clayton W. Davidson, cdavidson@mcneeslaw.com, triser@mcneeslaw.com
• George A. Davis george.davis@lw.com
• Daniel A. DeMarco dademarco@hahnlaw.com,
hlpcr@hahnlaw.com;cmbeitel@hahnlaw.com
Anthony Degirolamo, ajdlaw@sbcglobal.net, amber_weaver@sbcglobal.net,
G23630@notify.cincompass.com
• Rocco I. Debitetto ridebitetto@hahnlaw.com, cmbeitel@hahnlaw.com
• Lisa S. DelGrosso ldelgrosso@brouse.com
• Danielle L. Dietrich ddietrich@tuckerlaw.com,
lbuckreis@tuckerlaw.com;rbergman@tuckerlaw.com;agilbert@tuckerlaw.com
• James Michael Doerfler jdoerfler@reedsmith.com, kgwynne@reedsmith.com
• Kate Doorley kdoorley@akingump.com

- Robert C. Edmundson redmundson@attorneygeneral.gov
- James W. Ehrman jwe@weadvocate.net, newpleadings@gmail.com;ecf-7d83ee620d47@ecf.pacerpro.com
- Michael Esser michael.esser@kirkland.com, adrienne-levin-5018@ecf.pacerpro.com
- John Cleaveland Fairweather jfairweather@brouse.com, sgibson@brouse.com
- Debra Felder dfelder@orrick.com, lmcgowen@orrick.com,leslie.freiman@edpr.com,randy.sawyer@edpr.com
- Robert C. Folland rob.folland@btlaw.com, rcfolland@gmail.com;kskamfer@btlaw.com
- Bridget Aileen Franklin bfranklin@brouse.com, tpalcic@brouse.com;mmiller@brouse.com
- Patricia B. Fugee patricia.fugee@fisherbroyles.com, ecf@cftechsolutions.com
- Caroline Gange Caroline.Gange@srz.com
- Stephen B. Gerald sgerald@wtplaw.com
Raymond Gifford, rgifford@wbklaw.com
- John H. Ginsberg ginsberg.john@pbgc.gov, efile@pbgc.gov
- Eric R. Goodman egoodman@bakerlaw.com
- Barbara Jean Grabowski bgrabowski@pa.gov
- Richard G. Hardy rhardy@ulmer.com
Nathan Haynes, haynesn@gtlaw.com
Zachary A. Hebert, Zachary.hebert@nlrb.gov
- John Herman joherman@pa.gov
- David Hillman David.Hillman@srz.com
- Michael E. Idzkowski michael.idzkowski@ohioattorneygeneral.gov, Sandra.finan@ohioattorneygeneral.gov
- William J. Ihlenfeld wihlenfeld@baileyglasser.com, jkittinger@baileyglasser.com
- Michael J. Kaczka mkaczka@mcdonaldhopkins.com, bkfilings@mcdonaldhopkins.com
Gus Kallergis, gkallergis@calfee.com
Vera Kanova, verkanova@pa.gov
- Gary Mark Kaplan gkaplan@fbm.com
- Ryan F. Kelley rkelley@pierceatwood.com, mpottle@pierceatwood.com;aredmond@pierceatwood.com
- Marc Kieselstein marc.kieselstein@kirkland.com, david.seligman@kirkland.com;ciara.foster@kirkland.com;matthew.fagen@kirkland.com;nacif.taousse@kirkland.com
Kathy Jo Kolich, KJKLAW@yahoo.com
- John F. Kostelnik jkostelnik@frantzward.com, dlbeatrice@frantzward.com
- Michael D. Langford mlangford@kilpatricktownsend.com, sagreen@kilpatricktownsend.com;mwilliams@kilpatricktownsend.com
- Heather Lennox hlennox@jonesday.com
- Stephen D. Lerner stephen.lerner@squirepb.com
- Jeffrey M. Levinson jml@jml-legal.com
- Kim Martin Lewis kim.lewis@dinsmore.com, lisa.geeding@dinsmore.com

