This document was signed electronically on June 28, 2018, which may be different from its entry on the record.

IT IS SO ORDERED.

Dated: June 28, 2018



ALAN M. KOSCHIK
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] | Case No. 18-50757 (Jointly Administered) |
| Debtors. | Hon. Judge Alan M. Koschik |

**AMENDED ORDER APPROVING DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF AKIN GUMP STRAUSS HAUER & FELD LLP AS CO-COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order") authorizing the Debtors to retain and employ Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") as their co-

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186), and Norton Energy Storage L.L.C. (6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

counsel effective *nunc pro tunc* to the Petition Date, pursuant to sections 327(a), 328(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Bankruptcy Local Rules of the United States Bankruptcy Court for the Northern District of Ohio (the "Local Rules"); and the Court having reviewed the Application, the Declaration of Scott L. Alberino, a partner at Akin Gump (the "Alberino Declaration"), the Supplemental Declaration of Scott L. Alberino (the "Supplemental Declaration"), and the declaration of Rick C. Giannantonio (the "Giannantonio Declaration" and, together with the Alberino Declaration and the Supplemental Declaration, the "Declarations"); and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application, in the Alberino Declaration, and in the Supplemental Declaration that (a) Akin Gump does not hold or represent an interest adverse to the Debtors' estates and (b) Akin Gump is a "disinterested person" as defined in Bankruptcy Code section 101(14) and as required by Bankruptcy Code section 327(a); and the Court having found that the Debtors provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having reviewed the Application and having heard statements in support of the Application at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein

having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted to the extent set forth herein.

2. The Debtors are authorized to retain and employ Akin Gump as their co-counsel *nunc pro tunc* to the Petition Date.

3. Akin Gump is authorized to provide the Debtors with the professional services as described in the Application. Specifically, but without limitation, Akin Gump will render the following legal services:

   (a) advise the Debtors with respect to their rights, powers and duties as debtors in possession;

   (b) advise the Debtors with respect to the conduct of the chapter 11 cases, including all of the legal and administrative requirements in chapter 11;

   (c) advise the Debtors and take all necessary or appropriate actions at the Debtors' direction with respect to protecting and preserving the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

   (d) prepare pleadings in connection with the chapter 11 cases, including motions, applications, answers, orders, reports and other papers necessary or otherwise beneficial to the administration of the Debtors' estates;

   (e) advise the Debtors in connection with any potential sale of assets;

   (f) appear before the Court and any other courts to represent the interests of the Debtors' estates before such courts;

   (g) attend meetings and represent the Debtors in negotiations with representatives of creditors and other parties in interest; and

   (h) advise on issues including (i) analyzing the Debtors' leases and contracts and assumptions and assignments or rejections thereof, (ii) analyzing the validity of liens against the Debtors and (iii) advising the Debtors on corporate and litigation matters.

4. Akin Gump shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

5. In accordance with Bankruptcy Code section 327(a) and, with respect to Akin Gump's hourly rates, Bankruptcy Code section 328(a), Bankruptcy Rules 2014(a) and 2016 and Local Rule 2016-1, the Debtors are hereby authorized to employ and retain Akin Gump as their attorneys in the chapter 11 cases in accordance with Akin Gump's normal hourly rates and disbursement policies as contemplated by the Application. Akin Gump will exhaust the retainer it is holding in satisfaction of allowed compensation and reimbursement awarded before seeking additional payment from the Debtors.

6. Akin Gump shall apply for compensation and reimbursement of expenses in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court. Notwithstanding anything to the contrary herein, Akin Gump shall be entitled to reimbursement for the actual and reasonable costs of meals and transportation to or from the office for employees required to work after business hours and during the weekend in connection with these chapter 11 cases, subject to approval by the Court.

7. Akin Gump shall use reasonable best efforts to comply with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* and with the *United States Bankruptcy Court for the Northern District of Ohio Guidelines for Compensation and Expense Reimbursement of Professionals*, both in connection with this Application and the interim (if any) and final fee applications to be filed by Akin Gump in these chapter 11 cases.

8. Akin Gump shall provide ten (10) business days' notice to the Debtors and the Office of the United States Trustee for the Northern District of Ohio (the "U.S. Trustee") before any increases in the rates set forth in the Application are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in Bankruptcy Code section 330, and the Court retains the right to review any rate increase pursuant to Bankruptcy Code section 330.

9. The Debtors and Akin Gump are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

10. Notice of the Application is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

11. To the extent that the Application, the Engagement Letters, or any Declaration is inconsistent with this Order, the terms of this Order shall govern.

12. Notwithstanding anything to the contrary in the Application, the Engagement Letters, or any Declaration, during the pendency of these chapter 11 cases, Akin Gump will not apply (i) the FirstEnergy Legal Department Policy and (ii) the delinquent fee policy outlined in Akin Gump's Statement of Firm Policies, each as set forth in the applicable Engagement Letter(s).

13. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. The Court retains jurisdiction with respect to all matters arising from or related to interpretation, implementation or enforcement of this Order.

# # #

**SUBMITTED BY:**

*/s/ Kate M. Bradley*
**BROUSE MCDOWELL LPA**
Marc B. Merklin (0018195)
Kate M. Bradley (0074206)
Bridget A. Franklin (0083987)
388 South Main Street, Suite 500
Akron, OH 44311-4407
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
kbradley@brouse.com
bfranklin@brouse.com

 - and -

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira Dizengoff (admitted *pro hac vice*)
Lisa Beckerman (admitted *pro hac vice*)
Brad Kahn (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
lbeckerman@akingump.com
bkahn@akingump.com

 - and -

Scott Alberino (admitted *pro hac vice*)
Kate Doorley (admitted *pro hac vice*)
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
salberino@akingump.com
kdoorley@akingump.com

*Counsel for Debtors and Debtors in Possession*