This document was signed electronically on August 9, 2018, which may be different from its entry on the record.

IT IS SO ORDERED.

Dated: August 9, 2018



ALAN M. KOSCHIK
U.S. Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] | Case No. 18-50757 (Jointly Administered) |
| Debtors. | Hon. Judge Alan M. Koschik |

## ORDER (I) AUTHORIZING THE DEBTORS TO REJECT A CERTAIN MULTI-PARTY INTERCOMPANY POWER PURCHASE AGREEMENT WITH THE OHIO VALLEY ELECTRIC CORPORATION AND (II) GRANTING CERTAIN RELATED RELIEF

Upon the motion (the "Motion") of FirstEnergy Solutions Corp. ("FES") and FirstEnergy Generation, LLC ("FG,"), debtors in the above-captioned chapter 11 cases (together with their

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage L.L.C. (6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

affiliated debtors the "Debtors"), for the entry of an Order (i) authorizing and approving the rejection of a certain multi-party intercompany power purchase agreement with the Ohio Valley Electric Corporation (the "OVEC ICPA") and (ii) granting related relief (Docket No. 44); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding in accordance with 28 U.S.C. §§ 157(b)(2); and venue being proper in this jurisdiction pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and a hearing having been held on June 26, 2018 to consider the standard governing the relief requested in the Motion (the "June 26 Hearing"); and a hearing having been held on July 31, 2018 to consider the merits of the relief requested in the Motion (the "July 31 Hearing"); and upon the First Day Declaration, the Stipulation jointly submitted by Movants, the Ohio Valley Electric Corporation ("OVEC"), Duke Energy Ohio, Inc. ("Duke"), and the Office of the Ohio Consumers' Counsel (the "OCC", and collectively with OVEC and Duke, the "Objectors") appearing at Docket No. 1047 (the "Stipulation"), *Ohio Valley Electric Corporation's Opposition To Motion For Entry Of An Order Authorizing FirstEnergy Solutions Corp. And FirstEnergy Generation, LLC To Reject A Certain Multi-Party Intercompany Power Purchase Agreement With The Ohio Valley Electric Corporation As Of The Petition Date* (Docket No. 652), *Duke Energy Ohio, Inc.'s Objection To Motion For Entry Of An Order Authorizing FirstEnergy Solutions Corp. And FirstEnergy Generation, LLC To Reject A Certain Multi-Party Intercompany Power Agreement With The Ohio Valley Electric Corporation As Of The Petition Date* (Docket No. 649), *Ohio Consumers' Counsel's Objection For Protecting Consumers From FirstEnergy Solutions' Motion To Reject The Ohio Valley Electric Corporation Contract [Dkt. No 44]* (Docket No. 651) (collectively with

2

18-50757-amk    Doc 1118    FILED 08/09/18    ENTERED 08/09/18 16:51:43    Page 2 of 8

the Objections appearing at Docket Nos. 649 and 652, the "Filed Objections"), the record of the July 31 Hearing, including the joint exhibits submitted into evidence, and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, and that the legal and factual bases set forth in the Motion, establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED**:

1. The Motion is granted as provided herein. All objections to the Motion, including the Filed Objections, are hereby overruled.

2. Movants have established that the rejection of the OVEC ICPA is a sound exercise of their business judgment. The OVEC ICPA is hereby rejected pursuant to 11 U.S.C. § 365, with such rejection to be made effective no later than July 31, 2018. This Order is not a ruling on the request for *nunc pro tunc* relief set forth in the Motion. The Debtors and other parties-in-interest appearing in this contested matter have agreed that the Court will adjudicate the Debtors' request for *nunc pro tunc* relief during a subsequent proceeding. As such, this Order concludes the proceedings on the Motion.

3. The Debtors are authorized to take any actions necessary to effectuate the rejection of the OVEC ICPA. The Debtors are further authorized to act in accordance with paragraph 17 of the Stipulation. Nothing contained in this Order shall waive any rights of the OCC to object to charges to consumers by OVEC or its members.

4. At the July 31 Hearing, OVEC objected to the relief sought in the Motion on the same grounds that it opposed the relief sought by the Movants in Adversary Proceeding No. 18-5021 (the "Adversary Proceeding"); specifically, OVEC contends that the provisions set forth in

the ICPA constitute a filed rate under the Federal Power Act (the "FPA"), that the filed rate cannot be unilaterally modified or abrogated absent a determination by the Federal Energy Regulatory Commission ("FERC") that such changes are required in the public interest under the FPA and the *Mobile-Sierra* doctrine, that FERC exercises exclusive jurisdiction over the public interest determination, that this Court and FERC share concurrent jurisdiction over the rejection of wholesale power agreements, like the OVEC ICPA, and that accordingly, even if the Debtors have satisfied the business judgment standard, the rejection of the OVEC ICPA and relief of the Debtors' obligations to continue performance thereunder cannot be effectuated without also obtaining FERC approval (collectively, the "FERC-Based Objection"). At the July 31 Hearing, Duke, which was not a party to the Adversary Proceeding, joined in OVEC's FERC-Based Objection and also objected to any finding that FERC is enjoined pursuant to 11 U.S.C. § 362 from conducting its public interest determination as to the OVEC ICPA. The Court expressly overruled those arguments in the Adversary Proceeding, as it does again here, reaffirming and incorporating into this Order the findings and conclusions in the Adversary Proceeding that are set forth in the Orders appearing at Adversary Proceeding Docket Nos. 114 and 125.

