IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: § <br> § <br> FIRSTENERGY SOLUTIONS CORP., *et al.*[1] § <br> § <br> § <br> Debtors. § | Case No.: 18-50757 <br> (Jointly Administered) <br> Hon. Judge Alan M. Koschik |

**RESPONSE OF THE UNITED STATES, STATE OF OHIO, AND
PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PROTECTION
TO MOTION TO APPROVE SETTLEMENT AGREEMENT**

1. The United States, on behalf of the U.S. Environmental Protection Agency and the U.S. Nuclear Regulatory Commission, the Office of the Ohio Attorney General, acting on behalf of the Ohio Environmental Protection Agency and the Ohio Department of Natural Resources, and the Pennsylvania Department of Environmental Protection (the "Governments"), hereby file this Response to Debtors' Motion To Approve Settlement Among the Debtors, Non-Debtor Affiliates and Certain Other Settlement Parties (Docket No. 1224).

2. The Governments oversee the protection of public health and the environment under various statutes including the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-9675, the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. §§ 6901 *et seq.*, Clean Water Act (CWA), 33 U.S.C. §§ 1251 *et seq.*, Oil Pollution Act (OPA), 33 U.S.C. §§ 2701 *et seq.*, Clean Air Act (CAA), 42 U.S.C. §§ 7401 *et seq.*, Toxic Substances Control Act (TSCA), 15 U.S.C. §§ 2601 *et seq.*, and the Atomic Energy Act (AEA), 42 U.S.C. §§

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage L.L.C. (6928), case no. 18-50764.

1

2011 *et seq.*, and parallel statutes enacted under Ohio and Pennsylvania public health and safety and environmental law. The Debtors own and/or operate several coal-fired power plants and nuclear plants. The Non-debtor parent and affiliates that are signatories to the Settlement Agreement have numerous liabilities to the Governments under environmental laws for their ownership and/or operation of (and/or disposal at) some of the same facilities for decades even before the Debtors became the owners/operators. The Governments anticipate filing protective proofs of claim for compliance obligations of the Debtors prior to the bar date in this case. Of particular concern to the Governments is the Debtors' and non-Debtors' liability for coal ash impoundments and groundwater contamination, *see generally Utility Solid Waste Activities Group v. Environmental Protection Agency*, No. 15-1219 (D.C. Cir. August 21, 2018), as well as liability for decommissioning Debtors' nuclear facilities.

3. The Settlement Agreement proposes to resolve numerous highly complex causes of action against non-Debtors that, according to the Motion, the Debtors and <u>all creditors</u> are being asked to release in return for $1.1 billion worth of value in consideration. What will be done with that $1.1 billion will not be decided at this time. Motion at 25, 40; Settlement Agreement at 1-2.

4. The Motion states that, at this time, the settlors only seek releases of claims against the Non-Debtors belonging to Debtors' estates, and that the third party releases by non-signatories against non-Debtors (the "Non-Signatory Third Party Releases") will be sought in connection with confirmation of a Plan. Motion at 3, 53 n.27.

5. The Governments raised with Debtors and certain other signatories the Governments' concerns about language in the Motion, Settlement Agreement and proposed Order that is inconsistent with these statements and would threaten to prejudice any objection by the Governments to the Non-Signatory Third Party Releases that are required under the Settlement Agreement to be

part of any Plan in these cases.[2]

6. The Governments were able to resolve this concern by agreement with the Debtors and certain other signatories to add language to the Court's approval order including:[3]

> "Nothing in this Order shall be construed to approve the releases by non-signatories to the Settlement Agreement set forth in Sections 6.2 and 6.3 of the Settlement Agreement (the "Non-Signatory Third Party Releases"). Nothing in this Order shall be construed to approve any injunction against non-signatories to the Settlement Agreement set forth in the second sentence of Section 6.4 of the Settlement Agreement (the "Non-Signatory Third Party Injunctions"). Nothing in this Order (including all findings of fact and conclusions of law) shall be construed to prejudice in any way any objections to Non-Signatory Third Party Releases or the Non-Signatory Third Party Injunctions contained in any proposed plan of reorganization or liquidation for any of the Debtors that may be asserted by non-signatories to the Settlement Agreement."

7. The Motion states "every major creditor constituency in these chapter 11 Cases supports the Settlement Agreement." Motion at 48. However, the Governments were not invited to negotiate or provided information provided to the groups entering into the Settlement Agreement necessary to evaluate the Debtors' claims or causes of action against non-Debtors. The Governments, who do believe they are major parties in interest in these cases, therefore are not taking a position on the fairness and reasonableness of the terms of the consideration to be paid under the proposed settlement of the Debtors' estates claims or causes of action against the non-Debtor signatories.

8. The Governments expect to object to the Non-Signatory Third Party Releases and any Non-Signatory Third Party Injunctions especially to the extent that they would apply to claims or causes of action of the Governments against the non-Debtors based on independent acts of the non-Debtors or claims or causes of action that do not belong to the Debtors' estates. After all, non-Debtor signatories

---

[2] The Governments' concerns are summarized at the end of this Response.
[3] In the absence of inclusion of the above agreed upon language, the Governments do object to approval of the Settlement Agreement as improperly prejudicial to their rights against non-Debtors and beyond the jurisdiction of the Court. The Governments and the United States and all of its agencies reserve all rights to object to the Non-Signatory Third Party Releases.

