This document was signed electronically on December 11, 2018, which may be different from its entry on the record.

IT IS SO ORDERED.

Dated: December 11, 2018



ALAN M. KOSCHIK
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] | ) Case No. 18-50757 |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Hon. Judge Alan M. Koschik |

## ORDER GRANTING MOTION OF DEBTORS TO APPROVE SETTLEMENT AMONG THE DEBTORS, CONSOLIDATION COAL COMPANY AND MCELROY COAL COMPANY

Upon consideration of the *Motion of Debtors to Approve Settlement Among the Debtors, Consolidation Coal Company and McElroy Coal Company* [Docket No. 1683] (the "Motion")[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage LLC (6928), case no. 18-50764. The Debtors' address is 341 White Pond Dr., Akron, OH 44320.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

for an order (this <u>Order</u>") approving the settlement attached to the Motion as <u>Exhibit A</u> (the "<u>Settlement Agreement</u>") as more fully described in the Motion; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of the cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for hearing on the Motion under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Settlement Agreement is hereby approved in its entirety, and the failure to specifically describe or include herein any particular provision in the Settlement Agreement shall not diminish or impair the effectiveness of any such provision.  The Settlement Agreement shall be fully binding on and effective as to each and all of the Parties thereto.

3. If there is any direct conflict between the terms of the Settlement Agreement and the terms of this Order, the terms of this Order shall control solely to the extent of such conflict.

4. Pursuant to Bankruptcy Code section 502(a), Claim No. 1354 shall be allowed as an unsecured claim against the FG estate in the amount of $75,000,000 without any further action by the Parties or the Court, and which claim shall be treated the same as other substantially similar general unsecured claims against the FG estate in connection with any plan of reorganization filed in the Chapter 11 Cases.  The Debtors' claims and noticing agent is hereby authorized and directed to update the official claims register with respect to Claim No. 1354

consistent with the terms of this Order and the Settlement Agreement. Any payment made to any of the Murray Released Parties, either before or after the filing of the Chapter 11 Cases, shall not be subject to disgorgement for any reason.

5. The 2006 CSA and the 2016 CCR Agreement are hereby terminated and of no force and effect and the Parties shall have no further obligations to perform thereunder.

6. Pursuant to section 365(a) of the Bankruptcy Code, the 2006 CSA and the 2016 CCR Agreement are deemed rejected by the Debtors as of the Effective Date.

7. Rejection of the 2006 CSA and the 2016 CCR Agreement complies with the requirements of Bankruptcy Rule 6006(c).

8. Pursuant to section 363 of the Bankruptcy Code, the 2018 CSA is hereby ratified, and FG is authorized to enter into the 2018 CCR Agreement and the 2019 BTS Agreement. The New Agreements are hereby authorized and approved in all respects, and all of their provisions are enforceable according to their terms. FG and Murray are hereby authorized and directed to fully perform all obligations and exercise all rights and powers under the New Agreements, without further approval or relief from the Court.

9. Upon the occurrence of the Effective Date (as defined in the Settlement Agreement), FG shall promptly confer with Murray to calculate the difference between the amount that FG would have been required to pay if the 2018 CCR Agreement had been effective as of October 1, 2018 and what FG actually paid under the 2016 CCR Agreement from October 1, 2018, through and including the Effective Date (the "True-Up Amount") and within ten (10) calendar days after the Parties determine the True-Up Amount, FG shall pay such amount to Murray (or one of its affiliates). Any dispute regarding the True-Up Amount shall be heard and determined by this Court on a schedule to be agreed upon by the Parties.

10. The Releases contained in paragraphs 5 and 6 of the Settlement Agreement are hereby approved.

11. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 6006 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The Settlement Parties are authorized and directed to execute, deliver, implement, and fully perform any and all obligations and to take any and all actions reasonably necessary or appropriate to consummate, complete, execute, and implement the Settlement Agreement and the New Agreements in accordance with the terms and conditions therein without the need for further approval or relief from this Court.

13. This Order shall survive the conversion, dismissal, and/or closing of the Chapter 11 Cases, appointment of a chapter 11 trustee, confirmation of a plan of reorganization or liquidation, and/or the substantive consolidation of some or all of these Chapter 11 Cases, including with any other case or cases.

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order until the effective date of a chapter 11 plan confirmed in FG's Chapter 11 Case. Notwithstanding the foregoing, any dispute under the New Agreements shall be determined in accordance with the jurisdiction and governing law sections of those agreements.

# # #

SUBMITTED BY:

*/s/ Kate M. Bradley*
**BROUSE MCDOWELL LPA**
Marc B. Merklin (0018195)
Kate M. Bradley (0074206)
Bridget A. Franklin (0083987)
388 South Main Street, Suite 500
Akron, OH 44311-4407
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
kbradley@brouse.com
bfranklin@brouse.com

- and -

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira Dizengoff (admitted *pro hac vice*)
Lisa Beckerman (admitted *pro hac vice*)
Brad Kahn (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
lbeckerman@akingump.com
bkahn@akingump.com

- and -

Scott Alberino (admitted *pro hac vice*)
Kate Doorley (admitted *pro hac vice*)
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
salberino@akingump.com
kdoorley@akingump.com

*Counsel for Debtors and Debtors in Possession*