# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | § |
| | § |
| FIRSTENERGY SOLUTIONS CORP., *et al.*[1] | § Case No.: 18-50757 |
| | § (Jointly Administered) |
| | § Hon. Judge Alan M. Koschik |
| Debtors. | |

### RESPONSE OF THE UNITED STATES, STATE OF OHIO, AND PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PROTECTION TO DEBTORS' THIRD MOTION FOR ENTRY OF AN ORDER EXTENDING THE EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES

1. The United States, on behalf of the U.S. Environmental Protection Agency and the U.S. Nuclear Regulatory Commission, the Office of the Ohio Attorney General, acting on behalf of the Ohio Environmental Protection Agency and the Ohio Department of Natural Resources, and the Pennsylvania Department of Environmental Protection (the "Governments"), hereby file this Response to Debtors' Third Motion For Entry of an Order Extending the Exclusive Periods To File a Chapter 11 Plan and Solicit Acceptances Pursuant To Section 1121 of the Bankruptcy Code (Docket No. 1967) (the "Third Exclusivity Motion").

2. The Third Exclusivity Motion seeks additional time to file and obtain approval (exclusively) of a Plan based on a Settlement Agreement Among the Debtors, Non-Debtor Affiliates and certain Other Settlement Parties (Docket No. 1465) (the "Settlement Agreement").

3. The Settlement Agreement is further reflected in the Restructuring Support Agreement and Plan Term Sheet among Debtors, Non-Debtors Affiliates, certain creditors, and the official committee

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186), case no. 18-50757; and Norton Energy Storage L.L.C. (6928), case no. 18-50764.

1

of unsecured creditors filed on January 23, 2019 at Docket No. 1995.

4. The Governments oversee the protection of public health and the environment under various statutes including the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. §§ 9601-9675, the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. §§ 6901 *et seq.*, Clean Water Act (CWA), 33 U.S.C. §§ 1251 *et seq.*, Oil Pollution Act (OPA), 33 U.S.C. §§ 2701 *et seq.*, Clean Air Act (CAA), 42 U.S.C. §§ 7401 *et seq.*, Toxic Substances Control Act (TSCA), 15 U.S.C. §§ 2601 *et seq.*, and the Atomic Energy Act (AEA), 42 U.S.C. §§ 2011 *et seq.*, and parallel statutes enacted under Ohio and Pennsylvania public health and safety and environmental law.

5. The Debtors own and/or operate several coal-fired power plants and nuclear plants. The Non-Debtor Affiliates have numerous liabilities to the Governments under environmental laws for their ownership and/or operation of (and/or disposal at) some of the same facilities for decades even before the Debtors became the owners/operators. The Governments have filed protective proofs of claim for compliance obligations of the Debtors.

6. Of particular concern to the Governments is the Debtors' and non-Debtors' liability for coal ash impoundments and groundwater contamination, *see generally Utility Solid Waste Activities Group v. Environmental Protection Agency*, No. 15-1219 (D.C. Cir. August 21, 2018), as well as liability for decommissioning Debtors' nuclear facilities.

7. On September 19, 2018, the Governments filed their Response to the Motion to Approve Settlement Agreement (Docket No. 1405). The Governments' response raised the Governments' concerns that the Settlement Agreement was premised on non-consensual Non-Signatory Third Party Releases and any Non-Signatory Third Party Injunctions that include causes of action of the Governments against the non-Debtors based on independent acts of the non-Debtors or claims or causes of action that do not belong to the Debtors' estates. The Non-Debtor Affiliates owned and

operated certain businesses and properties, now part of the Debtors' estates, for many years and therefore have significant independent liability. The Governments' Response noted that the Governments were not invited or permitted to participate in the negotiations.

8. The Governments worked out language with the Debtors to protect the Governments' rights to object to the non-consensual Non-Signatory Third Party Releases and any Non-Signatory Third Party Injunctions in any Plan without prejudice on account of approval of the Settlement Agreement. *See* Order Approving Settlement Agreement at ¶19 (Sept. 25, 2018) (Docket No. 1465).[2]

9. At the hearing on approval of the proposed Settlement Agreement on September 25, 2018, counsel for the United States noted that settlement negotiations with the Governments were anticipated. Counsel requested that the Governments be included early on in the negotiations and not be the only ones left out and then presented with a *fait accompli* that everybody else had negotiated. Transcript of Hearing at 212-13 (Sept. 25, 2018) (Docket No. 1478).

10. The Court stated that "clearly there's big issues coming down the pike and anybody that has taken the time to hire counsel and participate here, needs to be included at least in an opportunity to be heard, and to be in the loop to what's progressing . . . ." *Id.* at 227.

11. At the hearing on approval of Debtors' Second Exclusivity Motion on November 13, 2018, counsel for the United States reported that he had reached out to counsel for the Debtors and the creditors' committee but had been advised that it was premature for negotiations with the Governments. The United States again asked to be brought into the negotiations and that sufficient time be left for governmental issues. Transcript of Hearing at 26 (Nov. 13, 2018) (Docket No. 1714).

12. The Third Exclusivity Motion reflects that since September 2018 the Debtors have been

---

[2] The Governments took no position as to the adequacy of value of consideration received by the estate under the Settlement Agreement to resolve the estate's causes of action against the non-debtors because the parties to the settlement did not provide the Governments with sufficient information to evaluate it. Transcript of Hearing at 116, 210 (Sept. 25, 2018) (Docket No. 1478).

