UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>FIRSTENERGY SOLUTIONS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-50757<br>(Jointly Administered)<br><br>Hon. Judge Alan M. Koschik |

**AMENDED DECLARATION OF DISINTERESTEDNESS IN SUPPORT OF EMPLOYMENT OF VAN METER, ASHBROOK & ASSOCIATES AS A PROFESSIONAL UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the following is true and correct:

1. I am the president of the firm Van Meter, Ashbrook & Associates (the "Firm"), which maintains offices at the address and phone number listed below:

    Address: 41 South High Street, Suite 3710, Columbus, OH 43215

    Phone: (614) 224-7000

2. The Firm has been employed by FirstEnergy Solutions Corp. ("FES") in the ordinary course of its business. FES wishes for the Firm to be retained on its behalf to continue providing ordinary course services during its chapter 11 case. This declaration (the "Amended Declaration of Disinterestedness") is submitted in compliance with the *Order Authorizing the Debtors to Employ and Compensate Professionals Utilized in the Ordinary Course of Business* (the "OCP Order") [Docket No. 428].

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage, LLC (6928), case no. 18-50764. The Debtors' address is 341 White Pond Dr., Akron, OH 44320.

3. I am familiar with and have personal knowledge of the facts set forth below.

4. Since July 1, 2018, FES has requested that the Firm provide government affairs consulting services, and the Firm has agreed to provide such services. The Firm did not provide services to FES prior to the Petition Date. The Firm, through me, and other members, partners, associates, or employees of the Firm provides government affairs consulting and lobbying services for FES. These services include communicating and advocating FES's concerns to legislative and executive agencies; developing and recommending governmental affairs strategies; and arranging meetings between agents of FES and legislative and executive agency officials. Although the services provided by the Firm are similar to those provided by the Oxley Group LLC, FES's retention of the Firm as an ordinary course professional is necessary due to the large scope of FES's governmental affairs needs. Ohio has ninety-nine state representatives, thirty-three state senators, various leaders and staff in the executive branch, and numerous members of state regulatory agencies that FES desires to interact with on an ongoing basis. Accordingly, it is necessary for FES to retain more than one professional group to meet those needs. Additionally, the Firm has certain specific relationships and expertise that are not shared by other professionals being retained by FES.

5. Neither I, the Firm, nor any associate thereof, insofar as I have been able to ascertain, has any connection with FES, its creditors or stockholders, or any party in interest herein.

6. To the best of my knowledge, information, and belief, formed after due inquiry, (a) except for the proposed retention of the Firm in these chapter 11 cases, the Firm does not currently provide services to any party in any matter related to these chapter 11 cases, and (b) the Firm does not represent or hold an interest adverse to FES.

7. The Debtors do not owe the Firm any amounts for pre-petition services rendered.

2

18-50757-amk    Doc 2064    FILED 02/04/19    ENTERED 02/04/19 14:55:44    Page 2 of 4

8. The Firm will be compensated for professional services rendered to FES in accordance with the compensation procedures set forth in the OCP Order. The Firm will be compensated for its services by payment of a monthly fee of $15,000, plus reimbursement of actual necessary expenses and other charges incurred by the Firm. The firm did not receive and does not hold a postpetition retainer.

9. The rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Such rates are the Firm's standard rates for work of this nature. The rates are set at a level designed to fairly compensate the Firm for the work of its professionals and to cover fixed and routine overhead expenses. It is the Firm's policy to not charge its clients for ordinary and routine out-of-pocket expenses. The Firm will charge the client for extraordinary expenses such as travel, lodging and meals but only with the prior approval from the client. The Firm will charge FES for these expenses in a manner and at rates consistent with the charges made generally to the Firm's other clients.

10. In October 2018, the Firm attempted to file a declaration of disinterestedness with the United States Bankruptcy Court for the Northern District of Ohio (the "Court") but did so improperly. The Firm sent copies of its declaration of disinterestedness to the United States Trustee for the Northern District of Ohio (the "U.S. Trustee") and to the parties required to receive notice pursuant to the OCP Order. However, the Firm mistakenly did not file the declaration of disinterestedness on the Court's docket. Accordingly, FES inadvertently paid the Firm $60,000 for fees accrued between July and November 2018. These fees were mistakenly paid by FES to the Firm prior to FES receiving authority from the Court to compensate the Firm pursuant to the OCP Order. In accordance with an agreement with the U.S. Trustee, the Firm has agreed to return to FES the $60,000 in fees inadvertently paid to the Firm. Further, the Firm has agreed with the

U.S. Trustee that it will not be compensated by FES for any of its fees or expenses incurred prior to October 2018.

11. Except as provided in the OCP Order, no representations or promises have been received by the Firm nor by associate thereof as to compensation in connection with these cases other than in accordance with the provisions of title 11 of the United States Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these chapter 11 cases.

12. If, at any time during its employment by FES, the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Amended Declaration of Disinterestedness.

13. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Robert F. Klaffky
President
41 S. High Street, Ste 3710
Columbus, OH 43215

4

18-50757-amk    Doc 2064    FILED 02/04/19    ENTERED 02/04/19 14:55:44    Page 4 of 4