This document was signed electronically on March 21, 2019, which may be different from its entry on the record.

IT IS SO ORDERED.

Dated:  March 21, 2019



ALAN M. KOSCHIK
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re | ) |
| | ) Case No. 18-50757 (Jointly |
| FIRSTENERGY SOLUTIONS CORP., *et al.*, | ) Administered) |
| | ) |
| | ) Chapter 11 |
| Debtors. | ) |
| | ) Judge Alan M. Koschik |

### SCHEDULING ORDER REGARDING BRIEFING AND
### ORAL ARGUMENT ON MOTION TO APPROVE DISCLOSURE STATEMENT

On February 11, 2018, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed a motion (Docket No. 2121) (the "Motion") to approve their proposed disclosure statement (as most recently amended, Docket No. 2313) (the "Disclosure Statement") for the Debtors' second amended proposed plan of reorganization (Docket No. 2310) (the "Plan").

Numerous objections (Docket Nos. 2258, 2262, 2264, 2266, 2268, 2269, 2271, 2275, 2276, 2279, and 2301) (the "Objections") to the Motion and/or Disclosure Statement were filed,

alleging various inadequacies in the Disclosure Statement.

The Court held a consolidated hearing on the Motion, along with other motions, on March 19, 2019 (the "Hearing"). The Court disposed of many objections to the Motion at the Hearing, and concluded that others were issues that should be presented at confirmation and deferred ruling on them on that basis.

Among the most common and strenuous arguments in the Objections, however, is the argument that certain release provisions in the plan, particularly but not exclusively the FE Non-Debtor Parties' Third Party Releases set forth in Article VIII.E of the Plan (collectively, the "Releases"), render the plan facially unconfirmable under Sixth Circuit precedent, particularly *Papas v. Buchwald Capital Advisors, LLC (In re Greektown Holdings, LLC)*, 728 F.3d 567 (6th Cir. 2013), and *Class Five Nevada Claimants, et al. v. Dow Corning Corporation, et al.* (*In re Dow Corning Corp.*), 280 F.3d 648 (6th Cir. 2002). The Court did not rule on this issue at the Hearing.

The United States on behalf of the U.S. Environmental Protection Agency and the U.S. Nuclear Regulatory Commission, the Office of the Ohio Attorney General on behalf of the Ohio Environmental Protection Agency and the Ohio Department of Natural Resources, and the Pennsylvania Department of Environmental Protection (the "Governments"), in particular, have consistently raised the issue of the legality of the proposed Releases for approximately six months in these cases, starting on September 19, 2018, when they filed their consolidated objection (Docket No. 1405) to the Debtors' motion to approve their settlement agreement with the FE Non-Debtor Parties. (Docket No. 1224.) Since then, they have presaged this issue in limited responses to the Debtors' second and third motions for extensions of the exclusive period to prepare and file a plan and disclosure statement (*see, e.g.*, Docket No. 2035) and the Debtors'

2

motion for authority to acquire the Pleasants Power Station. (*See* Docket No. 2178.) The issue of whether the Releases would be permissible under any circumstance was not yet ripe, and in fact the Governments did not oppose the extensions of exclusivity (Docket No. 2035 ¶ 18) or the approval of the decision to acquire the Pleasants Power Station contingent upon Plan confirmation. (*See* Docket No. 2178.)

The Debtors argued at the Hearing that the issue of the legality of the Releases is still not ripe and should be adjudicated with a full evidentiary record at the confirmation hearing, and that the Court should approve the Disclosure Statement to begin the solicitation process. However, many of the Responses argue that the Releases render the Plan patently unconfirmable. If so, they argue, there would be sufficient grounds to deny approval of the Disclosure Statement because the solicitation of the Plan would be futile.

The Court adjourned the Hearing in order to afford time for supplemental briefing, and to hold an oral argument specifically on the issue of whether the Releases can be shown to render the Plan legally infirm on its face and thus patently unconfirmable—that the Debtors could prove no set of facts at a future confirmation hearing that would allow the Court to confirm a Plan containing such Releases. The Court will not take evidence at the April 2, 2019 oral argument. If the need for an evidentiary record is shown, that would demonstrate that the Debtors have at least the possibility of satisfying the Sixth Circuit's tests for non-consensual third-party releases and injunctions, or other applicable law, and the Court would then defer such issues to a confirmation hearing.

Based on the foregoing and the matters discussed during the Hearing,

**IT IS HEREBY ORDERED THAT:**

1. No later than **March 26, 2019**, any party wishing to brief or supplement their briefs on the issue of whether, as a matter of law, the proposed Plan is patently unconfirmable

under applicable law because of the proposed Releases included therein shall *file with the Court* and serve on opposing counsel their brief in support of their position.

2. No later than **March 29, 2019**, any party wishing to respond to the brief(s) filed by any party or parties pursuant to Paragraph 1 of this Order shall *file with the Court* and serve on opposing counsel their omnibus response to any such brief(s) to which they wish to respond.

3. The Court shall hold oral argument solely on the issue of whether the Releases render the Plan patently unconfirmable at the continued Hearing on **April 2, 2019, at 10:00 a.m.**

4. As announced in open court at the Hearing, the hearing on the Motion, as well as on the Debtors' Motion for Order Scheduling Certain Discovery and Pre-Trial Deadlines in Connection with the Confirmation of Debtors' Plan of Reorganization (Docket No. 2170), have also been adjourned to **April 2, 2019, at 10:00 a.m.**

# # #