- Jonathan A. Margolies jmargolies@mcdowellrice.com,
    ksims@mcdowellrice.com

Michael Flynn McBride, mfm@vnf.com

Joseph M. McCandlish Joseph.McCandlish@ohioattorneygeneral.gov,
colnationalecf@weltman.com

Matthew E. McClintock, mattm@goldmclaw.com, seanw@goldmclaw.com,
teresag@restructuringshop.com

- Aaron G. McCollough amccollough@mcguirewoods.com
- Mark McKane Mark.Mckane@kirkland.com, adrienne-levin-
5018@ecf.pacerpro.com
- Marc Merklin mmerklin@brouse.com,
tpalcic@brouse.com;mmiller@brouse.com
- Todd C. Meyers tmeyers@kilpatricktownsend.com,
sagreen@kilpatricktownsend.com;mwilliams@kilpatricktownsend.com
- Douglas F. Monkhouse doug.monkhouse@bracewell.com,
mary.kearney@bracewell.com
- Peter R. Morrison peter.morrison@squirepb.com, cle_dckt@squirepb.com

Andrew S. Nicoll, anicoll@porterwright.com

Christopher Niekamp, cjn@nwm-law.com

Nick NYkulak, nnykulak@rbslaw.com

Michael G. Oliva, mgoliva@loomislaw.com

- Scott N. Opincar sopincar@mcdonaldhopkins.com,
bkfilings@mcdonaldhopkins.com
- Lawrence E. Oscar leoscar@hahnlaw.com,
hlpcr@hahnlaw.com;cmbeitel@hahnlaw.com
- Ellen Ostrow eeostrow@hollandhart.com
- Richard J. Parks rjp@pietragallo.com,
ms@pietragallo.com;jk@pietragallo.com
- Andrew Parlen aparlen@omm.com
- Lloyd R Persun lrpersun@persunhamlin.com
- Danielle Pham danielle.pham@usdoj.gov
- Adam Ravin adam.ravin@lw.com
- Orville L. Reed oreed@stark-knoll.com
- Jared S. Roach jroach@reedsmith.com, bankruptcy-2628@ecf.pacerpro.com
- Marc Sacks marcus.s.sacks@usdoj.gov

Neil Schor, nschor@hhmlaw.com

Bruce R. Schrader, bschrader@ralaw.com

Erik Alan Schramm, hems@ohiovalleylaw.com

Richard P. Schroeter, Jr., rschroeter@amer-collect.com, sallman@amer-collect.com;
houliECF@aol.com, jvaughan@amer-collect.com

Gina Shearer, gina.shearer@clarkhillstrasburger.com, Teresa.barrera@clarkhillstrasburger.com

- Chester B. Salomon csalomon@beckerglynn.com
- Forrest Smith forsmith@pa.gov
- Edward J. Stechschulte estechschulte@kiflaw.com
- Robert M. Stefancin rms@weadvocate.net, robert-stefancin-
0240@ecf.pacerpro.com

• Rachel L. Steinlage rsteinlage@meyersroman.com,
jray@meyersroman.com;mnowak@meyersroman.com
• Jarrod Stone jstone@manierherod.com,
rmiller@manierherod.com;mcollins@manierherod.com
Molly Gallagher Sykes, molly.sykes@nlrb.gov
• John Thompson jthompson@mcguirewoods.com
Jeffrey David Van Volkenburg, jdvanvolkenburg@wvlawyers.com, lprice@wvlawyers.com
Chrysanthe E. Vassiles, cvassiles@bmsa.com, wpoling@ecf.courtdrive.com,
cvassiles@ecfcourtdriver.com
• United States Trustee (Registered address)@usdoj.gov
• Mary K. Whitmer mkw@weadvocate.net, mary-k-whitmer-
0919@ecf.pacerpro.com
• Keith E. Whitson kwhitson@schnader.com,
1282467420@filings.docketbird.com
• Christopher B. Wick cwick@hahnlaw.com,
hlpcr@hahnlaw.com;cmbeitel@hahnlaw.com
Paul A. Wilhelm, pwilhelm@clarkhill.com
• Brady C. Williamson bwilliam@gklaw.com, kboucher@gklaw.com
• Thomas A. Wilson tawilson@jonesday.com
• Risa Lynn Wolf rwolf@hollandhart.com, lmlopezvelasquez@hollandhart.com
William A. Wood trey.wood@bracewell.com
• Elia O. Woyt eowoyt@vorys.com,
eowoyt@vorys.com;mdwalkuski@vorys.com
David Lynn Yaussy, dyaussy@spilmanlaw.com
• Tiiara N. A. Patton ust401 tiiara.patton@usdoj.gov