5. On July 13, 2018, after notice and a hearing, the Court issued its *Order Regarding Legal Standard Applicable to Rejection Motions (Docket Nos. 44 and 45)*, appearing at Docket No. 958 (the "Standards Order"), in which the Court ordered that it would apply the business judgment standard to the Motion and would only consider evidence relevant to whether that standard was satisfied. In so doing, the Court overruled the OCC's objection that the rejection should be governed by a different standard that requires taking into account the public interest (the "OCC Public Interest Objection"). In connection with the June 26 Hearing, the Objectors and certain other objectors raised the FERC-Based Objection, and the OCC raised the OCC

4

Public Interest Objection. The Court again overruled the FERC-Based Objection and the OCC Public Interest Objection at the June 26 Hearing, as it does again here, reaffirming and incorporating into this Order the findings and conclusions in the Standards Order.

6. Any claims based on the rejection of the OVEC ICPA shall be filed in accordance with any applicable order establishing a bar date for filing proofs of claim in these cases.

7. In light of the OCC's agreement in the Stipulation not to contest that the Movants have satisfied the business judgment standard as articulated in the Standards Order, the Court need not address, at this time, Debtors' request that this Court find that the OCC does not have proper standing to appear and be heard in this contested matter pursuant to 11 U.S.C. § 1109(b). The Debtors reserve their right to renew their request at a later date, and OCC and the other parties reserve all rights with respect to such matter, including to oppose Debtors' request.

8. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in this Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim against the Debtors, including, without limitation, any administrative priority claims purported to arise under the OVEC ICPA either before or after the Petition Date.

9. Notice of the Motion as provided herein shall be deemed good and sufficient and such notice satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

10. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

11. The parties appearing in this contested matter have agreed, and this Court hereby orders, that this Order is a final order pursuant to Federal Rule of Civil Procedure 54(b), made

applicable here by Federal Rules of Bankruptcy Procedure 9014(c) and 7054, and 28 U.S.C. § 158(a)(1).

# # #

**SUBMITTED BY:**

*/s/ John C. Fairweather*
**BROUSE MCDOWELL LPA**
Marc B. Merklin (0018195)
John C. Fairweather (0018216)
Lisa S. DelGrosso (0064938)
Kate M. Bradley (0074206)
388 South Main Street, Suite 500
Akron, OH 44311-4407
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
jfairweather@brouse.com
ldelgrosso@brouse.com
kbradley@brouse.com

 - and -

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira Dizengoff (admitted *pro hac vice*)
David Zensky (admitted *pro hac vice*)
Lisa Beckerman (admitted pro *hac vice*)
Brian Carney (admitted *pro hac vice*)
Brad Kahn (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
dzensky@akingump.com
lbeckerman@akingump.com
bcarney@akingump.com
bkahn@akingump.com

 - and -

Scott Alberino (admitted *pro hac vice*)
David Applebaum (admitted *pro hac vice*)
Todd Brecher (admitted *pro hac vice*)
Kate Doorley (admitted *pro hac vice*)
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
salberino@akingump.com
dapplebaum@akingump.com
tbrecher@akingump.com
kdoorley@akingump.com

*Counsel for Debtors and Debtors in Possession*


**APPROVED BY:**

/s/ Kevin K. Chang (with approval 8/9/18)
Kevin K. Chang
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
555 California Street
San Francisco, California 94104
Telephone:    (415) 439-1671
Facsimile:    (415) 439-1500
Email:   kevin.chang@kirkland.com

*Counsel to Respondent Ohio Valley Electric Corporation*


/s/ Aaron G. McCollough (with approval 8/9/18)
Aaron G. McCollough
**MCGUIREWOODS LLP**
77 West Wacker Drive
Suite 4100
Chicago, IL 60601-1818
Telephone:    (312) 849-8256
Facsimile:    (312) 698-4522
Email: amccollough@mcguirewoods.com

*Counsel for Objector Duke Energy Ohio, Inc.*

18-50757-amk    Doc 1118    FILED 08/09/18    ENTERED 08/09/18 16:51:43    Page 7 of 8

/s/ David A. Beck (with approval 8/9/18)
David A. Beck
**CARPENTER LIPPS & LELAND LLP**
280 Plaza, Suite 1300
280 North High Street
Columbus, OH 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
Email: beck@carpenterlipps.com

*Counsel for Objector Ohio Consumers' Counsel*