3

ran the businesses now owned or operated by Debtors for many years and have significant independent liability that arose before the Debtors even came into existence. Bankruptcy law was never meant to address such independent liabilities of non-debtors, which are in no way derivative or property of the estates and are beyond this Court's jurisdiction. *See generally In re Greektown Holdings, LLC*, 728 F.3d 567, 577-79 (6th Cir. 2013); *In re RCS Engineered Products Co.*, 102 F.3d 223 (6th Cir. 1996); *In re Tronox Inc.*, 855 F.3d 84, 99-103 (2d Cir. 2017); *In re Dreier LLP*, 429 B.R. 112 (Bankr. S.D.N.Y. 2010). *See also In re Dow Corning Corp.*, 280 F.3d 648 (6th Cir. 2002) (dealing with third party non-debtor release of insurers in case involving insurance policies that were property of the estate and requiring full payment of claims).

### Summary of Provisions That Are Inconsistent With Non-Signatory Third Party Release Issues Being Deferred To Plan Confirmation Hearing

1. Proposed Order ¶ A (finding Court has jurisdiction to grant relief requested by Motion without any exception for consideration of jurisdictional objections to the Non-Signatory Third Party Releases);

2. Proposed Order ¶ L (authorizing parties to implement all actions under the Settlement Agreement without any exception for the Non-Signatory Third Party Releases);

3. Proposed Order ¶ M (finding by the Court that the various settlements including the Non-Signatory Third Party Releases are integrated and cannot be severed or "considered in isolation");

4. Proposed Order ¶ 1 (overruling all reservations of rights with prejudice);

5. Proposed Order ¶ 2 (approving Settlement Agreement "in its entirety" and noting that failure to include a provision does not "impair the effectiveness" of such provision without any exception for Non-Signatory Third Party Releases);

6. Proposed Order ¶ 3 (approving all settlements and compromises set forth in the Settlement

Agreement without any exception for Non-Signatory Third Party Releases);

7. Proposed Order ¶ 4 (authorizing all actions to implement Settlement Agreement without any exception for Non-Signatory Third Party Releases);

8. Proposed Order ¶ 5 (all findings of fact and conclusions of law are final and binding and effective on parties in interest without any exception relating to objections to Non-Signatory Third Party Releases);

9. Proposed Order ¶ 9 (in the event of inconsistency between the Order and Settlement Agreement, the Settlement Agreement controls);

10. Settlement Agreement at 1-2 (settlement includes all disputes between signatories and "any and all of Debtors' creditors");

11. Settlement Agreement § 4.2(a) (Non-Signatory Third Party Releases "shall be included in any and all FES Plans");

12. Settlement Agreement § 6.2 (providing for release of claims and causes of action against non-Debtors without exception for Non-Signatory Third Party Releases);

13. Settlement Agreement § 6.3(a) (requiring any FES Plan to provide for Non-Signatory Third Party Releases);

14. Settlement Agreement § 6.4 (requiring injunction in support of Non-Signatory Third Party Releases);

15. Settlement Agreement § 7.1 (requiring FES Plan to incorporate the Settlement Agreement without any exception for Non-Signatory Third Party Releases and precluding Debtors from proposing alternative Plans even if required to do so by fiduciary duties); and

16. Settlement Agreement § 10.2(c), (e) (requiring FES Plan to include Non-Signatory Third Party Releases and providing discretion to non-debtors relating to form and substance of any such provisions).[4]

Dated: September 19, 2018

**FOR THE UNITED STATES**
**JEFFREY H. WOOD**
Acting Assistant Attorney General
Environment and Natural Resources Division

/s/ Alan S. Tenenbaum
ALAN S. TENENBAUM
National Bankruptcy Coordinator
ROBERT DARNELL
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, DC 20044
alan.tenenbaum@usdoj.gov
(202) 514-5409
robert.darnell@usdoj.gov
(202) 514-4162

**FOR THE OHIO ENVIRONMENTAL PROTECTION AGENCY AND THE OHIO DEPARTMENT OF NATURAL RESOURCES**
**MICHAEL DEWINE**
**OHIO ATTORNEY GENERAL**

/s/ Michael E. Idzkowski
MICHAEL E. IDZKOWSKI (Ohio Reg. No. 0062839)
Assistant Attorney General
Environmental Enforcement Section
30 East Broad Street, 25th Floor
Columbus, Ohio 43215
Phone: 614-466-2766
Fax: 614-644-1926
Michael.Idzkowski@OhioAttorneyGeneral.gov

---

[4] The above list is meant to be illustrative and may not include all problematical provisions.

**FOR THE PENNSYLVANIA DEPARTMENT
OF ENVIRONMENTAL PROTECTION**

/s/ Barbara J. Grabowski
Barbara J. Grabowski
Assistant Counsel
PA ID No.61657
Office of Chief Counsel
400 Waterfront Drive
Pittsburgh, PA 15222-4745

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2018, I caused the above RESPONSE OF THE UNITED STATES, THE STATE OF OHIO, AND THE PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PROTECTION TO MOTION TO APPROVE SETTLEMENT AGREEMENT to be served via ECF.

s/Robert Darnell