3

engaged in extensive negotiations with various creditor groups, which resulted in the recent filing of the Restructuring Support Agreement and Plan Term Sheet among Debtors, Non-Debtors Affiliates, certain creditors, and the official committee of unsecured creditors filed at Docket No. 1995.

13. Inexplicably, the Third Exclusivity Motion makes no reference to the need for negotiations with the Governments relating to the non-consensual Non-Signatory Third Party Releases and any Non-Signatory Third Party Injunctions on which the Settlement Agreement is based.

14. During the three-month period since the Settlement Agreement hearing on September 25, 2018, the Governments asked Debtors' counsel and counsel for the creditors' committee about negotiations on several occasions and was told that any discussions with the Governments were premature.

15. Nonetheless, the Restructuring Support Agreement and Plan Term Sheet were filed without any discussion or advance notice to the Governments and are silent with respect to the Governments' concerns and make no provision for any allocation or trust relating to environmental liabilities.

16. The Governments reiterate their concerns about the non-consensual Non-Signatory Third Party Releases and any Non-Signatory Third Party Injunctions on which the Settlement Agreement, Restructuring Support Agreement, and Plan Term Sheet are premised.

17. The Governments expect to object to any non-consensual Non-Signatory Third Party Releases and any Non-Signatory Third Party Injunctions especially to the extent that they would apply to claims or causes of action of the Governments against the non-Debtors based on independent acts of the non-Debtors or claims or causes of action that do not belong to the Debtors' estates. These are independent liabilities of non-debtors, which are in no way derivative or property of the estates. *See generally In re Greektown Holdings, LLC*, 728 F.3d 567, 577-79 (6th Cir. 2013); *In re RCS Engineered Products Co.*, 102 F.3d 223 (6th Cir. 1996); *In re Tronox Inc.*, 855 F.3d 84, 99-103 (2d Cir. 2017); *In*

*re Dreier LLP*, 429 B.R. 112 (Bankr. S.D.N.Y. 2010). *See also In re Dow Corning Corp.*, 280 F.3d 648 (6th Cir. 2002) (dealing with third party non-debtor release of insurers in case involving insurance policies that were property of the estate and requiring full payment of claims through a trust mechanism); *In re Combustion Engineering, Inc.*, 391 F.3d 190 (3d Cir. 2004) (denying relief to non-debtor affiliates for independent liability). Moreover, the filed Plan Term Sheet here does not even provide for any trust to deal with environmental liabilities to the Governments, in contrast to the full payment trust provided for in *Dow Corning*. Just this month, the Fifth Circuit attempted to summarize the substantial and complex case law in this area. *See Buccaneeer Resources, LLC*, 912 F.3d 291 (5th Cir. 2019).

18. While the Governments are not objecting to the extension of exclusivity, the Governments are concerned about the Debtors' proposed schedule for Plan proceedings and whether it leaves sufficient time for negotiations with the Governments.

19. The Governments also caution against making any irrevocable decisions in this case that presume that the Settlement Agreement, Restructuring Agreement, and Plan Term Sheet will successfully result in confirmation of a Plan based on such terms. As the abundant case law in this area makes clear, these <u>non-consensual</u> Non-Signatory Third Party Releases and any Non-Signatory Third Party Injunctions are unlikely to pass legal muster. Nor to date have there been any negotiations with the Governments.

Dated: January 29, 2019

**FOR THE UNITED STATES**

BRUCE S. GELBER
Deputy Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

/s Alan S. Tenenbaum
ALAN S. TENENBAUM
PATRICK M. CASEY
NICHOLAS A. MCDANIEL
Environmental Enforcement Section
Environment and Natural Resource Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 514-5409
Fax: (202) 514-0097
Email: alan.tenenbaum@usdoj.gov

**FOR THE OHIO ENVIRONMENTAL PROTECTION AGENCY
AND THE OHIO DEPARTMENT OF NATURAL RESOURCES
MICHAEL DEWINE
OHIO ATTORNEY GENERAL**

/s Michael E. Idzkowski
MICHAEL E. IDZKOWSKI (Ohio Reg. No. 0062839)
TIMOTHY J. KERN
Assistant Attorney General
Environmental Enforcement Section
30 East Broad Street, 25th Floor
Columbus, Ohio 43215
Phone: 614-466-2766
Fax: 614-644-1926
Email: Michael.Idzkowski@OhioAttorneyGeneral.gov

**FOR THE PENNSYLVANIA DEPARTMENT
OF ENVIRONMENTAL PROTECTION**

/s Barbara J. Grabowski
BARBARA J. GRABOWSKI
Assistant Counsel
PA ID No.61657
Office of Chief Counsel
400 Waterfront Drive
Pittsburgh, PA 15222-4745

6

VERA N. KANOVA
Assistant Counsel
PA I.D. No. 316676
Office of Chief Counsel
400 Market Street
Harrisburg, PA 17101-2063
Email: [verkanova@pa.gov](mailto:verkanova@pa.gov)

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2019, I caused the above RESPONSE OF THE UNITED STATES, THE STATE OF OHIO, AND THE PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PROTECTION TO DEBTORS' THIRD MOTION FOR ENTRY OF AN ORDER EXTENDING THE EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE to be served via ECF.

/s Alan S. Tenenbaum

8

18-50757-amk    Doc 2035    FILED 01/29/19    ENTERED 01/29/19 15:50:24    Page 8 of 8