And by e-mail or regular U.S. mail, postage prepaid, on the parties set forth on the
attached General Service List as indicated.

/s/ Joyce Goldstein
Counsel for Utility Workers Union of America,
Locals 270, AFL-CIO, and International
Brotherhood of Electrical Workers Locals 29, 245,
and 1413, AFL-CIO

| NAME | NOTICE NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE | EMAIL |
|---|---|---|---|---|---|---|---|
| Akin Gump Strauss Hauer & Feld LLP | Attn: Ira Dizengoff, Lisa Beckerman, Brad Kahn, Brain Carney | One Bryant Park | Bank of America Tower | New York | NY | 10036-6745 | idizengoff@akingump.com lbeckerman@akingump.com bkahn@akingump.com bcarney@akingump.com |
| Akin Gump Strauss Hauer & Feld LLP | Attn: Scott Alberino, Kate Doorley | 1333 New Hampshire Avenue, N.W. | | Washington | DC | 20036 | salberino@akingump.com kdoorley@akingump.com |
| Amer Cunningham Co., L.P.A. | Attn: Richard P. Schroeter Jr. & Thomas R. Houlihan | One Cascade Plaza | Suite 1510 | Akron | OH | 44308 | rschroeter@amer-collect.com |
| Anthony J. DeGirolamo, Esq. | Attn: Anthony J. DeGirolamo | 3930 Fulton Drive NW | Suite 100B | Canton | OH | 44718 | ajdlaw@sbcglobal.net |
| Attn Bankruptcy Division | Carl B. Stokes United States Courthouse | 801 West Superior Avenue, Suite 400 | | Cleveland | OH | 44113-1852 | |
| Baker & Hostetler LLP | Attn: Joseph F. Hutchinson, Jr., Eric R. Goodman | Key Tower | 127 Public Square, Suite 2000 | Cleveland | OH | 44114-1214 | jhutchinson@bakerlaw.com egoodman@bakerlaw.com |
| BARNES &THORNBURG LLP | Attn: Robert C. Folland, Esq. | 41 South High Street | Suite 3300 | Columbus | OH | 43215 | Rob.Folland@btlaw.com |
| Becker, Glynn, Muffly, Chassin & Hosinski LLP | Attn: Chester B. Salomon, Alec P. Ostrow | 299 Park Avenue, 16th Floor | | New York | NY | 10171 | csalomon@beckerglynn.com aostrow@beckerglynn.com |
| Bracewell LLP | Attn: Douglas F. Monkhouse | 1445 Ross Avenue | Suite 3800 | Dallas | TX | 75202 | Doug.Monkhouse@bracewell.com |
| Bracewell LLP | Attn: William A. (Trey) Wood III | 711 Louisiana Street | Suite 2300 | Houston | TX | 77002 | Trey.Wood@bracewell.com |
| Brouse McDowell LPA | Attn: Marc B. Merklin, Kate M. Bradley, Bridget A. Franklin, Lisa S. DelGrosso | 388 South Main Street | Suite 500 | Akron | OH | 44311 | mmerklin@brouse.com kbradley@brouse.com bfranklin@brouse.com ldelgrosso@brouse.com |
| Buchalter, A Professional Corporation | Attn: Shawn M. Christianson | 55 Second Street | 17th Floor | San Francisco | CA | 94105-3493 | schristianson@buchalter.com |
| Carpenter Lipps & Leland LLP | Attn: David A. Beck, Candice L. Kline | 280 Plaza, Suite 1300 | 280 North High Street | Columbus | OH | 43215 | beck@carpenterlipps.com kline@carpenterlipps.com |
| City of Norton | Attn: Anthony J. DeGirolamo, Esq. | 3930 Fulton Drive NW | Suite 100B | Canton | OH | 44718 | ajdlaw@sbcglobal.net |
| Clark Hill PLC | Attn: Paul A. Wilhelm | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226 | pwilhelm@clarkhill.com |
| Clark Hill Strasburger | Attn: Gina D. Shearer | 2600 Dallas Parkway | Suite 600 | Frisco | TX | 75034 | gina.shearer@clarkhillstrasburger.com |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Collections Enforcement | Attn: Joseph M. McCandlish, Sr Assistant Attorney General | 150 E. Gay Street | 21st Floor | Columbus | OH | 43215-3130 | Joseph.McCandlish@ohioattorneygeneral.gov |
| Department of Environmental Protection | Attn: John H. Herman, Barbara J. Grabowski, Forrest M. Smith | Southwest Office of Chief Counsel | 400 Waterfront Drive | Pittsburgh | PA | 15222-4745 | joherman@pa.gov bgrabowski@pa.gov forsmith@pa.gov |
| Department of Environmental Protection | Attn: Vera N. Kanova | Office of Chief Counsel | 400 Market Street | Harrisburg | PA | 17101-2063 | verkanova@pa.gov |
| Dinsmore & Shohl Llp | Attn: Richard J. Parks | 255 East Fifth St. | Suite 1900 | Cincinnati | OH | 45202 | kim.lewis@dinsmore.com allie.horwitz@dinsmore.com |
| Donato Iorio and Kalniz, Iorio & Reardon Co., L.P.A. | Attn: Edward J. Stechschulte | 5550 W. Central Avenue | | Toledo | OH | 43615 | estechschulte@ioriolegal.com |
| Environmental Protection Agency | Attn: Legal Department | 25089 Center Ridge Road | | Westlake | OH | 44145-4170 | |
| Environmental Protection Agency | Attn: Legal Department | 529 14th Street, N.W., Suite 1170 | | Washington | DC | 20045 | |
| Environmental Protection Agency | Attn: Legal Department | Ralph Metcalfe Federal Building | 77 West Jackson Blvd. | Chicago | IL | 60604-3590 | |
| Farella Braun + Martel LLP | Attn: Gary M. Kaplan | 235 Montgomery Street | 18th Floor | San Francisco | CA | 94104 | gkaplan@fbm.com |
| Federal Energy Regulatory Commission | Attn: Kimberly D. Bose, Secretary, Nathaniel J. Davis, Sr., Deputy Secretary | 888 First Street, NE | | Washington | DC | 20426 | |
| FirstEnergy Solutions Corp. | Attn: Rick Giannantonio | 341 White Pond Dr., Building B3 | | Akron | OH | 44320 | giannanr@firstenergycorp.com |
| FisherBroyles, LLP | Attn: Patricia B. Fugée | 27100 Oakmead Drive, #306 | | Perrysburg | OH | 43551 | patricia.fugee@fisherbroyles.com |
| Frantz Ward LLP | Attn: John F. Kostelnik | 200 Public Square | Suite 3000 | Cleveland | OH | 44114 | jkostelnik@frantzward.com |
| Goldstein Gragel LLC | Attn: Joyce Goldstein | 1111 Superior Avenue | Suite 620 | Cleveland | OH | 44114 | jgoldstein@ggcounsel.com |
| Goldstein Gragel LLC | Attn: Joyce Goldstein, Richard L. Stoper, Jr. | 1111 Superior Avenue | Suite 620 | Cleveland | OH | 44114 | jgoldstein@ggcounsel.com rstoper@ggcounsel.com |
| Hahn Loeser & Parks LLP | Attn: Lawrence E. | 200 Public Square | Suite 2800 | Cleveland | OH | 44114 | leoscar@hahnlaw.com dademarco@hahnlaw.com |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | Oscar, Daniel A. DeMarco, Christopher B. Wick, Rocco I. Debitetto | | | | | | | cwick@hahnlaw.com ridebitetto@hahnlaw.com |
| Hanlon, Estadt, McCormick & Schramm Co., LPA | Attn: Eric A. Schramm | 46457 National Road West | | St. Clairsville | OH | 43950 | | hems@ohiovalleylaw.com |
| HIGH TRAIL WIND FARM, LLC | Attn: Leslie A. Freiman, Esq., Randy Sawyer, Esq. | C/O EDP Renewables North America LLC | 808 Travis, Suite 700 | Houston | TX | 77002 | | Leslie.Freiman@edpr.com Randy.Sawyer@edpr.com |
| Holland & Hart LLP | Attn: Mona L. Burton | 222 S. Main Street | Suite 2200 | Salt Lake City | UT | 84101 | | mburton@hollandhart.com |
| Holland & Hart LLP | Attn: Risa Lynn Wolf-Smith | 555 17th Street | Suite 3200 | Denver | CO | 80202 | | rwolf@hollandhart.com |
| Insolvency Group 6 | 1240 East Ninth St | Room 493 | | Cleveland | OH | 44199 | | |
| Internal Revenue Service | Centralized Insolvency Operation | 2970 Market Street | Mail Stop 5 Q30 133 | Philadelphia | PA | 19104-5016 | | |
| Internal Revenue Service | Centralized Insolvency Operation | P.O. Box 7346 | | Philadelphia | PA | 19101-7346 | | |
| International Brotherhood of Electrical Workers | Attn: Legal Department | 900 Seventh Street, N.W. | | Washington | DC | 20001 | | |
| Jones Day | Attn: Heather Lennox, Thomas M. Wearsch, T. Daniel Reynolds, Thomas A. Wilson | 901 Lakeside Avenue | | Cleveland | OH | 44114-1190 | | hlennox@jonesday.com twearsch@jonesday.com tdreynolds@jonesday.com tawilson@jonesday.com |
| Kilpatrick Townsend & Stockton LLP | Attn: Todd C. Meyers | The Grace Building | 1114 Avenue of the Americas | New York | NY | 10036-7703 | | tmeyers@kilpatricktownsend.com |
| Kilpatrick Townsend & Stockton LLP | Attn: Todd C. Meyers, Michael D. Langford | 1100 Peachtree Street NE | Suite 2800 | Atlanta | GA | 30309 | | tmeyers@kilpatricktownsend.com mlangford@kilpatricktownsend.com |
| Kirkland & Ellis LLP | Attn: Marc Kieselstein P.C. | 300 North LaSalle | | Chicago | IL | 60654 | | marc.kieselstein@kirkland.com |
| Kirkland & Ellis LLP | Attn: Mark McKane, P.C. | 555 California Street | 29th Floor | San Francisco | CA | 94104 | | mark.mckane@kirkland.com |
| Kramer Levin Naftalis & Frankel LLP | Attn: Joshua Brody, P. Bradley O'Neill, Joseph A. Shifer | 1177 Avenue of the Americas | | New York | NY | 10036 | | jbrody@kramerlevin.com boneill@kramerlevin.com jshifer@kramerlevin.com |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Latham & Watkins LLP | Attn: George A. Davis, Adam S. Ravin | 885 Third Avenue | | New York | NY | 10022 | george.davis@lw.com adam.ravin@lw.com |
| Levinson, LLP | Attn: Jeffrey M. Levinson | 55 Public Square | Suite 1750 | Cleveland | OH | 44113 | jml@jml-legal.com |
| MANIER & HEROD, P.C. | Attn: Jarrod W. Stone | 1201 Demonbreun Street | Suite 900 | Nashville | TN | 37203 | jstone@manierherod.com |
| McDonald Hopkins LLC | Attn: Michael J. Kaczka, Scott N. Opincar, Maria G. Carr | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | mkaczka@mcdonaldhopkins.com sopincar@mcdonaldhopkins.com mcarr@mcdonaldhopkins.com |
| MCGUIREWOODS LLP | Attn: Aaron G. McCollough | 77 West Wacker Drive | Suite 4100 | Chicago | IL | 60601-1818 | amccollough@mcguirewoods.com |
| MCGUIREWOODS LLP | Attn: John H. Thompson | 2001 K Street N.W. | Suite 400 | Washington | DC | 20006-1040 | jthompson@mcguirewoods.com |
| Metlife Capital, Limited Partnership | Attn: Mark Bisci | One Metlife Way | | Whippany | NJ | 07981 | |
| Meyers, Roman, Friedberg & Lewis LPA | Attn: Rachel L. Steinlage | 28601 Chagrin Blvd. | Suite 500 | Cleveland | OH | 44122 | rsteinlage@meyersroman.com |
| Milbank, Tweed, Hadley & McCloy LLP | Attn: Andrew M. Leblanc, Aaron L. Renenger | 1850 KI Street, NW | Suite 1100 | Washington | DC | 20006 | aleblanc@milbank.com arenenger@milbank.com |
| Milbank, Tweed, Hadley & McCloy LLP | Attn: Evan R. Fleck, Dennis F. Dunne, Parker Milender, Alexander B. Lees | 28 Liberty Street | | New York | NY | 10005 | efleck@milbank.com ddunne@milbank.com pmilender@milbank.com alees@milbank.com |
| National Association of Attorneys General | Attn: Karen Cordry | 1850 M St., NW, 12th Floor | | Washington | DC | 20036 | kcordry@naag.org |
| National Labor Relations Board | Attn: Molly G. Sykes | 1015 Half St. SE | | Washington | DC | 20003 | Molly.sykes@nlrb.gov |
| National Labor Relations Board | Attn: Zachary A. Hebert | 1000 Liberty Avenue | Suite 904 | Pittsburgh | PA | 15222 | Zachary.Hebert@nlrb.gov |
| Niekamp, Weisensell, Mutersbaugh & Mastrantonio, LLP | Attn: Christopher J. Niekamp, Thomas Delventhal, Wade T. Doerr | 23 South Main Street | Third Floor | Akron | OH | 44308-1822 | cjn@nwm-law.com tom@nwm-law.com wade@nwm-law.com |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Norton Rose Fulbright US LLP | Attn: Howard S. Beltzer, Esq. & James A. Copeland, Esq. | 1301 Avenue of the Americas | | New York | NY | 10019-6022 | howard.beltzer@nortonrosefulbright.com<br>james.copeland@nortonrosefulbright.com |
| Office and Professional Employees International Union | Attn: Legal Department | 80 Eighth Avenue | 20th Floor | New York | NY | 10011 | |
| Office of the United States Trustee | Attn: Tiiara Patton | Howard M. Metzenbaum U.S. Courthouse | 201 Superior Avenue East, Suite 441 | Cleveland | OH | 44114 | tiiara.patton@usdoj.gov |
| Ohio Attorney General | Attn: Michael E. Idzkowski | Environmental Enforcement Section | 30 East Broad Street, 25th Floor | Columbus | OH | 43215 | michael.idzkowski@ohioattorneygeneral.gov |
| O'Melveny & Myers LLP | Attn: Andrew Parlen | 7 Times Square | | New York | NY | 10036 | aparlen@omm.com |
| ORRICK, HERRINGTON & SUTCLIFFE LLP | Attn: Debra Felder, Esq. | 1152 15th Street, NW | | Washington | DC | 20005 | dfelder@orrick.com |
| ORRICK, HERRINGTON & SUTCLIFFE LLP | Attn: Lorraine McGowen, Esq. | 51 West 52nd Street | | New York | NY | 10019 | lmcgowen@orrick.com |
| Pietragallo Gordon Alfano Bosick & Raspanti, LLP | Attn: Richard J. Parks | 7 West State Street | Suite 100 | Sharon | PA | 16146 | rjp@pietragallo.com |
| Prime Clerk LLC | Attn: Steven Gordon | 830 3rd Avenue | 9th Floor | New York | NY | 10022 | serviceqa@primeclerk.com<br>festeam@primeclerk.com |
| Pryor Cashman LLP | Attn: Seth H. Lieberman, Patrick Sibley, Matthew W. Silverman, Conrad K. Chiu | 7 Times Square | | New York | NY | 10036 | slieberman@pryorcashman.com<br>psibley@pryorcashman.com<br>msilverman@pryorcashman.com<br>cchiu@pryorcashman.com |
| Reed Smith LLP | Attn: James M. Doerfler, Jared S. Roach | Reed Smith Centre | 225 Fifth Avenue | Pittsburgh | PA | 15222 | jdoerfler@reedsmith.com<br>jroach@reedsmith.com |
| Reed Smith LLP | Attn: Kurt F. Gwynne, Emily K. Devan | 1201 Market Street | Suite 1500 | Wilimington | DE | 19801 | kgwynne@reedsmith.com<br>edevan@reedsmith.com |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Schnader Harrison Segal & Lewis LLP | Attn: Keith E. Whitson | 120 Fifth Avenue | Fifth Avenue Place, Suite 2700 | Pittsburgh | PA | 15222 | kwhitson@schnader.com |
| SCHULTE ROTH & ZABEL LLP | Attn: David M. Hillman, James T. Bentley, Caroline F. Gange | 919 Third Avenue | | New York | NY | 10022 | david.hillman@srz.com james.bentley@srz.com |
| Securities & Exchange Commission | Secretary of the Treasury | 100 F Street, NE | | Washington | DC | 20549 | secbankruptcy@sec.gov |
| Securities & Exchange Commission - NY Office | Attn: Legal Department | Brookfield Place | 200 Vesey Street, Suite 400 | New York | NY | 10281-1022 | bankruptcynoticeschr@sec.gov NYROBankruptcy@SEC.GOV |
| Securities & Exchange Commission - Philadelphia Office | Attn: Legal Department | One Penn Center | 1617 JFK Boulevard, Suite 520 | Philadelphia | PA | 19103 | secbankruptcy@sec.gov |
| Senior Deputy Attorney General | Attn: Robert C. Edmundson | 564 Forbes Avenue | 5th Floor, Manor Complex | Pittsburgh | PA | 15219 | redmundson@attorneygeneral.gov |
| Seward & Kissel LLP | Attn: John R. Ashmead, Gregg S. Bateman, Robert J. Gayda | One Battery Park Plaza | | New York | NY | 10004 | ashmead@sewkis.com bateman@sewkis.com gayda@sewkis.com |
| Sidley Austin LLP | Attn: Jennifer Hagle | 555 W 5th St, | | Los Angeles | CA | 90013 | jhagle@sidley.com |
| Squire Patton Boggs (US) LLP | Attn: Peter R. Morrison | 4900 Key Tower | 127 Public Square | Cleveland | OH | 44114 | peter.morrison@squirepb.com |
| Squire Patton Boggs (US) LLP | Attn: Stephen D. Lerner; Peter Morrison | 221 E. Fourth St. | Suite 2900 | Cincinnati | OH | 45202 | stephen.lerner@squirepb.com peter.morrison@squirepb.com |
| STARK & KNOLL CO., L.P.A. | Attn: Orville L. Reed, III, David W. Hilkert, Julie A. Bickis | 3475 Ridgewood Road | | Akron | OH | 44333 | oreed@stark-knoll.com dhilkert@stark-knoll.com jbickis@stark-knoll.com |
| State of Illinois Attorney General | Attn: Lisa Madigan | 100 West Randolph Street | | Chicago | IL | 60601 | webmaster@atg.state.il.us |
| State of Maryland Attorney General | Attn: Douglas F. Gansler | 200 St. Paul Place | | Baltimore | MD | 21202-2202 | oag@oag.state.md.us |
| State of Michigan Attorney General | Attn: Mike Cox | 525 W. Ottawa Street | P.O. Box 30212 | Lansing | MI | 48909 | miag@mi.gov |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| State of New Jersey Attorney General | Attn: Paula T. Dow | RJ Hughes Justice Complex | 25 Market Street, P.O. Box 080 | Trenton NJ | | 08625-0080 | askconsumeraffairs@lps.state.nj.us |
| State of Ohio Attorney General | Attn: Richard Cordray | 30 E. Broad St. | 14th Floor | Columbus | OH | 43215 | |
| State of Pennsylvania Attorney General | Attn: Tom Corbett | 1600 Strawberry Square | 16th Floor | Harrisburg | PA | 17120 | |
| Thompson Hine LLP | Attn: Jeremy M. Campana | 3900 Key Center | 127 Public Square | Cleveland | OH | 44114-1291 | Jeremy.campana@thompsonhine.com |
| TUCKER ARENSBERG, P.C. | Attn: Danielle L. Dietrich | 1500 One PPG Place | | Pittsburgh | PA | 15222 | ddietrich@tuckerlaw.com |
| U.S. Department of Energy | Attn: Legal Department | 1000 Independence Ave., SW | | Washington | DC | 20585 | The.Secretary@hq.doe.gov |
| U.S. Department of Justice Civil Division | Attn: Danielle A. Pham, Marc S. Sacks | 1100 L Street, NW | Room 10022 | Washington | DC | 20005 | danielle.pham@usdoj.gov marcus.s.sacks@usdoj.gov |
| U.S. Department of Justice Civil Division | Attn: Danielle A. Pham, Marc S. Sacks | P.O. Box 875 | Ben Franklin Station | Washington | DC | 20044-0875 | danielle.pham@usdoj.gov marcus.s.sacks@usdoj.gov |
| U.S. Department of Justice Tax Division | Civil Trial Section, Northern Region | P.O. Box 55, Ben Franklin Station | | Washington | DC | 20044 | |
| U.S. Nuclear Regulatory Commission | Attn: Legal Department | | | Washington | DC | 20555-0001 | |
| U.S. Securities and Exchange Commission | Attn: Sonia Chae, Senior Attorney, Bankruptcy | 175 W. Jackson Blvd. | Suite 1450 | Chicago | IL | 60604 | chaes@sec.gov |
| Ulmer & Berne LLP | Attn: Richard G. Hardy, Todd A. Atkinson | 1660 W. 2nd Street | Suite 1100 | Cleveland | OH | 44113-1448 | rhardy@ulmer.com tatkinson@ulmer.com |
| UWUA Local 175 | Attn: Gregory S. Adams, President | 2307 Embury Park Rd. | | Dayton | OH | 45414 | local175@swohio.twcbc.com |
| VORYS, SATER, SEYMOUR AND PEASE LLP | Attn: Elia O. Woyt | 106 South Main Street | Suite 1100 | Akron | OH | 44308 | eowoyt@vorys.com |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Walgreen Co. | Attn: Karen M. Fine, Director and Managing Counsel, Commercial Litigation | 104 Wilmot Road | MS#144P | Deerfield | IL | 60015 | karen.fine@walgreens.com |
| Weil, Gotshal & Manges LLP | Attn: Kelly DiBlasi, Matthew S. Barr, John P. Mastando III, Robert M. Swenson | 767 Fifth Avenue | | New York | NY | 10152-0119 | kelly.diblasi@weil.com matt.barr@weil.com john.mastando@weil.com robert.swenson@weil.com |
| Whiteford, Taylor & Preston LLC | Attn: Stephen B. Gerald | The Renaissance Centre | 405 North King Street, Suite 500 | Wilmington | DE | 19801 | sgerald@wtplaw.com |
| WHITMER & EHRMAN LLC | Attn: James W. Ehrman, Mary K. Whitmer, Robert M. Stefancin | 2344 Canal Road | Suite 401 | Cleveland | OH | 44113-2535 | jwe@weadvocate.net mkw@weadvocate.net rms@weadvocate.net |
| WILLKIE FARR & GALLAGHER LLP | Attn: Matthew A. Feldman, Joseph G. Minias, Richard Mancino, Matthew Freimuth | 787 Seventh Avenue | | New York | NY | 10019 | mfeldman@willkie.com jminias@willkie.com rmancino@willkie.com mfreimuth@willkie.com |