**This document was signed electronically on May 29, 2019, which may be different from its entry on the record.**

**IT IS SO ORDERED.**

**Dated: May 29, 2019**



**ALAN M. KOSCHIK**
**U.S. Bankruptcy Judge**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] | ) Case No. 18-50757 (AMK) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Hon. Judge Alan M. Koschik |
| | ) |

### ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE DEBTORS' JOINT CHAPTER 11 PLAN, (III) APPROVING THE FORM OF BALLOTS, (IV) SCHEDULING A HEARING ON CONFIRMATION OF THE PLAN, (V) APPROVING PROCEDURES FOR NOTICE OF THE CONFIRMATION HEARING AND FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN, AND (VI) GRANTING RELATED RELIEF

Upon the *Debtors' Motion for Order (I) Approving Disclosure Statement, (II)*

*Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Debtors*

---

[1] The Debtors in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage L.L.C. (6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

Joint Chapter 11 Plan, (III) Approving the Form of Ballots, (IV) Scheduling a Hearing on Confirmation of the Plan, (V) Approving Procedures for Notice of the Confirmation Hearing and for Filing Objections to Confirmation of the Plan, and (VI) Granting Related Relief [Docket No. 2531] (the "Motion") of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order (this "Order") (i) approving the Disclosure Statement for the Fifth Amended Joint Plan of Reorganization of FirstEnergy Solutions Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 2675] (as modified, amended or supplemented from time to time, the "Disclosure Statement"); (ii) approving certain procedures for the solicitation of votes on the Debtors' Fifth Amended Joint Plan of Reorganization of FirstEnergy Solutions Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 2675] (as modified, amended or supplemented from time to time, the "Plan")[2] (the "Solicitation Procedures") and procedures for the tabulation of such votes (the "Tabulation Procedures"); (iii) approving the form of ballots, notices and certain other documents to be distributed in connection with the solicitation of the Plan; (iv) approving certain key dates described herein relating to the confirmation of the Plan (the "Plan Confirmation Schedule"); and (v) approving procedures for notices regarding the hearing to consider confirmation of the Plan (the "Confirmation Hearing") and filing objections to confirmation of the Plan, all as more fully set forth in the Motion; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having held a hearing on the Motion on May 20, 2019 (the "Hearing"); and the Court having found that the Debtors provided appropriate notice

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Plan, the Disclosure Statement or the Motion, as applicable.

18-50757-amk    Doc 2714    FILED 05/29/19    ENTERED 05/29/19 09:57:05    Page 2 of 300

of the Motion; and the Court having reviewed the Motion and having heard the statements in support of the relief requested at the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause therefore, it is HEREBY ORDERED THAT:

1.       The Motion is **GRANTED** as set forth herein.

## I.       Disclosure Statement

2.       The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code and is **APPROVED**.

3.       All objections to the Disclosure Statement that have not been withdrawn or resolved previously or at the Hearing hereby are overruled.

## II.      Approval of Plan Confirmation Schedule

4.       The following dates and deadlines, as reflected in the chart and ordered paragraphs below, in connection with the Solicitation Procedures, the Tabulation Procedures, and the Confirmation Hearing are hereby **APPROVED**.

| Event | Proposed Date[3] |
|---|---|
| Equity Election Record Date | January 23, 2019[4] |
| Voting Record Date | May 20, 2019 |
| Deadline for Objections/Responses to Disclosure Statement | May 16, 2019 at 4:00 p.m. |
| Deadline for Replies to Objections/Responses to Disclosure Statement | May 18, 2019 |
| Disclosure Statement Hearing Date | May 20, 2019 at 9:30 a.m. |
| Security Position Report Deadline | May 24, 2019 |

---

[3] Unless otherwise specified, the proposed deadlines listed herein will be 11:59 p.m. on the date listed. All times noted are in the prevailing Eastern Time zone.

[4] Or such later date as agreed to by the Debtors with the consent of the Requisite Supporting Parties (as such term is defined in the Restructuring Support Agreement) and the Committee.

3

| | |
|---|---|
| Solicitation Deadline | Ten (10) business days after entry of the Order |
| Deadline to Publish Confirmation Hearing Notice | Ten (10) business days after entry of the Order |
| Deadline for Objections to Claims for Voting Purposes | June 21, 2019 |
| Deadline for Filing Temporary Allowance Request Motions | July 5, 2019 at 4:00 p.m. |
| Deadline for Objections/Responses to Temporary Allowance Request Motions | July 19, 2019 |
| Deadline for Replies to Objections/Responses to Temporary Allowance Request Motions | July 22, 2019 |
| Deadline to File Plan Supplement | July 23, 2019 |
| Deadline for Entry of Order Granting Temporary Allowance Request Motions | August 9, 2019 |
| Deadline for Objections/Responses to Confirmation of the Plan | August 2, 2019 at 4:00 p.m. |
| Voting Deadline | August 2, 2019 at 4:00 p.m. |
| Voting Certification Deadline | August 13, 2019 |
| Deadline for Replies to Objections/Responses to Confirmation of Plan | August 16, 2019 |
| Confirmation Hearing | August 20, 2019 at 9:30 a.m. |

### A.  Equity Election Record Date

5.  The Equity Election Record Date shall be **January 23, 2019**, or such later date as agreed to by the Debtors with the consent of the Requisite Supporting Parties (as such term is defined in the Restructuring Support Agreement) and the Committee.

6.  The following Equity Election Conditions are approved: All Holders of General Unsecured Claims wishing to make an Equity Election with respect to an eligible Claim will be required to certify on their ballots to accept or reject the Plan, or by such other method acceptable to the Debtors with the consent of the Requisite Supporting Parties (as defined in the Restructuring Support Agreement) and the Committee, that they (i) were the beneficial holder of

4

such Claim as of the applicable Equity Election Record Date and have not sold, transferred, or provided a participation in such Claim, or directly or implicitly agreed to do so following the applicable Equity Election Record Date or (ii) are otherwise party to the Restructuring Support Agreement and the beneficial holder of such Claim and such Claims was subject to the Restructuring Support Agreement as of the applicable Equity Election Record Date. Any buyer of a Claim, which Claim is not subject to the Restructuring Support Agreement as of the applicable Equity Election Record Date will not be entitled to make an Equity Election under the Plan and will only be permitted to receive an equivalent cash distribution on account of such Claim.

**B.** **Voting Record Date**

7. The Voting Record Date shall be the first day of the Disclosure Statement Hearing, or **May 20, 2019**.

8. The transferee of a Transferred Claim will be entitled to receive a Solicitation Package and cast a Ballot on account of such Transferred Claim only if (i) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by one (1) business day prior to the Voting Record Date, or (ii) the transferee files one (1) business day prior to the Voting Record Date (a) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (b) a sworn statement of the transferor supporting the validity of the transfer.

**C.** **Security Position Report Deadline**

9. The Security Position Report Deadline shall be **May 24, 2019 at 4:00 p.m. (prevailing Eastern Time)**.

D. **Voting Deadline**

10.     The Voting Deadline shall be **August 2, 2019 at 4:00 p.m. (prevailing Eastern Time)**.

E. **Plan Objection Deadline**

11.     The Plan Objection Deadline shall be **August 2, 2019 at 4:00 p.m. (prevailing Eastern Time)**.

F. **Plan Reply Deadline**

12.     The deadline for replies to objections or responses to the Plan (the "Plan Reply Deadline") shall be **August 16, 2019**.

G. **Confirmation Hearing**

13.     The Confirmation Hearing shall be held on **August 20, 2019 at 9:30 a.m. (prevailing Eastern Time)** in Courtroom 260 of the John F. Seiberling Federal Building & U.S. Courthouse, 2 South Main Street, Akron, Ohio 44308.   The Confirmation Hearing may be adjourned from time to time by the Court or the Debtors without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for a particular hearing that is filed with the Court.

H. **Other Dates**

14.     Any and all other dates and deadlines as set forth in this Order are hereby approved.

III. **Approval of Solicitation Procedures**

A. **Parties Entitled to Vote**

15.     Holders of Claims in the Voting Classes shall be entitled to vote to accept or reject the Plan, **unless** such a Claim meets the following criteria (the "Voting Non-Eligibility Criteria"):

6

<ol type="a" start="1">
<li>(a)    as of the Voting Record Date, such Claim has been disallowed or expunged;</li>
<li>(b)    the Debtors scheduled such Claim as contingent, unliquidated, or disputed and a proof of claim was not filed by the General Bar Date or deemed timely filed by order of the Court at least five (5) business days prior to the Voting Deadline; or</li>
<li>(c)    such Claim is subject to an objection that remains unresolved as of <u>**July 19, 2019**</u>.</li>
</ol>

16.    Because the FE Non-Debtor Parties are releasing any and all prepetition Claims against the Debtors pursuant to the terms of the Plan, the FE Non-Debtor Parties shall not vote on the Plan. To the extent the FE Settlement Agreement is terminated, nothing contained in the Plan or this Order shall be deemed to waive or release any Claims held by the FE Non-Debtor Parties under any subsequent plan of reorganization or liquidation or the FE Non-Debtor Parties' right to vote thereon.

**B.    Objections to Claims for Voting Purposes Only**

17.    The deadline for filing and serving objections, if any, to claims solely for the purpose of determining which creditors are entitled to vote to accept or reject the plan ("<u>Objection for Voting Purposes</u>") shall be <u>**June 21, 2019**</u> (the "<u>Voting Purposes Objection Deadline</u>"). The Voting Purposes Objection Deadline is a deadline solely for the purpose of determining whether a Claim meets the Voting Non-Eligibility Criteria or for the Debtors to file a motion seeking to fix a voting amount for a particular Claim. The deadline is <u>not</u> intended to be a deadline by which the Debtors or any other party must file objections to the allowance of any Claim or Interest for any other purpose. Any such Claim allowed in an amount for voting purposes or disallowed for voting purposes shall be allowed or disallowed for voting purposes only.

18-50757-amk    Doc 2714    FILED 05/29/19    ENTERED 05/29/19 09:57:05    Page 7 of 300

### C.    Temporary Allowance of Claims for Voting Purposes

18.     For voting purposes, each Claim within the Voting Classes will be counted for voting purposes in an amount equal to the amount of the Claim as set forth in (i) the Schedules or (ii) the filed proof of claim as reflected in the claims register maintained by Prime Clerk as of the Voting Record Date, **subject to the following exceptions**:

(a)     If a Claim is determined to meet any of the Voting Non-Eligibility Criteria such Claim will be disallowed for voting purposes;

(b)     If a Claim is deemed allowed in accordance with the Plan, an order of the Court or a stipulated agreement between the parties, such Claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan, order or stipulated agreement;

(c)     If Claim for which a proof of claim has been timely filed, in a liquidated amount, such Claim will be temporarily allowed in the amount set forth in the proof of claim, unless such Claim is disputed as set forth in subparagraph (h) below;

(d)     If a Claim for which a proof of claim has been timely filed is (i) unliquidated (as determined on the face of the proof of claim or after a review of the supporting documentation by the Debtors), or (ii) does not otherwise specify a fixed or liquidated amount, the claimant will be allowed to cast one vote valued at one dollar ($1.00) for voting purposes only;

(e)     If a Claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the General Bar Date or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such claim will be disallowed for voting purposes;

(f)     [*intentionally omitted*];

(g)     Notwithstanding anything to the contrary contained herein, if an Unsecured Claim for which a proof of claim has been timely filed also contains a Secured Claim in an unliquidated amount based solely on a reservation of a right of setoff, the claimant will only be entitled to vote the Unsecured Claim in the applicable Unsecured Plan Class and will not be entitled to vote the Secured Claim in the otherwise applicable secured Plan Class;

(h)     If the Debtors have filed an Objection to Claim for Voting Purposes no later than the Voting Purposes Objection Deadline, such Claim will be

8

temporarily disallowed for voting purposes, except as otherwise ordered by the Court pursuant to a Temporary Allowance Request Motion; *provided*, *however*, that (i) if the Debtors' objection seeks to reclassify or reduce the allowed amount of such Claim, then such Claim will be temporarily allowed for voting purposes in the reduced amount and/or reclassified, and (ii) if the Debtors' objection seeks to determine that the Claim is contingent, the holder of the Claim will be allowed to cast one vote valued at one dollar ($1.00) unless otherwise ordered by the Court on or before **August 9, 2019** pursuant to a Temporary Allowance Request Motion;

(i)     If a Claim is allowed for voting purposes pursuant to an order of the Court on or before **August 9, 2019**, in connection with a Temporary Allowance Request Motion, then such claimant will be entitled to vote to accept or reject the Plan in accordance with the terms of such order;[5] and

(j)     If a Claim has been otherwise allowed for voting purposes by order of the Court, such Claim will be temporarily allowed in the amount so allowed by the Court for voting purposes only, and not for purposes of allowance or distribution.

### D.     Filing of Temporary Allowance Request Motions

19.     If any claimant elects to challenge the disallowance, classification or treatment of its Claim for voting purposes sought by the Debtors pursuant to an Objection to Claim for Voting Purposes or to seek temporary allowance of an unliquidated Claim for which a proof of claim has been timely filed, such claimant shall file with the Court a motion (a "Temporary Allowance Request Motion") pursuant to Bankruptcy Rule 3018(a) requesting such relief as it may assert is proper, including the temporary allowance or reclassification of its claim solely for voting purposes. The claimant's Ballot will not be counted, unless temporarily allowed by an order entered on or before **August 9, 2019** or as otherwise ordered by the Court. The following sets forth the proposed briefing schedule for the filing of a Temporary Allowance Request Motion:

(a)     All Temporary Allowance Request Motions must be filed and served no later than **4:00 p.m. (prevailing Eastern Time) on July 5, 2019** (the "Temporary Allowance Request Motion Deadline");

---

[5] For the avoidance of doubt, such a Claim shall not be allowed for purposes of allowance or distributions under the Plan.

(b)     All objections and responses to Temporary Allowance Request Motions must be filed and served on or before **July 19, 2019**;

(c)     A claimant may file a reply to any objection or response to its motion on or before **July 22, 2019**; and

(d)     Any order temporarily allowing such claims must be entered on or before **August 9, 2019**, or as otherwise ordered by the Court.

20.     Temporary Allowance Request Motions must: (i) be made in writing; (ii) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (iii) identify the proof of claim or Scheduled Claim in question; (iv) set forth the name of the claimant(s) pursuing the Temporary Allowance Request Motion; (v) set forth the name(s) of the Debtor(s) against which the Claim(s) is/are asserted; (vi) state with particularity the legal and factual bases relied upon for the relief requested by the Temporary Allowance Request Motion; and (vii) be filed and served pursuant to automatic electronic service provided by the Court's ECF system.

21.     Temporary Allowance Request Motions that do not comply with the foregoing may not be considered by the Court and may be deemed denied except as otherwise ordered by the Court.

22.     Any claimant who timely files and serves a Temporary Allowance Request Motion which is not otherwise resolved by July 19, 2019, and who has not otherwise received a Solicitation Package shall be provided a Ballot and shall be allowed to cast a provisional vote to accept or reject the Plan on or before the Voting Deadline, pending a determination of such motion by the Court.  No later than two (2) business days after the filing and service of such Temporary Allowance Request Motion, Prime Clerk will send the movant a Solicitation Package, and the movant shall be required to return its Ballot to Prime Clerk by the Voting Deadline.

23.     If the Debtors and such claimant are unable to resolve the issues raised by the Temporary Allowance Request Motion prior to July 19, 2019, such Temporary Allowance

Request Motion shall be considered by the Court at such time as it shall direct. At such hearing, the Court shall determine whether the provisional Ballot should be allowed to the extent for voting purposes and the amount(s) of the claim(s) that may be voted.

## IV. Approval of Solicitation Packages and Solicitation Procedures

### A. Solicitation Packages

24. The Solicitation Packages are **APPROVED**.

25. The Debtors shall assemble, or cause to be assembled, the Solicitation Packages and shall transmit, or cause to be transmitted, the Solicitation Packages by five (5) business days after entry of this Order, or as soon thereafter as reasonably practicable.

26. In accordance with Rule 3017(d), each Solicitation Package shall contain a copy of:

    (a)    this Order (without any exhibits);

    (b)    the Confirmation Hearing Notice;

    (c)    if the recipient is a Holder of a Claim or Interest in a Voting Class or Nominee, (i) the Disclosure Statement, including the Plan as an attachment, on paper or USB flash drive, (ii) a Ballot, and (iii) a letter explaining the Committee's recommendation that the creditor vote in favor of the Plan, and, as appropriate, a postage-prepaid envelope;[6] **OR**

    (d)    if the recipient is a Holder of a Claim or Interest in a Non-Voting Class, a Notice of Non-Voting Status - Unimpaired Classes or a Notice of Non-Voting Status - Impaired Classes (together, the "Notices of Non-Voting Status"); and

    (e)    such other materials as may be ordered or permitted by the Court.

27. To avoid duplication and reduce expenses, Prime Clerk is authorized (but not directed) to provide creditors who have filed duplicate Claims against the Debtors (whether

---

[6] Consistent with securities industry practice in chapter 11 solicitations, Ballots will be distributed to Nominees together with the Solicitation Packages to be forwarded by them to the beneficial owners. Solicitation Packages will be distributed to beneficial owners approximately seven (7) days after the initial distribution of Solicitation Packages to the Nominee.

against the same or multiple Debtors) which are classified under the Plan in the same Class with only one Solicitation Package and the appropriate number of Ballots (if applicable) for voting their claims with respect to that Class.

28. Copies of the Disclosure Statement and the Plan included in the Solicitation Package shall be provided in PDF format (with the exception of the Ballots and the Confirmation Hearing Notice, which will be provided in printed hard copies) instead of printed hard copies.

29. For Disclosure Statement Hearing Notices and/or Solicitation Packages returned as undeliverable, the Debtors are excused from mailing Disclosure Statement Hearing Notices and/or Solicitation Packages or any other materials related to voting or confirmation of the Plan to those entities listed at such addresses unless the Debtors are provided with accurate addresses for such entities before **July 19, 2019**, and failure to mail Solicitation Packages or any other materials related to voting or confirmation of the Plan to such entities shall not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline and shall not constitute a violation of Bankruptcy Rule 3017(d).

**B. Ballots**

30. The forms of Ballots annexed hereto as Exhibits 1 through 19 are **APPROVED**.

31. To be counted as a vote to accept or reject the Plan, each Ballot must be properly executed, completed and delivered to Prime Clerk (i) via Prime Clerk's E-Balloting Portal, (ii) by mail, (iii) by courier, or (iv) by personal delivery, so that it is actually received by Prime Clerk no later than the Voting Deadline. Ballot submitted by facsimile or other electronic means of transmission shall not be accepted; *provided*, *however*, Nominees and their agents may return the Master Ballots to Prime Clerk via email at fesballots@primeclerk.com.

32. With respect to the Ballots that will be sent to Holders of Claims in Classes **A3, A4, B4, B5, B6, C4, C5 and E3** the Debtors are authorized to send Ballots to each broker, bank

12

or other nominee that is the record holder of such Claims (each, a "Nominee"). Each Nominee will be entitled to receive reasonably sufficient copies of Beneficial Ballots for beneficial holders of the Voting Bondholder Claims (each, a "Beneficial Ballot") and Solicitation Packages to distribute to the beneficial owners of the Voting Bondholder Claims for whom such Nominee holds such Claims. The Debtors shall be responsible for each such Nominee's requested reasonable, documented costs and expenses associated with the distribution of copies of Beneficial Ballots and Solicitation Packages to the beneficial owners of the Voting Bondholder Claims and tabulation of the Beneficial Ballots. For the avoidance of doubt, the beneficial owners of the Mansfield Certificate Claims, who shall be entitled to vote the Mansfield Certificate Claims as set forth herein, are the beneficial holders of Mansfield Certificates.

33. Additionally each Nominee will receive returned Beneficial Ballots from the beneficial owners, tabulate the results, and return, *inter alia*, such results to Prime Clerk, in a master ballot (each, a "Master Ballot") by the Voting Deadline, or arrange for beneficial holders to receive pre-validated Ballots for direct return for Prime Clerk before the Voting Deadline.

34. A Nominee has two options with respect to voting. Under the first option, the Nominee will forward the Solicitation Package to each beneficial owner of the Claims entitled to vote on the Plan for voting and include a return envelope provided by and addressed to the Nominee, so that the beneficial owner may return the completed Beneficial Ballot to the Nominee. The Nominee will then summarize the individual votes of its respective beneficial owners from their individual Beneficial Ballots on the appropriate Master Ballot, in substantially the form of the Master Ballot, and then return the Master Ballot to Prime Clerk by the Voting Deadline.[7] The Nominee should advise the beneficial owners to return their Beneficial Ballots to

---

[7] Notwithstanding anything herein, Nominees may return Master Ballots to Prime Clerk via email at FESBallots@primeclerk.com

the Nominee by a date calculated by the Nominee to allow it to prepare and return the Master Ballot to Prime Clerk so that the Master Ballot is **actually received** by Prime Clerk by the Voting Deadline.[8]

35.     Under the second option, the Nominee elects to pre-validate the Beneficial Ballot contained in the Solicitation Package and then forward the Solicitation Package to the beneficial owners of the Claims for voting within seven (7) business days after the receipt by such Nominee of the Solicitation Package, with the beneficial owners then returning the Beneficial Ballots directly to Prime Clerk (i) via Prime Clerk's E-Balloting Portal or (ii) in the return envelope provided in the Solicitation Package. A Nominee pre-validates a beneficial owner's Beneficial Ballot by, *inter alia*, (a) indicating thereon the name and address of the record holder of the Claim to be voted, the amount of the Claim held by the beneficial owners as of the Voting Record Date, and the appropriate account numbers through which the beneficial owner's holdings are derived, and (b) executing the beneficial owner's Beneficial Ballot. The beneficial owner shall return the pre-validated Beneficial Ballot directly to Prime Clerk by the Voting Deadline.

36.     The Debtors are authorized to, in addition to accepting Ballots by regular mail, overnight courier or hand delivery, accept Ballots via electronic, online transmission through a customized electronic Ballot by utilizing the E-Balloting Portal on Prime Clerk's website at https://cases.primeclerk.com/FES/.

C.     **Notice of Non-Voting Status**

37.     The Notices of Non-Voting Status are **APPROVED**.

---

[8] Beneficial Holders holding Notes through a Nominee must return their paper ballot to their Nominee, unless, at the option of the Nominee, the Nominee instructs their Beneficial Holders that they may relay votes or voting instructions electronically to the Nominee or the entity preparing the master ballot on such Nominee's behalf, and Nominees may use their customary procedures for obtaining such votes electronically.

38.     The Debtors shall distribute a Notice of Non-Voting Status - Unimpaired Class, substantially in the form annexed hereto as Exhibit 20 to the Holders of Claims in Classes **A1, A2, B1, B2, B3, B11, C1, C2, C10, D1, D2, E1, E2, E8, F1, F2, G1, G2 and G5**, as of the close of business on the Voting Record Date, which Classes are Unimpaired and therefore not entitled to vote to accept or reject the Plan.

39.     The Debtors shall distribute a Notice of Non-Voting Status - Impaired Class, substantially in the form annexed hereto as Exhibit 21 to the Holders of Claims and Interests in Classes **A10, D8 and F5** as of the close of business on the Voting Record Date, which Classes will not receive or retain any property under the Plan and will not be not entitled to vote to accept or reject the Plan.

40.     The Notices of Non-Voting Status satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules, and the Debtors therefore are not required to distribute copies of the Plan, the Disclosure Statement, and the Confirmation Hearing Notice to any Holder of Claims and Interests in Classes **A1, A2, A10, B1, B2, B3, B11, C1, C2, C10, D1, D2, D8, E1, E2, E8, F1, F2, F5, G1, G2 and G5**.  Such documents shall also be posted on the Debtors' restructuring website, https://cases.primeclerk.com/FES.

**D.      Bondholder Election Notice**

41.     The form of Bondholder Election Notice annexed hereto as Exhibit 25 is **APPROVED**.

**V.      Approval of Notice of Filing the Plan Supplement**

42.     The Plan Supplement Notice in the form annexed hereto as Exhibit 22 is **APPROVED.**

43.     The Debtors shall serve the Plan Supplement by **July 23, 2019**, or as soon as practicable thereafter, on those parties receiving the Solicitation Package.

15

44.     The Debtors will file the Plan Supplement no later than ten (10) days prior to the Voting Deadline or such later date as may be approved by the Court, except as otherwise provided under the Plan.

## VI.    Approval of Tabulation Procedures

### A.    Tabulation Procedures

45.     The following Tabulation Procedures are **APPROVED:**

(a)     Whenever a creditor casts more than one Ballot voting the same claim(s) before the Voting Deadline, the last properly completed Ballot received before the Voting Deadline will be deemed to reflect the voter's intent, and thus, to supersede any prior Ballots;

(b)     The following Ballots will not be counted: (i) any Ballot that is properly completed, executed, and timely returned to Prime Clerk, but does not indicate either an acceptance or rejection of the Plan; (ii) any Ballot submitted for which the Holder of a Claim entitled to vote to accept or reject the Plan votes to both accept and reject the Plan; (iii) in the absence of any extension of the Voting Deadline granted by the Debtor, any Ballot received after the Voting Deadline; (iv) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (v) any Ballot cast by a person or entity that does not hold a Claim as of the Voting Record Date that is entitled to vote to accept or reject the Plan; (vi) any Ballot cast by a person or entity that (a) as of the Voting Record Date, is for a claim that was disallowed or expunged; (b) is for a claim the Debtors scheduled as contingent, unliquidated, or disputed and a proof of claim was not filed by the General Bar Date or deemed timely filed by order for the Court at least five (5) business days prior to the Voting Deadline; or (c) such claim is subject to an objection that remains unresolved (subject, however, to the rights of any Holder of the Claim under Fed. R. Bankr. P. 2018 to have such Claim allowed for voting purposes); (vii) any unsigned Ballot; or (viii) any Ballot transmitted to Prime Clerk by fax, e-mail (except Master Ballots), other electronic means of transmission (other than the E-Ballot platform available on Prime Clerk's website), unless otherwise agreed to by the Debtors;

(c)     If no Holders of Claims eligible to vote in a particular Class vote to accept or reject the Plan, the Plan shall be deemed accepted by the Holders of such Claims in such Class; and

(d)     In the event there are no creditors in a given Class for a particular Debtor, such Class shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and disregarded for purposes of

determining whether the Plan satisfies section 1129(a)(8) of the Bankruptcy Code with respect to that Class.

46. The following additional Tabulation Procedures with respect to tabulating Master Ballots are **APPROVED**:

(a) Votes cast by Holders of the Voting Bondholder Claims through Nominees will be applied to the applicable positions held by such Nominees as of the Voting Record Date, as evidenced by the record and depository listings. Voting submitted by a Votes cast by Holders of the Voting Bondholder Claims through Nominees will be applied to the applicable positions held by such Nominees as of the Voting Record Date, as evidenced by the record and depository listings. Voting submitted by a Nominee shall not be counted in excess of the amount of the Voting Bondholder Claims held by such Nominee as of the Record Date;

(b) If conflicting votes or "over-votes" are submitted by a Nominee, the Debtors shall use reasonable efforts to reconcile discrepancies with the Nominee;

(c) If over-votes are submitted by a Nominee which are not reconciled prior to the preparation of the Voting Certification, the votes to accept and to reject the Plan shall be approved in the same proportion as the votes to accept and to reject the Plan submitted by the Nominee, but only to the extent of the Nominee's Voting Record Date position;

(d) The Claims of Holders of Unsecured PCN/FES Notes Claims or Mansfield Certificate Claims will receive a Ballot on account of the primary obligor on their respective claims. Votes submitted by Holders of Allowed Unsecured PCN/FES Notes Claims and Mansfield Certificate Claims will be counted as a vote for a Claim in equal amount against each of the Debtors' guaranteeing such Allowed Unsecured PCN/FES Notes Claim or Mansfield Certificate Claim (*e.g.* a vote from a Holder of an Allowed PCN/FES Note Claim at FG to accept the Plan will be counted as a vote in the same amount at FES and NG to also accept the Plan).

(e) For the purposes of tabulating votes, each beneficial holder shall be deemed (regardless of whether such holder includes interest in the amount voted on its Ballot) to have voted only the principal amount of its Voting Bondholder Claims any principal amounts thus voted will be thereafter adjusted by Prime Clerk, on a proportionate basis with a view to the amount of the Voting Bondholder Claims actually voted, to reflect the corresponding claim amount, including, any accrued but unpaid prepetition interest, with respect to the securities thus voted; and

17

(f) A single Nominee may complete and deliver to Prime Clerk multiple Master Ballots. Votes reflected on multiple Master Ballots shall be counted, except to the extent that they are duplicative of another Master Ballot. If two or more Master Ballots are inconsistent, the latest validly executed Master Ballot received prior to the Voting Deadline shall, to the extent of such inconsistency, supersede, and revoke any prior Master Ballot.

47. The Debtors may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline; *provided, however*, that (i) any such waivers shall be documented in the Voting Certification, and (ii) neither the Debtors, nor any other entity, shall be under any duty to provide notification of such defects or irregularities other than as provided in the Voting Certification, nor will any of them incur any liability for failure to provide such notification.

48. Unless otherwise ordered by the Court, questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of Ballots shall be determined by Prime Clerk and the Debtors, which determination shall be final and binding.

**B.      Withdrawal of Vote**

49. Any creditor who has delivered a properly completed Ballot for the acceptance or rejection of the Plan may withdraw such Ballot, subject to any rights of the Debtors to contest the validity of such withdrawal, such acceptance or rejection by delivering a written notice of withdrawal to Prime Clerk, at any time prior to the Voting Deadline; provided, however, that any instance in which a Ballot is withdrawn shall be listed in the Voting Certification by Prime Clerk. A notice of withdrawal, to be valid, shall (i) contain the description of the Claim(s) to which it relates and the aggregate principal amount represented in such Claims(s), (ii) be executed by the withdrawing creditor, (iii) contain a certification that the withdrawing creditor owns the Claim(s) and possesses the right to withdraw the Ballot, and (iv) be received by Prime Clerk prior to the

Voting Deadline. The Debtors expressly reserve the right to contest the validity of any withdrawals of votes on the Plan.

### C. Changing of Votes

50. Notwithstanding Bankruptcy Rule 3018(a), whenever two or more Ballots or Master Ballots are cast voting the same Claim(s) prior to the Voting Deadline, the last properly completed Ballot or Master Ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and will supersede any prior Ballots or Master Ballots, as the case may be, without prejudice to any rights of the Debtors to object to the validity or allowance for voting purposes of the later Ballot or Master Ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a), and, if the objection is sustained, to count the next-most recent properly completed Ballot or Master Ballot received by Prime Clerk for all purposes; *provided, however,* that as to any instance in which a vote is changed by the filing of a superseding Ballot, the Voting Certification to be filed by Prime Clerk shall indicate the changing of the particular vote.

### D. No Division of Claims or Votes

51. Except as set forth below and as it may relate to the procedures applicable to Master Ballots, each claimant who votes must vote the full amount of each Claim in any one Class either to accept or reject the Plan, and, therefore: (i) separate Claims held by a single creditor in any one Class will be aggregated, for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, as if such creditor held one Claim against the Debtor in such Class, (ii) such creditor will receive a single Ballot with respect to all of its claims in such Class; and (iii) the votes related to such Claims will be treated as a single vote to accept or reject the Plan. Notwithstanding anything to the contrary herein, separate Ballots will be provided, and the votes of creditors will not be aggregated, in the event that separate Ballots are requested by a

19

creditor in a Temporary Allowance Request Motion prior to the deadline set forth in paragraph 19 for filing any such motion and such motion is approved by the Court prior to the Voting Deadline. Further, Holders of Claims against multiple Debtors (*e.g.* FENOC-FES Unsecured Claims) must vote all such Claims either to accept or reject the Plan and may not vote to accept the Plan as to certain Debtors and reject the Plan as to other Debtors.

52.     Prime Clerk is authorized (but not required) to contact parties that submit incomplete or otherwise deficient Ballots in order to cure such deficiencies and allow the Debtors to waive such deficiencies in their discretion and without further order of the Court.

### E.     Certification of Votes

53.     Prime Clerk will process and tabulate Ballots and Master Ballots for each Class entitled to vote to accept or reject the Plan and, prior to the Confirmation Hearing, will file the voting certification (the "Voting Certification") no later than (7) seven days prior the Confirmation Hearing (on or about **August 13, 2019**).

54.     Such Voting Certification shall list, *inter alia*, all instances in which (i) Ballots were withdrawn, (ii) votes were changed by the filing of superseding Ballots, (iii) the Voting Deadline was extended, and (iv) every irregular Ballot and Master Ballot including, without limitation, those Ballots and Master Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or necessary information, damaged, or received via facsimile or any other means. With regard to section (iv) of this paragraph, the Voting Certification shall indicate the Debtors' intentions with regard to such irregular Ballots and Master Ballots.

55.     The Voting Certification shall be served on (i) all Notice Parties and (ii) all parties who have requested notice pursuant to Bankruptcy Rule 2002, and the Voting Certification shall be posted on the Debtors' restructuring website, https://cases.primeclerk.com/FES, as soon as practicable after such Voting Certification is filed.

## VII.    Approval of the Confirmation Procedures

### A.    Confirmation Hearing Notice

56.    The Confirmation Hearing Notice substantially in the form annexed hereto as Exhibit 23 is **APPROVED**.

57.    The Debtors shall mail a copy of the Confirmation Hearing Notice (to the extent not already provided in the distributions above) to: (i) the US Trustee; (ii) counsel to the Committee; (iii) all persons or entities that have requested notice of the proceedings in the Chapter 11 Cases; (iv) all Holders of Claims and Interests regardless of whether such Holders are entitled to vote on the Plan; (v) the Internal Revenue Service, the Securities and Exchange Commission, the United States Attorney for the Northern District of Ohio and any other required governmental units; (vi) the parties listed on the 2002 Service List and the General Service List (each as defined in the Amended Case Management Order); (vii) executory contract and lease counterparties who have not filed proofs of claim in the Chapter 11 Cases; and (viii) such additional persons and entities as deemed appropriate by the Debtors.

58.    The Debtors shall publish the Confirmation Hearing Notice, modified for publication, on one occasion in each of the publications listed on Exhibit 24 to this Order within ten (10) business days after entry of the Order.

### B.    Notice to Retail and Wholesale Customers

59.    The Debtors shall provide retail and wholesale customers of FES with a form of notice that (i) includes substantially the same information as contained in the Confirmation Hearing Notice, and (ii) advises the retail and wholesale customers of FES that their retail contracts will be assumed by FES and assigned to New FES in accordance with the terms and conditions of the Plan (the "Retail Contracts Notice").

21

60.     The Retail Contracts Notice substantially annexed hereto as <u>Exhibit 26</u> is **APPROVED**.

61.     The Debtors shall mail a copy of the Retail Contracts Notice (to the extent not already provided in the distributions above) to: (i) the retail and wholesale customers of FES; and (ii) such additional persons and entities as deemed appropriate by the Debtors.

### C.     Notice to Contract Counterparties

62.     The Debtors shall provide counterparties to (i) Assumed Executory Contracts or Unexpired Leases and Assigned Executory Contracts or Unexpired Leases and (ii) Rejected Executory Contracts or Unexpired Leases with a form of notice that advises the counterparties that their contracts will be assumed, assumed and assigned or rejected by the Debtors in accordance with the terms and conditions of the Plan (the "<u>Assumption and Rejection Notices</u>").

63.     The Assumption and Rejection Notices substantially in the form annexed hereto as <u>Exhibit 27</u> are **APPROVED**.

64.     The Debtors shall mail a copy of the Assumption and Rejection Notices, along with a copy of the Plan Supplement, to (i) the counterparties to the Assumed Executory Contracts or Unexpired Leases, Assigned Executory Contracts or Unexpired Leases, and Rejected Executory Contracts or Unexpired Leases and (ii) such additional persons and entities as deemed appropriate by the Debtors.

65.     Objections to the proposed assumption and assignment of Executory Contracts or Unexpired Leases, to any proposed cure amount, or to the proposed rejection of Executory Contracts or Unexpired Leases shall be filed and served by counterparties via the Court's ECF system no later than **August 2, 2019**.

### D. Objections to Confirmation of the Plan

66.     Objections and responses, if any, to confirmation of the Plan, must (i) be in writing, (ii) conform to the Bankruptcy Rules, the Local Rules and the Amended Case Management Order, (iii) set forth the name(s) of the objecting party/(ies), (iv) set forth the nature and amount of the Claim(s) or Interest(s) held or asserted by the objection party/(ies) against the Debtors, (v) state with particularity the legal and factual bases relied upon for the objection or response, (vi) be filed electronically with the Court; and (vii) be served upon the Notice Parties on or prior to the Plan Objection Deadline.

67.     Any objections or responses must also be served upon and received by the Notice Parties no later than the Plan Objection Deadline of **August 2, 2019 at 4:00 p.m. (prevailing Eastern Time)**.

68.     Objections to confirmation of the Plan not timely filed and served in accordance with the provisions of this Order shall not be considered by the Court and are denied and overruled unless otherwise ordered by the Court.

69.     The Debtors may file and serve, as appropriate, replies or an omnibus reply to objections or responses that may be served and filed on or before the Plan Reply Deadline.

70.     The Debtors may make non-substantive changes to the Solicitation Package (including the Plan, Disclosure Statement, and Ballots), the Confirmation Hearing Notice, the Notices of Non-Voting Status, the Plan Supplement Notice, the Bondholder Election Notice, the Retail Contracts Notice, the procedures contained herein and all related documents, without further order of the Court, including, without limitation, filling in any missing dates or other missing information, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, any other materials in the Solicitation Package, the Confirmation Hearing Notice, the Notices of Non-Voting Status, the

23

Plan Supplement Notice, the Bondholder Election Notice, and/or the Retail Contracts Notice, prior to distribution of such materials.

71.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

# # #

SUBMITTED BY:

_/s/ Kate M. Bradley_
**BROUSE MCDOWELL LPA**
Marc B. Merklin (0018195)
Kate M. Bradley (0074206)
Bridget A. Franklin (0083987)
388 South Main Street, Suite 500
Akron, OH 44311-4407
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
kbradley@brouse.com
bfranklin@brouse.com

- and -

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira Dizengoff (admitted _pro hac vice_)
Lisa Beckerman (admitted _pro hac vice_)
Brad Kahn (admitted _pro hac vice_)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
lbeckerman@akingump.com
bkahn@akingump.com

- and -

Scott Alberino (admitted _pro hac vice_)
Kate Doorley (admitted _pro hac vice_)
2001 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
salberino@akingump.com
kdoorley@akingump.com

_Counsel for Debtors_
_and Debtors in Possession_

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
|  | ) Case No. 18-50757 (AMK) |
| FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] | ) (Jointly Administered) |
|  | ) |
| Debtors. | ) |
|  | ) Hon. Judge Alan M. Koschik |
|  | ) |

## MASTER BALLOT FOR
## ACCEPTING OR REJECTING THE *FIFTH AMENDED*
## *JOINT PLAN OF REORGANIZATION OF FIRSTENERGY SOLUTIONS CORP., ET AL., PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE*

## NOMINEE FOR BENEFICIAL OWNERS OF
## CLASS A3, B5 AND C4 UNSECURED PCN/FES NOTES CLAIMS

THIS MASTER BALLOT (THE "<u>MASTER BALLOT</u>") MUST BE COMPLETED AND (I) IF EMAILED, SUBMITTED TO PRIME CLERK LLC (THE "<u>VOTING AGENT</u>") VIA THE EMAIL ADDRESS PROVIDED FOR HEREIN, OR (II) IF CAST IN PAPER FORM, DELIVERED SO AS TO BE ACTUALLY RECEIVED BY THE VOTING AGENT AT THE ADDRESS PROVIDED FOR HEREIN, IN EITHER CASE BY 4:00 P.M. (PREVAILING EASTERN TIME) ON AUGUST 2, 2019 (THE "<u>VOTING DEADLINE</u>") OR THE VOTE OF THE BENEFICIAL OWNERS (DEFINED BELOW) FOR WHOM YOU ACT AS NOMINEE (DEFINED BELOW) WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage LLC (6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") are soliciting votes with respect to the *Fifth Amended Joint Plan of Reorganization of FirstEnergy Solutions Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") from the Holders of certain Impaired Claims against the Debtors.[2] On [●], 2019, the United States Bankruptcy Court for the Northern District of Ohio (the "**Court**") signed an order (the "**Disclosure Statement Order**") [Docket No. ●] which approved the *Disclosure Statement for the Fifth Amended Joint Plan of Reorganization FirstEnergy Solutions Corp., et. al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan is attached as Exhibit B to the Disclosure Statement, which is part of each package of materials that accompanies this Master Ballot (each, a "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

You are receiving this Master Ballot because you are the broker, bank or other nominee, or the agent of a broker, bank or other nominee (each of the foregoing, a "**Nominee**") of a Beneficial Owner[3] of the Class A3, B5 and C4 Unsecured PCN/FES Notes Claims indicated on **Exhibit A** hereto as of May 20, 2019 (the "**Voting Record Date**").

This Master Ballot is to be used by you as the Nominee for certain Beneficial Owners of Class A3, B5 and C4 Unsecured PCN/FES Notes Claims indicated on **Exhibit A** hereto, to transmit to the Voting Agent the votes of such Beneficial Owners in respect of their Claims to accept or reject the Plan in accordance with their ballots (each, a "**Beneficial Ballot**").

**The votes transmitted on this Master Ballot for Beneficial Owners of the Class A3, B5 and C4 Unsecured PCN/FES Notes Claims indicated on Exhibit A hereto shall be applied to each Debtor against whom such Beneficial Owners have a Claim.**

As a Nominee, you are required to immediately deliver a Solicitation Package, including a Beneficial Ballot, to each Beneficial Owner for whom you hold the Securities and take any action required to enable such Beneficial Owner to timely vote its Class A3, B5 and C4 Unsecured PCN/FES Notes Claims to accept or reject the Plan. You should include in each Solicitation Package a return envelope addressed to you (and not a return envelope addressed to the Voting Agent) unless you choose to pre-validate such Beneficial Ballot, in which case the Solicitation Package should include a return envelope addressed only to the Voting Agent. With respect to any Beneficial Ballots returned to you, you must (i) transfer to this Master Ballot your Beneficial Owners' votes as reflected in their respective Beneficial Ballots and (ii) execute and deliver this Master Ballot to the Voting Agent in accordance with the instructions accompanying this Master Ballot.

---

[2] All capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

[3] A "Beneficial Owner" means a beneficial owner of publicly traded securities whose Claims have not been satisfied prior to the Voting Record Date (as defined herein) pursuant to Court order or otherwise, as reflected in the records maintained by the Nominees.

The Disclosure Statement, which describes the terms of the Plan, was included in the Solicitation Packages you are receiving with this Master Ballot (as well as the Plan, Disclosure Statement Order and certain other materials). If you need to obtain additional copies of the Plan, the Disclosure Statement, or other Solicitation Materials, you may obtain free copies (a) at the dedicated website of the Voting Agent for the Debtors' chapter 11 cases at https://cases.primeclerk.com/fes/, (b) upon request by mail to FirstEnergy Solutions Corp. Balloting Center, c/o Prime Clerk LLC, 830 Third Avenue, 3rd Floor, New York, NY 10022, or (c) by contacting the Voting Agent directly by calling (855) 934-8766 or by emailing fesballots@primeclerk.com.

## VOTING INSTRUCTIONS

1.  Capitalized terms used in the Master Ballot or in these instructions but not otherwise defined therein or herein shall have the meanings ascribed in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable, copies of which accompany the Master Ballot.

2.  You should immediately distribute Solicitation Package(s), including Beneficial Ballots, to each Beneficial Owner (or intermediary nominees, if applicable) of the Securities underlying Class A3, B5 and C4 Unsecured PCN/FES Notes Claims, and take any action required to enable each such Beneficial Owner to timely vote such Claims.

3.  If you are both the record holder and the Beneficial Owner of any principal amount of the Class A3, B5 and C4 Unsecured PCN/FES Notes Claims and you wish to vote any such Claims on account thereof, you may complete and execute either an individual Beneficial Ballot or a Master Ballot and return the same to the Voting Agent in accordance with these instructions.

4.  If you are transmitting the votes of any Beneficial Owner(s) other than yourself, you may, at your option, elect to pre-validate the Beneficial Ballots sent to such Beneficial Owners. Based on your decision as to whether or not to pre-validate any Beneficial Ballots, the instructions in either paragraph (5) or paragraph (6) apply (but not both).

5.  **PRE-VALIDATED BENEFICIAL BALLOTS**: A Nominee "pre-validates" a Beneficial Ballot by indicating thereon the amount of the Class A3, B5 and C4 Unsecured PCN/FES Notes Claims to be voted, the amount of the Class A3, B5 and C4 Unsecured PCN/FES Notes Claims held by the Beneficial Owner and the appropriate account numbers through which the Beneficial Owner's holdings are derived and executing the Beneficial Ballot. If you choose to pre-validate individual Beneficial Ballots, you must immediately: (a) "pre-validate" the individual Beneficial Ballots contained in the Solicitation Package sent to you by the Voting Agent, and (b) forward the Solicitation Packages to the Beneficial Owners for voting, including:

    (i)  the pre-validated Beneficial Ballot;

    (ii)  a return envelope addressed to the Voting Agent as follows: FirstEnergy Solutions Corp. Ballot Processing, c/o Prime Clerk LLC, 830 Third Avenue, 3rd Floor, New York, NY 10022; and

3

(iii)    clear instructions stating that Beneficial Owners must return their pre-validated Beneficial Ballot directly to the Voting Agent so that it is actually received by the Voting Agent on or before the Voting Deadline, which is 4:00 p.m. on August 2, 2019 (prevailing Eastern Time).

6.    **NON PRE-VALIDATED BENEFICIAL BALLOTS**: If you do NOT choose to pre-validate individual Beneficial Ballots, you must:

(i)    immediately forward the Solicitation Package(s) sent to you by the Voting Agent to each Beneficial Owner for voting, including: (a) the Beneficial Ballot; (b) a return envelope addressed to you; and (c) clear instructions stating that Beneficial Owners must return their Beneficial Ballot directly you so that it is actually received by you on or before the date ("**Return Date**") calculated by you so as to afford you enough time to prepare the Master Ballot and return the Master Ballot to the Voting Agent so it is actually received by the Voting Agent on or before the Voting Deadline, which Return Date the Nominee must also insert in the blank on the first page of the Beneficial Ballot before transmitting it to the Beneficial Owner; and

(ii)    upon receipt of completed and executed Beneficial Ballots returned to you by a Beneficial Owner (or an intermediary nominee), you must:

a.    compile and validate the votes and other relevant information of each such Beneficial Owner on the Master Ballot using the customer account number or other identification number assigned by you or an intermediary nominee to each such Beneficial Owner;

b.    execute the Master Ballot;

c.    transmit such Master Ballot so as to be actually received by the Voting Agent by the Voting Deadline; and

d.    retain such Beneficial Ballots in your files for a period of one year after the Effective Date of the Plan (as you may be ordered to produce the Beneficial Ballots to the Debtors or the Court).

7.    If a Master Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, the votes of your Beneficial Owners will not be counted. Additionally, the votes cast by the following Master Ballots (and therefor underlying Beneficial Ballots) will NOT be counted:

(i)    Master Ballots sent to any of the Debtors, the Debtors' agents (other than the Voting Agent), any indenture trustee or the Debtors' financial or legal advisors;

(ii)    Master Ballots sent by facsimile or any other electronic means not expressly provided for herein;

(iii)    any Master Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Owners of the Claims voted;

(iv)    any Master Ballot reflecting votes by an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

(v)    any unsigned Master Ballot;

(vi)    the portion of any Master Ballot (i) not marked to accept or reject the Plan with respect to any account number or (ii) marked, with respect to a single account number, both to accept and reject the Plan; and/or

(vii)    any Master Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

8.    Any Beneficial Ballot returned to you by a Beneficial Owner or intermediary nominee shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver to the Voting Agent a Master Ballot that reflects the vote of such Beneficial Owner or intermediary nominee by the Voting Deadline.

9.    The method of delivery of Master Ballots to the Voting Agent is at your election and risk. Except as otherwise provided herein, such delivery will be deemed made only when the Voting Agent actually receives the originally executed Master Ballot. Instead of effecting delivery by first-class mail, it is recommended, though not required, that you use an overnight or hand delivery service. Facsimile or other electronic transmissions of this Master Ballot not expressly provided for herein will not be accepted. In all cases, you should allow sufficient time to assure timely delivery.

10.    If multiple Master Ballots are received from the same Nominee with respect to the same Beneficial Ballot belonging to a beneficial Owner of a Claim prior to the Voting Deadline, the last valid Master Ballot timely received will supersede and revoke any earlier received Master Ballots.

11.    The Master Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Beneficial Ballots. Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing their Claims and you should not accept delivery of any such certificates or instruments surrendered together with a Beneficial Ballot.

12.    This Master Ballot does not constitute, and shall not be deemed to be, (a) a proof of claim or (b) an assertion or admission of a Claim.

13.    Please be sure to properly execute your Master Ballot. You must: (a) sign and date your Master Ballot; (b) if applicable, indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity and, if required or requested by the Voting Agent, the Debtors or the Court, submit proper evidence to the requesting party to so act on behalf of such Beneficial Owner; and (c) provide your name

5

and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

14.     No fees or commissions or other remuneration will be payable to any Nominee for soliciting Beneficial Ballots accepting the Plan. The Debtors will however, upon written request, reimburse you for reasonable and customary mailing and handling expenses incurred by you in forwarding the Beneficial Ballots and other enclosed materials to your customers.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT (A) BY WRITING TO FIRSTENERGY SOLUTIONS CORP. C/O PRIME CLERK LLC, 830 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10022; (B) BY TELEPHONE AT (855) 934-8766; OR (C) BY EMAIL AT FESBALLOTS@PRIMECLERK.COM.**

**PLEASE NOTE THAT THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

---

**If the Voting Agent does not <u>actually</u> <u>receive</u> this Master Ballot on or before the Voting Deadline, and if the Voting Deadline is not extended, the Beneficial Owners' votes transmitted hereby will not be counted.**

---

## ACCEPTANCE OR REJECTION OF THE PLAN

**ITEM 1.**     **Claim Amount for Voting Purposes.**

The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

- ❑ is a Nominee for the Beneficial Owners of the aggregate amount of the Class A3, B5 and C4 Unsecured PCN/FES Notes Claims listed in Item 2 below and is the registered holder of the Securities represented by any such Claims;

- ❑ is acting under a power of attorney and/or agency agreement (a copy of which will be provided upon request) granted by a Nominee that is the registered holder of the aggregate amount of the Class A3, B5 and C4 Unsecured PCN/FES Notes Claims listed in Item 2 below; or

- ❑ has been granted a proxy (an original of which is annexed hereto) from (a) a Nominee or (b) a Beneficial Owner, that is the registered holder of the aggregate amount of the Class A3, B5 and C4 Unsecured PCN/FES Notes Claims listed in Item 2 below and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Owners of the Class A3, B5 and C4 Unsecured PCN/FES Notes Claims described in Item 2 below.

**ITEM 2.**     **Vote with Respect to the Class A3, B5 and C4 Unsecured PCN/FES Notes Claims.**

**Number of Beneficial Owners:** The undersigned transmits the following votes of Beneficial Owners of the Class A3, B5 and C4 Unsecured PCN/FES Notes Claims indicated on **Exhibit A** hereto and certifies that the following Beneficial Owners of such Claims, as identified by their respective customer account numbers set forth below, are the Beneficial Owners of such Claims as of the Voting Record Date and have delivered to the undersigned, as Nominee, properly executed Beneficial Ballots casting such votes as indicated and containing instructions for the casting of those votes on their behalf.

**To Properly Complete the Following Table:** Indicate in the appropriate column below the aggregate principal amount voted for each account. Please use additional sheets of paper if necessary and, if possible, attach such information to this Master Ballot in the form of the following table. **PLEASE NOTE**: (i) each account of a Beneficial Owner must vote all such Beneficial Owner's Class A3, B5 and C4 Unsecured PCN/FES Notes Claims to accept or reject the Plan and may not split such vote; and (ii) any Beneficial Ballot executed by the Beneficial Owner that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection should not be counted as either an acceptance or a rejection of the Plan.

| Your Customer Account Number for Each Beneficial Owner of Class A3, B5 and C4 Unsecured PCN/FES Notes Claims | Principal Amount Held as of Voting Record Date | ACCEPT THE PLAN | | REJECT THE PLAN |
|---|---|---|---|---|
| 1. | $ | ☐ | OR | ☐ |
| 2. | $ | ☐ | OR | ☐ |
| 3. | $ | ☐ | OR | ☐ |
| 4. | $ | ☐ | OR | ☐ |
| 5. | $ | ☐ | OR | ☐ |
| 6. | $ | ☐ | OR | ☐ |
| 7. | $ | ☐ | OR | ☐ |
| 8. | $ | ☐ | OR | ☐ |
| 9. | $ | ☐ | OR | ☐ |
| 10. | $ | ☐ | OR | ☐ |
| TOTALS: | $ | | ■ | |

ITEM 3.        IMPORTANT INFORMATION REGARDING THIRD PARTY RELEASES.

The Plan contains Consensual Third Party Releases of claims and Causes of Action against the Debtor Released Parties, FE Non-Debtor Released Parties and Other Released Parties.

**ALL HOLDERS OF A CLAIM OR INTEREST THAT (I) VOTE TO ACCEPT THE PLAN, OR (II) ARE DEEMED TO HAVE ACCEPTED THE PLAN SHALL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN.  ALL HOLDERS OF A CLAIM OR INTEREST THAT (I) FAIL TO**

8

**SUBMIT A BALLOT BY THE VOTING DEADLINE, (II) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN, OR (III) VOTE TO REJECT THE PLAN, IN EACH CASE WILL NOT BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN.**

**ANY HOLDER WHO ELECTS TO REJECT THE PLAN, AND THEREFORE, NOT TO GRANT THE CONSENSUAL THIRD PARTY RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN, WILL FOREGO THE BENEFIT OF RECEIVING THE CONSENSUAL THIRD PARTY RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN IF SUCH HOLDER IS A RELEASED PARTY THEREUNDER.**

Article VIII.E of the Plan provides for the following Consensual Third Party Releases:

**On and as of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Debtor Released Parties, FE Non-Debtor Released Parties, and Other Released Parties to facilitate and implement the Plan, each Holder of a Claim or Interest that (i) votes to accept the Plan or (ii) is deemed to have accepted the Plan, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged each Debtor Released Party, FE Non-Debtor Released Party and Other Released Party from any and all claims and Causes of Action, including any derivative claims asserted or assertable by or on behalf of any of the Debtors, the Reorganized Debtors, or their Estates or Affiliates (including any FE Non-Debtor Parties), as applicable, that such Entity would have been legally entitled to assert its own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to, or in any manner arising from in whole or in part, the Debtors, the Debtors' businesses, the Debtors' property, the Debtors' capital structure, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring discussions, intercompany transactions between or among the Debtors and/or their Affiliates (including any FE Non-Debtor Parties), the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and Released Party, the PCNs, the FES Notes, any interest in the Mansfield Facility Documents, the Chapter 11 Cases and related adversary proceedings, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Restructuring Support Agreement, the Process Support Agreement, the Standstill Agreement, the FE Settlement Agreement, the Disclosure Statement, the Plan, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the foregoing, including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion, the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any obligations of any Entity arising after the Effective Date**

under the Plan, the Confirmation Order, any Restructuring Transaction, the FE Settlement Agreement and any related obligations under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan and the FE Settlement Agreement, (ii) any Consenting Owner Participant from its obligations to the Consenting Owner Trustee, in its individual capacity (and its successors, permitted assigns, directors, officers, employees, agents, and servants), under the Mansfield Trust Agreements or (iii) the Consenting Owner Trustee from its obligations under the Mansfield Trust Agreements with respect to periods after the Effective Date.

For the avoidance of doubt, on and as of the Effective Date, each Holder of a Claim or Interest that (i) votes to accept the Plan or (ii) is deemed to have accepted the Plan shall be deemed to provide a full and complete discharge and release to the Debtor Released Parties, the FE Non-Debtor Released Parties and the Other Released Parties and their respective property from any and all Causes of Action whatsoever, whether known or unknown, asserted or unasserted, derivative or direct, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, whether for or sounding in tort, fraud, contract, violations of federal or state securities laws, veil piercing, substantive consolidation or alter-ego theories of liability, contribution, indemnification, joint or several liability, or otherwise arising from or related in any way to (i) the Debtors, the Reorganized Debtors, their businesses, their property, or any interest in the Mansfield Facility Documents; (ii) any Cause of Action against the FE Non-Debtor Released Parties or their property arising in connection with any intercompany transactions or other matters arising in the conduct of the Debtors' businesses; (iii) the Chapter 11 Cases; (iv) the formulation, preparation, negotiation, dissemination, implementation, administration, Confirmation or Consummation of the Plan, the Plan Supplement, any contract, employee pension or benefit plan instrument, release, or other agreement or document related to any Debtor, the Chapter 11 Cases or the Plan, modified, amended, terminated, or entered into in connection with either the Plan, or any agreement between the Debtors and any FE Non-Debtor Released Party, including the FE Settlement Agreement; or (v) any other act taken or omitted to be taken in connection with the Chapter 11 Cases, including, without limitation, acts or omissions occurring after the Effective Date in connection with distributions made consistent with the terms of the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval under section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, of the Consensual Third Party Release, which includes by reference each of the related provisions and definitions contained in the Plan.

For the avoidance of doubt and notwithstanding anything else in the Plan, any Confirmation Order, or any implementing or supplementing plan documents, (i) no Governmental Units shall be deemed to accept the Plan for purposes of Article VIII.E of the Plan and (ii) the United States, Ohio Environmental Protection Agency, Ohio Department of Natural Resources, and Pennsylvania Department of Environmental Protection have agreed not to vote on the Plan and will not be subject to the releases in Article VIII.E of the Plan provided, however, if any agency of the United States or any agency of any state actually votes to accept the Plan, such agency shall be deemed to provide the releases in Article VIII.E of the Plan on the Effective Date for such agency and only for such agency.

18-50757-amk    Doc 2714    FILED 05/29/19    ENTERED 05/29/19 09:57:05    Page 35 of 300

**ITEM 4.** **CERTIFICATIONS AS TO TRANSCRIPTION OF INFORMATION FROM ITEM 4 OF THE BENEFICIAL BALLOTS AS TO CLASS A3, B5 AND C4 UNSECURED PCN/FES NOTES CLAIMS VOTED THROUGH OTHER BENEFICIAL BALLOTS**

The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by Beneficial Owners in Item 4 of each of the Beneficial Owner's original Beneficial Ballots, identifying any Class A3, B5 and C4 Unsecured PCN/FES Notes Claims for which such Beneficial Owners have submitted Beneficial Ballots (*e.g.*, to other voting nominees) other than to the undersigned:

| Your Customer Account Number for Each Beneficial Owner Who Completed Item 4 of the Beneficial Ballots | TRANSCRIBE FROM ITEM 4 OF THE BENEFICIAL BALLOTS: | | | |
|---|---|---|---|---|
| | Account Number | Name of Holder | CUSIP Number or Description of Other Class A3, B5 and C4 Unsecured PCN/FES Notes Claims Voted | Principal Amount of Other Class A3, B5 and C4 Unsecured PCN/FES Notes Claims Voted |
| 1. | | | | $ |
| 2. | | | | $ |
| 3. | | | | $ |
| 4. | | | | $ |
| 5. | | | | $ |
| 6. | | | | $ |
| 7. | | | | $ |
| 8. | | | | $ |
| 9. | | | | $ |
| 10. | | | | $ |

11

**ITEM 5.**     **CERTIFICATION.**

By signing this Master Ballot, the undersigned certifies that:

1.      it has delivered copies of the Disclosure Statement, the Beneficial Ballots and the rest of the Solicitation Package to each Beneficial Owner whose votes are transmitted hereby or to each intermediary nominee, as applicable;

2.      it has received a completed and signed Beneficial Ballot from each Beneficial Owner listed in Item 2 of this Master Ballot or from an intermediary nominee, as applicable;

3.      as of the Voting Record Date it is the registered holder of the Class A3, B5 and C4 Unsecured PCN/FES Notes Claims being voted, or an agent therefor;

4.      it has been authorized by each such Beneficial Owner or intermediary nominee, as applicable, to vote on the Plan and to make applicable elections;

5.      it has properly disclosed:

(i)      the number of Beneficial Owners who completed Beneficial Ballots;

(ii)      the respective amounts of the Class A3, B5 and C4 Unsecured PCN/FES Notes Claims held as of the Voting Record Date by each Beneficial Owner who completed a Beneficial Ballot;

(iii)      each such Beneficial Owner's respective vote on the Plan;

(iv)      each such Beneficial Owner's certification as to other Class A3, B5 and C4 Unsecured PCN/FES Notes Claims voted; and

(v)      the customer account or other identification number for each such Beneficial Owner as of the Voting Record Date;

6.      each such Beneficial Owner has certified to the undersigned or to an intermediary nominee, as applicable, that it is eligible to vote on the Plan; and

7.      it will maintain Beneficial Ballots and evidence of separate transactions returned by Beneficial Owners or by intermediary nominees (whether properly completed or defective) for at least one year after the Voting Deadline and disclose all such information to the Court or the Debtors, as the case may be, if so ordered.

18-50757-amk     Doc 2714     FILED 05/29/19     ENTERED 05/29/19 09:57:05     Page 37 of 300

| Name of Nominee: | |
|---|---|
| | (Print or Type) |
| Participant Number: | |
| Name of Proxy Holder or Agent for Nominee: | |
| | (Print or Type) |
| Social Security or Federal Tax Identification Number: | |
| Signature: | |
| Name of Signatory: | |
| | (If other than Nominee) |
| Title: | |
| Address: | |
| | |
| | |
| Date Completed: | |

No fees, commissions or other remuneration will be payable to any broker, dealer or other person for soliciting votes on the Plan. The Debtors will however, upon written request, reimburse you for customary mailing and handling expenses incurred by you in forwarding the Beneficial Ballots and other enclosed materials to your customers. This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, certificates representing their securities. The Voting Agent will not accept delivery of any such certificates surrendered together with this Master Ballot. Moreover, this Master Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

# PLEASE RETURN YOUR MASTER BALLOT PROMPTLY

| **If Submitting Your Vote through E-Mail** |
| --- |
| The Voting Agent will accept Master Ballots from Nominees and their agents through email if properly completed and submitted via email at fesballots@primeclerk.com |
| |
| **If Submitting Your Vote by First Class Mail, Overnight Courier, or Hand Delivery** |
| Please complete and execute your ballot and submit it by first class mail in the enclosed postage prepaid envelope or by sending it to the following address:<br><br>**FirstEnergy Solutions Corp. Ballot Processing**<br>**c/o Prime Clerk LLC**<br>**830 Third Avenue, 3rd Floor**<br>**New York, NY 10022**<br><br>If your Master Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted. |

14

## Exhibit A

Please check one box below to indicate the CUSIP/ISIN to which this Master Ballot pertains (or clearly indicate such information directly on the Master Ballot or on a schedule thereto):

| Class A3, B5 and C4 Unsecured PCN/FES Notes Claims | |
|---|---|
| ☐ 6.05% Senior Unsecured (144A)Private Placement Due 8/15/2021 | CUSIP 33766JAC7 / ISIN US33766JAC71 |
| ☐ 6.05% Senior Unsecured Due 8/15/2021 | CUSIP 33766JAD5 / ISIN US33766JAD54 |
| ☐ 6.8% Senior Unsecured Due 8/15/2039 | CUSIP 33766JAF0 / US33766JAF03 |
| ☐ 6.05% Senior Unsecured (REG-S) Due 8/15/2021 | CUSIP U3198TAB5 / ISIN USU3198TAB53 |
| ☐ 3.50% Adjustable Revenue Bonds Due 4/1/2041 | CUSIP 074876HL0 / ISIN US074876HL04 |
| ☐ 5.70% Adjustable Revenue Bonds Due 8/1/2020 | CUSIP 677525TK3 / ISIN US677525TK30 |
| ☐ 3.75% Adjustable Revenue Bonds Due 12/1/2023 | CUSIP677525VK0 / ISIN US677525VK02 |
| ☐ 3.10% Adjustable Revenue Bonds Due 3/1/2023 | CUSIP 677525VP9 / ISIN US677525VP98 |
| ☐ 3.00% Adjustable Revenue Bonds Due 5/15/2019 | CUSIP 677660UL4 / ISIN US677660UL49 |
| ☐ 2.55% Adjustable Revenue Bonds Due 11/1/2041 | CUSIP 708686DB3 / ISIN US708686DB37 |
| ☐ 3.75% Adjustable Revenue Bonds Due 12/1/2040 | CUSIP 708686EA4 / ISIN US708686EA45 |
| ☐ 3.5% Muni Revenue Bonds Due 12/1/2035 | CUSIP 074876HM8 / ISIN US074876HM86 |
| ☐ 4% Muni Revenue Bonds Due 1/1/2035 | CUSIP 074876HN6 / ISIN US074876HN69 |

| | Class A3, B5 and C4 Unsecured PCN/FES Notes Claims | |
|---|---|---|
| ☐ | 3.625% Muni Revenue Bonds Due 12/1/2033 | CUSIP 677525VQ7 / ISIN US677525VQ71 |
| ☐ | 3.625% Muni Revenue Bonds Due 10/1/2033 | CUSIP 677525VR5 / ISIN US677525VR54 |
| ☐ | 3.95% Muni Revenue Bonds Due 11/1/2032 | CUSIP 677525VS3 / ISIN US677525VS38 |
| ☐ | 3.75% Muni Revenue Bonds Due 6/1/2033 | CUSIP 677525VV6 / ISIN US677525VV66 |
| ☐ | 4% Muni Revenue Bonds Due 12/1/2033 | CUSIP 677660UJ9 / ISIN US US677660UJ92 |
| ☐ | 4% Muni Revenue Bonds Due 6/1/2033 | CUSIP 677660UK6 / ISIN US677660UK65 |
| ☐ | 3.625% Muni Revenue Bonds Due 10/1/2033 | CUSIP 677660UM2 / ISIN US677660UM22 |
| ☐ | 3.95% Muni Revenue Bonds Due 11/1/2032 | CUSIP 677660UN0 / ISIN US677660UN05 |
| ☐ | 4% Muni Revenue Bonds Due 1/1/2034 | CUSIP 677660UP5 / ISIN US677660UP52 |
| ☐ | 3.75% Muni Revenue Bonds Due 7/1/2033 | CUSIP 677660UQ3 / ISIN US677660UQ36 |
| ☐ | 2.7% Muni Revenue Bonds Due 4/1/2035 | CUSIP 074876HH9 / ISIN US074876HH91 |
| ☐ | 3.125% Muni Revenue Bonds Due 1/1/2034 | CUSIP 677525VT1 / ISIN US677525VT11 |
| ☐ | 3.125% Muni Revenue Bonds Due 7/1/2033 | CUSIP 677525VU8 / ISIN US677525VU83 |

16

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] | ) Case No. 18-50757 (AMK) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Hon. Judge Alan M. Koschik |
| | ) |

## BENEFICIAL BALLOT FOR
## ACCEPTING OR REJECTING THE *FIFTH AMENDED*
## *JOINT PLAN OF REORGANIZATION OF FIRSTENERGY SOLUTIONS*
## *CORP., ET AL., PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE*

## BENEFICIAL OWNER OF
## CLASS A3, B5 AND C4 UNSECURED PCN/FES NOTES CLAIMS

**THIS BENEFICIAL BALLOT (THE "<u>BENEFICIAL BALLOT</u>") IS TO BE USED BY BENEFICIAL OWNERS[2] OF CLASS A3, B5 AND C4 UNSECURED PCN/FES NOTES CLAIMS.**

**IN ORDER FOR YOUR VOTE TO BE COUNTED, ALL PRE-VALIDATED BENEFICIAL BALLOTS AND/OR MASTER BALLOTS (EACH, A "<u>MASTER BALLOT</u>") CAST ON BEHALF OF BENEFICIAL BALLOTS THAT WERE NOT PRE-VALIDATED MUST BE COMPLETED, EXECUTED AND RETURNED SO AS TO BE ACTUALLY RECEIVED BY PRIME CLERK LLC (THE "<u>VOTING AGENT</u>") ON OR BEFORE 4:00 P.M. (PREVAILING EASTERN TIME) ON AUGUST 2, 2019 (THE "<u>VOTING DEADLINE</u>") IN ACCORDANCE WITH THE FOLLOWING:**

**IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE: YOU MUST RETURN THIS BENEFICIAL BALLOT TO YOUR NOMINEE BY [●], 2019 IN ACCORDANCE WITH THE ENCLOSED INSTRUCTIONS FROM YOUR**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage LLC(6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

[2] A "<u>Beneficial Owner</u>" means a beneficial owner of publicly traded securities whose Claims have not been satisfied prior to the Voting Record Date (as defined herein) pursuant to Court order or otherwise, as reflected in the records maintained by such owner's broker, bank or other nominee, or the agent of a broker, bank or other nominee (each of the foregoing, a "<u>Nominee</u>").

18-50757-amk    Doc 2714    FILED 05/29/19    ENTERED 05/29/19 09:57:05    Page 42 of 300

NOMINEE, AND IN ANY EVENT, IN SUFFICIENT TIME TO PERMIT YOUR NOMINEE TO DELIVER A MASTER BALLOT INCLUDING YOUR VOTE TO THE VOTING AGENT BY THE VOTING DEADLINE. PLEASE CONTACT YOUR NOMINEE WITH ANY QUESTIONS REGARDING THE DATE IT NEEDS TO RECEIVE YOUR BENEFICIAL BALLOT TO TIMELY SUBMIT THE MASTER BALLOT TO THE VOTING AGENT.

**IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO THE VOTING AGENT:**
YOUR NOMINEE HAS PRE-VALIDATED THIS BENEFICIAL BALLOT. THEREFORE, YOU MUST RETURN THIS PRE-VALIDATED BENEFICIAL BALLOT DIRECTLY TO THE VOTING AGENT SO IT IS <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING DEADLINE.

DO NOT MAIL OR RETURN BALLOTS DIRECTLY TO THE ABOVE-CAPTIONED DEBTORS AND DEBTORS IN POSSESSION (THE "**DEBTORS**") OR THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF OHIO (THE "**COURT**").

The Debtors are soliciting votes with respect to the *Fifth Amended Joint Plan of Reorganization of FirstEnergy Solutions Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") from the Holders of certain Impaired Claims against the Debtors.[3] On [●], 2019, the Court signed an order (the "**Disclosure Statement Order**") [Docket No. ●] which approved the *Disclosure Statement for the Fifth Amended Joint Plan of Reorganization FirstEnergy Solutions Corp., et. al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan is attached as Exhibit B to the Disclosure Statement, which is part of the package of materials that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

You are receiving this Beneficial Ballot for Beneficial Owners because you are a Beneficial Owner of the Class A3, B5 and C4 Unsecured PCN/FES Notes Claims indicated on **Exhibit A** hereto as of May 20, 2019 (the "**Voting Record Date**"). Accordingly, you have a right to vote to accept or reject the Plan.

**Your rights are described in the Plan and the Disclosure Statement, which were included in the Solicitation Package**. Please read the Plan and Disclosure Statement carefully before submitting a Beneficial Ballot. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim under the Plan. If you need to obtain additional copies of the Plan, the Disclosure Statement, or other Solicitation Materials, you may obtain free copies (a) at the dedicated website of the Voting Agent for the Debtors' chapter 11

---

[3] All capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

2

cases at https://cases.primeclerk.com/fes/, (b) upon request by mail to FirstEnergy Solutions Corp. Balloting Center, c/o Prime Clerk LLC, 830 Third Avenue, 3rd Floor, New York, NY 10022, or (c) by contacting the Voting Agent directly by calling (855) 934-8766 or by emailing fesballots@primeclerk.com.

**If the Plan is confirmed by the Court it will be binding on you whether or not you vote**. The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the Holders of at least two-thirds (2/3) in the amount and more than one-half (1/2) in number of claims in each Voting Class who voted to either accept or reject the Plan, and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements under Section 1129(b) of the Bankruptcy Code, the foregoing, as and to the extent applicable to the Debtors' cases.

---

If the Plan is confirmed by the Court, each Beneficial Owner of Class A3, B5 and C4 Unsecured PCN/FES Notes Claims will have the opportunity to make an election regarding the form of consideration to be distributed to it on account of such Claims. As described in Article IV.B.6 of the Plan, a Beneficial Owner of such Claims may elect to be treated as an Electing Bondholder and receive, in lieu of New Common Stock, all or a portion of its recovery in Cash based upon its Pro Rata portion of the Unsecured Bondholder Cash Pool. However, to the extent the Unsecured Bondholder Cash Pool is insufficient to provide each Electing Bondholder its recovery under the Plan in the form of Cash, each Electing Bondholder shall receive the remainder of its distribution in New Common Stock in accordance with the Plan. After the Confirmation Date and approximately 45 days prior to the Effective Date, Beneficial Owners of Class A3, B5 and C4 Unsecured PCN/FES Notes Claims will receive an election form through which they may elect to be treated as an Electing Bondholder. Such election form will contain its own important instructions and deadlines and recipients should read the election form carefully.

---

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, INCLUDING **CONSENSUAL THIRD PARTY RELEASES IN ARTICLE VIII.E**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER WITH RESPECT TO THE THIRD PARTY RELEASES.

## VOTING INSTRUCTIONS

1.     Capitalized terms used in the Beneficial Ballot or in these instructions but not otherwise defined therein or herein shall have the meanings ascribed in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable, copies of which also accompany the Beneficial Ballot.

2.     To ensure that your vote is counted, you <u>must</u>: (i) complete your Beneficial Ballot in accordance with these instructions; (ii) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Beneficial Ballot; (iii) review the Plan provisions relating to the Consensual Third Party Releases; (iv) review and complete Items 4 and 5 in accordance with the instructions therein; <u>and</u> (v) clearly sign and return an original of your Beneficial Ballot to the address set forth on the enclosed pre-addressed envelope.

3.     **Return of Beneficial Ballots**: Your Beneficial Ballot (if pre-validated) and/or the Master Ballot incorporating the vote cast on your Beneficial Ballot MUST be returned to the Voting Agent so as to be **<u>actually</u> <u>received</u>** by the Voting Agent on or before the Voting Deadline, which is August 2, 2019 at 4:00 p.m. (prevailing Eastern Time).  To ensure your vote is counted toward confirmation of the Plan, please read the following information carefully so that you understand where your Beneficial Ballot must be sent in order for it to be received before the Voting Deadline:

    (i)     <u>Pre-validated Beneficial Ballot</u>: If you received a Beneficial Ballot and a return envelope addressed to the Voting Agent, you must return your completed Beneficial Ballot <u>directly to the Voting Agent</u> so that it is **<u>actually</u> <u>received</u>** by the Voting Agent on or before the Voting Deadline.

    (ii)     <u>Not pre-validated Beneficial Ballot</u>: If you received a Beneficial Ballot and a return envelope addressed to your Nominee, you must return your completed Beneficial Ballot <u>directly to your Nominee</u> so as to be actually received by [●], 2019 to allow sufficient time to permit your Nominee to deliver a Master Ballot including your vote to the Voting Agent by the Voting Deadline.

4.     If a Master Ballot or pre-validated Beneficial Ballot is received <u>after</u> the Voting Deadline and if the Voting Deadline is not extended, it will not be counted.  Additionally, the following Beneficial Ballots will <u>NOT</u> be counted:

    (i)     Beneficial Ballots sent to any of the Debtors, the Debtors' agents (other than the pre-validated Beneficial Ballots sent to the Voting Agent), any indenture trustee or the Debtors' financial or legal advisors;

    (ii)     Beneficial Ballots sent by facsimile, e-mail or any other electronic means not expressly provided for herein;

    (iii)     any Beneficial Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

(iv) any Beneficial Ballot cast by an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

(v) any unsigned Beneficial Ballot; and/or

(vi) any Beneficial Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

5. Beneficial Ballots that indicate both acceptance and rejection of the Plan or indicate neither an acceptance nor rejection of the Plan will not be counted.

6. The method of delivery of Beneficial Ballots to the Voting Agent or your Nominee is at the election and risk of each holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Voting Agent **actually receives** the originally executed Beneficial Ballot or Master Ballot incorporating the Beneficial Ballot. Instead of effecting delivery by first-class mail, it is recommended, though not required, that holders use an overnight or hand delivery service. In all cases, holders should allow sufficient time to assure timely delivery.

7. If multiple Beneficial Ballots are received from the same holder of a Class A3, B5 and C4 Unsecured PCN/FES Notes Claim with respect to the same Class A3, B5 and C4 Unsecured PCN/FES Notes Claim prior to the Voting Deadline, the last valid Beneficial Ballot timely received will supersede and revoke any earlier received Beneficial Ballots.

8. If you believe you received the wrong Ballot, or if you need additional Ballots, please immediately contact the Voting Agent.

9. If you wish to have your Claim Allowed in a different amount, classification or treatment than the amount, classification or treatment listed on the Beneficial Ballot for purposes of voting on the Plan, you must serve on the Debtors and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "**Temporary Allowance Request Motion**") no later than **July 5, 2019 at 4:00 p.m. (prevailing Eastern Time)** (the "**Temporary Allowance Request Motion Deadline**"). All objections and responses to Temporary Allowance Request Motions must be filed and served on or before **July 19, 2019**. A claimant may file a reply to any objection or response to its motion on or before **July 22, 2019**. Any order temporarily allowing such claims must be entered on or before **August 9, 2019** or as otherwise ordered by the Court. Temporary Allowance Request Motions must adhere to the requirements set forth in the Disclosure Statement Order to be considered by the Court.

10. This Beneficial Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

11. If you hold Claims in another Class or Classes in which you are entitled to vote, you will receive a ballot for such other Class(es). Each ballot votes only your Claims indicated on that ballot. Please complete and return each ballot you receive.

5

12. <u>Please be sure to properly sign and date your Beneficial Ballot</u>.  If you are signing a Beneficial Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Debtors or the Court, must submit proper evidence to the requesting party to so act on behalf of such holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Beneficial Ballot.

**IF YOU HAVE ANY QUESTIONS REGARDING THE BENEFICIAL BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BENEFICIAL BALLOT OR OTHER SOLICITATION MATERIALS, PLEASE CONTACT THE VOTING AGENT (A) BY WRITING TO FIRSTENERGY SOLUTIONS CORP. C/O PRIME CLERK LLC, 830 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10022; (B) BY TELEPHONE AT (855) 934-8766; OR (C) BY EMAIL AT FESBALLOTS@PRIMECLERK.COM.  PLEASE NOTE THAT THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**THIS BENEFICIAL BALLOT IS TO BE USED BY BENEFICIAL OWNERS OF CLASS A3, B5 AND C4 UNSECURED PCN/FES NOTES CLAIMS.  PLEASE COMPLETE, SIGN AND DATE THIS BENEFICIAL BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE (OR OTHERWISE FOLLOW THE INSTRUCTIONS OF YOUR NOMINEE) PROMPTLY.**

## <u>ACCEPTANCE OR REJECTION OF THE PLAN</u>

**<u>ITEM 1.</u>** <u>C</u>LAIM <u>A</u>MOUNT FOR <u>V</u>OTING <u>P</u>URPOSES.

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Beneficial Owner of the Class A3, B5 and C4 Unsecured PCN/FES Notes Claims indicated on **Exhibit A** hereto in the following aggregate unpaid principal amount (insert amount in box below, unless otherwise completed by your Nominee):

Claim Amount:$ _____

**<u>ITEM 2.</u>** <u>V</u>OTE.

The Beneficial Owner of the Class A3, B5 and C4 Unsecured PCN/FES Notes Claims, the aggregate amount of which is set forth in Item 1, votes to (please check only <u>one</u>):

·    **ACCEPT the Plan.**        ·    **REJECT the Plan.**

**<u>PLEASE NOTE</u>: (i) Each Beneficial Owner must vote all such Beneficial Owner's Class A3, B5 and C4 Unsecured PCN/FES Notes Claims to accept or reject the Plan and may <u>not</u> <u>split</u> such vote; and (ii) any Beneficial Ballot executed by a Beneficial Owner that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection should not be counted as either an acceptance or a rejection of the Plan.**

6

The Plan contains Consensual Third Party Releases of claims and Causes of Action against the Debtor Released Parties, FE Non-Debtor Released Parties and Other Released Parties.

**IF YOU (I) VOTE TO ACCEPT THE PLAN OR (II) ARE DEEMED TO HAVE ACCEPTED THE PLAN, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN.  IF YOU (I) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (II) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN, OR (III) VOTE TO REJECT THE PLAN, IN EACH CASE YOU WILL NOT BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN.**

**IF YOU ELECT TO REJECT THE PLAN, AND THEREFORE, NOT TO GRANT THE CONSENSUAL THIRD PARTY RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF RECEIVING THE CONSENSUAL THIRD PARTY RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN IF YOU ARE A RELEASED PARTY THEREUNDER.**

Article VIII.E of the Plan provides for the following Consensual Third Party Releases:

**On and as of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Debtor Released Parties, the FE Non-Debtor Released Parties, and Other Released Parties to facilitate and implement the Plan, each Holder of a Claim or Interest that (i) votes to accept the Plan or (ii) is deemed to have accepted the Plan, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged each Debtor Released Party, FE Non-Debtor Released Party, and Other Released Party from any and all claims and Causes of Action, including any derivative claims asserted or assertable by or on behalf of any of the Debtors, the Reorganized Debtors, or their Estates or Affiliates (including any FE Non-Debtor Parties), as applicable, that such Entity would have been legally entitled to assert its own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to, or in any manner arising from in whole or in part, the Debtors, the Debtors' businesses, the Debtors' property, the Debtors' capital structure, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring discussions, intercompany transactions between or among the Debtors and/or their Affiliates (including any FE Non-Debtor Parties), the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and Released Party, the PCNs, the FES Notes, any interest in the Mansfield Facility Documents, the Chapter 11 Cases and related adversary proceedings, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Restructuring Support Agreement, the Process Support Agreement, the Standstill Agreement, the FE Settlement Agreement, the Disclosure Statement, the Plan, or any Restructuring Transaction, contract, instrument, release, or**

7

other agreement or document created or entered into in connection with the foregoing, including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion, the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any obligations of any Entity arising after the Effective Date under the Plan, the Confirmation Order, any Restructuring Transaction, the FE Settlement Agreement and any related obligations under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan and the FE Settlement Agreement, (ii) any Consenting Owner Participant from its obligations to the Consenting Owner Trustee, in its individual capacity (and its successors, permitted assigns, directors, officers, employees, agents, and servants), under the Mansfield Trust Agreements or (iii) the Consenting Owner Trustee from its obligations under the Mansfield Trust Agreements with respect to periods after the Effective Date.

For the avoidance of doubt, on and as of the Effective Date, each Holder of a Claim or Interest that (i) votes to accept the Plan or (ii) is deemed to have accepted the Plan shall be deemed to provide a full and complete discharge and release to the Debtor Released Parties, FE Non-Debtor Released Parties, and the Other Released Parties and their respective property from any and all Causes of Action whatsoever, whether known or unknown, asserted or unasserted, derivative or direct, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, whether for or sounding in tort, fraud, contract, violations of federal or state securities laws, veil piercing, substantive consolidation or alter-ego theories of liability, contribution, indemnification, joint or several liability, or otherwise arising from or related in any way to (i) the Debtors, the Reorganized Debtors, their businesses, their property, or any interest in the Mansfield Facility Documents; (ii) any Cause of Action against the FE Non-Debtor Released Parties or their property arising in connection with any intercompany transactions or other matters arising in the conduct of the Debtors' businesses; (iii) the Chapter 11 Cases; (iv) the formulation, preparation, negotiation, dissemination, implementation, administration, Confirmation or Consummation of the Plan, the Plan Supplement, any contract, employee pension or benefit plan instrument, release, or other agreement or document related to any Debtor, the Chapter 11 Cases or the Plan, modified, amended, terminated, or entered into in connection with either the Plan, or any agreement between the Debtors and any FE Non-Debtor Released Party, including the FE Settlement Agreement; or (v) any other act taken or omitted to be taken in connection with the Chapter 11 Cases, including, without limitation, acts or omissions occurring after the Effective Date in connection with distributions made consistent with the terms of the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval under section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, of the Consensual Third Party Release, which includes by reference each of the related provisions and definitions contained in the Plan.

For the avoidance of doubt and notwithstanding anything else in the Plan, any Confirmation Order, or any implementing or supplementing plan documents, (i) no Governmental Units shall be deemed to accept the Plan for purposes of Article VIII.E of the Plan and (ii) the United States, Ohio Environmental Protection Agency, Ohio Department of Natural Resources, and Pennsylvania Department of Environmental Protection have agreed not to vote on the Plan and will not be subject to the releases in Article VIII.E of the Plan provided, however, if any agency of the United States or any agency of any state actually votes to accept the Plan, such agency shall be deemed to provide the releases in Article VIII.E of the Plan on the Effective Date for such agency and only for such agency.

**ITEM 4.**      CERTIFICATIONS AS TO CLASS A3, B5 AND C4 UNSECURED PCN/FES NOTES CLAIMS.

By completing and returning this Beneficial Ballot, the undersigned Beneficial Owner certifies that (i) this Beneficial Ballot is the only Beneficial Ballot submitted for the Claims identified in Item 1 owned by such Holder, except as identified in the following table, and (ii) all Beneficial Ballots submitted by the Holder in the same Class identified in Item 1 indicate the same vote to accept or reject the Plan that the Holder has indicated in Item 2 of this Beneficial Ballot (please use additional sheets of paper if necessary):

ONLY COMPLETE THIS SECTION IF YOU HAVE VOTED OTHER CLAIMS IN THE SAME CLASS ON A BENEFICIAL BALLOT OTHER THAN THIS BENEFICIAL BALLOT.

| Account Number with other Nominee (if applicable) | | Name of Registered Holder or Other Nominee (if applicable) | Principal Amount of Other Claims Voted | CUSIP of Other Claims Voted |
|---|---|---|---|---|
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | | | $ | |

**ITEM 5.**      CERTIFICATION.

By signing this Beneficial Ballot, the Beneficial Owner of Class A3, B5 and C4 Unsecured PCN/FES Notes Claims certifies that:

         a.      as of the Voting Record Date it is the Beneficial Owner of the Class A3, B5 and C4 Unsecured PCN/FES Notes Claims to which this Beneficial Ballot pertains;

9

b.     it has been provided with a copy of the Plan, Disclosure Statement and the Disclosure Statement Order and acknowledges that the vote set forth on this Beneficial Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order; and

c.     it has not submitted any other Ballots relating to the Class A3, B5 and C4 Unsecured PCN/FES Notes Claims that are inconsistent with the votes as set forth in this Beneficial Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

| | |
|---|---|
| Name of Claim Holder (Print or Type): | _____ |
| Social Security or Federal Tax I.D. No. | _____ |
| (Optional): | _____ |
| Signature: | _____ |
| Name of Signatory: | _____ |
| If Authorized Agent of Claimant, Title of Agent: | _____ |
| Street Address: | _____ |
| City, State, and Zip Code:  Telephone Number: | _____ |
| Email Address:  Date Completed: | _____ |

No fees, commissions or other remuneration will be payable to any broker, dealer or other person for soliciting votes on the Plan.  This Beneficial Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders should not surrender, at this time, certificates representing their securities.  The Voting Agent will not accept delivery of any such certificates surrendered together with this Beneficial Ballot.  Moreover, this Beneficial Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN AND DATE THIS BENEFICIAL BALLOT AND RETURN IT <u>PROMPTLY</u> IN THE ENVELOPE PROVIDED (OR OTHERWISE FOLLOW THE INSTRUCTIONS OF YOUR NOMINEE).**

**IF THE VOTING AGENT DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THE MASTER BALLOT INCORPORATING THE VOTE CAST BY THIS BENEFICIAL BALLOT ON OR**

10

**BEFORE THE VOTING DEADLINE (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS BENEFICIAL BALLOT WILL <u>NOT</u> BE COUNTED TOWARD CONFIRMATION.**

**IF YOU HAVE QUESTIONS REGARDING THIS BENEFICIAL BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT (A) BY WRITING TO FIRSTENERGY SOLUTIONS CORP. C/O PRIME CLERK LLC, 830 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10022; (B) BY TELEPHONE AT (855) 934-8766; OR (C) BY EMAIL AT FESBALLOTS@PRIMECLERK.COM.**

# Exhibit A

**Please check one box below to indicate the CUSIP/ISIN to which this Beneficial Ballot pertains (or clearly indicate such information directly on the Beneficial Ballot or on a schedule thereto):**

| | Class A3, B5 and C4 Unsecured PCN/FES Notes Claims | |
|---|---|---|
| ☐ | 6.05% Senior Unsecured (144A)Private Placement Due 8/15/2021 | CUSIP 33766JAC7 / ISIN US33766JAC71 |
| ☐ | 6.05% Senior Unsecured Due 8/15/2021 | CUSIP 33766JAD5 / ISIN US33766JAD54 |
| ☐ | 6.8% Senior Unsecured Due 8/15/2039 | CUSIP 33766JAF0 / US33766JAF03 |
| ☐ | 6.05% Senior Unsecured (REG-S) Due 8/15/2021 | CUSIP U3198TAB5 / ISIN USU3198TAB53 |
| ☐ | 3.50% Adjustable Revenue Bonds Due 4/1/2041 | CUSIP 074876HL0 / ISIN US074876HL04 |
| ☐ | 5.70% Adjustable Revenue Bonds Due 8/1/2020 | CUSIP 677525TK3 / ISIN US677525TK30 |
| ☐ | 3.75% Adjustable Revenue Bonds Due 12/1/2023 | CUSIP677525VK0 / ISIN US677525VK02 |
| ☐ | 3.10% Adjustable Revenue Bonds Due 3/1/2023 | CUSIP 677525VP9 / ISIN US677525VP98 |
| ☐ | 3.00% Adjustable Revenue Bonds Due 5/15/2019 | CUSIP 677660UL4 / ISIN US677660UL49 |
| ☐ | 2.55% Adjustable Revenue Bonds Due 11/1/2041 | CUSIP 708686DB3 / ISIN US708686DB37 |
| ☐ | 3.75% Adjustable Revenue Bonds Due 12/1/2040 | CUSIP 708686EA4 / ISIN US708686EA45 |
| ☐ | 3.5% Muni Revenue Bonds Due 12/1/2035 | CUSIP 074876HM8 / ISIN US074876HM86 |
| ☐ | 4% Muni Revenue Bonds Due 1/1/2035 | CUSIP 074876HN6 / ISIN US074876HN69 |

| Class A3, B5 and C4 Unsecured PCN/FES Notes Claims | |
|---|---|
| • 3.625% Muni Revenue Bonds Due 12/1/2033 | CUSIP 677525VQ7 / ISIN US677525VQ71 |
| • 3.625% Muni Revenue Bonds Due 10/1/2033 | CUSIP 677525VR5 / ISIN US677525VR54 |
| • 3.95% Muni Revenue Bonds Due 11/1/2032 | CUSIP 677525VS3 / ISIN US677525VS38 |
| • 3.75% Muni Revenue Bonds Due 6/1/2033 | CUSIP 677525VV6 / ISIN US677525VV66 |
| • 4% Muni Revenue Bonds Due 12/1/2033 | CUSIP 677660UJ9 / ISIN US US677660UJ92 |
| • 4% Muni Revenue Bonds Due 6/1/2033 | CUSIP 677660UK6 / ISIN US677660UK65 |
| • 3.625% Muni Revenue Bonds Due 10/1/2033 | CUSIP 677660UM2 / ISIN US677660UM22 |
| • 3.95% Muni Revenue Bonds Due 11/1/2032 | CUSIP 677660UN0 / ISIN US677660UN05 |
| • 4% Muni Revenue Bonds Due 1/1/2034 | CUSIP 677660UP5 / ISIN US677660UP52 |
| • 3.75% Muni Revenue Bonds Due 7/1/2033 | CUSIP 677660UQ3 / ISIN US677660UQ36 |
| • 2.7% Muni Revenue Bonds Due 4/1/2035 | CUSIP 074876HH9 / ISIN US074876HH91 |
| • 3.125% Muni Revenue Bonds Due 1/1/2034 | CUSIP 677525VT1 / ISIN US677525VT11 |
| • 3.125% Muni Revenue Bonds Due 7/1/2033 | CUSIP 677525VU8 / ISIN US677525VU83 |

18-50757-amk    Doc 2714    FILED 05/29/19    ENTERED 05/29/19 09:57:05    Page 54 of 300

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
|  | ) | Case No. 18-50757 (AMK) |
| FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] | ) | (Jointly Administered) |
|  | ) |  |
| Debtors. | ) |  |
|  | ) | Hon. Judge Alan M. Koschik |
|  | ) |  |

**MASTER BALLOT FOR ACCEPTING OR REJECTING THE *FIFTH AMENDED JOINT PLAN OF REORGANIZATION OF FIRSTENERGY SOLUTIONS CORP., ET AL., PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE***

**NOMINEE FOR BENEFICIAL OWNERS OF MANSFIELD CERTIFICATES WHOSE CLAIMS ARE DESIGNATED AS MANSFIELD CERTIFICATE CLAIMS UNDER THE PLAN AND CLASSIFIED IN CLASSES A4, B6, C5 AND E3**

---

**THIS MASTER BALLOT (THE "MASTER BALLOT") MUST BE COMPLETED AND (I) IF EMAILED, SUBMITTED TO PRIME CLERK LLC (THE "VOTING AGENT") VIA THE EMAIL ADDRESS PROVIDED FOR HEREIN, OR (II) IF CAST IN PAPER FORM, DELIVERED SO AS TO BE ACTUALLY RECEIVED BY THE VOTING AGENT AT THE ADDRESS PROVIDED FOR HEREIN, IN EITHER CASE BY 4:00 P.M. (PREVAILING EASTERN TIME) ON AUGUST 2, 2019 (THE "VOTING DEADLINE") OR THE VOTE OF THE BENEFICIAL OWNERS (DEFINED BELOW) FOR WHOM YOU ACT AS NOMINEE (DEFINED BELOW) WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage LLC (6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") are soliciting votes with respect to the *Fifth Amended Joint Plan of Reorganization of FirstEnergy Solutions Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") from the Holders of certain Impaired Claims against the Debtors.[2] On [●], 2019, the United States Bankruptcy Court for the Northern District of Ohio (the "**Court**") signed an order (the "**Disclosure Statement Order**") [Docket No. ●] which approved the *Disclosure Statement for the Fifth Amended Joint Plan of Reorganization FirstEnergy Solutions Corp., et. al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan is attached as Exhibit B to the Disclosure Statement, which is part of each package of materials that accompanies this Master Ballot (each, a "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

You are receiving this Master Ballot because you are the Nominee (as defined below) of a Beneficial Owner[3] of Class A4, B6, C5 and E3 Mansfield Certificate Claims as of May 20, 2019 (the "**Voting Record Date**").

This Master Ballot is to be used by you as a broker, bank or other nominee, or as the agent of a broker, bank or other nominee (each of the foregoing, a "**Nominee**"), or as the proxy holder of a Nominee for certain Beneficial Owners of Claims indicated on **Exhibit A** hereto, to transmit to the Voting Agent the votes of such Beneficial Owners in respect of their Claims to accept or reject the Plan in accordance with their ballots (each, a "**Beneficial Ballot**").

**The votes transmitted on this Master Ballot for Beneficial Owners of the Class A4, B6, C5 and E3 Mansfield Certificate Claims indicated in Item 2 shall be applied to each Debtor against whom such Beneficial Owners have Claims on account of the Claims indicated in Item 2.**

As a Nominee, you are required to immediately deliver a Solicitation Package, including a Beneficial Ballot, to each Beneficial Owner for whom you hold the Securities and take any action required to enable such Beneficial Owner to timely vote its Class A4, B6, C5 and E3 Mansfield Certificate Claims to accept or reject the Plan. You should include in each Solicitation Package a return envelope addressed to you (and not a return envelope addressed to the Voting Agent) unless you choose to pre-validate such Beneficial Ballot as described in paragraph 5 of the Voting Instructions blow, in which case the Solicitation Package should include a return envelope addressed only to the Voting Agent. With respect to any Beneficial Ballots returned to you, you must (i) transfer to this Master Ballot your Beneficial Owners' votes as reflected in their respective Beneficial Ballots and (ii) execute and deliver this Master Ballot to the Voting Agent in accordance with the instructions accompanying this Master Ballot.

---

[2] All capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

[3] A "Beneficial Owner" means a beneficial owner as of the Record Date of Mansfield Certificates whose Claims are designated as Mansfield Certificate Claims under the Plan and classified in Class A4, B6, C5 and E3.

18-50757-amk    Doc 2714    FILED 05/29/19    ENTERED 05/29/19 09:57:05    Page 56 of 300

The Disclosure Statement, which describes the terms of the Plan, was included in the Solicitation Packages you are receiving with this Master Ballot (as well as the Plan, Disclosure Statement Order and certain other materials. If you need to obtain additional copies of the Plan, the Disclosure Statement, or other Solicitation Materials, you may obtain free copies (a) at the dedicated website of the Voting Agent for the Debtors' chapter 11 cases at https://cases.primeclerk.com/fes/, (b) upon request by mail to FirstEnergy Solutions Corp. Balloting Center, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022, or (c) by contacting the Voting Agent directly by calling (855) 934-8766 or by emailing fesballots@primeclerk.com.

## VOTING INSTRUCTIONS

1. Capitalized terms used in the Master Ballot or in these instructions but not otherwise defined therein or herein shall have the meanings ascribed in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable, copies of which accompany the Master Ballot.

2. You should immediately distribute Solicitation Package(s), including Beneficial Ballots, to each Beneficial Owner (or intermediary nominees, if applicable) of the Securities underlying Class A4, B6, C5 and E3 Mansfield Certificate Claims, and take any action required to enable each such Beneficial Owner to timely vote such Claims.

3. If you are both the record holder and the Beneficial Owner of any principal amount of the Class A4, B6, C5 and E3 Mansfield Certificate Claims and you wish to vote any such Claims on account thereof, you may complete and execute either an individual Beneficial Ballot or a Master Ballot and return the same to the Voting Agent in accordance with these instructions.

4. If you are transmitting the votes of any Beneficial Owner(s) other than yourself, you may, at your option, elect to pre-validate the Beneficial Ballots sent to such Beneficial Owners. Based on your decision as to whether or not to pre-validate any Beneficial Ballots, the instructions in either paragraph (5) or paragraph (6) apply (but not both).

5. **PRE-VALIDATED BENEFICIAL BALLOTS**: A Nominee "pre-validates" a Beneficial Ballot by indicating thereon (a) the amount of the Class A4, B6, C5 and E3 Mansfield Certificate Claims to be voted, (b) the amount of the Class A4, B6, C5 and E3 Mansfield Certificate Claims held by the Beneficial Owner and the (c) the appropriate account numbers through which the Beneficial Owner's holdings are derived and executing the Beneficial Ballot. If you choose to pre-validate individual Beneficial Ballots, you must immediately: (x) "pre-validate" the individual Beneficial Ballots contained in the Solicitation Package sent to you by the Voting Agent, and (y) forward the Solicitation Packages to the Beneficial Owners for voting, including:

    (i)    the pre-validated Beneficial Ballot;

    (ii)    a return envelope addressed to the Voting Agent as follows: FirstEnergy Solutions Corp. Ballot Processing, c/o Prime Clerk LLC, 830 Third Avenue, 3rd Floor, New York, NY 10022; and

(iii)     clear instructions stating that Beneficial Owners must return their pre-validated Beneficial Ballot directly to the Voting Agent so that it is actually received by the Voting Agent on or before the Voting Deadline, which is 4:00 p.m. (prevailing Eastern Time) on August 2, 2019.

6.     **<u>NON PRE-VALIDATED BENEFICIAL BALLOTS</u>**: If you do NOT choose to pre-validate individual Beneficial Ballots, you must:

(i)     immediately forward the Solicitation Package(s) sent to you by the Voting Agent to each Beneficial Owner for voting, including: (a) the Beneficial Ballot; (b) a return envelope addressed to you; and (c) clear instructions stating that Beneficial Owners must return their Beneficial Ballot directly you so that it is actually received by you on or before the date ("**<u>Return Date</u>**") calculated by you so as to afford you enough time to prepare the Master Ballot and return the Master Ballot to the Voting Agent so it is actually received by the Voting Agent on or before the Voting Deadline, which Return Date the Nominee must also insert in the blank on the first page of the Beneficial Ballot before transmitting it to the Beneficial Owner; and

(ii)     upon receipt of completed and executed Beneficial Ballots returned to you by a Beneficial Owner (or an intermediary nominee), you must:

a.     compile and validate the votes and other relevant information of each such Beneficial Owner on this Master Ballot using the customer account number or other identification number assigned by you or an intermediary nominee to each such Beneficial Owner;

b.     execute this Master Ballot;

c.     transmit such Master Ballot so as to be actually received by the Voting Agent by the Voting Deadline; and

d.     retain such Beneficial Ballots in your files for a period of one year after the Effective Date of the Plan (as you may be ordered to produce the Beneficial Ballots to the Debtors or the Court).

7.     If a Master Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, the votes of your Beneficial Owners will not be counted. Additionally, the votes cast by the following Master Ballots (and therefor underlying Beneficial Ballots) will NOT be counted:

(i)     Master Ballots sent to any of the Debtors, the Debtors' agents (other than the Voting Agent), any indenture trustee or the Debtors' financial or legal advisors;

(ii)     Master Ballots sent by facsimile or any other electronic means not expressly provided for herein;

4

(iii)    any Master Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Owners of the Claims voted;

(iv)    any Master Ballot reflecting votes by an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

(v)    any unsigned Master Ballot;

(vi)    the portion of any Master Ballot (i) not marked to accept or reject the Plan with respect to any account number or (ii) marked, with respect to a single account number, both to accept and reject the Plan; and/or

(vii)    any Master Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

8.    Any Beneficial Ballot returned to you by a Beneficial Owner or intermediary nominee shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver to the Voting Agent a Master Ballot that reflects the vote of such Beneficial Owner or intermediary nominee by the Voting Deadline.

9.    The method of delivery of Master Ballots to the Voting Agent is at your election and risk. Except as otherwise provided herein, such delivery will be deemed made only when the Voting Agent actually receives the originally executed Master Ballot. Instead of effecting delivery by first-class mail, it is recommended, though not required, that you use an overnight or hand delivery service. Facsimile or other electronic transmissions of this Master Ballot not expressly provided for herein will not be accepted. In all cases, you should allow sufficient time to assure timely delivery.

10.    If multiple Master Ballots are received from the same Nominee with respect to the same Beneficial Ballot belonging to a beneficial Owner of a Claim prior to the Voting Deadline, the last valid Master Ballot timely received will supersede and revoke any earlier received Master Ballots.

11.    The Master Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Beneficial Ballots. Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing their Claims and you should not accept delivery of any such certificates or instruments surrendered together with a Beneficial Ballot.

12.    This Master Ballot does not constitute, and shall not be deemed to be, (a) a proof of claim or (b) an assertion or admission of a Claim.

13.    Please be sure to properly execute your Master Ballot. You must: (a) sign and date your Master Ballot; (b) if applicable, indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity and, if required or requested by the Voting Agent, the Debtors or the Court, submit proper evidence to the requesting party to so act on behalf of such Beneficial Owner; and (c) provide your name

5

and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

14.     No fees or commissions or other remuneration will be payable to any Nominee for soliciting Beneficial Ballots accepting the Plan. The Debtors will however, upon written request, reimburse you for reasonable and customary mailing and handling expenses incurred by you in forwarding the Beneficial Ballots and other enclosed materials to your Beneficial Holders.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT (A) BY WRITING TO FIRSTENERGY SOLUTIONS CORP. C/O PRIME CLERK LLC, 830 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10022; (B) BY TELEPHONE AT (855) 934-8766; OR (C) BY EMAIL AT FESBALLOTS@PRIMECLERK.COM.**

**PLEASE NOTE THAT THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

---

**If the Voting Agent does not <u>actually</u> <u>receive</u> this Master Ballot on or before the Voting Deadline, and if the Voting Deadline is not extended, the Beneficial Owners' votes transmitted hereby will not be counted.**

---

6

## ACCEPTANCE OR REJECTION OF THE PLAN

**ITEM 1.**     **Claim Amount for Voting Purposes.**

The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

❑   is a Nominee for the Beneficial Owners of the aggregate amount of the Class A4, B6, C5 and E3 Mansfield Certificate Claims listed in Item 2 below and is the registered holder of the Securities represented by any such Claims;

❑   is acting under a power of attorney and/or agency agreement (a copy of which will be provided upon request) granted by a Nominee that is the registered holder of the aggregate amount of the Class A4, B6, C5 and E3 Mansfield Certificate Claims listed in Item 2 below; or

❑   has been granted a proxy (an original of which is annexed hereto) from (a) a Nominee or (b) a Beneficial Owner, that is the registered holder of the aggregate amount of the Class A4, B6, C5 and E3 Mansfield Certificate Claims listed in Item 2 below and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Owners of the Class A4, B6, C5 and E3 Mansfield Certificate Claims described in Item 2 below.

**ITEM 2.**     **Vote with Respect to the Class A4, B6, C5 and E3 Mansfield Certificate Claims.**

**Number of Beneficial Owners:** The undersigned transmits the following votes of Beneficial Owners of Class A4, B6, C5 and E3 Mansfield Certificate Claims indicated in Item 2 hereto and certifies that the following Beneficial Owners of such Claims are the Beneficial Owners of such Claims as of the Voting Record Date and have delivered to the undersigned, as Nominee, properly executed Beneficial Ballots casting such votes as indicated and containing instructions for the casting of those votes on their behalf.

**To Properly Complete the Following Table:** Indicate in the appropriate column below the aggregate principal amount voted for each account. Please use additional sheets of paper if necessary and, if possible, attach such information to this Master Ballot in the form of the following table. **PLEASE NOTE**: (1) each account of a Beneficial Owner must vote all such Beneficial Owner's Class A4, B6, C5 and E3 Mansfield Certificate Claims to accept or reject the Plan and may <u>not split</u> such vote; and (2) any Beneficial Ballot executed by the Beneficial Owner that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection should not be counted as either an acceptance or a rejection of the Plan.

| Your Customer Account Number for Each Beneficial Owner of Class A4, B6, C5 and E3 Mansfield Certificate Claims | Principal Amount Held as of Voting Record Date | ACCEPT THE PLAN | | REJECT THE PLAN |
|---|---|---|---|---|
| 1. | $ | ◻ | OR | ◻ |
| 2. | $ | ◻ | OR | ◻ |
| 3. | $ | ◻ | OR | ◻ |
| 4. | $ | ◻ | OR | ◻ |
| 5. | $ | ◻ | OR | ◻ |
| 6. | $ | ◻ | OR | ◻ |
| 7. | $ | ◻ | OR | ◻ |
| 8. | $ | ◻ | OR | ◻ |
| 9. | $ | ◻ | OR | ◻ |
| 10. | $ | ◻ | OR | ◻ |
| TOTALS: | $ | | | |

## ITEM 3.    IMPORTANT INFORMATION REGARDING THIRD PARTY RELEASES.

The Plan contains Consensual Third Party Releases of claims and Causes of Action against the Debtor Released Parties, FE Non-Debtor Released Parties and Other Released Parties.

**ALL HOLDERS OF A CLAIM OR INTEREST THAT (I) VOTE TO ACCEPT THE PLAN, OR (II) ARE DEEMED TO HAVE ACCEPTED THE PLAN SHALL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN.**

8

**ALL HOLDERS OF A CLAIM OR INTEREST THAT (I) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (II) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN, OR (III) VOTE TO REJECT THE PLAN, IN EACH CASE WILL NOT BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN.**

**ANY HOLDER WHO ELECTS TO REJECT THE PLAN, AND THEREFORE, NOT TO GRANT THE CONSENSUAL THIRD PARTY RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN, WILL FOREGO THE BENEFIT OF RECEIVING THE CONSENSUAL THIRD PARTY RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN IF SUCH HOLDER IS A RELEASED PARTY THEREUNDER.**

Article VIII.E of the Plan provides for the following Consensual Third Party Releases:

**On and as of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Debtor Released Parties, FE Non-Debtor Released Parties and Other Released Parties to facilitate and implement the Plan, each Holder of a Claim or Interest that (i) votes to accept the Plan or (ii) is deemed to have accepted the Plan, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged each Debtor Released Party, FE Non-Debtor Released Party and Other Released Party from any and all claims and Causes of Action, including any derivative claims asserted or assertable by or on behalf of any of the Debtors, the Reorganized Debtors, or their Estates or Affiliates (including any FE Non-Debtor Parties), as applicable, that such Entity would have been legally entitled to assert its own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to, or in any manner arising from in whole or in part, the Debtors, the Debtors' businesses, the Debtors' property, the Debtors' capital structure, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring discussions, intercompany transactions between or among the Debtors and/or their Affiliates (including any FE Non-Debtor Parties), the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and Released Party, the PCNs, the FES Notes, any interest in the Mansfield Facility Documents, the Chapter 11 Cases and related adversary proceedings, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Restructuring Support Agreement, the Process Support Agreement, the Standstill Agreement, the FE Settlement Agreement, the Disclosure Statement, the Plan, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the foregoing, including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion, the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.  Notwithstanding anything to the contrary in the foregoing, the releases set**

9

forth above do not release (i) any obligations of any Entity arising after the Effective Date under the Plan, the Confirmation Order, any Restructuring Transaction, the FE Settlement Agreement and any related obligations under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan and the FE Settlement Agreement, (ii) any Consenting Owner Participant from its obligations to the Consenting Owner Trustee, in its individual capacity (and its successors, permitted assigns, directors, officers, employees, agents, and servants), under the Mansfield Trust Agreements or (iii) the Consenting Owner Trustee from its obligations under the Mansfield Trust Agreements with respect to periods after the Effective Date.

For the avoidance of doubt, on and as of the Effective Date, each Holder of a Claim or Interest that (i) votes to accept the Plan or (ii) is deemed to have accepted the Plan shall be deemed to provide a full and complete discharge and release to the Debtor Released Parties, the FE Non-Debtor Released Parties and the Other Released Parties and their respective property from any and all Causes of Action whatsoever, whether known or unknown, asserted or unasserted, derivative or direct, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, whether for or sounding in tort, fraud, contract, violations of federal or state securities laws, veil piercing, substantive consolidation or alter-ego theories of liability, contribution, indemnification, joint or several liability, or otherwise arising from or related in any way to (i) the Debtors, the Reorganized Debtors, their businesses, their property, or any interest in the Mansfield Facility Documents; (ii) any Cause of Action against the FE Non-Debtor Released Parties or their property arising in connection with any intercompany transactions or other matters arising in the conduct of the Debtors' businesses; (iii) the Chapter 11 Cases; (iv) the formulation, preparation, negotiation, dissemination, implementation, administration, Confirmation or Consummation of the Plan, the Plan Supplement, any contract, employee pension or benefit plan instrument, release, or other agreement or document related to any Debtor, the Chapter 11 Cases or the Plan, modified, amended, terminated, or entered into in connection with either the Plan, or any agreement between the Debtors and any FE Non-Debtor Released Party, including the FE Settlement Agreement; or (v) any other act taken or omitted to be taken in connection with the Chapter 11 Cases, including, without limitation, acts or omissions occurring after the Effective Date in connection with distributions made consistent with the terms of the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval under section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, of the Consensual Third Party Release, which includes by reference each of the related provisions and definitions contained in the Plan.

For the avoidance of doubt and notwithstanding anything else in the Plan, any Confirmation Order, or any implementing or supplementing plan documents, (i) no Governmental Units shall be deemed to accept the Plan for purposes of Article VIII.E of the Plan and (ii) the United States, Ohio Environmental Protection Agency, Ohio Department of Natural Resources, and Pennsylvania Department of Environmental Protection have agreed not to vote on the Plan and will not be subject to the releases in Article VIII.E of the Plan provided, however, if any agency of the United States or any agency of any state actually

**votes to accept the Plan, such agency shall be deemed to provide the releases in Article VIII.E of the Plan on the Effective Date for such agency and only for such agency.**

11

**ITEM 4.** **CERTIFICATIONS AS TO TRANSCRIPTION OF INFORMATION FROM ITEM 4 OF THE BENEFICIAL BALLOTS AS TO CLASS A4, B6, C5 AND E3 MANSFIELD CERTIFICATE CLAIMS VOTED THROUGH OTHER BENEFICIAL BALLOTS**

The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by Beneficial Owners in Item 4 of each of the Beneficial Owner's original Beneficial Ballots, identifying any Class A4, B6, C5 and E3 Mansfield Certificate Claims for which such Beneficial Owners have submitted Beneficial Ballots (*e.g.*, to other voting nominees) other than to the undersigned:

| Your Customer Account Number for Each Beneficial Owner Who Completed Item 4 of the Beneficial Ballots | **TRANSCRIBE FROM ITEM 4 OF THE BENEFICIAL BALLOTS:** | | | |
|---|---|---|---|---|
| | **Account Number** | **Name of Holder** | **Description of Other Class A4, B6, C5 and E3 Mansfield Certificate Claims Voted** | **Principal Amount of Other Class A4, B6, C5 and E3 Mansfield Certificate Claims Voted** |
| 1. | | | | $ |
| 2. | | | | $ |
| 3. | | | | $ |
| 4. | | | | $ |
| 5. | | | | $ |
| 6. | | | | $ |
| 7. | | | | $ |
| 8. | | | | $ |
| 9. | | | | $ |
| 10. | | | | $ |

12

**ITEM 5.**     **CERTIFICATION**.

By signing this Master Ballot, the undersigned certifies that:

     1.     it has delivered copies of the Disclosure Statement, the Beneficial Ballots and the rest of the Solicitation Package to each Beneficial Owner whose votes are transmitted hereby or to each intermediary nominee, as applicable;

     2.     it has received a completed and signed Beneficial Ballot from each Beneficial Owner listed in Item 2 of this Master Ballot or from an intermediary nominee, as applicable;

     3.     as of the Voting Record Date it is the registered holder of the Class A4, B6, C5 and E3 Mansfield Certificate Claims being voted, or an agent therefor;

     4.     it has been authorized by each such Beneficial Owner or intermediary nominee, as applicable, to vote on the Plan and to make applicable elections;

     5.     it has properly disclosed:

     (i)     the number of Beneficial Owners who completed Beneficial Ballots;

     (ii)     the respective amounts of the Class A4, B6, C5 and E3 Mansfield Certificate Claims held as of the Voting Record Date by each Beneficial Owner who completed a Beneficial Ballot;

     (iii)     each such Beneficial Owner's respective vote on the Plan;

     (iv)     each such Beneficial Owner's certification as to other Class A4, B6, C5 and E3 Mansfield Certificate Claims voted; and

     (v)     the customer account or other identification number for each such Beneficial Owner as of the Voting Record Date;

     6.     each such Beneficial Owner has certified to the undersigned or to an intermediary nominee, as applicable, that it is eligible to vote on the Plan; and

     7.     it will maintain Beneficial Ballots and evidence of separate transactions returned by Beneficial Owners or by intermediary nominees (whether properly completed or defective) for at least one year after the Voting Deadline and disclose all such information to the Court or the Debtors, as the case may be, if so ordered.

13

| | |
|---|---|
| Name of Nominee: | _____ |
| | (Print or Type) |
| Participant Number: | _____ |
| Name of Proxy Holder or Agent for Nominee: | _____ |
| | (Print or Type) |
| Social Security or Federal Tax Identification Number: | _____ |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than Nominee) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Date Completed: | _____ |

No fees, commissions or other remuneration will be payable to any broker, dealer or other person for soliciting votes on the Plan. The Debtors will however, upon written request, reimburse you for customary mailing and handling expenses incurred by you in forwarding the Beneficial Ballots and other enclosed materials to your customers. This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, certificates representing their securities. The Voting Agent will not accept delivery of any such certificates surrendered together with this Master Ballot. Moreover, this Master Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

14

# PLEASE RETURN YOUR MASTER BALLOT PROMPTLY

| | |
|---|---|
| **If Submitting Your Vote through E-Mail** | |
| The Voting Agent will accept Master Ballots from Nominees and their agents through email if properly completed and submitted via email at fesballots@primeclerk.com | |
| | |
| **If Submitting Your Vote by First Class Mail, Overnight Courier, or Hand Delivery** | |
| Please complete and execute your ballot and submit it by first class mail in the enclosed postage prepaid envelope or by sending it to the following address:<br><br>**FirstEnergy Solutions Corp. Ballot Processing**<br>**c/o Prime Clerk LLC**<br>**830 Third Avenue, 3rd Floor**<br>**New York, NY 10022**<br><br>If your Master Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted. | |

15

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] | ) Case No. 18-50757 (AMK) |
|  | ) (Jointly Administered) |
| Debtors. | ) |
|  | ) Hon. Judge Alan M. Koschik |
|  | ) |

## BENEFICIAL BALLOT FOR ACCEPTING OR REJECTING THE *FIFTH AMENDED JOINT PLAN OF REORGANIZATION OF FIRSTENERGY SOLUTIONS CORP., ET AL., PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE*

## BENEFICIAL OWNERS OF MANSFIELD CERTIFICATES WHOSE CLAIMS ARE DESIGNATED AS MANSFIELD CERTIFICATE CLAIMS UNDER THE PLAN AND CLASSIFIED IN CLASSES A4, B6, C5 AND E3

---

**THIS BENEFICIAL BALLOT (THE "BENEFICIAL BALLOT") IS TO BE USED BY BENEFICIAL OWNERS[2] OF MANSFIELD CERTIFICATE CLAIMS WHOSE CLAIMS ARE DESIGNATED AS MANSFIELD CERTIFICATE CLAIMS AND CLASSIFIED IN CLASSES A4, B6, C5 AND E3.**

**IN ORDER FOR YOUR VOTE TO BE COUNTED, ALL PRE-VALIDATED BENEFICIAL BALLOTS AND/OR MASTER BALLOTS (EACH, A "MASTER BALLOT") CAST ON BEHALF OF BENEFICIAL BALLOTS THAT WERE NOT PRE-VALIDATED MUST BE COMPLETED, EXECUTED AND RETURNED SO AS TO BE ACTUALLY RECEIVED BY PRIME CLERK LLC (THE "VOTING AGENT") ON OR BEFORE 4:00 P.M. (PREVAILING EASTERN TIME) ON AUGUST 2, 2019 (THE "VOTING DEADLINE") IN ACCORDANCE WITH THE FOLLOWING:**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage LLC(6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

[2] A "**Beneficial Owner**" means a beneficial owner of Mansfield Certificate Claims whose Claims have not been satisfied prior to the Voting Record Date (as defined herein) pursuant to Court order or otherwise, as reflected in the records maintained by the Nominees.

**IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE:**[3] **YOU MUST RETURN THIS BENEFICIAL BALLOT TO YOUR NOMINEE BY [●], 2019 IN ACCORDANCE WITH THE ENCLOSED INSTRUCTIONS FROM YOUR NOMINEE, AND IN ANY EVENT, IN SUFFICIENT TIME TO PERMIT YOUR NOMINEE TO DELIVER A MASTER BALLOT INCLUDING YOUR VOTE TO THE VOTING AGENT BY THE VOTING DEADLINE. PLEASE CONTACT YOUR NOMINEE WITH ANY QUESTIONS REGARDING THE DATE IT NEEDS TO RECEIVE YOUR BENEFICIAL BALLOT TO TIMELY SUBMIT THE MASTER BALLOT TO THE VOTING AGENT.**

**IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO THE VOTING AGENT: YOUR NOMINEE HAS PRE-VALIDATED THIS BENEFICIAL BALLOT. THEREFORE, YOU MUST RETURN THIS PRE-VALIDATED BENEFICIAL BALLOT DIRECTLY TO THE VOTING AGENT SO IT IS <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING DEADLINE.**

**DO NOT MAIL OR RETURN BALLOTS DIRECTLY TO THE ABOVE CAPTIONED DEBTORS AND DEBTORS IN POSSESSION (THE "<u>DEBTORS</u>") OR THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF OHIO (THE "<u>COURT</u>").**

The Debtors are soliciting votes with respect to the *Fifth Amended Joint Plan of Reorganization of FirstEnergy Solutions Corp.,* et al*., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") from the Holders of certain Impaired Claims against the Debtors.[4] On [●], 2019, the Court signed an order (the "**Disclosure Statement Order**") [Docket No. ●] which approved the *Disclosure Statement for the Fifth Amended Joint Plan of Reorganization FirstEnergy Solutions Corp.,* et. al*., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan is attached as Exhibit B to the Disclosure Statement, which is part of the package of materials that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

You are receiving this Beneficial Ballot for Beneficial Owners because you are a Beneficial Owner of Class A4, B6, C5 and E3 Mansfield Certificate Claims as of May 20, 2019 (the "**Voting Record Date**"). If you hold Claims in another Class or Classes in which you are entitled to vote, you will receive a Ballot for such other Class(es).

**Your rights are described in the Plan and the Disclosure Statement, which were included in the Solicitation Package**. Please read the Plan and Disclosure Statement carefully

---

[3] "**Nominee**" is the broker, bank, or other nominee, or the agent of a broker, bank, or other nominee, holding Class A4, B6, C5 and E3 Mansfield Certificate Claims on behalf of Beneficial Owners as record holders.

[4] All capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

before submitting a Ballot. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim under the Plan. If you need to obtain additional copies of the Plan, the Disclosure Statement, or other Solicitation Materials, you may obtain free copies (a) at the dedicated website of the Voting Agent for the Debtors' chapter 11 cases at https://cases.primeclerk.com/fes/, (b) upon request by mail to FirstEnergy Solutions Corp. Balloting Center, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022, or (c) by contacting the Voting Agent directly by calling (855) 934-8766 or by emailing fesballots@primeclerk.com.

**If the Plan is confirmed by the Court it will be binding on you whether or not you vote**. The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the Holders of at least two-thirds (2/3) in the amount and more than one-half (1/2) in number of claims in each Voting Class who voted to either accept or reject the Plan, and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under Section 1129(b) of the Bankruptcy Code, the foregoing, as and to the extent applicable to the Debtors' cases.

If the Plan is confirmed by the Court, each Beneficial Owner of Class A4, B6, C5 and E3 Mansfield Certificate Claims will have the opportunity to make an election regarding the form of consideration to be distributed to it on account of such Claims. As described in Article IV.B.6 of the Plan, a Beneficial Owner of such Claims may elect to be treated as an Electing Bondholder and receive, in lieu of New Common Stock, all or a portion of its recovery in Cash based upon its Pro Rata portion of the Unsecured Bondholder Cash Pool. However, to the extent the Unsecured Bondholder Cash Pool is insufficient to provide each Electing Bondholder its recovery under the Plan in the form of Cash, each Electing Bondholder shall receive the remainder of its distribution in New Common Stock in accordance with the Plan. After the Confirmation Date and approximately 45 days prior to the Effective Date, Beneficial Owners of Class A4, B6, C5 and E3 Mansfield Certificate Claims will receive an election form through which they may elect to be treated as an Electing Bondholder. Such election form will contain its own important instructions and deadlines and recipients should read the election form carefully.

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, INJUNCTION PROVISIONS, INCLUDING **CONSENSUAL THIRD PARTY RELEASES IN ARTICLE VIII.E**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER WITH RESPECT TO THE THIRD PARTY RELEASES.

## VOTING INSTRUCTIONS

1. Capitalized terms used in the Ballot or in these instructions but not otherwise defined therein or herein shall have the meanings ascribed in the Plan, the Disclosure Statement,

or the Disclosure Statement Order, as applicable, copies of which also accompany the Ballot.

2.  To ensure that your vote is counted, you <u>must</u>: (a) complete your Beneficial Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Beneficial Ballot; (c) review the Plan provisions relating to Consensual Third Party Releases; (d) review and complete Items 4 and 5 in accordance with the instructions therein; <u>and</u> (e) clearly sign and return an original of your Beneficial Ballot to the address set forth on the enclosed pre-addressed envelope.

3.  **Return of Beneficial Ballots**: Your Beneficial Ballot (if pre-validated) and/or the Master Ballot incorporating the vote cast on your Beneficial Ballot MUST be returned to the Voting Agent so as to be **actually** **received** by the Voting Agent on or before the Voting Deadline, which is August 2, 2019, at 4:00 p.m. (prevailing Eastern Time). To ensure your vote is counted toward confirmation ,of the Plan, please read the following information carefully so that you understand where your Beneficial Ballot must be sent in order for it to be received before the Voting Deadline:

    (i)   <u>Pre-validated Beneficial Ballot</u>: If you received a Beneficial Ballot and a return envelope addressed to the Voting Agent, you must return your completed Beneficial Ballot <u>directly to the Voting Agent</u> so that it is **actually** **received** by the Voting Agent on or before the Voting Deadline.

    (ii)  <u>Not pre-validated Beneficial Ballot</u>: If you received a Beneficial Ballot and a return envelope addressed to your Nominee, you must return your completed Beneficial Ballot <u>directly to your Nominee</u> so as to be actually received by [●], 2019 to allow sufficient time to permit your Nominee to deliver a Master Ballot including your vote to the Voting Agent by the Voting Deadline.

4.  If a Master Ballot or pre-validated Beneficial Ballot is received <u>after</u> the Voting Deadline and if the Voting Deadline is not extended, it will not be counted. Additionally, the following Beneficial Ballots will <u>NOT</u> be counted:

    (i)   Beneficial Ballots sent to any of the Debtors, the Debtors' agents (other than the pre-validated Beneficial Ballots sent to the Voting Agent), any indenture trustee or the Debtors' financial or legal advisors;

    (ii)  Beneficial Ballots sent by facsimile, e-mail or any other electronic means not expressly provided for herein;

    (iii) any Beneficial Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

    (iv)  any Beneficial Ballot cast by an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

    (v)   any unsigned Beneficial Ballot; and/or

4

(vi)     any Beneficial Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

5.     Beneficial Ballots that indicate both acceptance and rejection of the Plan or indicate neither an acceptance nor rejection of the Plan will not be counted.

6.     The method of delivery of Beneficial Ballots to the Voting Agent or your Nominee is at the election and risk of each holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the Voting Agent **actually receives** the originally executed Beneficial Ballot or Master Ballot incorporating the Beneficial Ballot. Instead of effecting delivery by first-class mail, it is recommended, though not required, that holders use an overnight or hand delivery service.  In all cases, holders should allow sufficient time to assure timely delivery.

7.     If multiple Beneficial Ballots are received from the same holder of a Class A4, B6, C5 and E3 Mansfield Certificate Claim with respect to the same Class A4, B6, C5 and E3 Mansfield Certificate Claim prior to the Voting Deadline, the last valid Beneficial Ballot timely received will supersede and revoke any earlier received Beneficial Ballots.

8.     If you believe you received the wrong Ballot, or if you need additional Ballots, please immediately contact the Voting Agent.

9.     If you wish to have your Claim Allowed in a different amount, classification or treatment than the amount, classification or treatment listed on the Beneficial Ballot for purposes of voting on the Plan, you must serve on the Debtors and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "**Temporary Allowance Request Motion**") no later than **July 5, 2019 at 4:00 p.m. (prevailing Eastern Time) (the "Temporary Allowance Request Motion Deadline**"). All objections and responses to Temporary Allowance Request Motions must be filed and served on or before **July 19, 2019**.  A claimant may file a reply to any objection or response to its motion on or before **July 22, 2019**.  Any order temporarily allowing such claims must be entered on or before **August 9, 2019** or as otherwise ordered by the Court. Temporary Allowance Request Motions must adhere to the requirements set forth in the Disclosure Statement Order to be considered by the Court.

10.     This Beneficial Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

11.     If you hold Claims in another Class or Classes in which you are entitled to vote, you will receive a ballot for such other Class(es).  Each ballot votes only your Claims indicated on that ballot.  Please complete and return each ballot you receive.

12.     Please be sure to properly sign and date your Beneficial Ballot.  If you are signing a Beneficial Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Debtors or the Court, must submit proper evidence to the requesting party to so act on behalf of such holder.  In addition, please provide your name

5

and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Beneficial Ballot.

**IF YOU HAVE ANY QUESTIONS REGARDING THE BENEFICIAL BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BENEFICIAL BALLOT OR OTHER SOLICITATION MATERIALS, PLEASE CONTACT THE VOTING AGENT (A) BY WRITING TO FIRSTENERGY SOLUTIONS CORP. C/O PRIME CLERK LLC, 830 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10022; (B) BY TELEPHONE AT (855) 934-8766; OR (C) BY EMAIL AT FESBALLOTS@PRIMECLERK.COM. PLEASE NOTE THAT THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**THIS BENEFICIAL BALLOT IS TO BE USED BY BENEFICIAL OWNERS OF CLASS A4, B6, C5 and E3 MANSFIELD CERTIFICATE CLAIMS. PLEASE COMPLETE, SIGN AND DATE THIS BENEFICIAL BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE (OR OTHERWISE FOLLOW THE INSTRUCTIONS OF YOUR NOMINEE) PROMPTLY.**

## ACCEPTANCE OR REJECTION OF THE PLAN

**ITEM 1.**      CLAIM AMOUNT FOR VOTING PURPOSES.

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Beneficial Owner of Class A4, B6, C5 and E3 Mansfield Certificate Claims in the following aggregate unpaid principal amount:

Claim Amount: _____

**ITEM 2.**      VOTE.

The Beneficial Owner of the Claim, the aggregate amount of which is set forth in Item 1, votes:

·      **to ACCEPT the Plan.**      ·      **to REJECT the Plan.**

**PLEASE NOTE: (1) Each Beneficial Owner must vote all such Beneficial Owner's Class A4, B6, C5 and E3 Mansfield Certificate Claims to accept or reject the Plan and may not split such vote; and (2) any Beneficial Ballot executed by a Beneficial Owner that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection should not be counted as either an acceptance or a rejection of the Plan.**

**ITEM 3.**      IMPORTANT INFORMATION REGARDING THIRD PARTY RELEASES.

The Plan contains Consensual Third Party Releases of claims and Causes of Action against the Debtor Released Parties, the FE Non-Debtor Released Parties and the Other Released Parties.

**IF YOU (I) VOTE TO ACCEPT THE PLAN OR (II) ARE DEEMED TO HAVE ACCEPTED THE PLAN, YOU WILL BE DEEMED TO CONSENT TO THE**

6

RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN. IF YOU (I) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (II) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN, OR (III) VOTE TO REJECT THE PLAN, IN EACH CASE YOU WILL NOT BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN.

IF YOU ELECT TO REJECT THE PLAN, AND THEREFORE, NOT TO GRANT THE CONSENSUAL THIRD PARTY RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF RECEIVING THE CONSENSUAL THIRD PARTY RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN IF YOU ARE A RELEASED PARTY THEREUNDER.

Article VIII.E of the Plan provides for the following Consensual Third Party Releases:

On and as of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Debtor Released Parties, the FE Non-Debtor Released Parties and Other Released Parties to facilitate and implement the Plan, each Holder of a Claim or Interest that (i) votes to accept the Plan or (ii) is deemed to have accepted the Plan, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged each Debtor Released Party, FE Non-Debtor Released Party and Other Released Party from any and all claims and Causes of Action, including any derivative claims asserted or assertable by or on behalf of any of the Debtors, the Reorganized Debtors, or their Estates or Affiliates (including any FE Non-Debtor Parties), as applicable, that such Entity would have been legally entitled to assert its own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to, or in any manner arising from in whole or in part, the Debtors, the Debtors' businesses, the Debtors' property, the Debtors' capital structure, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring discussions, intercompany transactions between or among the Debtors and/or their Affiliates (including any FE Non-Debtor Parties), the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and Released Party, the PCNs, the FES Notes, any interest in the Mansfield Facility Documents, the Chapter 11 Cases and related adversary proceedings, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Restructuring Support Agreement, the Process Support Agreement, the Standstill Agreement, the FE Settlement Agreement, the Disclosure Statement, the Plan, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the foregoing, including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion, the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date. Notwithstanding anything to the contrary in the foregoing, the releases set

7

forth above do not release (i) any obligations of any Entity arising after the Effective Date under the Plan, the Confirmation Order, any Restructuring Transaction, the FE Settlement Agreement and any related obligations under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan and the FE Settlement Agreement, (ii) any Consenting Owner Participant from its obligations to the Consenting Owner Trustee, in its individual capacity (and its successors, permitted assigns, directors, officers, employees, agents, and servants), under the Mansfield Trust Agreements or (iii) the Consenting Owner Trustee from its obligations under the Mansfield Trust Agreements with respect to periods after the Effective Date.

For the avoidance of doubt, on and as of the Effective Date, each Holder of a Claim or Interest that (i) votes to accept the Plan or (ii) is deemed to have accepted the Plan shall be deemed to provide a full and complete discharge and release to the Debtor Released Parties, the FE Non-Debtor Released Parties and the Other Released Parties and their respective property from any and all Causes of Action whatsoever, whether known or unknown, asserted or unasserted, derivative or direct, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, whether for or sounding in tort, fraud, contract, violations of federal or state securities laws, veil piercing, substantive consolidation or alter-ego theories of liability, contribution, indemnification, joint or several liability, or otherwise arising from or related in any way to (i) the Debtors, the Reorganized Debtors, their businesses, their property, or any interest in the Mansfield Facility Documents; (ii) any Cause of Action against the FE Non-Debtor Released Parties or their property arising in connection with any intercompany transactions or other matters arising in the conduct of the Debtors' businesses; (iii) the Chapter 11 Cases; (iv) the formulation, preparation, negotiation, dissemination, implementation, administration, Confirmation or Consummation of the Plan, the Plan Supplement, any contract, employee pension or benefit plan instrument, release, or other agreement or document related to any Debtor, the Chapter 11 Cases or the Plan, modified, amended, terminated, or entered into in connection with either the Plan, or any agreement between the Debtors and any FE Non-Debtor Released Party, including the FE Settlement Agreement; or (v) any other act taken or omitted to be taken in connection with the Chapter 11 Cases, including, without limitation, acts or omissions occurring after the Effective Date in connection with distributions made consistent with the terms of the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval under section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, of the Consensual Third Party Release, which includes by reference each of the related provisions and definitions contained in the Plan.

For the avoidance of doubt and notwithstanding anything else in the Plan, any Confirmation Order, or any implementing or supplementing plan documents, (i) no Governmental Units shall be deemed to accept the Plan for purposes of Article VIII.E of the Plan and (ii) the United States, Ohio Environmental Protection Agency, Ohio Department of Natural Resources, and Pennsylvania Department of Environmental Protection have agreed not to vote on the Plan and will not be subject to the releases in Article VIII.E of the Plan provided, however, if any agency of the United States or any agency of any state actually

votes to accept the Plan, such agency shall be deemed to provide the releases in Article VIII.E of the Plan on the Effective Date for such agency and only for such agency.

**ITEM 4.**      **CERTIFICATIONS AS TO CLASS A4, B6, C5 AND E3 MANSFIELD CERTIFICATE CLAIMS.**

By completing and returning this Beneficial Ballot, the undersigned Beneficial Owner certifies that (i) this Beneficial Ballot is the only Beneficial Ballot submitted for the Claims identified in Item 1 owned by such Holder, except as identified in the following table, and (ii) all Beneficial Ballots submitted by the Holder in the same Class identified in Item 1 indicate the same vote to accept or reject the Plan that the Holder has indicated in Item 2 of this Beneficial Ballot (please use additional sheets of paper if necessary):

ONLY COMPLETE THIS SECTION IF YOU HAVE VOTED OTHER CLAIMS IN THE SAME CLASS ON A BENEFICIAL BALLOT OTHER THAN THIS BENEFICIAL BALLOT.

| Account Number with other Nominee (if applicable) | | Name of Registered Holder or Other Nominee (if applicable) | Principal Amount of Other Claims Voted | Other Claims Voted |
|---|---|---|---|---|
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | | | $ | |

**ITEM 5.**      **CERTIFICATION.**

By signing this Beneficial Ballot, the Beneficial Owner of Class A4, B6, C5 and E3 Mansfield Certificate Claims certifies that:

         a.      as of the Voting Record Date it is the Beneficial Owner of the Class A4, B6, C5 and E3 Mansfield Certificate Claims to which this Beneficial Ballot pertains;

         b.      it has been provided with a copy of the Plan, Disclosure Statement and the Disclosure Statement Order and acknowledges that the vote set forth on this Beneficial Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order; and

9

c.      it has not submitted any other Ballots relating to the Class A4, B6, C5 and E3 Mansfield Certificate Claims that are inconsistent with the votes as set forth in this Beneficial Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

| | |
|---|---|
| Name of Claim Holder (Print or Type): | _____ |
| Social Security or Federal Tax I.D. No. | _____ |
| (Optional): | _____ |
| Signature: | _____ |
| Name of Signatory: | _____ |
| If Authorized Agent of Claimant, Title of Agent: | _____ |
| Street Address: | _____ |
| City, State, and Zip Code:  Telephone Number: | _____ |
| Email Address:  Date Completed: | _____ |

No fees, commissions or other remuneration will be payable to any broker, dealer or other person for soliciting votes on the Plan.  This Beneficial Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders should not surrender, at this time, certificates representing their securities.  The Voting Agent will not accept delivery of any such certificates surrendered together with this Beneficial Ballot.  Moreover, this Beneficial Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN AND DATE THIS BENEFICIAL BALLOT AND RETURN IT <u>PROMPTLY</u> IN THE ENVELOPE PROVIDED (OR OTHERWISE FOLLOW THE INSTRUCTIONS OF YOUR NOMINEE).**

**IF THE VOTING AGENT DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THE MASTER BALLOT INCORPORATING THE VOTE CAST BY THIS BENEFICIAL BALLOT ON OR BEFORE THE VOTING DEADLINE (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS BENEFICIAL BALLOT WILL <u>NOT</u> BE COUNTED TOWARD CONFIRMATION.**

**IF YOU HAVE QUESTIONS REGARDING THIS BENEFICIAL BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR**

**ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT (A) BY WRITING TO FIRSTENERGY SOLUTIONS CORP. C/O PRIME CLERK LLC, 830 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10022; (B) BY TELEPHONE AT (855) 934-8766; OR (C) BY EMAIL AT FESBALLOTS@PRIMECLERK.COM.**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] | ) Case No. 18-50757 (AMK) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Hon. Judge Alan M. Koschik |
| | ) |

## BALLOT FOR
## ACCEPTING OR REJECTING THE *FIFTH AMENDED*
## *JOINT PLAN OF REORGANIZATION OF FIRSTENERGY SOLUTIONS*
## *CORP., ET AL., PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE*

### CLASS A5, D3 (FENOC-FES UNSECURED CLAIMS)

> **THIS BALLOT (THE "BALLOT") MUST BE COMPLETED AND (I) IF CAST ELECTRONICALLY, SUBMITTED THROUGH THE BALLOTING PORTAL OF PRIME CLERK LLC (THE "VOTING AGENT"), AS PROVIDED FOR HEREIN, OR (II) IF CAST IN PAPER FORM, DELIVERED SO AS TO BE ACTUALLY RECEIVED BY THE VOTING AGENT AT THE ADDRESS PROVIDED FOR HEREIN, IN EITHER CASE BY 4:00 P.M. (PREVAILING EASTERN TIME) ON AUGUST 2, 2019 (THE "VOTING DEADLINE") OR YOUR VOTE WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") are soliciting votes with respect to the *Fifth Amended Joint Plan of Reorganization of FirstEnergy Solutions Corp.,* et al*., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") from the Holders of certain Impaired Claims against the Debtors.[2] On [●], 2019, the United States Bankruptcy Court for the Northern District of Ohio (the "**Court**") signed an order (the "**Disclosure Statement Order**") [Docket No. ●]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage LLC(6928), case no. 18-50764.  The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

[2] All capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

which approved the *Disclosure Statement for the Fifth Amended Joint Plan of Reorganization FirstEnergy Solutions Corp.,* et. al.*, Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan is attached as Exhibit B to the Disclosure Statement, which is part of the package of materials that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

This Ballot is being sent to the Holders of Class A5, D3 FENOC-FES Unsecured Claims under the Plan as of May 20, 2019 (the "**Voting Record Date**"). If you hold Claims in another Class or Classes in which you are entitled to vote, you will receive a Ballot for such other Class(es). Please use this Ballot to cast your vote to either <u>accept</u> or <u>reject</u> the Plan.

<table>
<tr><td colspan="2"><b>YOU ARE RECEIVING THIS BALLOT BECAUSE THE DEBTORS' RECORDS INDICATED THAT YOU HOLD A CLASS A5, D3 FENOC-FES UNSECURED CLAIM AS FOLLOWS:</b></td></tr>
<tr><td><b>DEBTOR:</b></td><td><b><u>     FES, FENOC     </u></b></td></tr>
<tr><td><b>AMOUNT:</b></td><td>_____</td></tr>
</table>

**Your rights are described in the Plan and the Disclosure Statement, which were included in the Solicitation Package**. Please read the Plan and Disclosure Statement carefully before submitting a Ballot. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim under the Plan. If you need to obtain additional copies of the Plan, the Disclosure Statement, or other Solicitation Materials, you may obtain free copies (a) at the dedicated website of the Voting Agent for the Debtors' chapter 11 cases at https://cases.primeclerk.com/fes/, (b) upon request by mail to FirstEnergy Solutions Corp. Balloting Center, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022, or (c) by contacting the Voting Agent directly by calling (855) 934-8766 or by emailing fesballots@primeclerk.com.

**If the Plan is confirmed by the Court it will be binding on you whether or not you vote**. The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the Holders of at least two-thirds (2/3) in the amount and more than one-half (1/2) in number of claims in each voting class who voted to either accept or reject the Plan, and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under Section 1129(b) of the Bankruptcy Code, the foregoing, as and to the extent applicable to the Debtors' cases.

<u>ARTICLE VIII</u> OF THE PLAN CONTAINS RELEASE, INJUNCTION AND EXCULPATION PROVISIONS, INCLUDING **CONSENSUAL THIRD PARTY RELEASES IN ARTICLE VIII.E.** THUS, YOU SHOULD REVIEW AND CONSIDER THE PLAN CAREFULLY

BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER WITH RESPECT TO THE THIRD PARTY RELEASES.

## **VOTING INSTRUCTIONS**

1. Capitalized terms used in the Ballot or in these instructions but not otherwise defined therein or herein shall have the meanings ascribed in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable, copies of which also accompany the Ballot.

2. The Court may confirm the Plan and thereby bind you by the terms of the Plan. Please review the Disclosure Statement for more information.

3. In order for your vote to count, you must:

    i.   Complete and certify the amount of your Claim in Item 1;

    ii.  Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

    iii. Review Item 3, the Plan provisions relating to Consensual Third Party Releases;

    iv.  Review Item 4, the Plan provisions relating to the ability to elect to be treated as a Convenience Claim, and follow the instructions therein;

    v.   Review Item 5, the Plan provisions relating to the ability to make an Equity Election, and follow the instructions therein;

    vi.  Review and sign the certifications in Item 6;

    vii. If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

    viii. Return the original, completed Ballot to the Voting Agent on or before the Voting Deadline, which is 4:00 p.m. (prevailing Eastern Time) on August 2, 2019, in one of the two manners described below:

---

**If Submitting Your Vote through the E-Balloting Portal**

**The Voting Agent will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit https://cases.primeclerk.com/FES/, click on the "Submit E-Ballot" section of the website, and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

---

3

**Unique E-Ballot ID#:**_____

**The Voting Agent's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in <u>Item 1</u> of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the E-Balloting Portal should NOT also submit a paper Ballot.**

**If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.**

**<u>If Submitting Your Vote by First Class Mail, Overnight Courier, or Hand Delivery</u>**

**Please complete and execute your ballot and submit it by first class mail in the enclosed postage prepaid envelope or by sending it to the following address:**

<p align="center"><strong>FirstEnergy Solutions Corp. Ballot Processing<br>
c/o Prime Clerk LLC<br>
830 Third Avenue, 3rd Floor<br>
New York, NY 10022</strong></p>

**If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.**

4. You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, as a Holder of a Claim against multiple Debtors, you must vote all of your Claims either to accept or reject the Plan and may not vote to accept the Plan as to certain Debtors and reject the Plan as to other Debtors. Further, if a Holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

5. If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise. The method of delivery of Ballots to the Voting Agent is at the election and risk of each Holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Voting Agent actually receives the originally executed Ballot. **In all cases, Holders should allow sufficient time to assure timely delivery. No Ballot should be sent to any of the Debtors, the Debtors' agents**

<p align="center">4</p>

**(other than the Voting Agent), or the Debtors' financial or legal advisors, and if so sent will not be counted**.

6. If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the last valid Ballot timely received will supersede and revoke any earlier received Ballot.

7. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor the Voting Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

8. If you wish to have your Claim Allowed in a different amount, classification or treatment than the amount, classification or treatment listed on the Beneficial Ballot for purposes of voting on the Plan, you must serve on the Debtors and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claims for purposes of voting (the "**Temporary Allowance Request Motion**") no later than **July 5, 2019 at 4:00 p.m. (prevailing Eastern Time)** (the "**Temporary Allowance Request Motion Deadline**"). All objections and responses to Temporary Allowance Request Motions must be filed and served on or before **July 19, 2019**. A claimant may file a reply to any objection or response to its motion on or before **July 22, 2019**. Any order temporarily allowing such claims must be entered on or before **August 9, 2019** or as otherwise ordered by the Court. Temporary Allowance Request Motions must adhere to the requirements set forth in the Disclosure Statement Order to be considered by the Court.

9. This Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

10. If you hold Claims in more than one Class (other than Multi-Debtor Claims) under the Plan or in multiple accounts, you may receive more than one Ballot coded for each different Class or account. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you received.

11. The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (b) any Ballot cast by a party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; and (e) any Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

12. If you believe you have received the wrong Ballot, you should contact the Voting Agent immediately at (855) 934-8766.

# ACCEPTANCE OR REJECTION OF THE PLAN

**ITEM 1.**     **CLAIM AMOUNT FOR VOTING PURPOSES.**

The undersigned certifies that as of May 20, 2019, it held a Class A5, D3 FENOC-FES Unsecured Claim under the Plan in the amount of _____.

**ITEM 2.**     **VOTE.**

The Holder of the Class A5, D3 FENOC-FES Unsecured Claim identified in Item 1 votes:

❑     **to ACCEPT the Plan.**          ❑     **to REJECT the Plan.**

**PLEASE FULLY COMPLETE THIS BALLOT BY CHECKING THE "ACCEPT" OR "REJECT" BOX. IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED, BUT THE BALLOT IS OTHERWISE COMPLETED, THE BALLOT WILL BE COUNTED AS HAVING ACCEPTED THE PLAN.**

**ITEM 3.**     **IMPORTANT INFORMATION REGARDING THIRD PARTY RELEASES.**

The Plan contains Consensual Third Party Releases of claims and Causes of Action against the Debtor Released Parties, the FE Non-Debtor Released Parties and the Other Released Parties.

**IF YOU (I) VOTE TO ACCEPT THE PLAN OR (II) ARE DEEMED TO HAVE ACCEPTED THE PLAN, YOU WILL BE DEEMED TO CONSENT TO THE RELEASED SET FORTH IN ARTICLE VIII.E OF THE PLAN. IF YOU (I) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (II) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN, OR (III) VOTE TO REJECT THE PLAN, IN EACH CASE YOU WILL NOT BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN.**

**IF YOU ELECT TO REJECT THE PLAN, AND THEREFORE, NOT TO GRANT THE CONSENSUAL THIRD PARTY RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF RECEIVING THE CONSENSUAL THIRD PARTY RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN IF YOU ARE A RELEASED PARTY THEREUNDER.**

Article VIII.E of the Plan provides for the following Consensual Third Party Releases:

**On and as of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Debtor Released Parties, FE Non-Debtor Released Parties and Other Released Parties to facilitate and implement the Plan, each Holder of a Claim or Interest that (i) votes to accept the Plan, (ii) is deemed to have accepted the Plan, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged each Debtor Released Party, FE Non-Debtor Released Party and Other Released Party from any and all claims and Causes of Action, including any derivative claims asserted or assertable by or on behalf**

of any of the Debtors, the Reorganized Debtors, or their Estates or Affiliates (including any FE Non-Debtor Parties), as applicable, that such Entity would have been legally entitled to assert its own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to, or in any manner arising from in whole or in part, the Debtors, the Debtors' businesses, the Debtors' property, the Debtors' capital structure, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring discussions, intercompany transactions between or among the Debtors and/or their Affiliates (including any FE Non-Debtor Parties), the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and Released Party, the PCNs, the FES Notes, any interest in the Mansfield Facility Documents, the Chapter 11 Cases and related adversary proceedings, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Restructuring Support Agreement, the Process Support Agreement, the Standstill Agreement, the FE Settlement Agreement, the Disclosure Statement, the Plan, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the foregoing, including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion, the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any obligations of any Entity arising after the Effective Date under the Plan, the Confirmation Order, any Restructuring Transaction, the FE Settlement Agreement and any related obligations under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan and the FE Settlement Agreement, (ii) any Consenting Owner Participant from its obligations to the Consenting Owner Trustee, in its individual capacity (and its successors, permitted assigns, directors, officers, employees, agents, and servants), under the Mansfield Trust Agreements or (iii) the Consenting Owner Trustee from its obligations under the Mansfield Trust Agreements with respect to periods after the Effective Date.

For the avoidance of doubt, on and as of the Effective Date, each Holders of a Claim or Interest that (i) votes to accept the Plan or (ii) is deemed to have accepted the Plan shall be deemed to provide a full and complete discharge and release to the Debtor Released Parties, FE Non-Debtor Released Parties and the Other Released Parties and their respective property from any and all Causes of Action whatsoever, whether known or unknown, asserted or unasserted, derivative or direct, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, whether for or sounding in tort, fraud, contract, violations of federal or state securities laws, veil piercing, substantive consolidation or alter-ego theories of liability, contribution, indemnification, joint or several liability, or otherwise arising from or related in any way to (i) the Debtors, the Reorganized Debtors, their businesses, their property, or any interest in the Mansfield Facility Documents; (ii) any Cause of Action against the FE Non-Debtor Released Parties or their property arising in

7

connection with any intercompany transactions or other matters arising in the conduct of the Debtors' businesses; (iii) the Chapter 11 Cases; (iv) the formulation, preparation, negotiation, dissemination, implementation, administration, Confirmation or Consummation of the Plan, the Plan Supplement, any contract, employee pension or benefit plan instrument, release, or other agreement or document related to any Debtor, the Chapter 11 Cases or the Plan, modified, amended, terminated, or entered into in connection with either the Plan, or any agreement between the Debtors and any FE Non-Debtor Released Party, including the FE Settlement Agreement; or (v) any other act taken or omitted to be taken in connection with the Chapter 11 Cases, including, without limitation, acts or omissions occurring after the Effective Date in connection with distributions made consistent with the terms of the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval under section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, of the Consensual Third Party Release, which includes by reference each of the related provisions and definitions contained in the Plan.

For the avoidance of doubt and notwithstanding anything else in the Plan, any Confirmation Order, or any implementing or supplementing plan documents, (i) no Governmental Units shall be deemed to accept the Plan for purposes of Article VIII.E of the Plan and (ii) the United States, Ohio Environmental Protection Agency, Ohio Department of Natural Resources, and Pennsylvania Department of Environmental Protection have agreed not to vote on the Plan and will not be subject to the releases in Article VIII.E of the Plan provided, however, if any agency of the United States or any agency of any state actually votes to accept the Plan, such agency shall be deemed to provide the releases in Article VIII.E of the Plan on the Effective Date for such agency and only for such agency.

ITEM 4.        OPTIONAL ELECTION TO BE TREATED AS A CLASS A8, D6 CONVENIENCE CLAIM.

By checking the box below, regardless of the amount of your Class A5, D3 FENOC-FES Unsecured Claim, you elect to have your Claim reduced to an amount not to exceed $1,000,000 and to have such Claim treated as a Class A8, D6 Convenience Claim. Holders of Allowed Convenience Claims in Class A8 shall receive a distribution in Cash equal to 36.4% of the Allowed Convenience Claim. Holders of Allowed Convenience Claims in Class D6 shall receive a distribution in Cash equal to 24.0% of the Allowed Convenience Claim. If you elect to have such Claim treated as a Class A8, D6 Convenience Claim, you will be giving up the distribution amount for Class A5, D3 FENOC-FES Unsecured Claims calculated on the full amount of your Claim.

> ❑
> **The undersigned elects to have its Class A5, D3 FENOC-FES Unsecured Claim identified in Item 1 treated as a Class A8, D6 Convenience Claim and acknowledges that any valid Claim will be Allowed in an amount not to exceed $1,000,000.**

8

## ITEM 5.  OPTIONAL EQUITY ELECTION FOR HOLDERS OF GENERAL UNSECURED CLAIMS.

Holders of General Unsecured Claims may be eligible to elect to receive New Common Stock, rather than Cash, in satisfaction of their Claim (an "**Equity Election**") under the Plan. The date of record for purposes of making an Equity Election is January 23, 2019 or such later date as may be agreed to by the Debtors with the consent of the Requisite Supporting Parties and the Committee (the "**Equity Election Record Date**"). All Holders of General Unsecured Claims wishing to make an Equity Election with respect to an eligible Claim are required to certify on their Ballots that they (i) were the beneficial holder of such Claim as of the applicable Equity Election Record Date and have not sold, transferred, or provided a participation in such Claim, or directly or implicitly agreed to do so following the applicable Equity Election Record Date or (ii) are otherwise a party to the Restructuring Support Agreement and the beneficial holder of such Claim and such Claim was subject to the Restructuring Support Agreement as of the applicable Equity Election Record Date.

**Any Holder of a General Unsecured Claim who is not party to the restructuring support agreement entered into by the Debtors and certain other parties on January 23, 2019 (the "Restructuring Support Agreement") who sells its claim after the Equity Election Record Date will not be permitted to make an Equity Election under the Plan. Further, any buyer of a General Unsecured Claim, which Claim is not subject to the Restructuring Support Agreement as of the Equity Election Record Date will not be entitled to make an Equity Election under the Plan and will only be permitted to receive an equivalent cash distribution on account of such General Unsecured Claim.**

By checking the box below, you elect to receive New Common Stock rather than Cash in satisfaction of your Class A5, D3 FENOC-FES Unsecured Claim identified in Item 1. For the avoidance of doubt, you may only elect to receive New Common Stock rather than Cash in satisfaction of (i) your Class A5 FENOC-FES Unsecured Claim against FES and (ii) the portion of your Class D3 FENOC-FES Unsecured Claim up to the portion of the Class D3 FENOC-FES Unsecured Claim guaranteed by FES. You will receive the remainder of any distribution to which you are entitled on account of such Class D3 FENOC-FES Unsecured Claim in Cash.

> ❑
> **The undersigned elects to receive the eligible portion of its distribution on account of its Class A5, D3 FENOC-FES Unsecured Claim identified in Item 1 in New Common Stock.**

By checking the box below, you acknowledge that you (i) were the beneficial holder of the Class A5, D3 FENOC-FES Unsecured Claim identified in Item 1 as of the Equity Election Record Date, which was January 23, 2019, or such later date as agreed to by the Debtors with the consent of the Requisite Supporting Parties and the Committee, and you have not sold, transferred, or provided a participation in the Class A5, D3 FENOC-FES Unsecured Claim identified in Item 1, or directly or implicitly agreed to do so following the applicable Equity Election Record Date, or (ii) are otherwise a party to the Restructuring Support Agreement and the beneficial holder of the Class A5, D3 FENOC-FES Unsecured Claim identified in Item 1 and

9

the Class A5, D3 FENOC-FES Unsecured Claim identified in Item 1 was subject to the Restructuring Support Agreement as of the applicable Equity Election Record Date.

> ❑
> **The undersigned acknowledges that (i) it was the beneficial holder of the Class A5, D3 FENOC-FES Unsecured Claim identified in Item 1 as of the Equity Election Record Date, which was January 23, 2019, or such later date as agreed to by the Debtors with the consent of the Requisite Supporting Parties and the Committee and it has not sold, transferred or provided a participation in the Class A5, D3 FENOC-FES Unsecured Claim identified in Item 1, or directly or implicitly agreed to do so following the applicable Equity Election Record Date, or (ii) it is otherwise a party to the Restructuring Agreement and the beneficial holder of the Class A5, D3 FENOC-FES Unsecured Claim identified in Item 1 and the Class A5, D3 FENOC-FES Unsecured Claim identified in Item 1 was subject to the Restructuring Support Agreement as of the applicable Equity Election Record Date.**

## ITEM 6.  CERTIFICATION

By signing this Ballot, the Holder certifies that:

    a.  as of the Voting Record Date it is the Holder of the Claim in Item 1 to which this Ballot pertains;

    b.  if the Holder made an Equity Election in Item 5, the acknowledgement made in Item 5 is true, accurate, and complete;

    c.  it has been provided with a copy of the Solicitation Package containing the Plan, the Disclosure Statement (together with its exhibits), the Disclosure Statement Order, the notice regarding the date and time of the hearing at which the Court will consider confirmation of the Plan, and a copy of any letters recommending approval of the Plan, and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order;

    d.  it has the full power to vote to accept or reject the Plan; and

    e.  it has not submitted any other Ballots relating to the Claim in Item 1 that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto,

if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

| | |
|---|---|
| Name of Claim Holder (Print or Type): | _____ |
| Social Security or Federal Tax I.D. No. (Optional): | _____ |
| Signature: | _____ |
| Name of Signatory: | _____ |
| If Authorized Agent of Claimant, Title of Agent: | _____ |
| Street Address: | _____ |
| City, State, and Zip Code: | _____ |
| Telephone Number: | _____ |
| Email Address: | _____ |
| Date Completed: | _____ |

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Moreover, this Ballot shall not constitute or be deemed to be proof of claim or an assertion of a claim.

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT (A) BY WRITING TO FIRSTENERGY SOLUTIONS CORP. C/O PRIME CLERK LLC, 830 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10022; (B) BY TELEPHONE AT (855) 934-8766; OR (C) BY EMAIL AT FESBALLOTS@PRIMECLERK.COM.**

**THE VOTING AGENT IS NOT AUTHORIZED TO AND WILL NOT PROVIDE LEGAL ADVICE. <u>PLEASE DO NOT DIRECT ANY INQUIRIES TO THE COURT.</u>**

# PLEASE RETURN YOUR BALLOT PROMPTLY

### If Submitting Your Vote through the E-Balloting Portal

The Voting Agent will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit https://cases.primeclerk.com/FES/, click on the "Submit E-Ballot" section of the website, and follow the instructions to submit your Ballot.

IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:

Unique E-Ballot ID#:_____

The Voting Agent's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.

Each E-Ballot ID# is to be used solely for voting only those Claims described in **Item 1** of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the E-Balloting Portal should NOT also submit a paper Ballot.

If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

### If Submitting Your Vote by First Class Mail, Overnight Courier, or Hand Delivery

Please complete and execute your ballot and submit it by first class mail in the enclosed postage prepaid envelope or by sending it to the following address:

<div align="center">

**FirstEnergy Solutions Corp. Ballot Processing**
**c/o Prime Clerk LLC**
**830 Third Avenue, 3rd Floor**
**New York, NY 10022**

</div>

If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
|  | ) Case No. 18-50757 (AMK) |
| FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] | ) (Jointly Administered) |
|  | ) |
| Debtors. | ) |
|  | ) Hon. Judge Alan M. Koschik |
|  | ) |

## BALLOT FOR
## ACCEPTING OR REJECTING THE *FIFTH AMENDED*
## *JOINT PLAN OF REORGANIZATION OF FIRSTENERGY SOLUTIONS*
## *CORP., ET AL., PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE*

### CLASS A6 (FES SINGLE-BOX UNSECURED CLAIMS)

> **THIS BALLOT (THE "BALLOT") MUST BE COMPLETED AND (I) IF CAST ELECTRONICALLY, SUBMITTED THROUGH THE BALLOTING PORTAL OF PRIME CLERK LLC (THE "VOTING AGENT"), AS PROVIDED FOR HEREIN, OR (II) IF CAST IN PAPER FORM, DELIVERED SO AS TO BE ACTUALLY RECEIVED BY THE VOTING AGENT AT THE ADDRESS PROVIDED FOR HEREIN, IN EITHER CASE BY 4:00 P.M. (PREVAILING EASTERN TIME) ON AUGUST 2, 2019 (THE "VOTING DEADLINE") OR YOUR VOTE WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") are soliciting votes with respect to the *Fifth Amended Joint Plan of Reorganization of FirstEnergy Solutions Corp.,* et al*., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") from the Holders of certain Impaired Claims against the Debtors.[2] On [●], 2019, the United States Bankruptcy Court for the Northern District of Ohio (the "**Court**") signed an order (the "**Disclosure Statement Order**") [Docket No. ●] which approved the *Disclosure Statement for the Fifth Amended Joint Plan of Reorganization*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage LLC(6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

[2] All capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

*FirstEnergy Solutions Corp.,* et. al.*, Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan is attached as Exhibit B to the Disclosure Statement, which is part of the package of materials that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

This Ballot is being sent to the Holders of Class A6 FES Single-Box Unsecured Claims under the Plan as of May 20, 2019 (the "**Voting Record Date**"). If you hold Claims in another Class or Classes in which you are entitled to vote, you will receive a Ballot for such other Class(es). Please use this Ballot to cast your vote to either accept or reject the Plan.

---

**YOU ARE RECEIVING THIS BALLOT BECAUSE THE DEBTORS' RECORDS INDICATED THAT YOU HOLD A CLASS A6 FES SINGLE-BOX UNSECURED CLAIM AS FOLLOWS:**

DEBTOR: _____**FES**_____

AMOUNT: _____

---

**Your rights are described in the Plan and the Disclosure Statement, which were included in the Solicitation Package**. Please read the Plan and Disclosure Statement carefully before submitting a Ballot. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim under the Plan. If you need to obtain additional copies of the Plan, the Disclosure Statement, or other Solicitation Materials, you may obtain free copies (a) at the dedicated website of the Voting Agent for the Debtors' chapter 11 cases at https://cases.primeclerk.com/fes/, (b) upon request by mail to FirstEnergy Solutions Corp. Balloting Center, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022, or (c) by contacting the Voting Agent directly by calling (855) 934-8766 or by emailing fesballots@primeclerk.com.

**If the Plan is confirmed by the Court it will be binding on you whether or not you vote**. The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the Holders of at least two-thirds (2/3) in the amount and more than one-half (1/2) in number of claims in each voting class who voted to either accept or reject the Plan, and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under Section 1129(b) of the Bankruptcy Code, the foregoing, as and to the extent applicable to the Debtors' cases.

---

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, INJUNCTION AND EXCULPATION PROVISIONS, INCLUDING **CONSENSUAL THIRD PARTY RELEASES IN ARTICLE VIII.E.** THUS, YOU SHOULD REVIEW AND CONSIDER THE PLAN CAREFULLY

---

2

BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER WITH RESPECT TO THE THIRD PARTY RELEASES.

## **VOTING INSTRUCTIONS**

1. Capitalized terms used in the Ballot or in these instructions but not otherwise defined therein or herein shall have the meanings ascribed in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable, copies of which also accompany the Ballot.

2. The Court may confirm the Plan and thereby bind you by the terms of the Plan. Please review the Disclosure Statement for more information.

3. In order for your vote to count, you must:

   i.   Complete and certify the amount of your Claim in Item 1;

   ii.  Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

   iii. Review Item 3, the Plan provisions relating to Consensual Third Party Releases;

   iv.  Review Item 4, the Plan provisions relating to the ability to elect to be treated as a Convenience Claim, and follow the instructions therein;

   v.   Review Item 5, the Plan provisions relating to the ability to make an Equity Election, and follow the instructions therein;

   vi.  Review and sign the certifications in Item 6;

   vii. If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

   viii. Return the original, completed Ballot to the Voting Agent on or before the Voting Deadline, which is 4:00 p.m. (ET) on August 2, 2019, in one of the two manners described below:

---

**If Submitting Your Vote through the E-Balloting Portal**

**The Voting Agent will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit https://cases.primeclerk.com/FES/, click on the "Submit E-Ballot" section of the website, and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

---

3

**Unique E-Ballot ID#:** _____

The Voting Agent's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.

Each E-Ballot ID# is to be used solely for voting only those Claims described in <u>Item 1</u> of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the E-Balloting Portal should NOT also submit a paper Ballot.

If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

<u>If Submitting Your Vote by First Class Mail, Overnight Courier, or Hand Delivery</u>

Please complete and execute your ballot and submit it by first class mail in the enclosed postage prepaid envelope or by sending it to the following address:

<div align="center">

**FirstEnergy Solutions Corp. Ballot Processing**
**c/o Prime Clerk LLC**
**830 Third Avenue, 3rd Floor**
**New York, NY 10022**

</div>

If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

4. You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, if a Holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

5. If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise. The method of delivery of Ballots to the Voting Agent is at the election and risk of each Holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Voting Agent actually receives the originally executed Ballot. **In all cases, Holders should allow sufficient time to assure timely delivery. No Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Voting Agent), or the Debtors' financial or legal advisors, and if so sent will not be counted**.

<div align="center">4</div>

6. If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the last valid Ballot timely received will supersede and revoke any earlier received Ballot.

7. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor the Voting Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

8. If you wish to have your Claim Allowed in a different amount, classification or treatment than the amount, classification or treatment listed on the Beneficial Ballot for purposes of voting on the Plan, you must serve on the Debtors and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "**Temporary Allowance Request Motion**") no later than **July 5, 2019 at 4:00 p.m. (prevailing Eastern Time) (the "Temporary Allowance Request Motion Deadline**"). All objections and responses to Temporary Allowance Request Motions must be filed and served on or before **July 19, 2019**. A claimant may file a reply to any objection or response to its motion on or before **July 22, 2019**. Any order temporarily allowing such claims must be entered on or before **August 9, 2019** or as otherwise ordered by the Court. Temporary Allowance Request Motions must adhere to the requirements set forth in the Disclosure Statement Order to be considered by the Court.

9. This Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

10. If you hold Claims in more than one Class (other than Multi-Debtor Claims) under the Plan or in multiple accounts, you may receive more than one Ballot coded for each different Class or account. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you received.

11. The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (b) any Ballot cast by a party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; and (e) any Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

12. If you believe you have received the wrong Ballot, you should contact the Voting Agent immediately at (855) 934-8766.

# ACCEPTANCE OR REJECTION OF THE PLAN

**ITEM 1.**     **CLAIM AMOUNT FOR VOTING PURPOSES.**

The undersigned certifies that as of May 20, 2019, it held a Class A6 FES Single-Box Unsecured Claim under the Plan in the amount of _____.

**ITEM 2.**     **VOTE.**

The Holder of the Class A6 FES Single-Box Unsecured Claim identified in Item 1 votes:

❑     **to ACCEPT the Plan.**          ❑     **to REJECT the Plan.**

**PLEASE FULLY COMPLETE THIS BALLOT BY CHECKING THE "ACCEPT" OR "REJECT" BOX.  IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED, BUT THE BALLOT IS OTHERWISE COMPLETED, THE BALLOT WILL BE COUNTED AS HAVING ACCEPTED THE PLAN.**

**ITEM 3.**     **IMPORTANT INFORMATION REGARDING THIRD PARTY RELEASES.**

The Plan contained Consensual Third Party Releases of claims and Causes of Action against the Debtor Released Parties, FE Non-Debtor Released Parties and Other Released Parties.

**IF YOU (I) VOTE TO ACCEPT THE PLAN OR (II) ARE DEEMED TO HAVE ACCEPTED THE PLAN YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN.  IF YOU (I) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (II) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN, OR (III) VOTE TO REJECT THE PLAN, IN EACH CASE YOU WILL NOT BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN.**

**IF YOU ELECT TO REJECT THE PLAN, AND THEREFORE, NOT TO GRANT THE CONSENSUAL THIRD PARTY RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF RECEIVING THE CONSENSUAL THIRD PARTY RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN IF YOU ARE A RELEASED PARTY THEREUNDER.**

Article VIII.E of the Plan provides for the following Consensual Third Party Releases:

**On and as of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Debtor Released Parties, FE Non-Debtor Released Parties and Other Released Parties to facilitate and implement the Plan, each Holder of a Claim or Interest that (i) votes to accept the Plan or (ii) is deemed to have accepted the Plan, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged each Debtor Released Party, FE Non-Debtor Released Party and Other Released Party from any and all claims and Causes of Action, including any derivative claims asserted or assertable by or on behalf**

6

of any of the Debtors, the Reorganized Debtors, or their Estates or Affiliates (including any FE Non-Debtor Parties), as applicable, that such Entity would have been legally entitled to assert its own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to, or in any manner arising from in whole or in part, the Debtors, the Debtors' businesses, the Debtors' property, the Debtors' capital structure, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring discussions, intercompany transactions between or among the Debtors and/or their Affiliates (including any FE Non-Debtor Parties), the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and Released Party, the PCNs, the FES Notes, any interest in the Mansfield Facility Documents, the Chapter 11 Cases and related adversary proceedings, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Restructuring Support Agreement, the Process Support Agreement, the Standstill Agreement, the FE Settlement Agreement, the Disclosure Statement, the Plan, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the foregoing, including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion, the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any obligations of any Entity arising after the Effective Date under the Plan, the Confirmation Order, any Restructuring Transaction, the FE Settlement Agreement and any related obligations under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan and the FE Settlement Agreement, (ii) any Consenting Owner Participant from its obligations to the Consenting Owner Trustee, in its individual capacity (and its successors, permitted assigns, directors, officers, employees, agents, and servants), under the Mansfield Trust Agreements or (iii) the Consenting Owner Trustee from its obligations under the Mansfield Trust Agreements with respect to periods after the Effective Date.

For the avoidance of doubt, on and as of the Effective Date, each Holder of a Claim or Interest that (i) votes to accept the Plan or (ii) is deemed to have accepted the Plan shall be deemed to provide a full and complete discharge and release to the Debtor Released Parties, the FE Non-Debtor Released Parties and the Other Released Parties and their respective property from any and all Causes of Action whatsoever, whether known or unknown, asserted or unasserted, derivative or direct, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, whether for or sounding in tort, fraud, contract, violations of federal or state securities laws, veil piercing, substantive consolidation or alter-ego theories of liability, contribution, indemnification, joint or several liability, or otherwise arising from or related in any way to (i) the Debtors, the Reorganized Debtors, their businesses, their property, or any interest in the Mansfield Facility Documents; (ii) any Cause of Action against the FE Non-Debtor Released Parties or their property arising in

7

connection with any intercompany transactions or other matters arising in the conduct of the Debtors' businesses; (iii) the Chapter 11 Cases; (iv) the formulation, preparation, negotiation, dissemination, implementation, administration, Confirmation or Consummation of the Plan, the Plan Supplement, any contract, employee pension or benefit plan instrument, release, or other agreement or document related to any Debtor, the Chapter 11 Cases or the Plan, modified, amended, terminated, or entered into in connection with either the Plan, or any agreement between the Debtors and any FE Non-Debtor Released Party, including the FE Settlement Agreement; or (v) any other act taken or omitted to be taken in connection with the Chapter 11 Cases, including, without limitation, acts or omissions occurring after the Effective Date in connection with distributions made consistent with the terms of the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval under section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, of the Consensual Third Party Release, which includes by reference each of the related provisions and definitions contained in the Plan.

For the avoidance of doubt and notwithstanding anything else in the Plan, any Confirmation Order, or any implementing or supplementing plan documents, (i) no Governmental Units shall be deemed to accept the Plan for purposes of Article VIII.E of the Plan and (ii) the United States, Ohio Environmental Protection Agency, Ohio Department of Natural Resources, and Pennsylvania Department of Environmental Protection have agreed not to vote on the Plan and will not be subject to the releases in Article VIII.E of the Plan provided, however, if any agency of the United States or any agency of any state actually votes to accept the Plan, such agency shall be deemed to provide the releases in Article VIII.E of the Plan on the Effective Date for such agency and only for such agency.

ITEM 4.    OPTIONAL ELECTION TO BE TREATED AS A CLASS A8 CONVENIENCE CLAIM.

By checking the box below, regardless of the amount of your Class A6 FES Single-Box Unsecured Claim, you elect to have your Claim reduced to an amount not to exceed $1,000,000 and to have such Claim treated as a Class A8 Convenience Claim. Holders of Allowed Convenience Claims in Class A8 shall receive a distribution in Cash equal to 36.4% of the Allowed Convenience Claim. If you elect to have such Claim treated as a Class A8 Convenience Claim, you will be giving up the distribution amount for Class A6 FES Single-Box Unsecured Claims calculated on the full amount of your Claim.

> ❑
> **The undersigned elects to have its Class A6 FES Single-Box Unsecured Claim identified in Item 1 treated as a Class A8 Convenience Claim and acknowledges that any valid Claim will be Allowed in an amount not to exceed $1,000,000.**

8

Holders of General Unsecured Claims may be eligible to elect to receive New Common Stock, rather than Cash, in satisfaction of their Claim (an "**Equity Election**") under the Plan. The date of record for purposes of making an Equity Election is January 23, 2019 or such later date as may be agreed to by the Debtors with the consent of the Requisite Supporting Parties and the Committee (the "**Equity Election Record Date**"). All Holders of General Unsecured Claims wishing to make an Equity Election with respect to an eligible Claim are required to certify on their Ballots that they (i) were the beneficial holder of such Claim as of the applicable Equity Election Record Date and have not sold, transferred, or provided a participation in such Claim, or directly or implicitly agreed to do so following the applicable Equity Election Record Date or (ii) are otherwise a party to the Restructuring Support Agreement and the beneficial holder of such Claim and such Claim was subject to the Restructuring Support Agreement as of the applicable Equity Election Record Date.

**Any Holder of a General Unsecured Claim who is not party to the restructuring support agreement entered into by the Debtors and certain other parties on January 23, 2019 (the "Restructuring Support Agreement") who sells its claim after the Equity Election Record Date will not be permitted to make an Equity Election under the Plan. Further, any buyer of a General Unsecured Claim, which Claim is not subject to the Restructuring Support Agreement as of the Equity Election Record Date will not be entitled to make an Equity Election under the Plan and will only be permitted to receive an equivalent cash distribution on account of such General Unsecured Claim.**

By checking the box below, you elect to receive New Common Stock rather than Cash in satisfaction of your Class A6 FES Single-Box Unsecured Claim identified in Item 1.

> ❑
> **The undersigned elects to receive its distribution on account of its Class A6 FES Single-Box Unsecured Claim identified in Item 1 in New Common Stock.**

By checking the box below, you acknowledge that you (i) were the beneficial holder of the Class A6 FES Single-Box Unsecured Claim identified in Item 1 as of the Equity Election Record Date, which was January 23, 2019, or such later date as agreed to by the Debtors with the consent of the Requisite Supporting Parties and the Committee and you have not sold, transferred, or provided a participation in the Class A6 FES Single-Box Unsecured Claim in Item 1, or directly or implicitly agreed to do so following the applicable Equity Election Record Date, or (ii) are otherwise party to the Restructuring Support Agreement and the beneficial holder of the Class A6 FES Single-Box Unsecured Claim identified in Item 1 and the Class A6 FES Single-Box Unsecured Claim was subject to the Restructuring Support Agreement as of the applicable Equity Election Record Date.

18-50757-amk    Doc 2714    FILED 05/29/19    ENTERED 05/29/19 09:57:05    Page 101 of 300

☐
**The undersigned acknowledges that (i) it was the beneficial holder of the Class A6 FES Single-Box Unsecured Claim identified in Item 1 as of the Equity Election Record Date, which was January 23, 2019, or such later date as agreed to by the Debtors with the consent of the Requisite Supporting Parties and the Committee and it has not sold, transferred or provided a participation in the Class A6 FES Single-Box Unsecured Claim identified in Item 1, or directly or implicitly agreed to do so following the applicable Equity Election Record Date, or (ii) it is otherwise a party to the Restructuring Support Agreement and the beneficial holder of the Class A6 FES Single-Box Unsecured Claim identified in Item 1 and the Class A6 FES Single-Box Unsecured Claim identified in Item 1 was subject to the Restructuring Support Agreement as of the applicable Equity Election Record Date.**

## ITEM 6. CERTIFICATION

By signing this Ballot, the Holder certifies that:

    a.  as of the Voting Record Date it is the Holder of the Claim in Item 1 to which this Ballot pertains;

    b.  if the Holder made an Equity Election in Item 5, the acknowledgement made in Item 5 is true, accurate and complete;

    c.  it has been provided with a copy of the Solicitation Package containing the Plan, the Disclosure Statement (together with its exhibits), the Disclosure Statement Order, the notice regarding the date and time of the hearing at which the Court will consider confirmation of the Plan, and a copy of any letters recommending approval of the Plan, and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order;

    d.  it has the full power to vote to accept or reject the Plan; and

    e.  it has not submitted any other Ballots relating to the Claim in Item 1 that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto,

10

if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

| | |
|---|---|
| Name of Claim Holder (Print or Type): | |
| Social Security or Federal Tax I.D. No. (Optional): | |
| Signature: | |
| Name of Signatory: | |
| If Authorized Agent of Claimant, Title of Agent: | |
| Street Address: | |
| City, State, and Zip Code: | |
| Telephone Number: | |
| Email Address: | |
| Date Completed: | |

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Moreover, this Ballot shall not constitute or be deemed to be proof of claim or an assertion of a claim.

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT (A) BY WRITING TO FIRSTENERGY SOLUTIONS CORP. C/O PRIME CLERK LLC, 830 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10022; (B) BY TELEPHONE AT (855) 934-8766; OR (C) BY EMAIL AT FESBALLOTS@PRIMECLERK.COM.**

**THE VOTING AGENT IS NOT AUTHORIZED TO AND WILL NOT PROVIDE LEGAL ADVICE. <u>PLEASE DO NOT DIRECT ANY INQUIRIES TO THE COURT.</u>**

# PLEASE RETURN YOUR BALLOT PROMPTLY

### If Submitting Your Vote through the E-Balloting Portal

The Voting Agent will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit https://cases.primeclerk.com/FES/, click on the "Submit E-Ballot" section of the website, and follow the instructions to submit your Ballot.

IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:

Unique E-Ballot ID#:_____

The Voting Agent's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.

Each E-Ballot ID# is to be used solely for voting only those Claims described in **Item 1** of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the E-Balloting Portal should NOT also submit a paper Ballot.

If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

### If Submitting Your Vote by First Class Mail, Overnight Courier, or Hand Delivery

Please complete and execute your ballot and submit it by first class mail in the enclosed postage prepaid envelope or by sending it to the following address:

**FirstEnergy Solutions Corp. Ballot Processing**
**c/o Prime Clerk LLC**
**830 Third Avenue, 3rd Floor**
**New York, NY 10022**

If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
|  | ) Case No. 18-50757 (AMK) |
| FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] | ) (Jointly Administered) |
|  | ) |
| Debtors. | ) |
|  | ) Hon. Judge Alan M. Koschik |
|  | ) |

## BALLOT FOR
## ACCEPTING OR REJECTING THE *FIFTH AMENDED*
## *JOINT PLAN OF REORGANIZATION OF FIRSTENERGY SOLUTIONS*
## *CORP., ET AL., PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE*

### CLASS A7, B8, E5 (MANSFIELD INDEMNITY CLAIMS)

> **THIS BALLOT (THE "BALLOT") MUST BE COMPLETED AND (I) IF CAST ELECTRONICALLY, SUBMITTED THROUGH THE BALLOTING PORTAL OF PRIME CLERK LLC (THE "VOTING AGENT"), AS PROVIDED FOR HEREIN, OR (II) IF CAST IN PAPER FORM, DELIVERED SO AS TO BE ACTUALLY RECEIVED BY THE VOTING AGENT AT THE ADDRESS PROVIDED FOR HEREIN, IN EITHER CASE BY 4:00 P.M. (PREVAILING EASTERN TIME) ON AUGUST 2, 2019 (THE "VOTING DEADLINE") OR YOUR VOTE WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

    The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") are soliciting votes with respect to the *Fifth Amended Joint Plan of Reorganization of FirstEnergy Solutions Corp.,* et al*., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") from the Holders of certain Impaired Claims against the Debtors.[2] On [●], 2019, the United States Bankruptcy Court for the Northern District of Ohio (the "**Court**") signed an order (the "**Disclosure Statement Order**") [Docket No. ●] which approved the *Disclosure Statement for the Fifth Amended Joint Plan of Reorganization*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage LLC(6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

[2] All capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

18-50757-amk    Doc 2714    FILED 05/29/19    ENTERED 05/29/19 09:57:05    Page 105 of 300

*FirstEnergy Solutions Corp.,* et. al*., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan is attached as Exhibit B to the Disclosure Statement, which is part of the package of materials that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

This Ballot is being sent to the Holders of Class A7, B8, E5 Mansfield Indemnity Claims under the Plan as of May 20, 2019 (the "**Voting Record Date**"). If you hold Claims in another Class or Classes in which you are entitled to vote, you will receive a Ballot for such other Class(es). Please use this Ballot to cast your vote to either accept or reject the Plan.

| YOU ARE RECEIVING THIS BALLOT BECAUSE THE DEBTORS' RECORDS INDICATED THAT YOU HOLD A CLASS A7, B8, E5 MANSFIELD INDEMNITY CLAIM AS FOLLOWS: |
| :--- |
| **DEBTOR:** _____**FES, FG, FGMUC**_____ |
| **AMOUNT:** _____ |

**Your rights are described in the Plan and the Disclosure Statement, which were included in the Solicitation Package**. Please read the Plan and Disclosure Statement carefully before submitting a Ballot. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim under the Plan. If you need to obtain additional copies of the Plan, the Disclosure Statement, or other Solicitation Materials, you may obtain free copies (a) at the dedicated website of the Voting Agent for the Debtors' chapter 11 cases at https://cases.primeclerk.com/fes/, (b) upon request by mail to FirstEnergy Solutions Corp. Balloting Center, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022, or (c) by contacting the Voting Agent directly by calling (855) 934-8766 or by emailing fesballots@primeclerk.com.

**If the Plan is confirmed by the Court it will be binding on you whether or not you vote**. The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the Holders of at least two-thirds (2/3) in the amount and more than one-half (1/2) in number of claims in each voting class who voted to either accept or reject the Plan, and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under Section 1129(b) of the Bankruptcy Code, the foregoing, as and to the extent applicable to the Debtors' cases.

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, INJUNCTION AND EXCULPATION PROVISIONS, INCLUDING **CONSENSUAL THIRD PARTY RELEASES IN ARTICLE VIII.E.** THUS, YOU SHOULD REVIEW AND CONSIDER THE PLAN CAREFULLY

BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER WITH RESPECT TO THE THIRD PARTY RELEASES.

## **VOTING INSTRUCTIONS**

1. Capitalized terms used in the Ballot or in these instructions but not otherwise defined therein or herein shall have the meanings ascribed in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable, copies of which also accompany the Ballot.

2. The Court may confirm the Plan and thereby bind you by the terms of the Plan. Please review the Disclosure Statement for more information.

3. In order for your vote to count, you must:

    i.  Complete and certify the amount of your Claim in Item 1;

    ii. Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

    iii. Review Item 3, the Plan provisions relating to Consensual Third Party Releases;

    iv. Review and sign the certifications in Item 4;

    v.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

    vi. Return the original, completed Ballot to the Voting Agent on or before the Voting Deadline, which is 4:00 p.m. (prevailing Eastern Time) on August 2, 2019, in one of the two manners described below:

---

**If Submitting Your Vote through the E-Balloting Portal**

**The Voting Agent will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit https://cases.primeclerk.com/FES/, click on the "Submit E-Ballot" section of the website, and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

      **Unique E-Ballot ID#:**_____

---

**The Voting Agent's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in <u>Item 1</u> of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the E-Balloting Portal should NOT also submit a paper Ballot.**

**If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.**

---

**<u>If Submitting Your Vote by First Class Mail, Overnight Courier, or Hand Delivery</u>**

**Please complete and execute your ballot and submit it by first class mail in the enclosed postage prepaid envelope or by sending it to the following address:**

<center>

**FirstEnergy Solutions Corp. Ballot Processing**
**c/o Prime Clerk LLC**
**830 Third Avenue, 3rd Floor**
**New York, NY 10022**

</center>

**If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.**

---

4. You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, as a Holder of a Claim against multiple Debtors, you must vote all of your Claims either to accept or reject the Plan and may not vote to accept the Plan as to certain Debtors and reject the Plan as to other Debtors. Further, if a Holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

5. If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise. The method of delivery of Ballots to the Voting Agent is at the election and risk of each Holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Voting Agent actually receives the originally executed Ballot. **<u>In all cases, Holders should allow sufficient time to assure timely delivery. No Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Voting Agent), or the Debtors' financial or legal advisors, and if so sent will not be counted</u>**.

<center>4</center>

6. If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the last valid Ballot timely received will supersede and revoke any earlier received Ballot.

7. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor the Voting Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

8. If you wish to have your Claim Allowed in a different amount, classification or treatment than the amount, classification or treatment listed on the Beneficial Ballot for purposes of voting on the Plan, you must serve on the Debtors and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "**Temporary Allowance Request Motion**") no later than **July 5, 2019 at 4:00 p.m. (prevailing Eastern Time) (the "Temporary Allowance Request Motion Deadline**"). All objections and responses to Temporary Allowance Request Motions must be filed and served on or before **July 19, 2019**. A claimant may file a reply to any objection or response to its motion on or before **July 22, 2019**. Any order temporarily allowing such claims must be entered on or before **August 9, 2019** or as otherwise ordered by the Court. Temporary Allowance Request Motions must adhere to the requirements set forth in the Disclosure Statement Order to be considered by the Court.

9. This Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

10. If you hold Claims in more than one Class (other than Multi-Debtor Claims) under the Plan or in multiple accounts, you may receive more than one Ballot coded for each different Class or account. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you received.

11. The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (b) any Ballot cast by a party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; and (e) any Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

12. If you believe you have received the wrong Ballot, you should contact the Voting Agent immediately at (855) 934-8766.

## ACCEPTANCE OR REJECTION OF THE PLAN

**ITEM 1.**     **CLAIM AMOUNT FOR VOTING PURPOSES.**

The undersigned certifies that as of May 20, 2019, it held a Class A7, B8, E5 Mansfield Indemnity Claim under the Plan in the amount of _____ .

**ITEM 2.**     **VOTE.**

The Holder of the Class A7, B8, E5 Mansfield Indemnity Claim identified in Item 1 votes:

☐     **to ACCEPT the Plan.**          ☐          **to REJECT the Plan.**

**PLEASE FULLY COMPLETE THIS BALLOT BY CHECKING THE "ACCEPT" OR "REJECT" BOX.  IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED, BUT THE BALLOT IS OTHERWISE COMPLETED, THE BALLOT WILL BE COUNTED AS HAVING ACCEPTED THE PLAN.**

**ITEM 3.**     **IMPORTANT INFORMATION REGARDING THIRD PARTY RELEASES.**

The Plan contains Consensual Third Party Releases of claims and Causes of Action against the Debtor Released Parties, FE Non-Debtor Released Parties and Other Released Parties.

**IF YOU (I) VOTE TO ACCEPT THE PLAN OR (II) ARE DEEMED TO HAVE ACCEPTED THE PLAN, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN.  IF YOU (I) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (II) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN, OR (III) VOTE TO REJECT THE PLAN, IN EACH CASE YOU WILL NOT BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN.**

**IF YOU ELECT TO REJECT THE PLAN, AND THEREFORE, NOT TO GRANT THE CONSENSUAL THIRD PARTY RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF RECEIVING THE CONSENSUAL THIRD PARTY RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN IF YOU ARE A RELEASED PARTY THEREUNDER.**

Article VIII.E of the Plan provides for the following Consensual Third Party Releases:

**On and as of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Debtor Released Parties, FE Non-Debtor Released Parties and Other Released Parties to facilitate and implement the Plan, each Holder of a Claim or Interest that (i) votes to accept the Plan or (ii) is deemed to have accepted the Plan, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged each Debtor Released Party, FE Non-Debtor Released Party and Other Released Party from any and all claims and Causes of Action, including any derivative claims asserted or assertable by or on behalf**

of any of the Debtors, the Reorganized Debtors, or their Estates or Affiliates (including any FE Non-Debtor Parties), as applicable, that such Entity would have been legally entitled to assert its own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to, or in any manner arising from in whole or in part, the Debtors, the Debtors' businesses, the Debtors' property, the Debtors' capital structure, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring discussions, intercompany transactions between or among the Debtors and/or their Affiliates (including any FE Non-Debtor Parties), the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and Released Party, the PCNs, the FES Notes, any interest in the Mansfield Facility Documents, the Chapter 11 Cases and related adversary proceedings, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Restructuring Support Agreement, the Process Support Agreement, the Standstill Agreement, the FE Settlement Agreement, the Disclosure Statement, the Plan, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the foregoing, including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion, the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any obligations of any Entity arising after the Effective Date under the Plan, the Confirmation Order, any Restructuring Transaction, the FE Settlement Agreement and any related obligations under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan and the FE Settlement Agreement, (ii) any Consenting Owner Participant from its obligations to the Consenting Owner Trustee, in its individual capacity (and its successors, permitted assigns, directors, officers, employees, agents, and servants), under the Mansfield Trust Agreements or (iii) the Consenting Owner Trustee from its obligations under the Mansfield Trust Agreements with respect to periods after the Effective Date.

For the avoidance of doubt, on and as of the Effective Date, each Holder of a Claim or Interest that (i) votes to accept the Plan or (ii) is deemed to have accepted the Plan shall be deemed to provide a full and complete discharge and release to the Debtor Released Parties, the FE Non-Debtor Released Parties and the Other Released Parties and their respective property from any and all Causes of Action whatsoever, whether known or unknown, asserted or unasserted, derivative or direct, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, whether for or sounding in tort, fraud, contract, violations of federal or state securities laws, veil piercing, substantive consolidation or alter-ego theories of liability, contribution, indemnification, joint or several liability, or otherwise arising from or related in any way to (i) the Debtors, the Reorganized Debtors, their businesses, their property, or any interest in the Mansfield Facility Documents; (ii) any Cause of Action against the FE Non-Debtor Released Parties or their property arising in

7

**connection with any intercompany transactions or other matters arising in the conduct of the Debtors' businesses; (iii) the Chapter 11 Cases; (iv) the formulation, preparation, negotiation, dissemination, implementation, administration, Confirmation or Consummation of the Plan, the Plan Supplement, any contract, employee pension or benefit plan instrument, release, or other agreement or document related to any Debtor, the Chapter 11 Cases or the Plan, modified, amended, terminated, or entered into in connection with either the Plan, or any agreement between the Debtors and any FE Non-Debtor Released Party, including the FE Settlement Agreement; or (v) any other act taken or omitted to be taken in connection with the Chapter 11 Cases, including, without limitation, acts or omissions occurring after the Effective Date in connection with distributions made consistent with the terms of the Plan.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval under section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, of the Consensual Third Party Release, which includes by reference each of the related provisions and definitions contained in the Plan.**

**For the avoidance of doubt and notwithstanding anything else in the Plan, any Confirmation Order, or any implementing or supplementing plan documents, (i) no Governmental Units shall be deemed to accept the Plan for purposes of Article VIII.E of the Plan and (ii) the United States, Ohio Environmental Protection Agency, Ohio Department of Natural Resources, and Pennsylvania Department of Environmental Protection have agreed not to vote on the Plan and will not be subject to the releases in Article VIII.E of the Plan provided, however, if any agency of the United States or any agency of any state actually votes to accept the Plan, such agency shall be deemed to provide the releases in Article VIII.E of the Plan on the Effective Date for such agency and only for such agency.**

<u>ITEM 4.</u>    <span style="font-variant:small-caps">CERTIFICATION</span>

By signing this Ballot, the Holder certifies that:

      a.  as of the Voting Record Date it is the Holder of the Claim in Item 1 to which this Ballot pertains;

      b.  it has been provided with a copy of the Solicitation Package containing the Plan, the Disclosure Statement (together with its exhibits), the Disclosure Statement Order, the notice regarding the date and time of the hearing at which the Court will consider confirmation of the Plan, and a copy of any letters recommending approval of the Plan, and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order;

      c.  it has the full power to vote to accept or reject the Plan; and

      d.  it has not submitted any other Ballots relating to the Claim in Item 1 that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto,

<div align="center">8</div>

if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

| | |
|---|---|
| Name of Claim Holder (Print or Type): | _____ |
| Social Security or Federal Tax I.D. No. (Optional): | _____ |
| Signature: | _____ |
| Name of Signatory: | _____ |
| If Authorized Agent of Claimant, Title of Agent: | _____ |
| Street Address: | _____ |
| City, State, and Zip Code: | _____ |
| Telephone Number: | _____ |
| Email Address: | _____ |
| Date Completed: | _____ |

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Moreover, this Ballot shall not constitute or be deemed to be proof of claim or an assertion of a claim.

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT (A) BY WRITING TO FIRSTENERGY SOLUTIONS CORP. C/O PRIME CLERK LLC, 830 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10022; (B) BY TELEPHONE AT (855) 934-8766; OR (C) BY EMAIL AT FESBALLOTS@PRIMECLERK.COM.**

**THE VOTING AGENT IS NOT AUTHORIZED TO AND WILL NOT PROVIDE LEGAL ADVICE. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE COURT.**

9

# PLEASE RETURN YOUR BALLOT PROMPTLY

## If Submitting Your Vote through the E-Balloting Portal

The Voting Agent will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit https://cases.primeclerk.com/FES/, click on the "Submit E-Ballot" section of the website, and follow the instructions to submit your Ballot.

IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:

    Unique E-Ballot ID#:_____

The Voting Agent's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.

Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the E-Balloting Portal should NOT also submit a paper Ballot.

If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

## If Submitting Your Vote by First Class Mail, Overnight Courier, or Hand Delivery

Please complete and execute your ballot and submit it by first class mail in the enclosed postage prepaid envelope or by sending it to the following address:

<div align="center">

FirstEnergy Solutions Corp. Ballot Processing
c/o Prime Clerk LLC
830 Third Avenue, 3rd Floor
New York, NY 10022

</div>

If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
|  | ) | Case No. 18-50757 (AMK) |
| FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] | ) | (Jointly Administered) |
|  | ) |  |
| Debtors. | ) |  |
|  | ) | Hon. Judge Alan M. Koschik |
|  | ) |  |

**BALLOT FOR**
**ACCEPTING OR REJECTING THE *FIFTH AMENDED***
***JOINT PLAN OF REORGANIZATION OF FIRSTENERGY SOLUTIONS***
***CORP., ET AL., PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE***

**CLASS [A8, B9, C8, D6, or E6] CONVENIENCE CLAIM AGAINST [DEBTOR]**

> **THIS BALLOT (THE "BALLOT") MUST BE COMPLETED AND (I) IF CAST ELECTRONICALLY, SUBMITTED THROUGH THE BALLOTING PORTAL OF PRIME CLERK LLC (THE "VOTING AGENT"), AS PROVIDED FOR HEREIN, OR (II) IF CAST IN PAPER FORM, DELIVERED SO AS TO BE ACTUALLY RECEIVED BY THE VOTING AGENT AT THE ADDRESS PROVIDED FOR HEREIN, IN EITHER CASE BY 4:00 P.M. (PREVAILING EASTERN TIME) ON AUGUST 2, 2019 (THE "VOTING DEADLINE") OR YOUR VOTE WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

      The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") are soliciting votes with respect to the *Fifth Amended Joint Plan of Reorganization of FirstEnergy Solutions Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") from the Holders of certain Impaired Claims against the Debtors.[2] On [●], 2019, the United States Bankruptcy Court for the Northern District of Ohio (the "**Court**") signed an order (the "**Disclosure Statement Order**") [Docket No. ●] which approved the *Disclosure Statement for the Fifth Amended Joint Plan of Reorganization*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage LLC(6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

[2] All capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

Ex-8

*FirstEnergy Solutions Corp.,* et. al*., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan is attached as Exhibit B to the Disclosure Statement, which is part of the package of materials that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

This Ballot is being sent to the Holders of Class [A8, B9, C8, D6, or E6] Convenience Claims Against [Debtor] under the Plan as of May 20, 2019 (the "**Voting Record Date**"). If you hold Claims in another Class or Classes in which you are entitled to vote, you will receive a Ballot for such other Class(es). Please use this Ballot to cast your vote to either <u>accept</u> or <u>reject</u> the Plan.

<div style="border:1px solid black;">

**YOU ARE RECEIVING THIS BALLOT BECAUSE THE DEBTORS' RECORDS INDICATED THAT YOU HOLD A CLASS [A8, B9, C8, D6, E6] CONVENIENCE CLAIM AGAINST [DEBTOR] AS FOLLOWS:**

**DEBTOR:** _____

**AMOUNT:** _____

</div>

**Your rights are described in the Plan and the Disclosure Statement, which were included in the Solicitation Package**. Please read the Plan and Disclosure Statement carefully before submitting a Ballot. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim under the Plan. If you need to obtain additional copies of the Plan, the Disclosure Statement, or other Solicitation Materials, you may obtain free copies (a) at the dedicated website of the Voting Agent for the Debtors' chapter 11 cases at https://cases.primeclerk.com/fes/, (b) upon request by mail to FirstEnergy Solutions Corp. Balloting Center, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022, or (c) by contacting the Voting Agent directly by calling (855) 934-8766 or by emailing fesballots@primeclerk.com.

**If the Plan is confirmed by the Court it will be binding on you whether or not you vote**. The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the Holders of at least two-thirds (2/3) in the amount and more than one-half (1/2) in number of claims in each voting class who voted to either accept or reject the Plan, and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under Section 1129(b) of the Bankruptcy Code, the foregoing, as and to the extent applicable to the Debtors' cases.

<div style="border:1px solid black;">

<u>ARTICLE VIII</u> OF THE PLAN CONTAINS RELEASE, INJUNCTION AND EXCULPATION PROVISIONS, INCLUDING **CONSENSUAL THIRD PARTY RELEASES IN ARTICLE VIII.E.** THUS, YOU SHOULD REVIEW AND CONSIDER THE PLAN CAREFULLY

</div>

18-50757-amk    Doc 2714    FILED 05/29/19    ENTERED 05/29/19 09:57:05    Page 116 of 300

BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER WITH RESPECT TO THE THIRD PARTY RELEASES.

## **VOTING INSTRUCTIONS**

1. Capitalized terms used in the Ballot or in these instructions but not otherwise defined therein or herein shall have the meanings ascribed in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable, copies of which also accompany the Ballot.

2. The Court may confirm the Plan and thereby bind you by the terms of the Plan. Please review the Disclosure Statement for more information.

3. In order for your vote to count, you must:

    i. Complete and certify the amount of your Claim in Item 1;

    ii. Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

    iii. Review Item 3, the Plan provisions relating to Consensual Third Party Releases;

    iv. Review and sign the certifications in Item 4;

    v. If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

    vi. Return the original, completed Ballot to the Voting Agent on or before the Voting Deadline, which is 4:00 p.m. (prevailing Eastern Time) on August 2, 2019, in one of the two manners described below:

---

**If Submitting Your Vote through the E-Balloting Portal**

**The Voting Agent will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit https://cases.primeclerk.com/FES/, click on the "Submit E-Ballot" section of the website, and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

   **Unique E-Ballot ID#:**_____

---

3

**The Voting Agent's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in <u>Item 1</u> of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the E-Balloting Portal should NOT also submit a paper Ballot.**

**If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.**

<u>**If Submitting Your Vote by First Class Mail, Overnight Courier, or Hand Delivery**</u>

**Please complete and execute your ballot and submit it by first class mail in the enclosed postage prepaid envelope or by sending it to the following address:**

<p align="center"><b>FirstEnergy Solutions Corp. Ballot Processing<br>c/o Prime Clerk LLC<br>830 Third Avenue, 3rd Floor<br>New York, NY 10022</b></p>

**If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.**

4. You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, if a Holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

5. If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise. The method of delivery of Ballots to the Voting Agent is at the election and risk of each Holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Voting Agent actually receives the originally executed Ballot. **In all cases, Holders should allow sufficient time to assure timely delivery. No Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Voting Agent), or the Debtors' financial or legal advisors, and if so sent will not be counted.**

6. If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the last valid Ballot timely received will supersede and revoke any earlier received Ballot.

<p align="center">4</p>

7. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor the Voting Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

8. If you wish to have your Claim Allowed in a different amount, classification or treatment than the amount, classification or treatment listed on the Beneficial Ballot for purposes of voting on the Plan, you must serve on the Debtors and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "**Temporary Allowance Request Motion**") no later than **July 5, 2019 at 4:00 p.m. (prevailing Eastern Time) (the "Temporary Allowance Request Motion Deadline**"). All objections and responses to Temporary Allowance Request Motions must be filed and served on or before **July 19, 2019**. A claimant may file a reply to any objection or response to its motion on or before **July 22, 2019**. Any order temporarily allowing such claims must be entered on or before **August 9, 2019** or as otherwise ordered by the Court. Temporary Allowance Request Motions must adhere to the requirements set forth in the Disclosure Statement Order to be considered by the Court.

9. This Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

10. If you hold Claims in more than one Class (other than Multi-Debtor Claims) under the Plan or in multiple accounts, you may receive more than one Ballot coded for each different Class or account. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you received.

11. The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (b) any Ballot cast by a party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; and (e) any Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

12. If you believe you have received the wrong Ballot, you should contact the Voting Agent immediately at (855) 934-8766.

## ACCEPTANCE OR REJECTION OF THE PLAN

ITEM 1.    CLAIM AMOUNT FOR VOTING PURPOSES.

The undersigned certifies that as of May 20, 2019, it held a Class [A8, B9, C8, D6, or E6] Convenience Claim Against [Debtor] under the Plan in the amount of _____.

ITEM 2.     VOTE.

The Holder of the Class [A8, B9, C8, D6, or E6] Convenience Claim Against [Debtor] identified in Item 1 votes:

❑     **to ACCEPT the Plan.**          ❑     **to REJECT the Plan.**

**PLEASE FULLY COMPLETE THIS BALLOT BY CHECKING THE "ACCEPT" OR "REJECT" BOX. IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED, BUT THE BALLOT IS OTHERWISE COMPLETED, THE BALLOT WILL BE COUNTED AS HAVING ACCEPTED THE PLAN.**

ITEM 3.     IMPORTANT INFORMATION REGARDING THIRD PARTY RELEASES.

The Plan contains Consensual Third Party Releases of claims and Causes of Action against the Debtor Released Parties, the FE Non-Debtor Released Parties and the Other Released Parties.

**IF YOU (I) VOTE TO ACCEPT THE PLAN OR (II) ARE DEEMED TO HAVE ACCEPTED THE PLAN, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN. IF YOU (I) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (II) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN, OR (III) VOTE TO REJECT THE PLAN, IN EACH CASE YOU WILL NOT BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN.**

**IF YOU ELECT TO REJECT THE PLAN, AND THEREFORE, NOT TO GRANT THE CONSENSUAL THIRD PARTY RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF RECEIVING THE CONSENSUAL THIRD PARTY RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN IF YOU ARE A RELEASED PARTY THEREUNDER.**

Article VIII.E of the Plan provides for the following Consensual Third Party Releases:

**On and as of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Debtor Released Parties, the FE Non-Debtor Released Parties, and Other Released Parties to facilitate and implement the Plan, each Holder of a Claim or Interest that (i) votes to accept the Plan or (ii) is deemed to have accepted the Plan, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged each Debtor Released Party, FE Non-Debtor Released Party and Other Released Party from any and all claims and Causes of Action, including any derivative claims asserted or assertable by or on behalf of any of the Debtors, the Reorganized Debtors, or their Estates or Affiliates (including any FE Non-Debtor Parties), as applicable, that such Entity would have been legally entitled to assert its own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to, or in any manner arising from in whole or in part, the Debtors, the Debtors' businesses, the Debtors' property, the Debtors' capital structure, the assertion or enforcement of rights and**

6

remedies against the Debtors, the Debtors' in- or out-of-court restructuring discussions, intercompany transactions between or among the Debtors and/or their Affiliates (including any FE Non-Debtor Parties), the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and Released Party, the PCNs, the FES Notes, any interest in the Mansfield Facility Documents, the Chapter 11 Cases and related adversary proceedings, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Restructuring Support Agreement, the Process Support Agreement, the Standstill Agreement, the FE Settlement Agreement, the Disclosure Statement, the Plan, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the foregoing, including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion, the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any obligations of any Entity arising after the Effective Date under the Plan, the Confirmation Order, any Restructuring Transaction, the FE Settlement Agreement and any related obligations under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan and the FE Settlement Agreement, (ii) any Consenting Owner Participant from its obligations to the Consenting Owner Trustee, in its individual capacity (and its successors, permitted assigns, directors, officers, employees, agents, and servants), under the Mansfield Trust Agreements or (iii) the Consenting Owner Trustee from its obligations under the Mansfield Trust Agreements with respect to periods after the Effective Date.

For the avoidance of doubt, on and as of the Effective Date, each Holder of a Claim or Interest that (i) votes to accept the Plan or (ii) is deemed to have accepted the Plan shall be deemed to provide a full and complete discharge and release to the Debtor Released Parties, the FE Non-Debtor Released Parties, and the Other Released Parties and their respective property from any and all Causes of Action whatsoever, whether known or unknown, asserted or unasserted, derivative or direct, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, whether for or sounding in tort, fraud, contract, violations of federal or state securities laws, veil piercing, substantive consolidation or alter-ego theories of liability, contribution, indemnification, joint or several liability, or otherwise arising from or related in any way to (i) the Debtors, the Reorganized Debtors, their businesses, their property, or any interest in the Mansfield Facility Documents; (ii) any Cause of Action against the FE Non-Debtor Released Parties or their property arising in connection with any intercompany transactions or other matters arising in the conduct of the Debtors' businesses; (iii) the Chapter 11 Cases; (iv) the formulation, preparation, negotiation, dissemination, implementation, administration, Confirmation or Consummation of the Plan, the Plan Supplement, any contract, employee pension or benefit plan instrument, release, or other agreement or document related to any Debtor, the Chapter 11 Cases or the Plan, modified, amended, terminated, or entered into in connection

7

with either the Plan, or any agreement between the Debtors and any FE Non-Debtor Released Party, including the FE Settlement Agreement; or (v) any other act taken or omitted to be taken in connection with the Chapter 11 Cases, including, without limitation, acts or omissions occurring after the Effective Date in connection with distributions made consistent with the terms of the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval under section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, of the Consensual Third Party Release, which includes by reference each of the related provisions and definitions contained in the Plan.

For the avoidance of doubt and notwithstanding anything else in the Plan, any Confirmation Order, or any implementing or supplementing plan documents, (i) no Governmental Units shall be deemed to accept the Plan for purposes of Article VIII.E of the Plan and (ii) the United States, Ohio Environmental Protection Agency, Ohio Department of Natural Resources, and Pennsylvania Department of Environmental Protection have agreed not to vote on the Plan and will not be subject to the releases in Article VIII.E of the Plan provided, however, if any agency of the United States or any agency of any state actually votes to accept the Plan, such agency shall be deemed to provide the releases in Article VIII.E of the Plan on the Effective Date for such agency and only for such agency.

ITEM 4.        CERTIFICATION

By signing this Ballot, the Holder certifies that:

      a.  as of the Voting Record Date it is the Holder of the Claim in Item 1 to which this Ballot pertains;

      b.  it has been provided with a copy of the Solicitation Package containing the Plan, the Disclosure Statement (together with its exhibits), the Disclosure Statement Order, the notice regarding the date and time of the hearing at which the Court will consider confirmation of the Plan, and a copy of any letters recommending approval of the Plan, and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order;

      c.  it has the full power to vote to accept or reject the Plan; and

      d.  it has not submitted any other Ballots relating to the Claim in Item 1 that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name of Claim Holder (Print or Type): _____

Social Security or Federal Tax I.D. No.
(Optional): _____

Signature: _____

Name of Signatory: _____

If Authorized Agent of Claimant, Title of
Agent: _____

Street Address: _____

City, State, and Zip Code: _____

Telephone Number: _____

Email Address: _____

Date Completed: _____

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Moreover, this Ballot shall not constitute or be deemed to be proof of claim or an assertion of a claim.

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT (A) BY WRITING TO FIRSTENERGY SOLUTIONS CORP. C/O PRIME CLERK LLC, 830 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10022; (B) BY TELEPHONE AT (855) 934-8766; OR (C) BY EMAIL AT FESBALLOTS@PRIMECLERK.COM.**

**THE VOTING AGENT IS NOT AUTHORIZED TO AND WILL NOT PROVIDE LEGAL ADVICE. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE COURT.**

# PLEASE RETURN YOUR BALLOT PROMPTLY

### If Submitting Your Vote through the E-Balloting Portal

**The Voting Agent will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit https://cases.primeclerk.com/FES/, click on the "Submit E-Ballot" section of the website, and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:_____**

**The Voting Agent's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in <u>Item 1</u> of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the E-Balloting Portal should NOT also submit a paper Ballot.**

**If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.**

### If Submitting Your Vote by First Class Mail, Overnight Courier, or Hand Delivery

**Please complete and execute your ballot and submit it by first class mail in the enclosed postage prepaid envelope or by sending it to the following address:**

<div align="center">

**FirstEnergy Solutions Corp. Ballot Processing**
**c/o Prime Clerk LLC**
**830 Third Avenue, 3rd Floor**
**New York, NY 10022**

</div>

**If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.**

18-50757-amk   Doc 2714   FILED 05/29/19   ENTERED 05/29/19 09:57:05   Page 124 of 300

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] | ) | Case No. 18-50757 (AMK) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hon. Judge Alan M. Koschik |
| | ) | |

**MASTER BALLOT FOR ACCEPTING OR REJECTING THE *FIFTH AMENDED JOINT PLAN OF REORGANIZATION OF FIRSTENERGY SOLUTIONS CORP., ET AL., PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE***

**VOTING NOMINEE FOR BENEFICIAL OWNERS OF CLASS B4 SECURED FG PCN REINSTATED CLAIMS**

---

**THIS MASTER BALLOT (THE "MASTER BALLOT") MUST BE COMPLETED AND (I) IF EMAILED, SUBMITTED TO PRIME CLERK LLC (THE "VOTING AGENT") VIA THE EMAIL ADDRESS PROVIDED FOR HEREIN, OR (II) IF CAST IN PAPER FORM, DELIVERED SO AS TO BE ACTUALLY RECEIVED BY THE VOTING AGENT AT THE ADDRESS PROVIDED FOR HEREIN, IN EITHER CASE BY 4:00 P.M. (PREVAILING EASTERN TIME) ON AUGUST 2, 2019 (THE "VOTING DEADLINE") OR THE VOTE OF THE BENEFICIAL OWNERS (DEFINED BELOW) FOR WHOM YOU ACT AS NOMINEE (DEFINED BELOW) WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage LLC (6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") are soliciting votes with respect to the *Fifth Amended Joint Plan of Reorganization of FirstEnergy Solutions Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") from the Holders of certain Impaired Claims against the Debtors.[2] On [●], 2019, the United States Bankruptcy Court for the Northern District of Ohio (the "**Court**") signed an order (the "**Disclosure Statement Order**") [Docket No. ●] which approved the *Disclosure Statement for the Fifth Amended Joint Plan of Reorganization FirstEnergy Solutions Corp., et. al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan.  The Plan is attached as Exhibit B to the Disclosure Statement, which is part of the package of materials that accompanies this Master Ballot (the "**Solicitation Package**").  The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

You are receiving this Master Ballot because you are the Nominee (as defined below) of a Beneficial Owner[3] of the Class B4 Secured FG PCN Reinstated Claims indicated on **Exhibit A** hereto as of May 20, 2019 (the "**Voting Record Date**").

This Master Ballot is to be used by you as a broker, bank or other nominee, or as the agent of a broker, bank or other nominee (each of the foregoing, a "**Nominee**"), or as the proxy holder of a Nominee for certain Beneficial Owners of Class B4 Secured FG PCN Reinstated Claims indicated on **Exhibit A** hereto, to transmit to the Voting Agent the votes of such Beneficial Owners in respect of their Claims to accept or reject the Plan in accordance with their ballots (each, a "**Beneficial Ballot**").

**The votes transmitted on this Master Ballot for Beneficial Owners of Class B4 Secured FG PCN Reinstated Claims indicated on Exhibit A hereto shall be applied to each Debtor against whom such Beneficial Owners have a Claim.**

As a Nominee, you are required to immediately deliver a Solicitation Package, including a Beneficial Ballot, to each Beneficial Owner for whom you hold Class B4 Secured FG PCN Reinstated Claims and take any action required to enable each Beneficial Owner to timely vote its Class B4 Secured FG PCN Reinstated Claims to accept or reject the Plan.  You should include in each solicitation package a return envelope addressed to you (and not include a return envelope addressed to the Voting Agent) unless you choose to pre-validate such Beneficial Ballot, in which case the Solicitation Package should include a return envelope addressed only to the Voting Agent. With respect to any Beneficial Ballots returned to you, you must (i) execute this Master Ballot so as to reflect the voting instructions given to you in the Beneficial Ballots by the Beneficial Owners for whom you hold Class B4 Secured FG PCN Reinstated Claims and (ii)

---

[2] All capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

[3] A "Beneficial Owner" means a beneficial owner of publicly traded securities whose Claims or Interests have not been satisfied prior to the Voting Record Date (as defined herein) pursuant to Court order or otherwise, as reflected in the records maintained by the Nominees.

2

forward this Master Ballot to the Voting Agent in accordance with the instructions accompanying this Master Ballot.

The Disclosure Statement, which describes rights under the Plan, was included in the Solicitation Package you are receiving with this Master Ballot (as well as the Plan, Disclosure Statement Order and certain other materials). If you need to obtain additional copies of the Plan, the Disclosure Statement, or other Solicitation Materials, you may obtain free copies (a) at the dedicated website of the Voting Agent for the Debtors' chapter 11 cases at https://cases.primeclerk.com/fes/, (b) upon request by mail to FirstEnergy Solutions Corp. Balloting Center, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022, or (c) by contacting the Voting Agent directly by calling (855) 934-8766 or by emailing fesballots@primeclerk.com.

## VOTING INSTRUCTIONS

1. Capitalized terms used in the Master Ballot or in these instructions but not otherwise defined therein or herein shall have the meanings ascribed in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable, copies of which also accompany the Master Ballot.

2. You should immediately distribute Solicitation Package(s), including Beneficial Ballots, to each Beneficial Owner (or intermediary nominees, if applicable) of Class B4 Secured FG PCN Reinstated Claims, and take any action required to enable each such Beneficial Owner to timely vote such Claims.

3. If you are both the record holder and the Beneficial Owner of any principal amount of the Class B4 Secured FG PCN Reinstated Claims and you wish to vote any such Claims on account thereof, you may complete and execute either an individual Beneficial Ballot or a Master Ballot and return the same to the Voting Agent in accordance with these instructions.

4. If you are transmitting the votes of any Beneficial Owners other than yourself, you may, at your option, elect to pre-validate the Beneficial Ballots sent to you by the Voting Agent. Based on your decision as to whether or not to pre-validate Beneficial Owners Ballots, the instructions in either paragraph (5) or paragraph (6) apply (but not both).

5. **PRE-VALIDATED BENEFICIAL BALLOTS**: A Nominee "pre-validates" a Beneficial Ballot by indicating thereon the Beneficial Owner of the Class B4 Secured FG PCN Reinstated Claims to be voted, the amount of the Class B4 Secured FG PCN Reinstated Claims held by the Beneficial Owner and the appropriate account numbers through which the Beneficial Owner's holdings are derived, and executing the Beneficial Ballot. If you choose to pre-validate individual Beneficial Ballots, you must immediately: (a) "pre-validate" the individual Beneficial Ballot contained in the Solicitation Package sent to you by the Voting Agent, and (b) forward the Solicitation Package to the Beneficial Owner for voting, including:

    (i) the pre-validated Beneficial Ballot;

18-50757-amk    Doc 2714    FILED 05/29/19    ENTERED 05/29/19 09:57:05    Page 127 of 300

(ii)     a return envelope addressed to the Voting Agent as follows: FirstEnergy Solutions Corp. Ballot Processing, c/o Prime Clerk LLC, 830 Third Avenue, 3rd Floor, New York, NY 10022; and

(iii)    clear instructions stating that Beneficial Owners must return their pre-validated Beneficial Ballot directly to the Voting Agent so that it is actually received by the Voting Agent on or before the Voting Deadline, which is 4:00 p.m. (prevailing Eastern Time) on August 2, 2019.

6.    **NON PRE-VALIDATED BENEFICIAL BALLOTS**: If you do NOT choose to pre-validate individual Beneficial Ballots, you must:

(i)     immediately forward the Solicitation Package(s) sent to you by the Voting Agent to each Beneficial Owner for voting, including: (a) the Beneficial Ballot; (b) a return envelope addressed to the Nominee; and (c) clear instructions stating that Beneficial Owners must return their Beneficial Ballot directly to the Nominee so that it is actually received by the Nominee on or before that date ("**Return Date**") calculated by the Nominee so as to afford the Nominee with enough time to prepare the Master Ballot and return the Master Ballot to the Voting Agent so it is actually received by the Voting Agent on or before the Voting Deadline, which Return Date the Nominee must also insert in the blank on the  first page of the Beneficial Ballot before transmitting it to the Beneficial Owner; and

(ii)    upon receipt of completed and executed Beneficial Ballots returned to you by a Beneficial Owner (or intermediary nominee), you must:

a.    compile and validate the votes and other relevant information of each such Beneficial Owner on the Master Ballot using the customer account number or other identification number assigned by you or an intermediary nominee to each such Beneficial Owner;

b.    execute the Master Ballot;

c.    transmit such Master Ballot so as to be actually received by the Voting Agent by the Voting Deadline; and

d.    retain such Beneficial Ballots in your files for a period of one year after the Effective Date of the Plan (as you may be ordered to produce the Beneficial Ballots to the Debtors or the Court).

7.    If a Master Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, it will not be counted. Additionally, the following Master Ballots (and therefore Beneficial Ballots) will NOT be counted:

(i)     Master Ballots sent to any of the Debtors, the Debtors' agents (other than the Voting Agent), any indenture trustee or the Debtors' financial or legal advisors;

4

(ii)    Master Ballots sent by facsimile or any other electronic means not expressly provided for herein;

(iii)    any Master Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Owner of the Claim;

(iv)    any Master Ballot cast by an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

(v)    any unsigned Master Ballot;

(vi)    any Master Ballot not marked to accept or reject the Plan or the portion of any Master Ballot that is marked, with respect to a single account number, both to accept and reject the Plan; and/or

(vii)    any Master Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

8.    Any Ballot returned to you by a Beneficial Owner of a Claim or intermediary nominee shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver to the Voting Agent a Master Ballot that reflects the vote of such Beneficial Owners or intermediary nominees by the Voting Deadline or otherwise validate the Beneficial Ballot in a manner acceptable to the Voting Agent.

9.    The method of delivery of Master Ballots to the Voting Agent is at the election and risk of each Nominee. Except as otherwise provided herein, such delivery will be deemed made only when the Voting Agent actually receives the originally executed Master Ballot. Instead of effecting delivery by first-class mail, it is recommended, though not required, that Nominees use an overnight or hand delivery service. Facsimile or other electronic transmissions of this Master Ballot not expressly provided for herein will not be accepted. In all cases, Nominees should allow sufficient time to assure timely delivery.

10.    If multiple Master Ballots are received from the same Nominee with respect to the same Beneficial Ballot belonging to a Beneficial Owner of a Claim prior to the Voting Deadline, the last valid Master Ballot timely received will supersede and revoke any earlier received Master Ballots.

11.    The Master Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Beneficial Ballots. Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing their Claims and you should not accept delivery of any such certificates or instruments surrendered together with a Beneficial Ballot.

12.    This Master Ballot does not constitute, and shall not be deemed to be, (a) a proof of claim or (b) an assertion or admission of a Claim.

13.    Please be sure to properly execute your Master Ballot. You must: (a) sign and date your Master Ballot; (b) if applicable, indicate that you are signing a Master Ballot in your

5

capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity and, if required or requested by the Voting Agent, the Debtors or the Court, submit proper evidence to the requesting party to so act on behalf of such Beneficial Owner; and (c) provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

14. No fees or commissions or other remuneration will be payable to any Nominee for soliciting Beneficial Ballots accepting the Plan. The Debtors will however, upon written request, reimburse you for reasonable and customary mailing and handling expenses incurred by you in forwarding the Beneficial Ballots and other enclosed materials to your customers.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT (A) BY WRITING TO FIRSTENERGY SOLUTIONS CORP. C/O PRIME CLERK LLC, 830 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10022; (B) BY TELEPHONE AT (855) 934-8766; OR (C) BY EMAIL AT FESBALLOTS@PRIMECLERK.COM.**

**PLEASE NOTE THAT THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

| |
|---|
| **If the Voting Agent does not <u>actually</u> <u>receive</u> this Master Ballot on or before the Voting Deadline, and if the Voting Deadline is not extended, the Beneficial Owners' votes transmitted hereby will not be counted.** |

## ACCEPTANCE OR REJECTION OF THE PLAN

**ITEM 1.**  **Claim Amount for Voting Purposes.**

The undersigned certifies that as of the Voting Record Date, the undersigned (please check the applicable box):

❑ is a Nominee for the Beneficial Owners of the aggregate amount of the Class B4 Secured FG PCN Reinstated Claims listed in Item 2 below and is the registered holder of the Class B4 Secured FG PCN Reinstated Claims represented by any such Claims;

❑ is acting under a power of attorney and/or agency agreement (a copy of which will be provided upon request) granted by a Nominee that is the registered holder of the aggregate amount of the Class B4 Secured FG PCN Reinstated Claims listed in Item 2 below; or

❑ has been granted a proxy (an original of which is annexed hereto) from (a) a Nominee or (b) a Beneficial Owner, that is the registered holder of the aggregate amount of the Class B4 Secured FG PCN Reinstated Claims listed in Item 2 below and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Owners of the Class B4 Secured FG PCN Reinstated Claims described in Item 2 below.

**ITEM 2.**  **Vote with Respect to the Class B4 Secured FG PCN Reinstated Claims.**

**Number of Beneficial Owners:** The undersigned transmits the following votes of Beneficial Owners of the Class B4 Secured FG PCN Reinstated Claims indicated on **Exhibit A** hereto and certifies that the following Beneficial Owners of such Claims, as identified by their respective customer account numbers set forth below, are the Beneficial Owners of such Claims as of the Voting Record Date and have delivered to the undersigned, as Nominee, properly executed Beneficial Ballots casting such votes as indicated and containing instructions for the casting of those votes on their behalf.

**To Properly Complete the Following Table:** Indicate in the appropriate column below the aggregate principal amount voted for each account. Please use additional sheets of paper if necessary and, if possible, attach such information to this Master Ballot in the form of the following table. **PLEASE NOTE**: (i) each account of a Beneficial Owner must vote all such Beneficial Owner's Class B4 Secured FG PCN Reinstated Claims to accept or reject the Plan and may not split such vote; and (ii) any Beneficial Ballot executed by the Beneficial Owner that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection should not be counted as either an acceptance or a rejection of the Plan.

.

7

| Your Customer Account Number for Each Beneficial Owner of Class B4 Secured FG PCN Reinstated Claims | Principal Amount Held as of Voting Record Date | ACCEPT THE PLAN | | REJECT THE PLAN |
|---|---|---|---|---|
| 1. | $ | ❓ | OR | ❓ |
| 2. | $ | ❓ | OR | ❓ |
| 3. | $ | ❓ | OR | ❓ |
| 4. | $ | ❓ | OR | ❓ |
| 5. | $ | ❓ | OR | ❓ |
| 6. | $ | ❓ | OR | ❓ |
| 7. | $ | ❓ | OR | ❓ |
| 8. | $ | ❓ | OR | ❓ |
| 9. | $ | ❓ | OR | ❓ |
| 10. | $ | ❓ | OR | ❓ |
| TOTALS: | $ | | ■ | |

**ITEM 3.       IMPORTANT INFORMATION REGARDING THIRD PARTY RELEASES.**

The Plan contains Consensual Third Party Releases of claims and Causes of Action against the Debtor Released Parties, FE Non-Debtor Released Parties and Other Released Parties.

**ALL HOLDERS OF A CLAIM OR INTEREST THAT (I) VOTE TO ACCEPT THE PLAN OR (II) ARE DEEMED TO HAVE ACCEPTED THE PLAN ARE DEEMED TO**

8

**CONSENT TO THE CONSENSUAL THIRD PARTY RELEASES. ALL HOLDERS OF A CLAIM OR INTEREST THAT (I) VOTE TO REJECT THE PLAN, (II) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, OR (III) ARE ENTITLED TO VOTE AND FAIL TO SUBMIT A BALLOT SHALL NOT BE DEEMED TO HAVE GRANTED THE CONSENSUAL THIRD PARTY RELEASES.**

Article VIII.E of the Plan provides for the following Consensual Third Party Releases:

**On and as of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Debtor Released Parties, FE Non-Debtor Released Parties, and Other Released Parties to facilitate and implement the Plan, each Holder of a Claim or Interest that (i) votes to accept the Plan or (ii) is deemed to have accepted the Plan, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged each Debtor Released Party, FE Non-Debtor Released Party, and Other Released Party from any and all claims and Causes of Action, including any derivative claims asserted or assertable by or on behalf of any of the Debtors, the Reorganized Debtors, or their Estates or Affiliates (including any FE Non-Debtor Parties), as applicable, that such Entity would have been legally entitled to assert its own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to, or in any manner arising from in whole or in part, the Debtors, the Debtors' businesses, the Debtors' property, the Debtors' capital structure, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring discussions, intercompany transactions between or among the Debtors and/or their Affiliates (including any FE Non-Debtor Parties), the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and Released Party, the PCNs, the FES Notes, any interest in the Mansfield Facility Documents, the Chapter 11 Cases and related adversary proceedings, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Restructuring Support Agreement, the Process Support Agreement, the Standstill Agreement, the FE Settlement Agreement, the Disclosure Statement, the Plan, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the foregoing, including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion, the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any obligations of any Entity arising after the Effective Date under the Plan, the Confirmation Order, any Restructuring Transaction, the FE Settlement Agreement and any related obligations under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan and the FE Settlement Agreement, (ii) any Consenting Owner Participant from its obligations to the Consenting Owner Trustee, in its individual capacity (and its successors,**

9

permitted assigns, directors, officers, employees, agents, and servants), under the Mansfield Trust Agreements or (iii) the Consenting Owner Trustee from its obligations under the Mansfield Trust Agreements with respect to periods after the Effective Date.

For the avoidance of doubt, on and as of the Effective Date, each Holder of a Claim or Interest that (i) votes to accept the Plan or (ii) is deemed to have accepted the plan shall be deemed to provide a full and complete discharge and release to the Debtor Released Parties, the FE Non-Debtor Released Parties and the Other Released Parties and their respective property from any and all Causes of Action whatsoever, whether known or unknown, asserted or unasserted, derivative or direct, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, whether for or sounding in tort, fraud, contract, violations of federal or state securities laws, veil piercing, substantive consolidation or alter-ego theories of liability, contribution, indemnification, joint or several liability, or otherwise arising from or related in any way to (i) the Debtors, the Reorganized Debtors, their businesses, their property, or any interest in the Mansfield Facility Documents; (ii) any Cause of Action against the FE Non-Debtor Released Parties or their property arising in connection with any intercompany transactions or other matters arising in the conduct of the Debtors' businesses; (iii) the Chapter 11 Cases; (iv) the formulation, preparation, negotiation, dissemination, implementation, administration, Confirmation or Consummation of the Plan, the Plan Supplement, any contract, employee pension or benefit plan instrument, release, or other agreement or document related to any Debtor, the Chapter 11 Cases or the Plan, modified, amended, terminated, or entered into in connection with either the Plan, or any agreement between the Debtors and any FE Non-Debtor Released Party, including the FE Settlement Agreement; or (v) any other act taken or omitted to be taken in connection with the Chapter 11 Cases, including, without limitation, acts or omissions occurring after the Effective Date in connection with distributions made consistent with the terms of the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval under section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, of the Consensual Third Party Release, which includes by reference each of the related provisions and definitions contained in the Plan.

For the avoidance of doubt and notwithstanding anything else in the Plan, any Confirmation Order, or any implementing or supplementing plan documents, (i) no Governmental Units shall be deemed to accept the Plan for purposes of Article VIII.E of the Plan and (ii) the United States, Ohio Environmental Protection Agency, Ohio Department of Natural Resources, and Pennsylvania Department of Environmental Protection have agreed not to vote on the Plan and will not be subject to the releases in Article VIII.E of Plan provided, however, if any agency of the United States or any agency of any state actually votes to accept the Plan, such agency shall be deemed to provide the releases in Article VIII.E of the Plan on the Effective Date for such agency and only for such agency.

**ITEM 4.** **CERTIFICATIONS AS TO TRANSCRIPTION OF INFORMATION FROM ITEM 4 OF THE BENEFICIAL BALLOTS AS TO CLASS B4 SECURED FG PCN REINSTATED CLAIMS VOTED THROUGH OTHER BENEFICIAL BALLOTS**

The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by Beneficial Owners in Item 4 of each of the Beneficial Owner's original Beneficial Ballots, identifying any Class B4 Secured FG PCN Reinstated Claims for which such Beneficial Owners have submitted other Beneficial Ballots (*e.g.*, to other voting nominees) other than to the undersigned:

| Your Customer Account Number for Each Beneficial Owner Who Completed Item 4 of the Beneficial Ballots | TRANSCRIBE FROM ITEM 4 OF THE BENEFICIAL BALLOTS: | | | |
|---|---|---|---|---|
| | Account Number | Name of Holder | CUSIP Number or Description of Other Class B4 Secured FG PCN Reinstated Claims Voted | Principal Amount of Other Class B4 Secured FG PCN Reinstated Claims Voted |
| 1. | | | | $ |
| 2. | | | | $ |
| 3. | | | | $ |
| 4. | | | | $ |
| 5. | | | | $ |
| 6. | | | | $ |
| 7. | | | | $ |
| 8. | | | | $ |
| 9. | | | | $ |
| 10. | | | | $ |

11

**ITEM 5.**     CERTIFICATION.

By signing this Master Ballot, the undersigned certifies that:

1.     it has received a copy of the Disclosure Statement, the Beneficial Ballots and the Solicitation Package and has delivered the same to the Beneficial Owners listed on the Beneficial Ballots or to any intermediary nominee, as applicable;

2.     it has received a completed and signed Beneficial Ballot from each Beneficial Owner listed in Item 2 of this Master Ballot or from an intermediary nominee, as applicable;

3.     as of the Voting Record Date it is the registered holder of the Class B4 Secured FG PCN Reinstated Claims being voted, or an agent therefor;

4.     it has been authorized by each such Beneficial Owner or intermediary nominee, as applicable, to vote on the Plan and to make applicable elections;

5.     it has properly disclosed:

(i)     the number of Beneficial Owners who completed Beneficial Ballots;

(ii)     the respective amounts of the Class B4 Secured FG PCN Reinstated Claims held as of the Voting Record Date by each Beneficial Owner who completed a Beneficial Ballot;

(iii)     each such Beneficial Owner's respective vote concerning the Plan;

(iv)     each such Beneficial Owner's certification as to other Class B4 Secured FG PCN Reinstated Claims voted; and

(v)     the customer account or other identification number for each such Beneficial Owner as of the Voting Record Date;

6.     each such Beneficial Owner has certified to the undersigned or to an intermediary nominee, as applicable, that it is eligible to vote on the Plan; and

7.     it will maintain Beneficial Ballots and evidence of separate transactions returned by Beneficial Owners or by intermediary nominees (whether properly completed or defective) for at least one year after the Voting Deadline and disclose all such information to the Court or the Debtors, as the case may be, if so ordered.

12

| | |
|---|---|
| Name of Nominee: | _____ |
| | (Print or Type) |
| Participant Number: | _____ |
| Name of Proxy Holder or Agent for Nominee: | _____ |
| | (Print or Type) |
| Social Security or Federal Tax Identification Number: | _____ |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than Nominee) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Date Completed: | _____ |

No fees, commissions or other remuneration will be payable to any broker, dealer or other person for soliciting votes on the Plan.  The Debtors will however, upon written request, reimburse you for customary mailing and handling expenses incurred by you in forwarding the Beneficial Ballots and other enclosed materials to your customers.  This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders should not surrender, at this time, certificates representing their securities.  The Voting Agent will not accept delivery of any such certificates surrendered together with this Master Ballot.  Moreover, this Master Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

13

# PLEASE RETURN YOUR MASTER BALLOT PROMPTLY

| |
|---|
| **If Submitting Your Vote through the E-Ballot Portal** |
| **The Voting Agent will accept Master Ballots from Nominees and their agents through email if properly completed and submitted via email at fesballots@primeclerk.com** |
| |
| **If Submitting Your Vote by First Class Mail, Overnight Courier, or Hand Delivery** |
| **Please complete and execute your ballot and submit it by first class mail in the enclosed postage prepaid envelope or by sending it to the following address:**<br><br>**FirstEnergy Solutions Corp. Ballot Processing**<br>**c/o Prime Clerk LLC**<br>**830 Third Avenue, 3rd Floor**<br>**New York, NY 10022**<br><br>**If your Master Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.** |

14

## Exhibit A

**Please check one box below to indicate the CUSIP/ISIN to which this Master Ballot pertains (or clearly indicate such information directly on the Master Ballot or on a schedule thereto):**

| Class B4 Secured FG PCN Reinstated Claims | | |
|---|---|---|
| ☐ | 4.25% Adjustable Revenue Bonds Due 10/1/2047 | CUSIP 074876HP1 / ISIN US074876HP18 |
| ☐ | 4.25% Adjustable Revenue Bonds Due 8/1/2029 | CUSIP 677525VZ7 / ISIN US677525VZ70 |
| ☐ | 5.625% Adjustable Revenue Bonds Due 6/1/2018 | CUSIP 677525TF4 / ISIN US677525TF45 |

15

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| | ) Case No. 18-50757 (AMK) |
| FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] | ) (Jointly Administered) |
| | ) |
| Debtors. | ) |
| | ) Hon. Judge Alan M. Koschik |
| | ) |

**BENEFICIAL BALLOT FOR ACCEPTING OR REJECTING THE *FIFTH
AMENDED JOINT PLAN OF REORGANIZATION OF FIRSTENERGY SOLUTIONS
CORP., ET AL., PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE***

**BENEFICIAL OWNER OF
CLASS B4 SECURED FG PCN REINSTATED CLAIMS**

**THIS BENEFICIAL BALLOT (THE "<u>BENEFICIAL BALLOT</u>") IS TO BE USED BY
BENEFICIAL OWNERS[2] OF CLASS B4 SECURED FG PCN REINSTATED CLAIMS.**

**IN ORDER FOR YOUR VOTE TO BE COUNTED, ALL PRE-VALIDATED
BENEFICIAL BALLOTS AND ALL MASTER BALLOTS WITH RESPECT TO
BENEFICIAL BALLOTS THAT WERE NOT PRE-VALIDATED MUST BE
COMPLETED, EXECUTED AND RETURNED SO AS TO BE <u>ACTUALLY RECEIVED</u>
BY PRIME CLERK LLC (THE "<u>VOTING AGENT</u>") ON OR BEFORE 4:00 P.M.
(PREVAILING EASTERN TIME) ON AUGUST 2, 2019 (THE "<u>VOTING DEADLINE</u>")
IN ACCORDANCE WITH THE FOLLOWING:**

**<u>IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE</u>:
YOU MUST RETURN THIS BENEFICIAL BALLOT TO YOUR NOMINEE BY [●],
2019 IN ACCORDANCE WITH THE ENCLOSED INSTRUCTIONS FROM YOUR
NOMINEE IN SUFFICIENT TIME TO PERMIT YOUR NOMINEE TO DELIVER A
MASTER BALLOT INCLUDING YOUR VOTE TO THE VOTING AGENT BY THE**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage LLC (6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

[2] A "<u>**Beneficial Owner**</u>" means a beneficial owner of publicly traded securities whose Claims have not been satisfied prior to the Voting Record Date (as defined herein) pursuant to Court order or otherwise, as reflected in the records maintained by such owner's broker, bank or other nominee, or the agent of a broker, bank or other nominee (each of the foregoing, a "<u>**Nominee**</u>").

**VOTING DEADLINE. PLEASE CONTACT YOUR NOMINEE WITH ANY QUESTIONS REGARDING THE DATE IT NEEDS TO RECEIVE YOUR BENEFICIAL BALLOT TO TIMELY SUBMIT THE MASTER BALLOT TO THE VOTING AGENT.**

**IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO THE VOTING AGENT:**
**YOUR NOMINEE HAS PRE-VALIDATED THIS BENEFICIAL BALLOT. THEREFORE, YOU MUST RETURN THIS PRE-VALIDATED BENEFICIAL BALLOT DIRECTLY TO THE VOTING AGENT SO IT IS <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING DEADLINE.**

**DO NOT MAIL OR RETURN THIS BALLOT DIRECTLY TO DEBTORS (OR THE COURT.**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") are soliciting votes with respect to the *Fifth Amended Joint Plan of Reorganization of FirstEnergy Solutions Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") from the Holders of certain Impaired Claims against the Debtors.[3] On [●], 2019, the United States Bankruptcy Court for the Northern District of Ohio (the "**Court**") signed an order (the "**Disclosure Statement Order**") [Docket No. ●] which approved the *Disclosure Statement for the Fifth Amended Joint Plan of Reorganization FirstEnergy Solutions Corp., et. al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan is attached as Exhibit B to the Disclosure Statement, which is part of the package of materials that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

You are receiving this Beneficial Ballot for Beneficial Owners because you are a Beneficial Owner of the Class B4 Secured FG PCN Reinstated Claims indicated on **Exhibit A** hereto as of May 20, 2019 (the "**Voting Record Date**"). Accordingly, you have a right to vote to accept or reject the Plan.

**Your rights are described in the Plan and the Disclosure Statement, which were included in the Solicitation Package**. Please read the Plan and Disclosure Statement carefully before submitting a Ballot. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim under the Plan. If you need to obtain additional copies of the Plan, the Disclosure Statement, or other Solicitation Materials, you may obtain free copies (a) at the dedicated website of the Voting Agent for the Debtors' chapter 11 cases at https://cases.primeclerk.com/fes/, (b) upon request by mail to FirstEnergy Solutions Corp. Balloting Center, c/o Prime Clerk LLC, 830 Third Avenue, 3rd Floor, New York, NY 10022, or

---

[3] All capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

2

(c) by contacting the Voting Agent directly by calling (855) 934-8766 or by emailing fesballots@primeclerk.com.

**If the Plan is confirmed by the Court it will be binding on you whether or not you vote**. The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the Holders of at least two-thirds (2/3) in the amount and more than one-half (1/2) in number of claims in each Voting Class who voted to either accept or reject the Plan, and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under Section 1129(b) of the Bankruptcy Code.

> ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, INCLUDING **CONSENSUAL THIRD PARTY RELEASES IN ARTICLE VIII.E**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED BY THE THIRD PARTY RELEASES.

## VOTING INSTRUCTIONS

1. Capitalized terms used in the Ballot or in these instructions but not otherwise defined therein or herein shall have the meanings ascribed in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable, copies of which accompany this Beneficial Ballot.

2. To ensure that your vote is counted, you <u>must</u>: (a) complete your Beneficial Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Beneficial Ballot; (c) review the Plan provisions relating to the Consensual Third Party Releases as provided in Item 3; (d) review and complete Items 4 and 5 in accordance with the instructions therein; <u>and</u> (e) clearly sign and return an original of your Beneficial Ballot to the address set forth on the enclosed pre-addressed envelope.

3. **Return of Beneficial Ballots**: Your Beneficial Ballot (if pre-validated) and/or the Master Ballot incorporating the vote cast on your Beneficial Ballot MUST be returned to the Voting Agent so as to be **actually received** by the Voting Agent on or before the Voting Deadline, which is August 2, 2019, at 4:00 p.m. (prevailing Eastern Time). To ensure your vote is counted toward confirmation of the Plan, please read the following information carefully so that you understand where your Beneficial Ballot must be sent in order for it to be received before the Voting Deadline:

   (i) <u>Pre-validated Beneficial Ballot</u>: If you received a Beneficial Ballot and a return envelope addressed to the Voting Agent, you must return your completed Beneficial Ballot <u>directly to the Voting Agent</u> so that it is **actually received** by the Voting Agent on or before the Voting Deadline.

3

(ii) <u>Not pre-validated Beneficial Ballot</u>: If you received a Beneficial Ballot and a return envelope addressed to your Nominee, you must return your completed Beneficial Ballot <u>directly to your Nominee</u> so as to be actually received by [●], 2019 to allow sufficient time to permit your Nominee to deliver a Master Ballot including your vote to the Voting Agent by the Voting Deadline.

4. If a pre-validated Beneficial Ballot or a Master Ballot reflecting the vote of a Beneficial Ballot is received <u>after</u> the Voting Deadline and if the Voting Deadline is not extended, the vote cast thereby will not be counted. Additionally, the votes cast on the following Beneficial Ballots will <u>NOT</u> be counted:

(i) Beneficial Ballots sent to any of the Debtors, the Debtors' agents (other than the pre-validated Beneficial Ballots sent to the Voting Agent), any indenture trustee or the Debtors' financial or legal advisors;

(ii) Beneficial Ballots sent by facsimile, e-mail or any other electronic means not expressly provided for herein;

(iii) any Beneficial Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim voted thereby;

(iv) any Beneficial Ballot cast by an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

(v) any unsigned Beneficial Ballot; and/or

(vi) any Beneficial Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

5. Beneficial Ballots that indicate both acceptance and rejection of the Plan or indicate neither an acceptance nor rejection of the Plan will not be counted.

6. The method of delivery of Beneficial Ballots to the Voting Agent or your Nominee is at your election and risk. Except as otherwise provided herein, such delivery will be deemed made only when the Voting Agent **actually receives** the originally executed Beneficial Ballot or Master Ballot incorporating the Beneficial Ballot. Instead of effecting delivery by first-class mail, it is recommended, though not required, that you use an overnight or hand delivery service. In all cases, you should allow sufficient time to assure timely delivery.

7. If multiple Beneficial Ballots are received from you with respect to your Class B4 Secured FG PCN Reinstated Claim prior to the Voting Deadline, the last valid Beneficial Ballot timely received will supersede and revoke any earlier received Beneficial Ballots.

8. If you believe you received the wrong Beneficial Ballot, or if you need additional Beneficial Ballots, please immediately contact your Nominee or the Voting Agent.

4

9.  If you wish to have your Claim Allowed in a different amount, classification or treatment than the amount, classification or treatment listed on the Beneficial Ballot for purposes of voting on the Plan, you must serve on the Debtors and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "**Temporary Allowance Request Motion**") on or before the seventh (7th) day after the later of (i) service of the Confirmation Hearing Notice if an objection to a specific claim is pending, or such claim has been listed in the Schedules as contingent, unliquidated, or disputed, and (ii) service of a notice of an objection, if any, as to the specific claim, but in no event later than **July 5, 2019 at 4:00 p.m. (prevailing Eastern Time)** (the "**Temporary Allowance Request Motion Deadline**"). All objections and responses to Temporary Allowance Request Motions must be filed and served on or before **July 19, 2019**. A claimant may file a reply to any objection or response to its motion on or before **July 22, 2019**. Any order temporarily allowing such claims must be entered on or before **August 9, 2019** or as otherwise ordered by the Court. Temporary Allowance Request Motions must adhere to the requirements set forth in the Disclosure Statement Order to be considered by the Court.

10. This Beneficial Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

11. If you hold Claims in another Class or Classes in which you are entitled to vote, you will receive a Beneficial Ballot for such other Class(es). Each Beneficial Ballot votes only your Claims indicated on that ballot. Please complete and return each Beneficial Ballot you receive.

12. Please be sure to properly sign and date your Beneficial Ballot. If you are signing a Beneficial Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Debtors or the Court, must submit proper evidence to the requesting party to so act on behalf of such holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Beneficial Ballot.

**IF YOU HAVE ANY QUESTIONS REGARDING THE BENEFICIAL BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BENEFICIAL BALLOT OR OTHER SOLICITATION MATERIALS, PLEASE CONTACT THE VOTING AGENT (A) BY WRITING TO FIRSTENERGY SOLUTIONS CORP. C/O PRIME CLERK LLC, 830 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10022; (B) BY TELEPHONE AT (855) 934-8766; OR (C) BY EMAIL AT FESBALLOTS@PRIMECLERK.COM. PLEASE NOTE THAT THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**THIS BENEFICIAL BALLOT IS TO BE USED BY BENEFICIAL OWNERS OF CLASS B4 SECURED FG PCN REINSTATED CLAIMS. PLEASE COMPLETE, SIGN AND DATE THIS BENEFICIAL BALLOT AND RETURN IT IN THE ENCLOSED**

5

ENVELOPE (OR OTHERWISE FOLLOW THE INSTRUCTIONS OF YOUR NOMINEE) PROMPTLY.

## ACCEPTANCE OR REJECTION OF THE PLAN

**ITEM 1.**     **CLAIM AMOUNT FOR VOTING PURPOSES**.

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Beneficial Owner of the Class B4 Secured FG PCN Reinstated Claims indicated on **Exhibit A** hereto in the following aggregate unpaid principal amount (insert amount in box below, unless otherwise completed by your Nominee):

Claim Amount: $_____

**ITEM 2.**     **VOTE**.

The Beneficial Owner of the Class B4 Secured FG PCN Reinstated Claims, the aggregate amount of which is set forth in Item 1, votes to (please check only <u>one</u>):

☐     **ACCEPT the Plan.**          ☐     **REJECT the Plan.**

**PLEASE NOTE: (i) Each Beneficial Owner must vote all such Beneficial Owner's Class B4 Secured FG PCN Reinstated Claims to accept or reject the Plan and may <u>not split</u> such vote; and (ii) any Beneficial Ballot executed by a Beneficial Owner that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection should not be counted as either an acceptance or a rejection of the Plan.**

**ITEM 3.**     **IMPORTANT INFORMATION REGARDING THIRD PARTY RELEASES.**

        The Plan contains Consensual Third Party Releases of claims and Causes of Action against the Debtor Released Parties, FE Non-Debtor Released Parties and Other Released Parties.

**IF YOU (I) VOTE TO ACCEPT THE PLAN OR (II) ARE DEEMED TO HAVE ACCEPTED THE PLAN, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN.  IF YOU (I) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (II) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN, OR (III) VOTE TO REJECT THE PLAN YOU WILL NOT BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN.**

**IF YOU ELECT TO REJECT THE PLAN, AND THEREFORE, NOT TO GRANT THE CONSENSUAL THIRD PARTY RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF RECEIVING THE CONSENSUAL THIRD PARTY RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN IF YOU ARE A RELEASED PARTY THEREUNDER.**

6

Article VIII.E of the Plan provides for the following Consensual Third Party Releases:

**On and as of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Debtor Released Parties, FE Non-Debtor Released Parties, and Other Released Parties to facilitate and implement the Plan, each Holder of a Claim or Interest that (i) vote to accept the Plan or (ii) is deemed to have accepted the Plan, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged each Debtor Released Party, FE Non-Debtor Released Party, and Other Released Party from any and all claims and Causes of Action, including any derivative claims asserted or assertable by or on behalf of any of the Debtors, the Reorganized Debtors, or their Estates or Affiliates (including any FE Non-Debtor Parties), as applicable, that such Entity would have been legally entitled to assert its own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to, or in any manner arising from in whole or in part, the Debtors, the Debtors' businesses, the Debtors' property, the Debtors' capital structure, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring discussions, intercompany transactions between or among the Debtors and/or their Affiliates (including any FE Non-Debtor Parties), the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and Released Party, the PCNs, the FES Notes, any interest in the Mansfield Facility Documents, the Chapter 11 Cases and related adversary proceedings, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Restructuring Support Agreement, the Process Support Agreement, the Standstill Agreement, the FE Settlement Agreement, the Disclosure Statement, the Plan, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the foregoing, including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion, the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any obligations of any Entity arising after the Effective Date under the Plan, the Confirmation Order, any Restructuring Transaction, the FE Settlement Agreement and any related obligations under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan and the FE Settlement Agreement, (ii) any Consenting Owner Participant from its obligations to the Consenting Owner Trustee, in its individual capacity (and its successors, permitted assigns, directors, officers, employees, agents, and servants), under the Mansfield Trust Agreements or (iii) the Consenting Owner Trustee from its obligations under the Mansfield Trust Agreements with respect to periods after the Effective Date.**

**For the avoidance of doubt, on and as of the Effective Date, each Holder of a Claim or Interest that (i) votes to accept the Plan or (ii) is deemed to have accepted the Plan shall be**

18-50757-amk    Doc 2714    FILED 05/29/19    ENTERED 05/29/19 09:57:05    Page 146 of 300

deemed to provide a full and complete discharge and release to the Debtor Released Parties, the FE Non-Debtor Released Parties and the Other Released Parties and their respective property from any and all Causes of Action whatsoever, whether known or unknown, asserted or unasserted, derivative or direct, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, whether for or sounding in tort, fraud, contract, violations of federal or state securities laws, veil piercing, substantive consolidation or alter-ego theories of liability, contribution, indemnification, joint or several liability, or otherwise arising from or related in any way to (i) the Debtors, the Reorganized Debtors, their businesses, their property, or any interest in the Mansfield Facility Documents; (ii) any Cause of Action against the FE Non-Debtor Released Parties or their property arising in connection with any intercompany transactions or other matters arising in the conduct of the Debtors' businesses; (iii) the Chapter 11 Cases; (iv) the formulation, preparation, negotiation, dissemination, implementation, administration, Confirmation or Consummation of the Plan, the Plan Supplement, any contract, employee pension or benefit plan instrument, release, or other agreement or document related to any Debtor, the Chapter 11 Cases or the Plan, modified, amended, terminated, or entered into in connection with either the Plan, or any agreement between the Debtors and any FE Non-Debtor Released Party, including the FE Settlement Agreement; or (v) any other act taken or omitted to be taken in connection with the Chapter 11 Cases, including, without limitation, acts or omissions occurring after the Effective Date in connection with distributions made consistent with the terms of the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval under section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, of the Consensual Third Party Release, which includes by reference each of the related provisions and definitions contained in the Plan.

For the avoidance of doubt and notwithstanding anything else in the Plan, any Confirmation Order, or any implementing or supplementing plan documents, (i) no Governmental Units shall be deemed to accept the Plan for purposes of Article VIII.E of the Plan and (ii) the United States, Ohio Environmental Protection Agency, Ohio Department of Natural Resources, and Pennsylvania Department of Environmental Protection have agreed not to vote on the Plan and will not be subject to the releases in Article VIII.E of the Plan provided, however, if any agency of the United States or any agency of any state actually votes to accept the Plan, such agency shall be deemed to provide the releases in Article VIII.E of the Plan on the Effective Date for such agency and only for such agency.

**ITEM 4.**      CERTIFICATIONS AS TO CLASS B4 SECURED FG PCN REINSTATED CLAIMS.

By completing and returning this Beneficial Ballot, the undersigned Beneficial Owner certifies that either (i) it has not submitted any other Beneficial Ballots on account of Securities underlying Class B4 Secured FG PCN Reinstated Claims held in other accounts or other record names or (ii) it has provided the information specified in the following table for all other Class B4 Secured FG PCN Reinstated Claims for which it has submitted additional Beneficial Ballots, each of which indicates the same vote to accept or reject the Plan (please use additional sheets of paper if necessary):

ONLY COMPLETE THIS SECTION IF YOU HAVE VOTED OTHER CLASS B4 SECURED FG PCN REINSTATED CLAIMS ON A BENEFICIAL BALLOT OTHER THAN THIS BENEFICIAL BALLOT.

| Account Number with other Nominee (if applicable) | | Name of Registered Holder or Other Nominee (if applicable) | Principal Amount of Other Class B4 Secured FG PCN Reinstated Claims Voted |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

**ITEM 5.**      CERTIFICATION.

By signing this Beneficial Ballot, the Beneficial Owner of Class B4 Secured FG PCN Reinstated Claims certifies that:

         a.      as of the Voting Record Date it is the Beneficial Owner of the Class B4 Secured FG PCN Reinstated Claims identified in Item I above;

         b.      it has been provided with a copy of the Plan, Disclosure Statement and the Disclosure Statement Order and acknowledges that the vote set forth on this Beneficial Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order; and

         c.      it has not submitted any other Beneficial Ballots relating to the Class B4 Secured FG PCN Reinstated Claims that are inconsistent with the votes set forth in this Beneficial Ballot or that, if such other Beneficial Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

| | |
|---|---|
| Name of Claim Holder (Print or Type): | _____ |
| Social Security or Federal Tax I.D. No. | _____ |
| (Optional): | _____ |
| Signature: | _____ |
| Name of Signatory: | _____ |
| If Authorized Agent of Claimant, Title of Agent: | _____ |
| Street Address: | _____ |
| City, State, and Zip Code:  Telephone Number: | _____ |
| Email Address:  Date Completed: | _____ |

No fees, commissions or other remuneration will be payable to any broker, dealer or other person for soliciting votes on the Plan. This Beneficial Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, certificates representing their securities. The Voting Agent will not accept delivery of any such certificates surrendered together with this Beneficial Ballot. Moreover, this Beneficial Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN AND DATE THIS BENEFICIAL BALLOT AND RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED (OR OTHERWISE FOLLOW THE INSTRUCTIONS OF YOUR NOMINEE).**

**IF THE VOTING AGENT DOES NOT ACTUALLY RECEIVE THE MASTER BALLOT INCORPORATING THE VOTE CAST BY THIS BENEFICIAL BALLOT ON OR BEFORE THE VOTING DEADLINE (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS BENEFICIAL BALLOT WILL NOT BE COUNTED TOWARD CONFIRMATION.**

**IF YOU HAVE QUESTIONS REGARDING THIS BENEFICIAL BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT (A) BY WRITING TO FIRSTENERGY SOLUTIONS CORP. C/O PRIME CLERK LLC, 830 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10022; (B) BY TELEPHONE AT (855) 934-8766; OR (C) BY EMAIL AT FESBALLOTS@PRIMECLERK.COM.**

## Exhibit A

**Please check one box below to indicate the CUSIP/ISIN to which this Beneficial Ballot pertains (or clearly indicate such information directly on the Beneficial Ballot or on a schedule thereto):**

| Class B4 Secured FG PCN Reinstated Claims | | |
|---|---|---|
| ☐ | 4.25% Adjustable Revenue Bonds Due 10/1/2047 | CUSIP 074876HP1 / ISIN US074876HP18 |
| ☐ | 4.25% Adjustable Revenue Bonds Due 8/1/2029 | CUSIP 677525VZ7 / ISIN US677525VZ70 |
| ☐ | 5.625% Adjustable Revenue Bonds Due 6/1/2018 | CUSIP 677525TF4 / ISIN US677525TF45 |

11

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
|  | ) | Case No. 18-50757 (AMK) |
| FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] | ) | (Jointly Administered) |
|  | ) |  |
| Debtors. | ) |  |
|  | ) | Hon. Judge Alan M. Koschik |
|  | ) |  |

## BALLOT FOR
## ACCEPTING OR REJECTING THE *FIFTH AMENDED*
## *JOINT PLAN OF REORGANIZATION OF FIRSTENERGY SOLUTIONS*
## *CORP., ET AL., PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE*

### CLASS B7 (FG SINGLE-BOX UNSECURED CLAIMS)

**THIS BALLOT (THE "BALLOT") MUST BE COMPLETED AND (I) IF CAST ELECTRONICALLY, SUBMITTED THROUGH THE BALLOTING PORTAL OF PRIME CLERK LLC (THE "VOTING AGENT"), AS PROVIDED FOR HEREIN, OR (II) IF CAST IN PAPER FORM, DELIVERED SO AS TO BE ACTUALLY RECEIVED BY THE VOTING AGENT AT THE ADDRESS PROVIDED HEREIN, IN EITHER CASE BY 4:00 P.M. (PREVAILING EASTERN TIME) ON AUGUST 2, 2019 (THE "VOTING DEADLINE") OR YOUR VOTE WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") are soliciting votes with respect to the *Fifth Amended Joint Plan of Reorganization of FirstEnergy Solutions Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") from the Holders of certain Impaired Claims against the Debtors.[2] On [●], 2019, the United States Bankruptcy Court for the Northern District of Ohio (the "**Court**") signed an order (the "**Disclosure Statement Order**") [Docket No. ●] which approved the *Disclosure Statement for the Fifth Amended Joint Plan of Reorganization*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage LLC(6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

[2] All capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

18-50757-amk    Doc 2714    FILED 05/29/19    ENTERED 05/29/19 09:57:05    Page 151 of 300

*FirstEnergy Solutions Corp.,* et. al*., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan is attached as Exhibit B to the Disclosure Statement, which is part of the package of materials that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

This Ballot is being sent to the Holders of Class B7 FG Single-Box Unsecured Claims under the Plan as of May 20, 2019 (the "**Voting Record Date**"). If you hold Claims in another Class or Classes in which you are entitled to vote, you will receive a Ballot for such other Class(es). Please use this Ballot to cast your vote to either accept or reject the Plan.

---

**YOU ARE RECEIVING THIS BALLOT BECAUSE THE DEBTORS' RECORDS INDICATED THAT YOU HOLD A CLASS B7 FG SINGLE-BOX UNSECURED CLAIM AS FOLLOWS:**

DEBTOR: _____ **FG** _____

AMOUNT: _____

---

**Your rights are described in the Plan and the Disclosure Statement, which were included in the Solicitation Package**. Please read the Plan and Disclosure Statement carefully before submitting a Ballot. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim under the Plan. If you need to obtain additional copies of the Plan, the Disclosure Statement, or other Solicitation Materials, you may obtain free copies (a) at the dedicated website of the Voting Agent for the Debtors' chapter 11 cases at https://cases.primeclerk.com/fes/, (b) upon request by mail to FirstEnergy Solutions Corp. Balloting Center, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022, or (c) by contacting the Voting Agent directly by calling (855) 934-8766 or by emailing fesballots@primeclerk.com.

**If the Plan is confirmed by the Court it will be binding on you whether or not you vote**. The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the Holders of at least two-thirds (2/3) in the amount and more than one-half (1/2) in number of claims in each voting class who voted to either accept or reject the Plan, and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under Section 1129(b) of the Bankruptcy Code, the foregoing, as and to the extent applicable to the Debtors' cases.

---

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, INJUNCTION AND EXCULPATION PROVISIONS, INCLUDING **CONSENSUAL THIRD PARTY RELEASES IN ARTICLE VIII.E.** THUS, YOU SHOULD REVIEW AND CONSIDER THE PLAN CAREFULLY

---

BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER WITH RESPECT TO THE THIRD PARTY RELEASES.

## **VOTING INSTRUCTIONS**

1. Capitalized terms used in the Ballot or in these instructions but not otherwise defined therein or herein shall have the meanings ascribed in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable, copies of which also accompany the Ballot.

2. The Court may confirm the Plan and thereby bind you by the terms of the Plan. Please review the Disclosure Statement for more information.

3. In order for your vote to count, you must:

   i.   Complete and certify the amount of your Claim in Item 1;

   ii.  Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

   iii. Review Item 3, the Plan provisions relating to Third Party Releases;

   iv.  Review Item 4, the Plan provisions relating to the ability to elect to be treated as a Convenience Claim, and follow the instructions therein;

   v.   Review Item 5, the Plan provisions relating to the ability to make an Equity Election, and follow the instructions therein;

   vi.  Review and sign the certifications in Item 6;

   vii. If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

   viii. Return the original, completed Ballot to the Voting Agent on or before the Voting Deadline, which is 4:00 p.m. (ET) on August 2, 2019, in one of the two manners described below:

---

### **If Submitting Your Vote through the E-Balloting Portal**

**The Voting Agent will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit https://cases.primeclerk.com/FES/, click on the "Submit E-Ballot" section of the website, and follow the instructions to submit your Ballot.**

---

3

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized electronic Ballot:**

Unique E-Ballot ID#:_____

**The Voting Agent's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in <u>Item 1</u> of your electronic Ballot.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.  Creditors who cast a Ballot using the E-Balloting Portal should NOT also submit a paper Ballot.**

**If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.**

---

**<u>If Submitting Your Vote by First Class Mail, Overnight Courier, or Hand Delivery</u>**

---

**Please complete and execute your ballot and submit it by first class mail in the enclosed postage prepaid envelope or by sending it to the following address:**

<div align="center">

**FirstEnergy Solutions Corp. Ballot Processing**
**c/o Prime Clerk LLC**
**830 Third Avenue, 3rd Floor**
**New York, NY 10022**

</div>

**If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.**

4.  You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.  Further, if a Holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

5.  If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise.  The method of delivery of Ballots to the Voting Agent is at the election and risk of each Holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the Voting Agent actually receives the originally executed Ballot.  **In all cases, Holders should allow sufficient time to assure timely delivery.  No Ballot should be sent to any of the Debtors, the Debtors' agents**

<div align="center">4</div>

**(other than the Voting Agent), or the Debtors' financial or legal advisors, and if so sent will not be counted**.

6. If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the last valid Ballot timely received will supersede and revoke any earlier received Ballot.

7. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor the Voting Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

8. If you wish to have your Claim Allowed in a different amount, classification or treatment than the amount, classification or treatment listed on the Beneficial Ballot for purposes of voting on the Plan, you must serve on the Debtors and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "**Temporary Allowance Request Motion**") no event later than **July 5, 2019 at 4:00 p.m. (prevailing Eastern Time)** (the "**Temporary Allowance Request Motion Deadline**"). All objections and responses to Temporary Allowance Request Motions must be filed and served on or before **July 19, 2019**. A claimant may file a reply to any objection or response to its motion on or before **July 22, 2019**. Any order temporarily allowing such claims must be entered on or before **August 9, 2019** or as otherwise ordered by the Court. Temporary Allowance Request Motions must adhere to the requirements set forth in the Disclosure Statement Order to be considered by the Court.

9. This Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

10. If you hold Claims in more than one Class (other than Multi-Debtor Claims) under the Plan or in multiple accounts, you may receive more than one Ballot coded for each different Class or account. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you received.

11. The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (b) any Ballot cast by a party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; and (e) any Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

12. If you believe you have received the wrong Ballot, you should contact the Voting Agent immediately at (855) 934-8766.

## ACCEPTANCE OR REJECTION OF THE PLAN

**ITEM 1.**     **CLAIM AMOUNT FOR VOTING PURPOSES.**

The undersigned certifies that as of May 20, 2019, it held a Class B7 FG Single-Box Unsecured Claim under the Plan in the amount of _____.

**ITEM 2.**     **VOTE.**

The Holder of the Class B7 FG Single-Box Unsecured Claim identified in Item 1 votes:

❑     **to ACCEPT the Plan.**          ❑     **to REJECT the Plan.**

**PLEASE FULLY COMPLETE THIS BALLOT BY CHECKING THE "ACCEPT" OR "REJECT" BOX.  IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED, BUT THE BALLOT IS OTHERWISE COMPLETED, THE BALLOT WILL BE COUNTED AS HAVING ACCEPTED THE PLAN.**

**ITEM 3.**     **IMPORTANT INFORMATION REGARDING THIRD PARTY RELEASES.**

The Plan contains Consensual Third Party Releases of claims and Causes of Action against the Debtor Released Parties, FE Non-Debtor Released Parties and Other Released Parties.

**IF YOU (I) VOTE TO ACCEPT THE PLAN OR (II) ARE DEEMED TO HAVE ACCEPTED THE PLAN, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN.  IF YOU (I) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (II) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN, OR (III) VOTE TO REJECT THE PLAN YOU WILL NOT BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN.**

**IF YOU ELECT TO REJECT THE PLAN, AND THEREFORE, NOT TO GRANT THE CONSENSUAL THIRD PARTY RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF RECEIVING THE CONSENSUAL THIRD PARTY RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN IF YOU ARE A RELEASED PARTY THEREUNDER.**

Article VIII.E of the Plan provides for the following Consensual Third Party Releases:

**On and as of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Debtor Released Parties, FE Non-Debtor Released Parties and Other Released Parties to facilitate and implement the Plan, each Holder of a Claim or Interest that (i) votes to accept the Plan or**

6

(ii) is deemed to have accepted the Plan, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged each Debtor Released Party, FE Non-Debtor Released Party, and Other Released Party from any and all claims and Causes of Action, including any derivative claims asserted or assertable by or on behalf of any of the Debtors, the Reorganized Debtors, or their Estates or Affiliates (including any FE Non-Debtor Parties), as applicable, that such Entity would have been legally entitled to assert its own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to, or in any manner arising from in whole or in part, the Debtors, the Debtors' businesses, the Debtors' property, the Debtors' capital structure, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring discussions, intercompany transactions between or among the Debtors and/or their Affiliates (including any FE Non-Debtor Parties), the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and Released Party, the PCNs, the FES Notes, any interest in the Mansfield Facility Documents, the Chapter 11 Cases and related adversary proceedings, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Restructuring Support Agreement, the Process Support Agreement, the Standstill Agreement, the FE Settlement Agreement, the Disclosure Statement, the Plan, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the foregoing, including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion, the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any obligations of any Entity arising after the Effective Date under the Plan, the Confirmation Order, any Restructuring Transaction, the FE Settlement Agreement and any related obligations under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan and the FE Settlement Agreement, (ii) any Consenting Owner Participant from its obligations to the Consenting Owner Trustee, in its individual capacity (and its successors, permitted assigns, directors, officers, employees, agents, and servants), under the Mansfield Trust Agreements or (iii) the Consenting Owner Trustee from its obligations under the Mansfield Trust Agreements with respect to periods after the Effective Date.

For the avoidance of doubt, on and as of the Effective Date, each Holder of a Claim or Interest that (i) votes to accept the Plan or (ii) is deemed to have accepted the Plan shall be deemed to provide a full and complete discharge and release to the Debtor Released Parties, the FE Non-Debtor Released Parties and the Other Released Parties and their respective property from any and all Causes of Action whatsoever, whether known or unknown, asserted or unasserted, derivative or direct, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, whether for  or sounding in tort, fraud, contract, violations of federal or state securities laws, veil piercing, substantive consolidation or alter-

ego theories of liability, contribution, indemnification, joint or several liability, or otherwise arising from or related in any way to (i) the Debtors, the Reorganized Debtors, their businesses, their property, or any interest in the Mansfield Facility Documents; (ii) any Cause of Action against the FE Non-Debtor Released Parties or their property arising in connection with any intercompany transactions or other matters arising in the conduct of the Debtors' businesses; (iii) the Chapter 11 Cases; (iv) the formulation, preparation, negotiation, dissemination, implementation, administration, Confirmation or Consummation of the Plan, the Plan Supplement, any contract, employee pension or benefit plan instrument, release, or other agreement or document related to any Debtor, the Chapter 11 Cases or the Plan, modified, amended, terminated, or entered into in connection with either the Plan, or any agreement between the Debtors and any FE Non-Debtor Released Party, including the FE Settlement Agreement; or (v) any other act taken or omitted to be taken in connection with the Chapter 11 Cases, including, without limitation, acts or omissions occurring after the Effective Date in connection with distributions made consistent with the terms of the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval under section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, of the Consensual Third Party Release, which includes by reference each of the related provisions and definitions contained in the Plan.

For the avoidance of doubt and notwithstanding anything else in the Plan, any Confirmation Order, or any implementing or supplementing plan documents, (i) no Governmental Units shall be deemed to accept the Plan for purposes of Article VIII.E of the Plan and (ii) the United States, Ohio Environmental Protection Agency, Ohio Department of Natural Resources, and Pennsylvania Department of Environmental Protection have agreed not to vote on the Plan and will not be subject to the releases in Article VIII.E of the Plan provided, however, if any agency of the United States or any agency of any state actually votes to accept the Plan, such agency shall be deemed to provide the releases in Article VIII.E of the Plan on the Effective Date for such agency and only for such agency.

**ITEM 4.**      **OPTIONAL ELECTION TO BE TREATED AS A CLASS B9 CONVENIENCE CLAIM.**

By checking the box below, regardless of the amount of your Class B7 FG Single-Box Unsecured Claim, you elect to have your Claim reduced to an amount not to exceed $1,000,000 and to have such Claim treated as a Class B9 Convenience Claim. Holders of Allowed Convenience Claims in Class B9 shall receive a distribution in Cash equal to 22% of the Allowed Convenience Claim. If you elect to have such Claim treated as a Class B9 Convenience Claim you, will be giving up the distribution amount for Class B7 FG Single-Box Unsecured Claims calculated on the full amount of your Claim.

> ❑
> **The undersigned elects to have its Class B7 FG Single-Box Unsecured Claim identified in Item 1 treated as a Class B9 Convenience Claim and acknowledges that any valid Claim will be Allowed in an amount not to exceed $1,000,000.**

8

**ITEM 5.        OPTIONAL EQUITY ELECTION FOR HOLDERS OF GENERAL UNSECURED CLAIMS.**

Holders of General Unsecured Claims may be eligible to elect to receive New Common Stock, rather than Cash, in satisfaction of their Claim (an "**Equity Election**") under the Plan.  The date of record for purposes of making an Equity Election is January 23, 2019 or such later date as may be agreed to by the Debtors with the consent of the Requisite Supporting Parties and the Committee (the "**Equity Election Record Date**").  All Holders of General Unsecured Claims wishing to make an Equity Election with respect to an eligible Claim are required to certify on their Ballots that they (i) were the beneficial holder of such Claim as of the applicable Equity Election Record Date and have not sold, transferred, or provided a participation in such Claim, or directly or implicitly agreed to do so following the applicable Equity Election Record Date or (ii) are otherwise a party to the Restructuring Support Agreement and the beneficial holder of such Claim and such Claim was subject to the Restructuring Support Agreement as of the applicable Equity Election Record Date.

**Any Holder of a General Unsecured Claim who is not party to the restructuring support agreement entered into by the Debtors and certain other parties on January 23, 2019 (the "Restructuring Support Agreement") who sells its claim after the Equity Election Record Date will not be permitted to make an Equity Election under the Plan.  Further, any buyer of a General Unsecured Claim, which Claim is not subject to the Restructuring Support Agreement as of the Equity Election Record Date will not be entitled to make an Equity Election under the Plan and will only be permitted to receive an equivalent cash distribution on account of such General Unsecured Claim.**

By checking the box below, you elect to receive New Common Stock rather than Cash in satisfaction of your Class B7 FG Single-Box Unsecured Claim identified in Item 1.

> ❏
> **The undersigned elects to receive its distribution on account of its Class B7 FG Single-Box Unsecured Claim identified in Item 1 in New Common Stock.**

By checking the box below, you acknowledge that you (i) were the beneficial holder of the Class B7 FG Single-Box Unsecured Claim identified in Item 1 as of the Equity Election Record Date, which was January 23, 2019, or such later date as agreed to by the Debtors with the consent of the Requisite Supporting Parties and the Committee, and you have not sold, transferred, or provided a participation in the Class B7 FG Single-Box Unsecured Claim identified in Item 1, or directly or implicitly agreed to do so following the applicable Equity Election Record Date, or (ii) are otherwise a party to the Restructuring Support Agreement and the beneficial holder of the Class B7 FG Single-Box Unsecured Claim identified in Item 1 and the Class B7 FG Single-Box Unsecured Claim identified in Item 1 was subject to the Restructuring Support Agreement as of the applicable Equity Election Record Date.

18-50757-amk    Doc 2714    FILED 05/29/19    ENTERED 05/29/19 09:57:05    Page 159 of 300

☐

**The undersigned acknowledges that (i) it was the beneficial holder of the Class B7 FG Single-Box Unsecured Claim identified in Item 1 as of the Equity Election Record Date, which was January 23, 2019, or such later date as agreed to by the Debtors with the consent of the Requisite Supporting Parties and the Committee and it has not sold, transferred or provided a participation in the Class B7 FG Single-Box Unsecured Claim identified in Item 1, or directly or implicitly agreed to do so following the applicable Equity Election Record Date, or (ii) it is otherwise a party to the Restructuring Support Agreement and the beneficial holder of the Class B7 FG Single-Box Unsecured Claim identified in Item 1 and the Class B7 FG Single-Box Unsecured Claim identified in Item 1 was subject to the Restructuring Support Agreement as of the applicable Equity Election Record Date.**

## ITEM 6.    CERTIFICATION

By signing this Ballot, the Holder certifies that:

    a.   as of the Voting Record Date it is the Holder of the Claim in Item 1 to which this Ballot pertains;

    b.   if the Holder made an Equity Election in Item 5, the acknowledgement made in Item 5 is true, accurate, and complete;

    c.   it has been provided with a copy of the Solicitation Package containing the Plan, the Disclosure Statement (together with its exhibits), the Disclosure Statement Order, the notice regarding the date and time of the hearing at which the Court will consider confirmation of the Plan, and a copy of any letters recommending approval of the Plan, and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order;

    d.   it has the full power to vote to accept or reject the Plan; and

    e.   it has not submitted any other Ballots relating to the Claim in Item 1 that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

| | |
|---|---|
| Name of Claim Holder (Print or Type): | _____ |
| Social Security or Federal Tax I.D. No. (Optional): | _____ |
| Signature: | _____ |
| Name of Signatory: | _____ |
| If Authorized Agent of Claimant, Title of Agent: | _____ |
| Street Address: | _____ |
| City, State, and Zip Code: | _____ |
| Telephone Number: | _____ |
| Email Address: | _____ |
| Date Completed: | _____ |

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Moreover, this Ballot shall not constitute or be deemed to be proof of claim or an assertion of a claim.

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT (A) BY WRITING TO FIRSTENERGY SOLUTIONS CORP. C/O PRIME CLERK LLC, 830 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10022; (B) BY TELEPHONE AT (855) 934-8766; OR (C) BY EMAIL AT FESBALLOTS@PRIMECLERK.COM.**

**THE VOTING AGENT IS NOT AUTHORIZED TO AND WILL NOT PROVIDE LEGAL ADVICE. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE COURT.**

# PLEASE RETURN YOUR BALLOT PROMPTLY

### If Submitting Your Vote through the E-Balloting Portal

The Voting Agent will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit https://cases.primeclerk.com/FES/, click on the "Submit E-Ballot" section of the website, and follow the instructions to submit your Ballot.

IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:

    Unique E-Ballot ID#:_____

The Voting Agent's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.

Each E-Ballot ID# is to be used solely for voting only those Claims described in <u>Item 1</u> of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the E-Balloting Portal should NOT also submit a paper Ballot.

If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

### If Submitting Your Vote by First Class Mail, Overnight Courier, or Hand Delivery

Please complete and execute your ballot and submit it by first class mail in the enclosed postage prepaid envelope or by sending it to the following address:

<div align="center">

**FirstEnergy Solutions Corp. Ballot Processing**
**c/o Prime Clerk LLC**
**830 Third Avenue, 3rd Floor**
**New York, NY 10022**

</div>

If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

12

|  |  |  |
|---|---|---|
| | ) | Chapter 11 |
| In re: | ) | |
| | ) | Case No. 18-50757 (AMK) |
| FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | Hon. Judge Alan M. Koschik |
| | ) | |

**MASTER BALLOT FOR ACCEPTING OR REJECTING THE *FIFTH AMENDED JOINT PLAN OF REORGANIZATION OF FIRSTENERGY SOLUTIONS CORP., ET AL., PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE***

**VOTING NOMINEE FOR BENEFICIAL OWNERS OF
CLASS C3 SECURED NG PCN CLAIMS**

---

**THIS MASTER BALLOT (THE "MASTER BALLOT") MUST BE COMPLETED AND (I) IF EMAILED, SUBMITTED TO PRIME CLERK LLC (THE "VOTING AGENT") VIA THE EMAIL ADDRESS PROVIDED FOR HEREIN, OR (II) IF CAST IN PAPER FORM, DELIVERED SO AS TO BE ACTUALLY RECEIVED BY THE VOTING AGENT AT THE ADDRESS PROVIDED FOR HEREIN, IN EITHER CASE BY 4:00 P.M. (PREVAILING EASTERN TIME) ON AUGUST 2, 2019 (THE "VOTING DEADLINE") OR THE VOTE OF THE BENEFICIAL OWNERS (DEFINED BELOW) FOR WHOM YOU ACT AS NOMINEE (DEFINED BELOW) WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage LLC (6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

Ex-12

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") are soliciting votes with respect to the *Fifth Amended Joint Plan of Reorganization of FirstEnergy Solutions Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") from the Holders of certain Impaired Claims against the Debtors.[2] On [●], 2019, the United States Bankruptcy Court for the Northern District of Ohio (the "**Court**") signed an order (the "**Disclosure Statement Order**") [Docket No. ●] which approved the *Disclosure Statement for the Fifth Amended Joint Plan of Reorganization FirstEnergy Solutions Corp., et. al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan.  The Plan is attached as Exhibit B to the Disclosure Statement, which is part of the package of materials that accompanies this Master Ballot (the "**Solicitation Package**").  The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

You are receiving this Master Ballot because you are the broker, bank or other nominee, or the agent of a broker, bank or other nominee (each of the foregoing, a "**Nominee**") of a Beneficial Owner of the Class C3 Secured NG PCN Claims indicated on **Exhibit A** hereto as of May 20, 2019 (the "**Voting Record Date**").

This Master Ballot is to be used by you as the Nominee for certain Beneficial Owners of Class C3 Secured NG PCN Claims indicated on **Exhibit A** hereto, to transmit to the Voting Agent the votes of such Beneficial Owners[3] in respect of their Claims to accept or reject the Plan in accordance with their ballots (each, a "**Beneficial Ballot**").

**The votes transmitted on this Master Ballot for Beneficial Owners of the Class C3 Secured NG PCN Claims indicated on Exhibit A hereto shall be applied to each Debtor against whom such Beneficial Owners have a Claim.**

As a Nominee, you are required to immediately deliver a Solicitation Package, including a Beneficial Ballot, to each Beneficial Owner for whom you hold Class C3 Secured NG PCN Claims and take any action required to enable such Beneficial Owner to timely vote its Class C3 Secured NG PCN Claims to accept or reject the Plan.  You should include in each solicitation package a return envelope addressed to you (and not include a return envelope addressed to the Voting Agent) unless you choose to pre-validate such Beneficial Ballot, in which case the Solicitation Package should include a return envelope addressed only to the Voting Agent.  With respect to any Beneficial Ballots returned to you, you must (i) execute this Master Ballot so as to reflect the voting instructions given to you in the Beneficial Ballots by the Beneficial Owners for whom you hold Class C3 Secured NG PCN Claims and (ii) forward this Master Ballot to the Voting Agent in accordance with the instructions accompanying this Master Ballot.

---

[2] All capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

[3] A "Beneficial Owner" means a beneficial owner of publicly traded securities whose Claims have not been satisfied prior to the Voting Record Date (as defined herein) pursuant to Court order or otherwise, as reflected in the records maintained by the Nominees.

18-50757-amk    Doc 2714    FILED 05/29/19    ENTERED 05/29/19 09:57:05    Page 164 of 300

The Disclosure Statement, which describes rights under the Plan, was included in the Solicitation Package you are receiving with this Master Ballot (as well as the Plan, Disclosure Statement Order and certain other materials. If you need to obtain additional copies of the Plan, the Disclosure Statement, or other Solicitation Materials, you may obtain free copies (a) at the dedicated website of the Voting Agent for the Debtors' chapter 11 cases at https://cases.primeclerk.com/fes/, (b) upon request by mail to FirstEnergy Solutions Corp. Balloting Center, c/o Prime Clerk LLC, 830 Third Avenue, 3rd Floor, New York, NY 10022, or (c) by contacting the Voting Agent directly by calling (855) 934-8766 or by emailing fesballots@primeclerk.com.

## VOTING INSTRUCTIONS

1.  Capitalized terms used in the Master Ballot or in these instructions but not otherwise defined therein or herein shall have the meanings ascribed in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable, copies of which also accompany the Master Ballot.

2.  You should immediately distribute Solicitation Package(s), including Beneficial Ballots, to each Beneficial Owner (or intermediary nominees, if applicable) of Class C3 Secured NG PCN Claims, and take any action required to enable each such Beneficial Owner to timely vote such Claims.

3.  If you are both the record holder and the Beneficial Owner of any principal amount of the Class C3 Secured NG PCN Claims and you wish to vote any such Claims on account thereof, you may complete and execute either an individual Beneficial Ballot or a Master Ballot and return the same to the Voting Agent in accordance with these instructions.

4.  If you are transmitting the votes of any Beneficial Owners other than yourself, you may, at your option, elect to pre-validate the Beneficial Ballots sent to you by the Voting Agent. Based on your decision as to whether or not to pre-validate Beneficial Owners Ballots, the instructions in either paragraph (5) or paragraph (6) apply (but not both).

5.  **PRE-VALIDATED BENEFICIAL BALLOTS**: A Nominee "pre-validates" a Beneficial Ballot by indicating thereon the Beneficial Owner of the Class C3 Secured NG PCN Claims to be voted the amount of the Class C3 Secured NG PCN Claims held by the Beneficial Owner and the appropriate account numbers through which the Beneficial Owner's holdings are derived and executing the Beneficial Ballot. If you choose to pre-validate individual Beneficial Ballots, you must immediately: (a) "pre-validate" the individual Beneficial Ballot contained in the Solicitation Package sent to you by the Voting Agent, and (b) forward the Solicitation Package to the Beneficial Owner for voting, including:

    (i)    the pre-validated Beneficial Ballot;

    (ii)   a return envelope addressed to the Voting Agent as follows: FirstEnergy Solutions Corp. Ballot Processing, c/o Prime Clerk LLC, 830 Third Avenue, 3rd Floor, New York, NY 10022; and

3

(iii)  clear instructions stating that Beneficial Owners must return their pre-validated Beneficial Ballot directly to the Voting Agent so that it is actually received by the Voting Agent on or before the Voting Deadline, which is 4:00 p.m. (prevailing Eastern Time) on August 2, 2019.

6.  **NON PRE-VALIDATED BENEFICIAL BALLOTS**: If you do NOT choose to pre-validate individual Beneficial Ballots, you must:

(i)  immediately forward the Solicitation Package(s) sent to you by the Voting Agent to each Beneficial Owner for voting, including: (a) the Beneficial Ballot; (b) a return envelope addressed to the Nominee; and (c) clear instructions stating that Beneficial Owners must return their Beneficial Ballot directly to the Nominee so that it is actually received by the Nominee on or before that date ("**Return Date**") calculated by the Nominee so as to afford the Nominee with enough time to prepare the Master Ballot and return the Master Ballot to the Voting Agent so it is actually received by the Voting Agent on or before the Voting Deadline, which Return Date the Nominee must also insert in the blank on the  first page of the Beneficial Ballot before transmitting it to the Beneficial Owner; and

(ii)  upon receipt of completed and executed Beneficial Ballots returned to you by a Beneficial Owner (or intermediary nominee), you must:

a.  compile and validate the votes and other relevant information of each such Beneficial Owner on the Master Ballot using the customer account number or other identification number assigned by you or an intermediary nominee to each such Beneficial Owner;

b.  execute the Master Ballot;

c.  transmit such Master Ballot so as to be actually received by the Voting Agent by the Voting Deadline; and

d.  retain such Beneficial Ballots in your files for a period of one year after the Effective Date of the Plan (as you may be ordered to produce the Beneficial Ballots to the Debtors or the Court).

7.  If a Master Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, it will not be counted. Additionally, the following Master Ballots (and therefore Beneficial Ballots) will NOT be counted:

(i)  Master Ballots sent to any of the Debtors, the Debtors' agents (other than the Voting Agent), any indenture trustee or the Debtors' financial or legal advisors;

(ii)  Master Ballots sent by facsimile or any other electronic means not expressly provided for herein;

4

(iii)    any Master Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Owner of the Claim;

(iv)    any Master Ballot cast by an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

(v)    any unsigned Master Ballot;

(vi)    any Master Ballot not marked to accept or reject the Plan or the portion of any Master Ballot that is marked, with respect to a single account number, both to accept and reject the Plan; and/or

(vii)    any Master Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

8.    Any Ballot returned to you by a Beneficial Owner of a Claim or intermediary nominee shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver to the Voting Agent a Master Ballot that reflects the vote of such Beneficial Owners or intermediary nominees by the Voting Deadline or otherwise validate the Beneficial Ballot in a manner acceptable to the Voting Agent.

9.    The method of delivery of Master Ballots to the Voting Agent is at the election and risk of each Nominee. Except as otherwise provided herein, such delivery will be deemed made only when the Voting Agent actually receives the originally executed Master Ballot. Instead of effecting delivery by first-class mail, it is recommended, though not required, that Nominees use an overnight or hand delivery service. Facsimile or other electronic transmissions of this Master Ballot not expressly provided for herein will not be accepted. In all cases, Nominees should allow sufficient time to assure timely delivery.

10.    If multiple Master Ballots are received from the same Nominee with respect to the same Beneficial Ballot belonging to a Beneficial Owner of a Claim prior to the Voting Deadline, the last valid Master Ballot timely received will supersede and revoke any earlier received Master Ballots.

11.    The Master Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Beneficial Ballots. Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing their Claims and you should not accept delivery of any such certificates or instruments surrendered together with a Beneficial Ballot.

12.    This Master Ballot does not constitute, and shall not be deemed to be, (a) a proof of claim or (b) an assertion or admission of a Claim.

13.    Please be sure to properly execute your Master Ballot. You must: (a) sign and date your Master Ballot; (b) if applicable, indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity and, if required or requested by the Voting Agent, the Debtors or the Court, submit proper evidence to the

5

requesting party to so act on behalf of such Beneficial Owner; and (c) provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

14. No fees or commissions or other remuneration will be payable to any Nominee for soliciting Beneficial Ballots accepting the Plan. The Debtors will however, upon written request, reimburse you for reasonable and customary mailing and handling expenses incurred by you in forwarding the Beneficial Ballots and other enclosed materials to your customers.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT (A) BY WRITING TO FIRSTENERGY SOLUTIONS CORP. C/O PRIME CLERK LLC, 830 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10022; (B) BY TELEPHONE AT (855) 934-8766; OR (C) BY EMAIL AT FESBALLOTS@PRIMECLERK.COM.**

**PLEASE NOTE THAT THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

---

**If the Voting Agent does not <u>actually</u> <u>receive</u> this Master Ballot on or before the Voting Deadline, and if the Voting Deadline is not extended, the Beneficial Owners' votes transmitted hereby will not be counted.**

---

6

## ACCEPTANCE OR REJECTION OF THE PLAN

**ITEM 1.**        **Claim Amount for Voting Purposes.**

The undersigned certifies that as of the Voting Record Date, the undersigned (please check the applicable box):

- ❑ is a Nominee for the Beneficial Owners of the aggregate amount of the Class C3 Secured NG PCN Claims listed in Item 2 below and is the registered holder of the Class C3 Secured NG PCN Claims represented by any such Claims;

- ❑ is acting under a power of attorney and/or agency agreement (a copy of which will be provided upon request) granted by a Nominee that is the registered holder of the aggregate amount of the Class C3 Secured NG PCN Claims listed in Item 2 below; or

- ❑ has been granted a proxy (an original of which is annexed hereto) from (a) a Nominee or (b) a Beneficial Owner, that is the registered holder of the aggregate amount of the Class C3 Secured NG PCN Claims listed in Item 2 below and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Owners of the Class C3 Secured NG PCN Claims described in Item 2 below.

**ITEM 2.**        **Vote with Respect to the Class C3 Secured NG PCN Claims.**

**Number of Beneficial Owners:** The undersigned transmits the following votes of Beneficial Owners in respect of their Class C3 Secured NG PCN Claims indicated on **Exhibit A** hereto and certifies that the following Beneficial Owners of such Claims, as identified by their respective customer account numbers set forth below, are the Beneficial Owners of such Claims as of the Voting Record Date and have delivered to the undersigned, as Nominee, properly executed Beneficial Ballots casting such votes as indicated and containing instructions for the casting of those votes on their behalf.

**To Properly Complete the Following Table:** Indicate in the appropriate column below the aggregate principal amount voted for each account. Please use additional sheets of paper if necessary and, if possible, attach such information to this Master Ballot in the form of the following table. **PLEASE NOTE**: (i) each account of a Beneficial Owner must vote all such Beneficial Owner's Class C3 Secured NG PCN Claims to accept or reject the Plan and may not <u>not split</u> such vote; and (ii) any Beneficial Ballot executed by the Beneficial Owner that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection should not be counted as either an acceptance or a rejection of the Plan.

| Your Customer Account Number for Each Beneficial | Principal Amount Held as of Voting Record Date | ACCEPT THE PLAN | | REJECT THE PLAN |
|---|---|---|---|---|

7

| Owner of Class C3 Secured NG PCN Claims | | | | |
|---|---|---|---|---|
| 1. | $ | ❓ | OR | ❓ |
| 2. | $ | ❓ | OR | ❓ |
| 3. | $ | ❓ | OR | ❓ |
| 4. | $ | ❓ | OR | ❓ |
| 5. | $ | ❓ | OR | ❓ |
| 6. | $ | ❓ | OR | ❓ |
| 7. | $ | ❓ | OR | ❓ |
| 8. | $ | ❓ | OR | ❓ |
| 9. | $ | ❓ | OR | ❓ |
| 10. | $ | ❓ | OR | ❓ |
| TOTALS: | $ | | | |

ITEM 3.     IMPORTANT INFORMATION REGARDING CONSENSUAL THIRD PARTY RELEASES.

The Plan contains Consensual Third Party Releases of claims and Causes of Action against the Debtor Released Parties, FE Non-Debtor Released Parties and Other Released Parties.

**ALL HOLDERS OF A CLAIM OR INTEREST THAT (I) VOTE TO ACCEPT THE PLAN OR (II) ARE DEEMED TO HAVE ACCEPTED THE PLAN, SHALL BE DEEMED TO HAVE GRANTED THE CONSENSUAL THIRD PARTY RELEASES.**

**HOLDERS OF A CLAIM OR INTEREST THAT (I) VOTE TO REJECT THE PLAN OR (II) ARE ENTITLED TO VOTE AND FAIL TO SUBMIT A BALLOT SHALL NOT BE DEEMED TO HAVE GRANTED THE CONSENSUAL THIRD PARTY RELEASES.**

Article VIII.E of the Plan provides for the following Consensual Third Party Releases:

8

On and as of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Debtor Released Parties, FE Non-Debtor Released Parties, and Other Released Parties to facilitate and implement the Plan, each Holder of a Claim or Interest that (i) votes to accept the Plan or (ii) is deemed to have accepted the Plan, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged each Debtor Released Party, FE Non-Debtor Released Party and Other Released Party from any and all claims and Causes of Action, including any derivative claims asserted or assertable by or on behalf of any of the Debtors, the Reorganized Debtors, or their Estates or Affiliates (including any FE Non-Debtor Parties), as applicable, that such Entity would have been legally entitled to assert its own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to, or in any manner arising from in whole or in part, the Debtors, the Debtors' businesses, the Debtors' property, the Debtors' capital structure, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring discussions, intercompany transactions between or among the Debtors and/or their Affiliates (including any FE Non-Debtor Parties), the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and Released Party, the PCNs, the FES Notes, any interest in the Mansfield Facility Documents, the Chapter 11 Cases and related adversary proceedings, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Restructuring Support Agreement, the Process Support Agreement, the Standstill Agreement, the FE Settlement Agreement, the Disclosure Statement, the Plan, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the foregoing, including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion, the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any obligations of any Entity arising after the Effective Date under the Plan, the Confirmation Order, any Restructuring Transaction, the FE Settlement Agreement and any related obligations under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan and the FE Settlement Agreement, (ii) any Consenting Owner Participant from its obligations to the Consenting Owner Trustee, in its individual capacity (and its successors, permitted assigns, directors, officers, employees, agents, and servants), under the Mansfield Trust Agreements or (iii) the Consenting Owner Trustee from its obligations under the Mansfield Trust Agreements with respect to periods after the Effective Date.

For the avoidance of doubt, on and as of the Effective Date, the each Holder of a Claim or Interest that (i) votes to accept the Plan or (ii) is deemed to have accepted the Plan, shall be deemed to provide a full and complete discharge and release to the Debtor Released Parties,

9

the FE Non-Debtor Released Parties, and the Other Released Parties and their respective property from any and all Causes of Action whatsoever, whether known or unknown, asserted or unasserted, derivative or direct, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, whether for or sounding in tort, fraud, contract, violations of federal or state securities laws, veil piercing, substantive consolidation or alter-ego theories of liability, contribution, indemnification, joint or several liability, or otherwise arising from or related in any way to (i) the Debtors, the Reorganized Debtors, their businesses, their property, or any interest in the Mansfield Facility Documents; (ii) any Cause of Action against the FE Non-Debtor Released Parties or their property arising in connection with any intercompany transactions or other matters arising in the conduct of the Debtors' businesses; (iii) the Chapter 11 Cases; (iv) the formulation, preparation, negotiation, dissemination, implementation, administration, Confirmation or Consummation of the Plan, the Plan Supplement, any contract, employee pension or benefit plan instrument, release, or other agreement or document related to any Debtor, the Chapter 11 Cases or the Plan, modified, amended, terminated, or entered into in connection with either the Plan, or any agreement between the Debtors and any FE Non-Debtor Released Party, including the FE Settlement Agreement; or (v) any other act taken or omitted to be taken in connection with the Chapter 11 Cases, including, without limitation, acts or omissions occurring after the Effective Date in connection with distributions made consistent with the terms of the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval under section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, of the Consensual Third Party Release, which includes by reference each of the related provisions and definitions contained in the Plan.

For the avoidance of doubt and notwithstanding anything else in the Plan, any Confirmation Order, or any implementing or supplementing plan documents, (i) no Governmental Units shall be deemed to accept the Plan for purposes of Article VIII.E of the Plan and (ii) the United States, Ohio Environmental Protection Agency, Ohio Department of Natural Resources, and Pennsylvania Department of Environmental Protection have agreed not to vote on the Plan and will not be subject to the releases in Article VIII.E of the Plan provided, however, if any agency of the United States or any agency of any state actually votes to accept the Plan, such agency shall be deemed to provide the releases in Article VIII.E of the Plan on the Effective Date for such agency and only for such agency.

**ITEM 4.** **CERTIFICATIONS AS TO TRANSCRIPTION OF INFORMATION FROM ITEM 4 OF THE BENEFICIAL BALLOTS AS TO CLASS C3 SECURED NG PCN CLAIMS VOTED THROUGH OTHER BENEFICIAL BALLOTS**

The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by Beneficial Owners in Item 4 of each of the Beneficial Owner's original Beneficial Ballots, identifying any Class C3 Secured NG PCN Claims for which such Beneficial Owners have submitted other Beneficial Ballots (*e.g.*, to other voting nominees) other than to the undersigned:

10

| Your Customer Account Number for Each Beneficial Owner Who Completed Item 4 of the Beneficial Ballots | TRANSCRIBE FROM ITEM 4 OF THE BENEFICIAL BALLOTS: | | | |
|---|---|---|---|---|
| | Account Number | Name of Holder | CUSIP Number or Description of Other Class C3 Secured NG PCN Claims Voted | Principal Amount of Other Class C3 Secured NG PCN Claims Voted |
| 1. | | | | $ |
| 2. | | | | $ |
| 3. | | | | $ |
| 4. | | | | $ |
| 5. | | | | $ |
| 6. | | | | $ |
| 7. | | | | $ |
| 8. | | | | $ |
| 9. | | | | $ |
| 10. | | | | $ |

**ITEM 5.**     **CERTIFICATION**.

By signing this Master Ballot, the undersigned certifies that:

1.     it has received a copy of the Disclosure Statement, the Beneficial Ballots and the Solicitation Package and has delivered the same to the Beneficial Owners listed on the Beneficial Ballots or to any intermediary nominee, as applicable;

2.     it has received a completed and signed Beneficial Ballot from each Beneficial Owner listed in Item 2 of this Master Ballot or from an intermediary nominee, as applicable;

3.     as of the Voting Record Date it is the registered holder of the Class C3 Secured NG PCN Claims being voted, or an agent therefor;

4.     it has been authorized by each such Beneficial Owner or intermediary nominee, as applicable, to vote on the Plan and to make applicable elections;

11

5.     it has properly disclosed:

    (i)     the number of Beneficial Owners who completed Beneficial Ballots;

    (ii)     the respective amounts of the Class C3 Secured NG PCN Claims held as of the Voting Record Date by each Beneficial Owner who completed a Beneficial Ballot;

    (iii)     each such Beneficial Owner's respective vote concerning the Plan;

    (iv)     each such Beneficial Owner's certification as to other Class C3 Secured NG PCN Claims voted; and

    (v)     the customer account or other identification number for each such Beneficial Owner as of the Voting Record Date;

6.     each such Beneficial Owner has certified to the undersigned or to an intermediary nominee, as applicable, that it is eligible to vote on the Plan; and

7.     it will maintain Beneficial Ballots and evidence of separate transactions returned by Beneficial Owners or by intermediary nominees (whether properly completed or defective) for at least one year after the Voting Deadline and disclose all such information to the Court or the Debtors, as the case may be, if so ordered.

12

| | |
|---|---|
| Name of Nominee: | _____ |
| | (Print or Type) |
| Participant Number: | _____ |
| Name of Proxy Holder or Agent for Nominee: | _____ |
| | (Print or Type) |
| Social Security or Federal Tax Identification Number: | _____ |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than Nominee) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Date Completed: | _____ |

No fees, commissions or other remuneration will be payable to any broker, dealer or other person for soliciting votes on the Plan. The Debtors will however, upon written request, reimburse you for customary mailing and handling expenses incurred by you in forwarding the Beneficial Ballots and other enclosed materials to your customers. This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, certificates representing their securities. The Voting Agent will not accept delivery of any such certificates surrendered together with this Master Ballot. Moreover, this Master Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

# PLEASE RETURN YOUR MASTER BALLOT PROMPTLY

| |
|---|
| **If Submitting Your Vote through the E-Mail** |
| **The Voting Agent will accept Master Ballots from Nominees and their agents through email if properly completed and submitted via email  at fesballots@primeclerk.com** |
| |
| **If Submitting Your Vote by First Class Mail, Overnight Courier, or Hand Delivery** |
| **Please complete and execute your ballot and submit it by first class mail in the enclosed postage prepaid envelope or by sending it to the following address:**<br><br>**FirstEnergy Solutions Corp. Ballot Processing**<br>**c/o Prime Clerk LLC**<br>**830 Third Avenue, 3rd Floor**<br>**New York, NY 10022**<br><br>**If your Master Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.** |

18-50757-amk    Doc 2714    FILED 05/29/19    ENTERED 05/29/19 09:57:05    Page 176 of 300

## Exhibit A

**Please check one box below to indicate the CUSIP/ISIN to which this Master Ballot pertains (or clearly indicate such information directly on the Master Ballot or on a schedule thereto):**

| Class C3 Secured NG PCN Claims | | |
|---|---|---|
| ☐ | 4.375% Muni Revenue Bonds Due 1/1/2035 | CUSIP 074876HR7 / ISIN US074876HR73 |
| ☐ | 4.375% Muni Revenue Bonds Due 6/1/2033 | CUSIP 677525WA1 / ISIN US677525WA11 |
| ☐ | 4.375% Muni Revenue Bonds Due 6/1/2033 | CUSIP 67766WXM9 / ISIN US67766WXM99 |
| ☐ | 4.375% Muni Revenue Bonds Due 6/1/2033 | CUSIP 67766WXN7 / ISIN US67766WXN72 |

15

|  |  |  |
|---|---|---|
| | ) | Chapter 11 |
| In re: | ) | |
| | ) | Case No. 18-50757 (AMK) |
| FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | Hon. Judge Alan M. Koschik |
| | ) | |

**BENEFICIAL BALLOT FOR ACCEPTING OR REJECTING THE *FIFTH AMENDED JOINT PLAN OF REORGANIZATION OF FIRSTENERGY SOLUTIONS CORP., ET AL., PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE***

**BENEFICIAL OWNER OF
CLASS C3 SECURED NG PCN CLAIMS**

---

**THIS BENEFICIAL BALLOT (THE "BENEFICIAL BALLOT") IS TO BE USED BY BENEFICIAL OWNERS[2] OF CLASS C3 SECURED NG PCN CLAIMS.**

**IN ORDER FOR YOUR VOTE TO BE COUNTED, ALL PRE-VALIDATED BENEFICIAL BALLOTS (INCLUDING MASTER BALLOTS (EACH, A "MASTER BALLOT") CAST ON BEHALF OF BENEFICIAL BALLOTS THAT WERE NOT PRE-VALIDATED) MUST BE COMPLETED, EXECUTED AND RETURNED SO AS TO BE ACTUALLY RECEIVED BY PRIME CLERK LLC (THE "VOTING AGENT") ON OR BEFORE 4:00 P.M. (PREVAILING EASTERN TIME) ON AUGUST 2, 2019 (THE "VOTING DEADLINE") IN ACCORDANCE WITH THE FOLLOWING:**

**IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE: YOU MUST RETURN THIS BENEFICIAL BALLOT TO YOUR NOMINEE BY [●], 2019 IN ACCORDANCE WITH THE ENCLOSED INSTRUCTIONS FROM YOUR NOMINEE, AND IN ANY EVENT, IN SUFFICIENT TIME TO PERMIT YOUR**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage LLC(6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

[2] A "Beneficial Owner" means a beneficial owner of publicly traded securities whose Claims have not been satisfied prior to the Voting Record Date (as defined herein) pursuant to Court order or otherwise, as reflected in the records maintained by such owner's broker, bank or other nominee, or the agent of a broker, bank or other nominee (each of the foregoing, a "Nominee").

18-50757-amk    Doc 2714    FILED 05/29/19    ENTERED 05/29/19 09:57:05    Page 178 of 300

**NOMINEE TO DELIVER A MASTER BALLOT INCLUDING YOUR VOTE TO THE VOTING AGENT BY THE VOTING DEADLINE. PLEASE CONTACT YOUR NOMINEE WITH ANY QUESTIONS REGARDING THE DATE IT NEEDS TO RECEIVE YOUR BENEFICIAL BALLOT TO TIMELY SUBMIT THE MASTER BALLOT TO THE VOTING AGENT.**

**IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO THE VOTING AGENT:**
**YOUR NOMINEE HAS PRE-VALIDATED THIS BENEFICIAL BALLOT. THEREFORE, YOU MUST RETURN THIS PRE-VALIDATED BENEFICIAL BALLOT DIRECTLY TO THE VOTING AGENT SO IT IS <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING DEADLINE.**

**DO NOT MAIL OR RETURN BALLOTS DIRECTLY TO THE ABOVE CAPTIONED DEBTORS AND DEBTORS IN POSSESSION (THE "<u>DEBTORS</u>") OR THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF OHIO (THE "<u>COURT</u>").**

The Debtors are soliciting votes with respect to the *Fifth Amended Joint Plan of Reorganization of FirstEnergy Solutions Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") from the Holders of certain Impaired Claims against the Debtors.[3] On [●], 2019, the Court signed an order (the "**Disclosure Statement Order**") [Docket No. ●] which approved the *Disclosure Statement for the Fifth Amended Joint Plan of Reorganization FirstEnergy Solutions Corp., et. al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan is attached as Exhibit B to the Disclosure Statement, which is part of the package of materials that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

You are receiving this Beneficial Ballot for Beneficial Owners because you are a Beneficial Owner of the Class C3 Secured NG PCN Claims indicated on **Exhibit A** hereto as of May 20, 2019 (the "**Voting Record Date**"). Accordingly, you have a right to vote to accept or reject the Plan.

**Your rights are described in the Plan and the Disclosure Statement, which were included in the Solicitation Package**. Please read the Plan and Disclosure Statement carefully before submitting a Ballot. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim under the Plan. If you need to obtain additional copies of the Plan, the Disclosure Statement, or other Solicitation Materials, you may obtain free copies (a) at the dedicated website of the Voting Agent for the Debtors' chapter 11 cases at https://cases.primeclerk.com/fes/, (b) upon request by mail to FirstEnergy Solutions Corp.

---

[3] All capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

Balloting Center, c/o Prime Clerk LLC, 830 Third Avenue, 3rd Floor, New York, NY 10022, or (c) by contacting the Voting Agent directly by calling (855) 934-8766 or by emailing fesballots@primeclerk.com.

**If the Plan is confirmed by the Court it will be binding on you whether or not you vote.** The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the Holders of at least two-thirds (2/3) in the amount and more than one-half (1/2) in number of claims in each Voting Class who voted to either accept or reject the Plan, and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under Section 1129(b) of the Bankruptcy Code, the foregoing, as and to the extent applicable to the Debtors' cases.

---

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, INJUNCTION PROVISIONS, INCLUDING **CONSENSUAL THIRD PARTY RELEASES IN ARTICLE VIII.E**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER WITH RESPECT TO THE THIRD PARTY RELEASES.

---

## VOTING INSTRUCTIONS

1. Capitalized terms used in the Ballot or in these instructions but not otherwise defined therein or herein shall have the meanings ascribed in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable, copies of which also accompany the Ballot.

2. To ensure that your vote is counted, you <u>must</u>: (a) complete your Beneficial Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Beneficial Ballot; (c) review the Plan provisions relating to the Consensual Third Party Releases; (d) review and complete Items 4 and 5 in accordance with the instructions therein; <u>and</u> (e) clearly sign and return an original of your Beneficial Ballot to the address set forth on the enclosed pre-addressed envelope.

3. **Return of Beneficial Ballots**: Your Beneficial Ballot (if pre-validated) and/or the Master Ballot incorporating the vote cast on your Beneficial Ballot MUST be returned to the Voting Agent so as to be **actually** **received** by the Voting Agent on or before the Voting Deadline, which is August 2, 2019, at 4:00 p.m. (prevailing Eastern Time). To ensure your vote is counted toward confirmation of the Plan, please read the following information carefully so that you understand where your Beneficial Ballot must be sent in order for it to be received before the Voting Deadline:

    (i) <u>Pre-validated Beneficial Ballot</u>: If you received a Beneficial Ballot and a return envelope addressed to the Voting Agent, you must return your completed

Beneficial Ballot <u>directly to the Voting Agent</u> so that it is **actually received** by the Voting Agent on or before the Voting Deadline.

(ii) <u>Not pre-validated Beneficial Ballot</u>: If you received a Beneficial Ballot and a return envelope addressed to your Nominee, you must return your completed Beneficial Ballot <u>directly to your Nominee</u> so as to be actually received by [●], 2019 to allow sufficient time to permit your Nominee to deliver a Master Ballot including your vote to the Voting Agent by the Voting Deadline.

4.  If a Master Ballot or pre-validated Beneficial Ballot is received <u>after</u> the Voting Deadline and if the Voting Deadline is not extended, it will not be counted. Additionally, the following Beneficial Ballots will <u>NOT</u> be counted:

(i) Beneficial Ballots sent to any of the Debtors, the Debtors' agents (other than the pre-validated Beneficial Ballots sent to the Voting Agent), any indenture trustee or the Debtors' financial or legal advisors;

(ii) Beneficial Ballots sent by facsimile, e-mail or any other electronic means not expressly provided for herein;

(iii) any Beneficial Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

(iv) any Beneficial Ballot cast by an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

(v) any unsigned Beneficial Ballot; and/or

(vi) any Beneficial Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

5.  Beneficial Ballots that indicate both acceptance and rejection of the Plan or indicate neither an acceptance nor rejection of the Plan will not be counted.

6.  The method of delivery of Beneficial Ballots to the Voting Agent or your Nominee is at the election and risk of each holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Voting Agent **actually receives** the originally executed Beneficial Ballot or Master Ballot incorporating the Beneficial Ballot. Instead of effecting delivery by first-class mail, it is recommended, though not required, that holders use an overnight or hand delivery service. In all cases, holders should allow sufficient time to assure timely delivery.

7.  If multiple Beneficial Ballots are received from the same holder of a Class C3 Secured NG PCN Claim with respect to the same Class C3 Secured NG PCN Claim prior to the Voting Deadline, the last valid Beneficial Ballot timely received will supersede and revoke any earlier received Beneficial Ballots.

4

8.  If you believe you received the wrong Ballot, or if you need additional Ballots, please immediately contact the Voting Agent.

9.  If you wish to have your Claim Allowed in a different amount, classification or treatment than the amount, classification or treatment listed on the Beneficial Ballot for purposes of voting on the Plan, you must serve on the Debtors and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "**Temporary Allowance Request Motion**") no later than **July 5, 2019 at 4:00 p.m. (prevailing Eastern Time)** (the "**Temporary Allowance Request Motion Deadline**"). All objections and responses to Temporary Allowance Request Motions must be filed and served on or before **July 19, 2019**. A claimant may file a reply to any objection or response to its motion on or before **July 22, 2019**. Any order temporarily allowing such claims must be entered on or before **August 9, 2019** or as otherwise ordered by the Court. Temporary Allowance Request Motions must adhere to the requirements set forth in the Disclosure Statement Order to be considered by the Court.

10. This Beneficial Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

11. If you hold Claims in another Class or Classes in which you are entitled to vote, you will receive a Ballot for such other Class(es). Each ballot votes only your Claims indicated on that ballot. Please complete and return each ballot you receive.

12. Please be sure to properly sign and date your Beneficial Ballot. If you are signing a Beneficial Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Debtors or the Court, must submit proper evidence to the requesting party to so act on behalf of such holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Beneficial Ballot.

**IF YOU HAVE ANY QUESTIONS REGARDING THE BENEFICIAL BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BENEFICIAL BALLOT OR OTHER SOLICITATION MATERIALS, PLEASE CONTACT THE VOTING AGENT (A) BY WRITING TO FIRSTENERGY SOLUTIONS CORP. C/O PRIME CLERK LLC, 830 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10022; (B) BY TELEPHONE AT (855) 934-8766; OR (C) BY EMAIL AT FESBALLOTS@PRIMECLERK.COM. PLEASE NOTE THAT THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**THIS BENEFICIAL BALLOT IS TO BE USED BY BENEFICIAL OWNERS OF CLASS C3 SECURED NG PCN CLAIMS. PLEASE COMPLETE, SIGN AND DATE THIS BENEFICIAL BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE (OR OTHERWISE FOLLOW THE INSTRUCTIONS OF YOUR NOMINEE) PROMPTLY.**

## ACCEPTANCE OR REJECTION OF THE PLAN

**ITEM 1.**     C**LAIM** A**MOUNT FOR** V**OTING** P**URPOSES**.

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Beneficial Owner of the Class C3 Secured NG PCN Claims indicated on **Exhibit A** hereto in the following aggregate unpaid principal amount (insert amount in box below, unless otherwise completed by your Nominee):

Claim Amount:$ _____

**ITEM 2.**     V**OTE**.

The Beneficial Owner of the Class C3 Secured NG PCN Claims, the aggregate amount of which is set forth in Item 1, votes to (please check only one):

❑     **ACCEPT the Plan.**          ❑     **REJECT the Plan.**

**PLEASE NOTE: (i) Each Beneficial Owner must vote all such Beneficial Owner's Class C3 Secured NG PCN Claims to accept or reject the Plan and may not split such vote; and (ii) any Beneficial Ballot executed by a Beneficial Owner that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection should not be counted as either an acceptance or a rejection of the Plan.**

**ITEM 3.**     I**MPORTANT** I**NFORMATION** R**EGARDING** T**HIRD** P**ARTY** R**ELEASES**.

The Plan contains Consensual Third Party Releases of claims and Causes of Action against the Debtor Released Parties, FE Non-Debtor Released Parties and Other Released Parties.

**IF YOU (I) VOTE TO ACCEPT THE PLAN OR (II) ARE DEEMED TO HAVE ACCEPTED THE PLAN, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN. IF YOU (I) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (II) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN, OR (III) VOTE TO REJECT THE PLAN, YOU WILL NOT BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN.**

**IF YOU ELECT TO REJECT THE PLAN, AND THEREFORE NOT TO GRANT THE CONSENSUAL THIRD PARTY RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF RECEIVING THE CONSENSUAL THIRD PARTY RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN IF YOU ARE A RELEASED PARTY THEREUNDER.**

Article VIII.E of the Plan provides for the following Consensual Third Party Releases:

**On and as of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Debtor Released**

Parties, the FE Non-Debtor Released Parties, and Other Released Parties to facilitate and implement the Plan, each Holder of a Claim or Interest that (i) votes to accept the Plan or (ii) is deemed to have accepted the Plan, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged each Debtor Released Party, FE Non-Debtor Released Party and Other Released Party from any and all claims and Causes of Action, including any derivative claims asserted or assertable by or on behalf of any of the Debtors, the Reorganized Debtors, or their Estates or Affiliates (including any FE Non-Debtor Parties), as applicable, that such Entity would have been legally entitled to assert its own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to, or in any manner arising from in whole or in part, the Debtors, the Debtors' businesses, the Debtors' property, the Debtors' capital structure, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring discussions, intercompany transactions between or among the Debtors and/or their Affiliates (including any FE Non-Debtor Parties), the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and Released Party, the PCNs, the FES Notes, any interest in the Mansfield Facility Documents, the Chapter 11 Cases and related adversary proceedings, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Restructuring Support Agreement, the Process Support Agreement, the Standstill Agreement, the FE Settlement Agreement, the Disclosure Statement, the Plan, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the foregoing, including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion, the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any obligations of any Entity arising after the Effective Date under the Plan, the Confirmation Order, any Restructuring Transaction, the FE Settlement Agreement and any related obligations under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan and the FE Settlement Agreement, (ii) any Consenting Owner Participant from its obligations to the Consenting Owner Trustee, in its individual capacity (and its successors, permitted assigns, directors, officers, employees, agents, and servants), under the Mansfield Trust Agreements or (iii) the Consenting Owner Trustee from its obligations under the Mansfield Trust Agreements with respect to periods after the Effective Date.

For the avoidance of doubt, on and as of the Effective Date, the each Holders of a Claim or Interest that (i) votes to accept the Plan or (ii) is deemed to have accepted the Plan shall be deemed to provide a full and complete discharge and release to the Debtor Released Parties, the FE Non-Debtor Released Parties, and the Other Released Parties and their respective property from any and all Causes of Action whatsoever, whether known or unknown, asserted or unasserted, derivative or direct, foreseen or unforeseen, existing or hereinafter

arising, in law, equity, or otherwise, whether for or sounding in tort, fraud, contract, violations of federal or state securities laws, veil piercing, substantive consolidation or alter-ego theories of liability, contribution, indemnification, joint or several liability, or otherwise arising from or related in any way to (i) the Debtors, the Reorganized Debtors, their businesses, their property, or any interest in the Mansfield Facility Documents; (ii) any Cause of Action against the FE Non-Debtor Released Parties or their property arising in connection with any intercompany transactions or other matters arising in the conduct of the Debtors' businesses; (iii) the Chapter 11 Cases; (iv) the formulation, preparation, negotiation, dissemination, implementation, administration, Confirmation or Consummation of the Plan, the Plan Supplement, any contract, employee pension or benefit plan instrument, release, or other agreement or document related to any Debtor, the Chapter 11 Cases or the Plan, modified, amended, terminated, or entered into in connection with either the Plan, or any agreement between the Debtors and any FE Non-Debtor Released Party, including the FE Settlement Agreement; or (v) any other act taken or omitted to be taken in connection with the Chapter 11 Cases, including, without limitation, acts or omissions occurring after the Effective Date in connection with distributions made consistent with the terms of the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval under section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, of the Consensual Third Party Release, which includes by reference each of the related provisions and definitions contained in the Plan.

For the avoidance of doubt and notwithstanding anything else in the Plan, any Confirmation Order, or any implementing or supplementing plan documents, (i) no Governmental Units shall be deemed to accept the Plan for purposes of Article VIII.E of the Plan and (ii) the United States, Ohio Environmental Protection Agency, Ohio Department of Natural Resources, and Pennsylvania Department of Environmental Protection have agreed not to vote on the Plan and will not be subject to the releases in Article VIII.E of the Plan provided, however, if any agency of the United States or any agency of any state actually votes to accept the Plan, such agency shall be deemed to provide the releases in Article VIII.E of the Plan on the Effective Date for such agency and only for such agency.

18-50757-amk    Doc 2714    FILED 05/29/19    ENTERED 05/29/19 09:57:05    Page 185 of 300

**ITEM 4.**      CERTIFICATIONS AS TO CLASS C3 SECURED NG PCN CLAIMS.

By completing and returning this Beneficial Ballot, the undersigned Beneficial Owner certifies that either (i) it has not submitted any other Beneficial Ballots for other Class C3 Secured NG PCN Claims held in other accounts or other record names or (ii) it has provided the information specified in the following table for all other Class C3 Secured NG PCN Claims for which it has submitted additional Beneficial Ballots, each of which indicates the same vote to accept or reject the Plan (please use additional sheets of paper if necessary):

ONLY COMPLETE THIS SECTION IF YOU HAVE VOTED OTHER CLASS C3 SECURED NG PCN CLAIMS ON A BENEFICIAL BALLOT OTHER THAN THIS BENEFICIAL BALLOT.

| Account Number with other Nominee (if applicable) | | Name of Registered Holder or Other Nominee (if applicable) | Principal Amount of Other Class C3 Secured NG PCN Claims Voted |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

**ITEM 5.**      CERTIFICATION.

By signing this Beneficial Ballot, the Beneficial Owner of Class C3 Secured NG PCN Claims certifies that:

    a.  as of the Voting Record Date it is the Beneficial Owner of the Class C3 Secured NG PCN Claims to which this Beneficial Ballot pertains;

    b.  it has been provided with a copy of the Plan, Disclosure Statement and the Disclosure Statement Order and acknowledges that the vote set forth on this Beneficial Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order; and

    c.  it has not submitted any other Ballots relating to the Class C3 Secured NG PCN Claims that are inconsistent with the votes as set forth in this Beneficial Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

9

| Name of Claim Holder (Print or Type): | |
|---|---|
| Social Security or Federal Tax I.D. No. | |
| (Optional): | |
| Signature: | |
| Name of Signatory: | |
| If Authorized Agent of Claimant, Title of Agent: | |
| Street Address: | |
| City, State, and Zip Code:  Telephone Number: | |
| Email Address:  Date Completed: | |

No fees, commissions or other remuneration will be payable to any broker, dealer or other person for soliciting votes on the Plan. This Beneficial Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, certificates representing their securities. The Voting Agent will not accept delivery of any such certificates surrendered together with this Beneficial Ballot. Moreover, this Beneficial Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN AND DATE THIS BENEFICIAL BALLOT AND RETURN IT _PROMPTLY_ IN THE ENVELOPE PROVIDED (OR OTHERWISE FOLLOW THE INSTRUCTIONS OF YOUR NOMINEE).**

**IF THE VOTING AGENT DOES NOT _ACTUALLY_ _RECEIVE_ THE MASTER BALLOT INCORPORATING THE VOTE CAST BY THIS BENEFICIAL BALLOT ON OR BEFORE THE VOTING DEADLINE (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS BENEFICIAL BALLOT WILL _NOT_ BE COUNTED TOWARD CONFIRMATION.**

**IF YOU HAVE QUESTIONS REGARDING THIS BENEFICIAL BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT (A) BY WRITING TO FIRSTENERGY SOLUTIONS CORP. C/O PRIME CLERK LLC, 830 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10022; (B) BY TELEPHONE AT (855) 934-8766; OR (C) BY EMAIL AT FESBALLOTS@PRIMECLERK.COM.**

## Exhibit A

**Please check one box below to indicate the CUSIP/ISIN to which this Beneficial Ballot pertains (or clearly indicate such information directly on the Beneficial Ballot or on a schedule thereto):**

| | Class C3 Secured NG PCN Claims | |
|---|---|---|
| ☐ | 4.375% Muni Revenue Bonds Due 1/1/2035 | CUSIP 074876HR7 / ISIN US074876HR73 |
| ☐ | 4.375% Muni Revenue Bonds Due 6/1/2033 | CUSIP 677525WA1 / ISIN US677525WA11 |
| ☐ | 4.375% Muni Revenue Bonds Due 6/1/2033 | CUSIP 67766WXM9 / ISIN US67766WXM99 |
| ☐ | 4.375% Muni Revenue Bonds Due 6/1/2033 | CUSIP 67766WXN7 / ISIN US67766WXN72 |

11

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
|  | ) | Case No. 18-50757 (AMK) |
| FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] | ) | (Jointly Administered) |
|  | ) |  |
| Debtors. | ) |  |
|  | ) | Hon. Judge Alan M. Koschik |
|  | ) |  |

**BALLOT FOR**
**ACCEPTING OR REJECTING THE *FIFTH AMENDED***
***JOINT PLAN OF REORGANIZATION OF FIRSTENERGY SOLUTIONS***
***CORP., ET AL., PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE***

**CLASS C6 (NG SINGLE-BOX UNSECURED CLAIMS)**

---

**THIS BALLOT (THE "BALLOT") MUST BE COMPLETED AND (I) IF CAST ELECTRONICALLY, SUBMITTED THROUGH THE BALLOTING PORTAL OF PRIME CLERK LLC (THE "VOTING AGENT"), AS PROVIDED FOR HEREIN, OR (II) IF CAST IN PAPER FORM, DELIVERED SO AS TO BE ACTUALLY RECEIVED BY THE VOTING AGENT AT THE ADDRESS PROVIDED FOR HEREIN, IN EITHER CASE BY 4:00 P.M. (PREVAILING EASTERN TIME) ON AUGUST 2, 2019 (THE "VOTING DEADLINE") OR YOUR VOTE WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

---

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") are soliciting votes with respect to the *Fifth Amended Joint Plan of Reorganization of FirstEnergy Solutions Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") from the Holders of certain Impaired Claims against the Debtors.[2] On [●], 2019, the United States Bankruptcy Court for the Northern District of Ohio (the "**Court**") signed an order (the "**Disclosure Statement Order**") [Docket No. ●] which approved the *Disclosure Statement for the Fifth Amended Joint Plan of Reorganization*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage LLC(6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

[2] All capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

*FirstEnergy Solutions Corp.,* et. al*., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan is attached as Exhibit B to the Disclosure Statement, which is part of the package of materials that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

This Ballot is being sent to the Holders of Class C6 NG Single-Box Unsecured Claims under the Plan as of May 20, 2019 (the "**Voting Record Date**"). If you hold Claims in another Class or Classes in which you are entitled to vote, you will receive a Ballot for such other Class(es). Please use this Ballot to cast your vote to either accept or reject the Plan.

<table>
<tr><td><strong>YOU ARE RECEIVING THIS BALLOT BECAUSE THE DEBTORS' RECORDS INDICATED THAT YOU HOLD A CLASS C6 NG SINGLE-BOX UNSECURED CLAIM AS FOLLOWS:</strong><br><br><strong>DEBTOR:</strong>              <strong>NG</strong>              <br><br><strong>AMOUNT:</strong>                             </td></tr>
</table>

**Your rights are described in the Plan and the Disclosure Statement, which were included in the Solicitation Package**. Please read the Plan and Disclosure Statement carefully before submitting a Ballot. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim under the Plan. If you need to obtain additional copies of the Plan, the Disclosure Statement, or other Solicitation Materials, you may obtain free copies (a) at the dedicated website of the Voting Agent for the Debtors' chapter 11 cases at https://cases.primeclerk.com/fes/, (b) upon request by mail to FirstEnergy Solutions Corp. Balloting Center, c/o Prime Clerk LLC, 830 Third Avenue, 3rd Floor, New York, NY 10022, or (c) by contacting the Voting Agent directly by calling (855) 934-8766 or by emailing fesballots@primeclerk.com.

**If the Plan is confirmed by the Court it will be binding on you whether or not you vote**. The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the Holders of at least two-thirds (2/3) in the amount and more than one-half (1/2) in number of claims in each voting class who voted to either accept or reject the Plan, and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under Section 1129(b) of the Bankruptcy Code, the foregoing, as and to the extent applicable to the Debtors' cases.

<table>
<tr><td>ARTICLE VIII OF THE PLAN CONTAINS RELEASE, INJUNCTION AND EXCULPATION PROVISIONS, INCLUDING <strong>CONSENSUAL THIRD PARTY RELEASES IN ARTICLE VIII.E.</strong> THUS, YOU SHOULD REVIEW AND CONSIDER THE PLAN CAREFULLY</td></tr>
</table>

BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER WITH RESPECT TO THE THIRD PARTY RELEASES.

## **VOTING INSTRUCTIONS**

1. Capitalized terms used in the Ballot or in these instructions but not otherwise defined therein or herein shall have the meanings ascribed in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable, copies of which also accompany the Ballot.

2. The Court may confirm the Plan and thereby bind you by the terms of the Plan. Please review the Disclosure Statement for more information.

3. In order for your vote to count, you must:

   i. Complete and certify the amount of your Claim in Item 1;

   ii. Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

   iii. Review Item 3, the Plan provisions relating to Consensual Third Party Releases;

   iv. Review Item 4, the Plan provisions relating to the ability to elect to be treated as a Convenience Claim, and follow the instructions therein;

   v. Review Item 5, the Plan provisions relating to the ability to make an Equity Election, and follow the instructions therein;

   vi. Review and sign the certifications in Item 6;

   vii. If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

   viii. Return the original, completed Ballot to the Voting Agent on or before the Voting Deadline, which is 4:00 p.m. (prevailing Eastern Time) on August 2, 2019 in one of the two manners described below:

---

#### **If Submitting Your Vote through the E-Balloting Portal**

**The Voting Agent will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit https://cases.primeclerk.com/FES/, click on the "Submit E-Ballot" section of the website, and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

---

Unique E-Ballot ID#:_____

The Voting Agent's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.

Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the E-Balloting Portal should NOT also submit a paper Ballot.

If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

**If Submitting Your Vote by First Class Mail, Overnight Courier, or Hand Delivery**

Please complete and execute your ballot and submit it by first class mail in the enclosed postage prepaid envelope or by sending it to the following address:

**FirstEnergy Solutions Corp. Ballot Processing**
**c/o Prime Clerk LLC**
**830 Third Avenue, 3rd Floor**
**New York, NY 10022**

If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

4. You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, if a Holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

5. If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise. The method of delivery of Ballots to the Voting Agent is at the election and risk of each Holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Voting Agent actually receives the originally executed Ballot. **In all cases, Holders should allow sufficient time to assure timely delivery. No Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Voting Agent), or the Debtors' financial or legal advisors, and if so sent will not be counted**.

4

6. If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the last valid Ballot timely received will supersede and revoke any earlier received Ballot.

7. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor the Voting Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

8. If you wish to have your Claim Allowed in a different amount, classification or treatment than the amount, classification or treatment listed on the Beneficial Ballot for purposes of voting on the Plan, you must serve on the Debtors and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "**Temporary Allowance Request Motion**") no later than **July 5, 2019 at 4:00 p.m. (prevailing Eastern Time) (the "Temporary Allowance Request Motion Deadline**"). All objections and responses to Temporary Allowance Request Motions must be filed and served on or before **July 19, 2019**. A claimant may file a reply to any objection or response to its motion on or before **July 22, 2019**. Any order temporarily allowing such claims must be entered on or before **August 9, 2019** or as otherwise ordered by the Court. Temporary Allowance Request Motions must adhere to the requirements set forth in the Disclosure Statement Order to be considered by the Court.

9. This Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

10. If you hold Claims in more than one Class (other than Multi-Debtor Claims) under the Plan or in multiple accounts, you may receive more than one Ballot coded for each different Class or account. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you received.

11. The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (b) any Ballot cast by a party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; and (e) any Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

12. If you believe you have received the wrong Ballot, you should contact the Voting Agent immediately at (855) 934-8766.

5

# ACCEPTANCE OR REJECTION OF THE PLAN

## ITEM 1.    CLAIM AMOUNT FOR VOTING PURPOSES.

The undersigned certifies that as of May 20, 2019, it held a Class C6 NG Single-Box Unsecured Claim under the Plan in the amount of _____.

## ITEM 2.    VOTE.

The Holder of the Class C6 NG Single-Box Unsecured Claim identified in Item 1 votes:

❑    **to ACCEPT the Plan.**        ❑    **to REJECT the Plan.**

**PLEASE FULLY COMPLETE THIS BALLOT BY CHECKING THE "ACCEPT" OR "REJECT" BOX. IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED, BUT THE BALLOT IS OTHERWISE COMPLETED, THE BALLOT WILL BE COUNTED AS HAVING ACCEPTED THE PLAN.**

## ITEM 3.    IMPORTANT INFORMATION REGARDING THIRD PARTY RELEASES.

The Plan contains Consensual Third Party Releases of claims and Causes of Action against the Debtor Released Parties, FE Non-Debtor Released Parties and Other Released Parties.

**IF YOU (I) VOTE TO ACCEPT THE PLAN OR (II) ARE DEEMED TO HAVE ACCEPTED THE PLAN YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN. IF YOU (I) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (II) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN, OR (III) VOTE TO REJECT THE PLAN IN EACH CASE YOU WILL NOT BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN.**

**IF YOU ELECT TO REJECT THE PLAN, AND THEREFORE, NOT TO GRANT THE CONSENSUAL THIRD PARTY RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF RECEIVING THE CONSENSUAL THIRD PARTY RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN IF YOU ARE A RELEASED PARTY THEREUNDER.**

Article VIII.E of the Plan provides for the following Consensual Third Party Releases:

**On and as of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Debtor Released Parties, FE Non-Debtor Released Parties and Other Released Parties to facilitate and implement the Plan, each Holder of a Claim or Interest that (i) votes to accept the Plan or (ii) is deemed to have accepted the Plan, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged each Debtor Released Party, FE Non-Debtor Released Party and Other Released Party from any and all claims and Causes of Action, including any derivative claims asserted or assertable by or on behalf**

6

of any of the Debtors, the Reorganized Debtors, or their Estates or Affiliates (including any FE Non-Debtor Parties), as applicable, that such Entity would have been legally entitled to assert its own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to, or in any manner arising from in whole or in part, the Debtors, the Debtors' businesses, the Debtors' property, the Debtors' capital structure, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring discussions, intercompany transactions between or among the Debtors and/or their Affiliates (including any FE Non-Debtor Parties), the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and Released Party, the PCNs, the FES Notes, any interest in the Mansfield Facility Documents, the Chapter 11 Cases and related adversary proceedings, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Restructuring Support Agreement, the Process Support Agreement, the Standstill Agreement, the FE Settlement Agreement, the Disclosure Statement, the Plan, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the foregoing, including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion, the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any obligations of any Entity arising after the Effective Date under the Plan, the Confirmation Order, any Restructuring Transaction, the FE Settlement Agreement and any related obligations under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan and the FE Settlement Agreement, (ii) any Consenting Owner Participant from its obligations to the Consenting Owner Trustee, in its individual capacity (and its successors, permitted assigns, directors, officers, employees, agents, and servants), under the Mansfield Trust Agreements or (iii) the Consenting Owner Trustee from its obligations under the Mansfield Trust Agreements with respect to periods after the Effective Date.

For the avoidance of doubt, on and as of the Effective Date, each Holder of a Claim or Interest that (i) votes to accept the Plan or (ii) is deemed to have accepted the Plan shall be deemed to provide a full and complete discharge and release to the Debtor Released Parties, the FE Non-Debtor Released Parties and the Other Released Parties and their respective property from any and all Causes of Action whatsoever, whether known or unknown, asserted or unasserted, derivative or direct, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, whether for or sounding in tort, fraud, contract, violations of federal or state securities laws, veil piercing, substantive consolidation or alter-ego theories of liability, contribution, indemnification, joint or several liability, or otherwise arising from or related in any way to (i) the Debtors, the Reorganized Debtors, their businesses, their property, or any interest in the Mansfield Facility Documents; (ii) any Cause of Action against the FE Non-Debtor Released Parties or their property arising in

7

connection with any intercompany transactions or other matters arising in the conduct of the Debtors' businesses; (iii) the Chapter 11 Cases; (iv) the formulation, preparation, negotiation, dissemination, implementation, administration, Confirmation or Consummation of the Plan, the Plan Supplement, any contract, employee pension or benefit plan instrument, release, or other agreement or document related to any Debtor, the Chapter 11 Cases or the Plan, modified, amended, terminated, or entered into in connection with either the Plan, or any agreement between the Debtors and any FE Non-Debtor Released Party, including the FE Settlement Agreement; or (v) any other act taken or omitted to be taken in connection with the Chapter 11 Cases, including, without limitation, acts or omissions occurring after the Effective Date in connection with distributions made consistent with the terms of the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval under section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, of the Consensual Third Party Release, which includes by reference each of the related provisions and definitions contained in the Plan.

For the avoidance of doubt and notwithstanding anything else in the Plan, any Confirmation Order, or any implementing or supplementing plan documents, (i) no Governmental Units shall be deemed to accept the Plan for purposes of Article VIII.E of the Plan and (ii) the United States, Ohio Environmental Protection Agency, Ohio Department of Natural Resources, and Pennsylvania Department of Environmental Protection have agreed not to vote on the Plan and will not be subject to the releases in Article VIII.E of the Plan provided, however, if any agency of the United States or any agency of any state actually votes to accept the Plan, such agency shall be deemed to provide the releases in Article VIII.E of the Plan on the Effective Date for such agency and only for such agency.

**ITEM 4.** **OPTIONAL ELECTION TO BE TREATED AS A CLASS C8 CONVENIENCE CLAIM.**

By checking the box below, regardless of the amount of your Class C6 NG Single-Box Unsecured Claim, you elect to have your Claim reduced to an amount not to exceed $1,000,000 and to have such Claim treated as a Class C8 Convenience Claim. Holders of Allowed Convenience Claims in Class C8 shall receive a distribution in Cash equal to 35.7% of the Allowed Convenience Claim. If you elect to have such Claim treated as a Class C8 Convenience Claim, you will be giving up the distribution amount for Class C6 NG Single-Box Unsecured Claims calculated on the full amount of your Claim.

> ❑
> **The undersigned elects to have its Class C6 NG Single-Box Unsecured Claim identified in Item 1 treated as a Class C8 Convenience Claim and acknowledges that any valid Claim will be Allowed in an amount not to exceed $1,000,000.**

8

## ITEM 5.  OPTIONAL EQUITY ELECTION FOR HOLDERS OF GENERAL UNSECURED CLAIMS.

Holders of General Unsecured Claims may be eligible to elect to receive New Common Stock, rather than Cash, in satisfaction of their Claim (an "**Equity Election**") under the Plan. The date of record for purposes of making an Equity Election is January 23, 2019 or such later date as may be agreed to by the Debtors with the consent of the Requisite Supporting Parties and the Committee (the "**Equity Election Record Date**"). All Holders of General Unsecured Claims wishing to make an Equity Election with respect to an eligible Claim are required to certify on their Ballots that they (i) were the beneficial holder of such Claim as of the applicable Equity Election Record Date and have not sold, transferred, or provided a participation in such Claim, or directly or implicitly agreed to do so following the applicable Equity Election Record Date or (ii) are otherwise a party to the Restructuring Support Agreement and the beneficial holder of such Claim and such Claim was subject to the Restructuring Support Agreement as of the applicable Equity Election Record Date.

**Any Holder of a General Unsecured Claim who is not party to the restructuring support agreement entered into by the Debtors and certain other parties on January 23, 2019 (the "Restructuring Support Agreement") who sells its claim after the Equity Election Record Date will not be permitted to make an Equity Election under the Plan. Further, any buyer of a General Unsecured Claim, which Claim is not subject to the Restructuring Support Agreement as of the Equity Election Record Date will not be entitled to make an Equity Election under the Plan and will only be permitted to receive an equivalent cash distribution on account of such General Unsecured Claim.**

By checking the box below, you elect to receive New Common Stock rather than Cash in satisfaction of your Class C6 NG Single-Box Unsecured Claim identified in Item 1.

> ❑
> **The undersigned elects to receive its distribution on account of its Class C6 NG Single-Box Unsecured Claim identified in Item 1 in New Common Stock.**

By checking the box below, you acknowledge that you (i) were the beneficial holder of the Class C6 NG Single-Box Unsecured Claim identified in Item 1 as of the Equity Election Record Date, which was January 23, 2019, or such later date as agreed to by the Debtors with the consent of the Requisite Supporting Parties and the Committee, and you have not sold, transferred, or provided a participation in the C6 NG Single-Box Unsecured Claim identified in Item 1, or directly or implicitly agreed to do so following the applicable Equity Election Record Date, or (ii) are otherwise a party to the Restructuring Support Agreement and the beneficial holder of the C6 NG Single-Box Unsecured Claim identified in Item 1 and the C6 NG Single-Box Unsecured Claim identified in Item 1 was subject to the Restructuring Support Agreement as of the applicable Equity Election Record Date.

9

☐

**The undersigned acknowledges that (i) it was the beneficial holder of the Class C6 NG Single-Box Unsecured Claim identified in Item 1 as of the Equity Election Record Date, which was January 23, 2019, or such later date as agreed to by the Debtors with the consent of the Requisite Supporting Parties and the Committee, and it has not sold, transferred or provided a participation in the C6 NG Single-Box Unsecured Claim identified in Item 1, or directly or implicitly agreed to do so following the applicable Equity Election Record Date, or (ii) it is otherwise a party to the Restructuring Support Agreement and the beneficial holder of the C6 NG Single-Box Unsecured Claim identified in Item 1 and the C6 NG Single-Box Unsecured Claim identified in Item 1 was subject to the Restructuring Support Agreement as of the applicable Equity Election Record Date.**

## ITEM 6.    CERTIFICATION

By signing this Ballot, the Holder certifies that:

a. as of the Voting Record Date it is the Holder of the Claim in Item 1 to which this Ballot pertains;

b. if the Holder made an Equity Election in Item 5, the acknowledgement made in Item 5 is true, accurate, and complete;

c. it has been provided with a copy of the Solicitation Package containing the Plan, the Disclosure Statement (together with its exhibits), the Disclosure Statement Order, the notice regarding the date and time of the hearing at which the Court will consider confirmation of the Plan, and a copy of any letters recommending approval of the Plan, and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order;

d. it has the full power to vote to accept or reject the Plan; and

e. it has not submitted any other Ballots relating to the Claim in Item 1 that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

10

| Name of Claim Holder (Print or Type): | |
|---|---|
| Social Security or Federal Tax I.D. No. (Optional): | |
| Signature: | |
| Name of Signatory: | |
| If Authorized Agent of Claimant, Title of Agent: | |
| Street Address: | |
| City, State, and Zip Code: | |
| Telephone Number: | |
| Email Address: | |
| Date Completed: | |

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Moreover, this Ballot shall not constitute or be deemed to be proof of claim or an assertion of a claim.

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT (A) BY WRITING TO FIRSTENERGY SOLUTIONS CORP. C/O PRIME CLERK LLC, 830 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10022; (B) BY TELEPHONE AT (855) 934-8766; OR (C) BY EMAIL AT FESBALLOTS@PRIMECLERK.COM.**

**THE VOTING AGENT IS NOT AUTHORIZED TO AND WILL NOT PROVIDE LEGAL ADVICE. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE COURT.**

11

# PLEASE RETURN YOUR BALLOT PROMPTLY

### If Submitting Your Vote through the E-Balloting Portal

The Voting Agent will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit https://cases.primeclerk.com/FES/, click on the "Submit E-Ballot" section of the website, and follow the instructions to submit your Ballot.

IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:

    Unique E-Ballot ID#:_____

The Voting Agent's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.

Each E-Ballot ID# is to be used solely for voting only those Claims described in **Item 1** of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the E-Balloting Portal should NOT also submit a paper Ballot.

If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

### If Submitting Your Vote by First Class Mail, Overnight Courier, or Hand Delivery

Please complete and execute your ballot and submit it by first class mail in the enclosed postage prepaid envelope or by sending it to the following address:

<div align="center">

**FirstEnergy Solutions Corp. Ballot Processing**
**c/o Prime Clerk LLC**
**830 Third Avenue, 3rd Floor**
**New York, NY 10022**

</div>

If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| | ) Case No. 18-50757 (AMK) |
| FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] | ) (Jointly Administered) |
| | ) |
| Debtors. | ) |
| | ) Hon. Judge Alan M. Koschik |
| | ) |

**BALLOT FOR**
**ACCEPTING OR REJECTING THE *FIFTH AMENDED***
***JOINT PLAN OF REORGANIZATION OF FIRSTENERGY SOLUTIONS***
***CORP., ET AL., PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE***

### CLASS C7, D5 (NG-FENOC UNSECURED CLAIMS)

**THIS BALLOT (THE "BALLOT") MUST BE COMPLETED AND (I) IF CAST ELECTRONICALLY, SUBMITTED THROUGH THE BALLOTING PORTAL OF PRIME CLERK LLC (THE "VOTING AGENT"), AS PROVIDED FOR HEREIN, OR (II) IF CAST IN PAPER FORM, DELIVERED SO AS TO BE ACTUALLY RECEIVED BY THE VOTING AGENT AT THE ADDRESS PROVIDED FOR HEREIN, IN EITHER CASE BY 4:00 P.M. (PREVAILING EASTERN TIME) ON AUGUST 2, 2019 (THE "VOTING DEADLINE") OR YOUR VOTE WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") are soliciting votes with respect to the *Fifth Amended Joint Plan of Reorganization of FirstEnergy Solutions Corp.,* et al*., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") from the Holders of certain Impaired Claims against the Debtors.[2] On [●], 2019, the United States Bankruptcy Court for the Northern District of Ohio (the "**Court**") signed an order (the "**Disclosure Statement Order**") [Docket No. ●]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage LLC(6928), case no. 18-50764.  The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

[2] All capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

which approved the *Disclosure Statement for the Fifth Amended Joint Plan of Reorganization FirstEnergy Solutions Corp.,* et. al., *Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan is attached as Exhibit B to the Disclosure Statement, which is part of the package of materials that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

This Ballot is being sent to the Holders of Class C7, D5 NG-FENOC Unsecured Claims under the Plan as of May 20, 2019 (the "**Voting Record Date**"). If you hold Claims in another Class or Classes in which you are entitled to vote, you will receive a Ballot for such other Class(es). Please use this Ballot to cast your vote to either <u>accept</u> or <u>reject</u> the Plan.

---

**YOU ARE RECEIVING THIS BALLOT BECAUSE THE DEBTORS' RECORDS INDICATED THAT YOU HOLD A CLASS C7, D5 NG-FENOC UNSECURED CLAIM AS FOLLOWS:**

**DEBTOR:** _____**NG, FENOC**_____

**AMOUNT:** _____

---

**Your rights are described in the Plan and the Disclosure Statement, which were included in the Solicitation Package**. Please read the Plan and Disclosure Statement carefully before submitting a Ballot. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim under the Plan. If you need to obtain additional copies of the Plan, the Disclosure Statement, or other Solicitation Materials, you may obtain free copies (a) at the dedicated website of the Voting Agent for the Debtors' chapter 11 cases at https://cases.primeclerk.com/fes/, (b) upon request by mail to FirstEnergy Solutions Corp. Balloting Center, c/o Prime Clerk LLC, 830 Third Avenue, 3rd Floor, New York, NY 10022, or (c) by contacting the Voting Agent directly by calling (855) 934-8766 or by emailing fesballots@primeclerk.com.

**If the Plan is confirmed by the Court it will be binding on you whether or not you vote**. The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the Holders of at least two-thirds (2/3) in the amount and more than one-half (1/2) in number of claims in each voting class who voted to either accept or reject the Plan, and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under Section 1129(b) of the Bankruptcy Code, the foregoing, as and to the extent applicable to the Debtors' cases.

---

<u>ARTICLE VIII</u> OF THE PLAN CONTAINS RELEASE, INJUNCTION AND EXCULPATION PROVISIONS, INCLUDING **CONSENSUAL THIRD PARTY RELEASES IN ARTICLE VIII.E.** THUS, YOU SHOULD REVIEW AND CONSIDER THE PLAN CAREFULLY

---

BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER WITH RESPECT TO THE THIRD PARTY RELEASES.

## **VOTING INSTRUCTIONS**

1. Capitalized terms used in the Ballot or in these instructions but not otherwise defined therein or herein shall have the meanings ascribed in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable, copies of which also accompany the Ballot.

2. The Court may confirm the Plan and thereby bind you by the terms of the Plan. Please review the Disclosure Statement for more information.

3. In order for your vote to count, you must:

   i.     Complete and certify the amount of your Claim in Item 1;

   ii.    Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

   iii.   Review Item 3, the Plan provisions relating to Consensual Third Party Releases;

   iv.    Review Item 4, the Plan provisions relating to the ability to elect to be treated as a Convenience Claim, and follow the instructions therein;

   v.     Review Item 5, the Plan provisions relating to the ability to make an Equity Election, and follow the instructions therein;

   vi.    Review and sign the certifications in Item 6;

   vii.   If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

   viii.  Return the original, completed Ballot to the Voting Agent on or before the Voting Deadline, which is 4:00 p.m. (prevailing Eastern Time) on August 2, 2019, in one of the two manners described below:

---

**If Submitting Your Vote through the E-Balloting Portal**

---

**The Voting Agent will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit https://cases.primeclerk.com/FES/, click on the "Submit E-Ballot" section of the website, and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

---

Unique E-Ballot ID#:_____

**The Voting Agent's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in <u>Item 1</u> of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the E-Balloting Portal should NOT also submit a paper Ballot.**

**If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.**

<div align="center">

**If Submitting Your Vote by First Class Mail, Overnight Courier, or Hand Delivery**

</div>

**Please complete and execute your ballot and submit it by first class mail in the enclosed postage prepaid envelope or by sending it to the following address:**

<div align="center">

**FirstEnergy Solutions Corp. Ballot Processing**
**c/o Prime Clerk LLC**
**830 Third Avenue, 3rd Floor**
**New York, NY 10022**

</div>

**If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.**

4. You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, as a Holder of a Claim against multiple Debtors, you must vote all of your Claims either to accept or reject the Plan and may not vote to accept the Plan as to certain Debtors and reject the Plan as to other Debtors. Further, if a Holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

5. If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise. The method of delivery of Ballots to the Voting Agent is at the election and risk of each Holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Voting Agent actually receives the originally executed Ballot. **In all cases, Holders should allow sufficient time to assure timely delivery. No Ballot should be sent to any of the Debtors, the Debtors' agents**

<div align="center">4</div>

**(other than the Voting Agent), or the Debtors' financial or legal advisors, and if so sent will not be counted**.

6. If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the last valid Ballot timely received will supersede and revoke any earlier received Ballot.

7. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor the Voting Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

8. If you wish to have your Claim Allowed in a different amount, classification or treatment than the amount, classification or treatment listed on the Beneficial Ballot for purposes of voting on the Plan, you must serve on the Debtors and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "**Temporary Allowance Request Motion**") no later than **July 5, 2019 at 4:00 p.m. (prevailing Eastern Time)** (the "**Temporary Allowance Request Motion Deadline**"). All objections and responses to Temporary Allowance Request Motions must be filed and served on or before **July 19, 2019**. A claimant may file a reply to any objection or response to its motion on or before **July 22, 2019**. Any order temporarily allowing such claims must be entered on or before **August 9, 2019** or as otherwise ordered by the Court. Temporary Allowance Request Motions must adhere to the requirements set forth in the Disclosure Statement Order to be considered by the Court.

9. This Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

10. If you hold Claims in more than one Class (other than Multi-Debtor Claims) under the Plan or in multiple accounts, you may receive more than one Ballot coded for each different Class or account. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you received.

11. The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (b) any Ballot cast by a party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; and (e) any Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

12. If you believe you have received the wrong Ballot, you should contact the Voting Agent immediately at (855) 934-8766.

5

## ACCEPTANCE OR REJECTION OF THE PLAN

**ITEM 1.**      **CLAIM AMOUNT FOR VOTING PURPOSES.**

The undersigned certifies that as of May 20, 2019, it held a Class C7, D5 NG-FENOC Unsecured Claim under the Plan in the amount of _____.

**ITEM 2.**      **VOTE.**

The Holder of the Class C7, D5 NG-FENOC Unsecured Claim identified in Item 1 votes:

         ❑     **to ACCEPT the Plan.**      ❑     **to REJECT the Plan.**

**PLEASE FULLY COMPLETE THIS BALLOT BY CHECKING THE "ACCEPT" OR "REJECT" BOX. IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED, BUT THE BALLOT IS OTHERWISE COMPLETED, THE BALLOT WILL BE COUNTED AS HAVING ACCEPTED THE PLAN.**

**ITEM 3.**      **IMPORTANT INFORMATION REGARDING THIRD PARTY RELEASES.**

The Plan contains Consensual Third Party Releases of claims and Causes of Action against the Debtor Released Parties, FE Non-Debtor Released Parties and Other Released Parties.

**IF YOU (I) VOTE TO ACCEPT THE PLAN OR (II) ARE DEEMED TO HAVE ACCEPTED THE PLAN YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN. IF YOU (I) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (II) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN, OR (III) VOTE TO REJECT THE PLAN W, IN EACH CASE YOU WILL NOT BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN.**

**IF YOU ELECT TO REJECT THE PLAN, AND THEREFORE, NOT TO GRANT THE CONSENSUAL THIRD PARTY RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF RECEIVING THE CONSENSUAL THIRD PARTY RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN IF YOU ARE A RELEASED PARTY THEREUNDER.**

---

Article VIII.E of the Plan provides for the following Consensual Third Party Releases:

**On and as of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Debtor Released Parties, FE Non-Debtor Released Parties and Other Released Parties to facilitate and implement the Plan, each Holder of a Claim or Interest that (i) votes to accept the Plan or (ii) is deemed to have accepted the Plan, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged each Debtor Released Party, FE Non-Debtor Released Party and Other Released Party from any and all claims and Causes of Action, including any derivative claims asserted or assertable by or on behalf**

---

6

of any of the Debtors, the Reorganized Debtors, or their Estates or Affiliates (including any FE Non-Debtor Parties), as applicable, that such Entity would have been legally entitled to assert its own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to, or in any manner arising from in whole or in part, the Debtors, the Debtors' businesses, the Debtors' property, the Debtors' capital structure, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring discussions, intercompany transactions between or among the Debtors and/or their Affiliates (including any FE Non-Debtor Parties), the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and Released Party, the PCNs, the FES Notes, any interest in the Mansfield Facility Documents, the Chapter 11 Cases and related adversary proceedings, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Restructuring Support Agreement, the Process Support Agreement, the Standstill Agreement, the FE Settlement Agreement, the Disclosure Statement, the Plan, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the foregoing, including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion, the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any obligations of any Entity arising after the Effective Date under the Plan, the Confirmation Order, any Restructuring Transaction, the FE Settlement Agreement and any related obligations under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan and the FE Settlement Agreement, (ii) any Consenting Owner Participant from its obligations to the Consenting Owner Trustee, in its individual capacity (and its successors, permitted assigns, directors, officers, employees, agents, and servants), under the Mansfield Trust Agreements or (iii) the Consenting Owner Trustee from its obligations under the Mansfield Trust Agreements with respect to periods after the Effective Date.

For the avoidance of doubt, on and as of the Effective Date, each Holder of a Claim or Interest that (i) votes to accept the Plan or (ii) is deemed to accept the Plan shall be deemed to provide a full and complete discharge and release to the Debtor Released Parties, the FE Non-Debtor Released Parties and the Other Released Parties and their respective property from any and all Causes of Action whatsoever, whether known or unknown, asserted or unasserted, derivative or direct, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, whether for or sounding in tort, fraud, contract, violations of federal or state securities laws, veil piercing, substantive consolidation or alter-ego theories of liability, contribution, indemnification, joint or several liability, or otherwise arising from or related in any way to (i) the Debtors, the Reorganized Debtors, their businesses, their property, or any interest in the Mansfield Facility Documents; (ii) any Cause of Action against the FE Non-Debtor Released Parties or their property arising in connection with

**any intercompany transactions or other matters arising in the conduct of the Debtors' businesses; (iii) the Chapter 11 Cases; (iv) the formulation, preparation, negotiation, dissemination, implementation, administration, Confirmation or Consummation of the Plan, the Plan Supplement, any contract, employee pension or benefit plan instrument, release, or other agreement or document related to any Debtor, the Chapter 11 Cases or the Plan, modified, amended, terminated, or entered into in connection with either the Plan, or any agreement between the Debtors and any FE Non-Debtor Released Party, including the FE Settlement Agreement; or (v) any other act taken or omitted to be taken in connection with the Chapter 11 Cases, including, without limitation, acts or omissions occurring after the Effective Date in connection with distributions made consistent with the terms of the Plan.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval under section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, of the Consensual Third Party Release, which includes by reference each of the related provisions and definitions contained in the Plan.**

**For the avoidance of doubt and notwithstanding anything else in the Plan, any Confirmation Order, or any implementing or supplementing plan documents, (i) no Governmental Units shall be deemed to accept the Plan for purposes of Article VIII.E of the Plan and (ii) the United States, Ohio Environmental Protection Agency, Ohio Department of Natural Resources, and Pennsylvania Department of Environmental Protection have agreed not to vote on the Plan and will not be subject to the releases in Article VIII.E of the Plan provided, however, if any agency of the United States or any agency of any state actually votes to accept the Plan, such agency shall be deemed to provide the releases in Article VIII.E of the Plan on the Effective Date for such agency and only for such agency.**

ITEM 4.    OPTIONAL ELECTION TO BE TREATED AS A CLASS C8, D6 CONVENIENCE CLAIM.

By checking the box below, regardless of the amount of your Class C7, D5 NG-FENOC Unsecured Claim, you elect to have your Claim reduced to an amount not to exceed $1,000,000 and to have such Claim treated as a Class C8, D6 Convenience Claim. Holders of Allowed Convenience Claims in Class C8 shall receive a distribution in Cash equal to 35.7% of the Allowed Convenience Claim. Holders of Allowed Convenience Claims in Class D6 shall receive a distribution in Cash equal to 24.0% of the Allowed Convenience Claim. If you elect to have such Claim treated as a Class C8, D6 Convenience Claim, you will be giving up the distribution amount for Class C7, D5 NG-FENOC Unsecured Claims calculated on the full amount of your Claim.

> ❑
> **The undersigned elects to have its Class C7, D5 NG-FENOC Unsecured Claim identified in Item 1 treated as a Class C8, D6 Convenience Claim and acknowledges that any valid Claim will be Allowed in an amount not to exceed $1,000,000.**

8

**ITEM 5.**  **OPTIONAL EQUITY ELECTION FOR HOLDERS OF GENERAL UNSECURED CLAIMS.**

Holders of General Unsecured Claims may be eligible to elect to receive New Common Stock, rather than Cash, in satisfaction of their Claim (an "**Equity Election**") under the Plan. The date of record for purposes of making an Equity Election is January 23, 2019 or such later date as may be agreed to by the Debtors with the consent of the Requisite Supporting Parties and the Committee (the "**Equity Election Record Date**"). All Holders of General Unsecured Claims wishing to make an Equity Election with respect to an eligible Claim are required to certify on their Ballots that they (i) were the beneficial holder of such Claim as of the applicable Equity Election Record Date and have not sold, transferred, or provided a participation in such Claim, or directly or implicitly agreed to do so following the applicable Equity Election Record Date or (ii) are otherwise a party to the Restructuring Support Agreement and the beneficial holder of such Claim and such Claim was subject to the Restructuring Support Agreement as of the applicable Equity Election Record Date.

**Any Holder of a General Unsecured Claim who is not party to the restructuring support agreement entered into by the Debtors and certain other parties on January 23, 2019 (the "Restructuring Support Agreement") who sells its claim after the Equity Election Record Date will not be permitted to make an Equity Election under the Plan. Further, any buyer of a General Unsecured Claim, which Claim is not subject to the Restructuring Support Agreement as of the Equity Election Record Date will not be entitled to make an Equity Election under the Plan and will only be permitted to receive an equivalent cash distribution on account of such General Unsecured Claim.**

By checking the box below, you elect to receive New Common Stock rather than Cash in satisfaction of your Class C7 NG-FENOC Unsecured Claim identified in Item 1. For the avoidance of doubt, Holders of Class C7, D5 NG-FENOC Unsecured Claims shall only be entitled to make an Equity Election on account of their Class C7 NG-FENOC Unsecured Claim against NG, and shall not be entitled to make an Equity Election on account of their Class D5 NG-FENOC Unsecured Claim against FENOC.

> ❑
> **The undersigned elects to receive its distribution on account of its Class C7 NG-FENOC Unsecured Claim against NG identified in Item 1 in New Common Stock.**

By checking the box below, you acknowledge that you (i) were the beneficial holder of the Class C7 NG-FENOC Unsecured Claim identified in Item 1 as of the Equity Election Record Date, which was January 23, 2019, or such later date as agreed to by the Debtors with the consent of the Requisite Supporting Parties and the Committee, and that you have not sold, transferred, or provided a participation in the Class C7 NG-FENOC Unsecured Claim identified in Item 1, or directly or implicitly agreed to do so following the applicable Equity Election Record Date, or (ii) are otherwise a party to the Restructuring Support Agreement and the beneficial holder of the Class C7 NG-FENOC Unsecured Claim identified in Item 1 and the Class C7 NG-FENOC Unsecured Claim identified in Item 1 was subject to the Restructuring Support Agreement as of the applicable Equity Election Record Date.

☐ **The undersigned acknowledges that (i) it was the beneficial holder of the Class C7 NG-FENOC Unsecured Claim identified in Item 1 as of the Equity Election Record Date, which was January 23, 2019, or such later date as agreed to by the Debtors with the consent of the Requisite Supporting Parties and the Committee and it has not sold, transferred or provided a participation in the Class C7 NG-FENOC Unsecured Claim identified in Item 1, or directly or implicitly agreed to do so following the applicable Equity Election Record Date, or (ii) it is otherwise a party to the Restructuring Support Agreement and the beneficial holder of the Class C7 NG-FENOC Unsecured Claim identified in Item 1 and the Class C7 NG-FENOC Unsecured Claim identified in Item 1 was subject to the Restructuring Support Agreement as of the applicable Equity Election Record Date.**

## ITEM 6.    CERTIFICATION

By signing this Ballot, the Holder certifies that:

a.  as of the Voting Record Date it is the Holder of the Claim in Item 1 to which this Ballot pertains;

b.  if the Holder made an Equity Election in Item 5, the acknowledgement made in Item 5 is true, accurate, and complete;

c.  it has been provided with a copy of the Solicitation Package containing the Plan, the Disclosure Statement (together with its exhibits), the Disclosure Statement Order, the notice regarding the date and time of the hearing at which the Court will consider confirmation of the Plan, and a copy of any letters recommending approval of the Plan, and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order;

d.  it has the full power to vote to accept or reject the Plan; and

e.  it has not submitted any other Ballots relating to the Claim in Item 1 that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

10

| Name of Claim Holder (Print or Type): | _____ |
| Social Security or Federal Tax I.D. No. (Optional): | _____ |
| Signature: | _____ |
| Name of Signatory: | _____ |
| If Authorized Agent of Claimant, Title of Agent: | _____ |
| Street Address: | _____ |
| City, State, and Zip Code: | _____ |
| Telephone Number: | _____ |
| Email Address: | _____ |
| Date Completed: | _____ |

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Moreover, this Ballot shall not constitute or be deemed to be proof of claim or an assertion of a claim.

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT (A) BY WRITING TO FIRSTENERGY SOLUTIONS CORP. C/O PRIME CLERK LLC, 830 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10022; (B) BY TELEPHONE AT (855) 934-8766; OR (C) BY EMAIL AT FESBALLOTS@PRIMECLERK.COM.**

**THE VOTING AGENT IS NOT AUTHORIZED TO AND WILL NOT PROVIDE LEGAL ADVICE. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE COURT.**

# PLEASE RETURN YOUR BALLOT PROMPTLY

### If Submitting Your Vote through the E-Balloting Portal

The Voting Agent will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit https://cases.primeclerk.com/FES/, click on the "Submit E-Ballot" section of the website, and follow the instructions to submit your Ballot.

IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:

    Unique E-Ballot ID#:_____

The Voting Agent's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.

Each E-Ballot ID# is to be used solely for voting only those Claims described in **Item 1** of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the E-Balloting Portal should NOT also submit a paper Ballot.

If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

### If Submitting Your Vote by First Class Mail, Overnight Courier, or Hand Delivery

Please complete and execute your ballot and submit it by first class mail in the enclosed postage prepaid envelope or by sending it to the following address:

<div align="center">

**FirstEnergy Solutions Corp. Ballot Processing**
**c/o Prime Clerk LLC**
**830 Third Avenue, 3rd Floor**
**New York, NY 10022**

</div>

If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
|  | ) | Case No. 18-50757 (AMK) |
| FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] | ) | (Jointly Administered) |
|  | ) |  |
| Debtors. | ) |  |
|  | ) | Hon. Judge Alan M. Koschik |
|  | ) |  |

**BALLOT FOR**
**ACCEPTING OR REJECTING THE *FIFTH AMENDED***
***JOINT PLAN OF REORGANIZATION OF FIRSTENERGY SOLUTIONS***
***CORP., ET AL., PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE***

**CLASS D4 (FENOC SINGLE-BOX UNSECURED CLAIMS)**

> **THIS BALLOT (THE "BALLOT") MUST BE COMPLETED AND (I) IF CAST ELECTRONICALLY, SUBMITTED THROUGH THE BALLOTING PORTAL OF PRIME CLERK LLC (THE "VOTING AGENT"), AS PROVIDED FOR HEREIN, OR (II) IF CAST IN PAPER FORM, DELIVERED SO AS TO BE ACTUALLY RECEIVED BY THE VOTING AGENT AT THE ADDRESS PROVIDED FOR HEREIN, IN EITHER CASE BY 4:00 P.M. (PREVAILING EASTERN TIME) ON AUGUST 2, 2019 (THE "VOTING DEADLINE") OR YOUR VOTE WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") are soliciting votes with respect to the *Fifth Amended Joint Plan of Reorganization of FirstEnergy Solutions Corp.,* et al.*, Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") from the Holders of certain Impaired Claims against the Debtors.[2] On [●], 2019, the United States Bankruptcy Court for the Northern District of Ohio (the "**Court**") signed an order (the "**Disclosure Statement Order**") [Docket No. ●] which approved the *Disclosure Statement for the Fifth Amended Joint Plan of Reorganization*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage LLC(6928), case no. 18-50764.  The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

[2] All capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

*FirstEnergy Solutions Corp.,* et. al*., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan is attached as Exhibit B to the Disclosure Statement, which is part of the package of materials that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

This Ballot is being sent to the Holders of Class D4 FENOC Single-Box Unsecured Claims under the Plan as of May 20, 2019 (the "**Voting Record Date**"). If you hold Claims in another Class or Classes in which you are entitled to vote, you will receive a Ballot for such other Class(es). Please use this Ballot to cast your vote to either <u>accept</u> or <u>reject</u> the Plan.

---

**YOU ARE RECEIVING THIS BALLOT BECAUSE THE DEBTORS' RECORDS INDICATED THAT YOU HOLD A CLASS D4 FENOC SINGLE-BOX UNSECURED CLAIM AS FOLLOWS:**

DEBTOR: <u>            **FENOC**          </u>

AMOUNT: <u>                      </u>

---

**Your rights are described in the Plan and the Disclosure Statement, which were included in the Solicitation Package**. Please read the Plan and Disclosure Statement carefully before submitting a Ballot. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim under the Plan. If you need to obtain additional copies of the Plan, the Disclosure Statement, or other Solicitation Materials, you may obtain free copies (a) at the dedicated website of the Voting Agent for the Debtors' chapter 11 cases at https://cases.primeclerk.com/fes/, (b) upon request by mail to FirstEnergy Solutions Corp. Balloting Center, c/o Prime Clerk LLC, 830 Third Avenue, 3rd Floor, New York, NY 10022, or (c) by contacting the Voting Agent directly by calling (855) 934-8766 or by emailing fesballots@primeclerk.com.

**If the Plan is confirmed by the Court it will be binding on you whether or not you vote**. The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the Holders of at least two-thirds (2/3) in the amount and more than one-half (1/2) in number of claims in each voting class who voted to either accept or reject the Plan, and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under Section 1129(b) of the Bankruptcy Code, the foregoing, as and to the extent applicable to the Debtors' cases.

---

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, INJUNCTION AND EXCULPATION PROVISIONS, INCLUDING **CONSENSUAL THIRD PARTY RELEASES IN ARTICLE VIII.E.** THUS, YOU SHOULD REVIEW AND CONSIDER THE PLAN CAREFULLY

---

| BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER WITH RESPECT TO THE THIRD PARTY RELEASES. |
|---|

## <u>VOTING INSTRUCTIONS</u>

1. Capitalized terms used in the Ballot or in these instructions but not otherwise defined therein or herein shall have the meanings ascribed in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable, copies of which also accompany the Ballot.

2. The Court may confirm the Plan and thereby bind you by the terms of the Plan. Please review the Disclosure Statement for more information.

3. In order for your vote to count, you must:

    i.    Complete and certify the amount of your Claim in Item 1;

    ii.    Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

    iii.    Review Item 3, the Plan provisions relating to Consensual Third Party Releases;

    iv.    Review Item 4, the Plan provisions relating to the ability to elect to be treated as a Convenience Claim, and follow the instructions therein;

    v.    Review and sign the certifications in Item 5;

    vi.    If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

    vii.    Return the original, completed Ballot to the Voting Agent on or before the Voting Deadline, which is 4:00 p.m. (prevailing Eastern Time) on August 2, 2019, in one of the two manners described below:

---

**<u>If Submitting Your Vote through the E-Balloting Portal</u>**

---

**The Voting Agent will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit https://cases.primeclerk.com/FES/, click on the "Submit E-Ballot" section of the website, and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

    **Unique E-Ballot ID#:**_____

---

3

**The Voting Agent's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in <u>Item 1</u> of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the E-Balloting Portal should NOT also submit a paper Ballot.**

**If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.**

<u>**If Submitting Your Vote by First Class Mail, Overnight Courier, or Hand Delivery**</u>

**Please complete and execute your ballot and submit it by first class mail in the enclosed postage prepaid envelope or by sending it to the following address:**

<div align="center">

**FirstEnergy Solutions Corp. Ballot Processing**
**c/o Prime Clerk LLC**
**830 Third Avenue, 3rd Floor**
**New York, NY 10022**

</div>

**If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.**

4. You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, if a Holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

5. If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise. The method of delivery of Ballots to the Voting Agent is at the election and risk of each Holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Voting Agent actually receives the originally executed Ballot. **<u>In all cases, Holders should allow sufficient time to assure timely delivery. No Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Voting Agent), or the Debtors' financial or legal advisors, and if so sent will not be counted</u>**.

6. If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the last valid Ballot timely received will supersede and revoke any earlier received Ballot.

<div align="center">4</div>

7. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor the Voting Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

8. If you wish to have your Claim Allowed in a different amount, classification or treatment than the amount, classification or treatment listed on the Beneficial Ballot for purposes of voting on the Plan, you must serve on the Debtors and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "**Temporary Allowance Request Motion**") no later than **July 5, 2019 at 4:00 p.m. (prevailing Eastern Time) (the "Temporary Allowance Request Motion Deadline**"). All objections and responses to Temporary Allowance Request Motions must be filed and served on or before **July 19, 2019**. A claimant may file a reply to any objection or response to its motion on or before **July 22, 2019**. Any order temporarily allowing such claims must be entered on or before **August 9, 2019** or as otherwise ordered by the Court. Temporary Allowance Request Motions must adhere to the requirements set forth in the Disclosure Statement Order to be considered by the Court.

9. This Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

10. If you hold Claims in more than one Class (other than Multi-Debtor Claims) under the Plan or in multiple accounts, you may receive more than one Ballot coded for each different Class or account. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you received.

11. The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (b) any Ballot cast by a party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; and (e) any Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

12. If you believe you have received the wrong Ballot, you should contact the Voting Agent immediately at (855) 934-8766.

## ACCEPTANCE OR REJECTION OF THE PLAN

**ITEM 1.** **CLAIM AMOUNT FOR VOTING PURPOSES.**

The undersigned certifies that as of May 20, 2019, it held a Class D4 FENOC Single-Box Unsecured Claim under the Plan in the amount of _____.

ITEM 2.        VOTE.

The Holder of the Class D4 FENOC Single-Box Unsecured Claim identified in Item 1 votes:

❑        **to ACCEPT the Plan.**        ❑        **to REJECT the Plan.**

**PLEASE FULLY COMPLETE THIS BALLOT BY CHECKING THE "ACCEPT" OR "REJECT" BOX.  IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED, BUT THE BALLOT IS OTHERWISE COMPLETED, THE BALLOT WILL BE COUNTED AS HAVING ACCEPTED THE PLAN.**

ITEM 3.        IMPORTANT INFORMATION REGARDING THIRD PARTY RELEASES.

The Plan contains Consensual Third Party Releases of claims and Causes of Action against the Debtor Released Parties, FE Non-Debtor Released Parties and Other Released Parties.

**IF YOU (I) VOTE TO ACCEPT THE PLAN OR (II) ARE DEEMED TO HAVE ACCEPTED THE PLAN YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN.  IF YOU (I) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (II) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN, OR (III) VOTE TO REJECT THE PLAN, IN EACH CASE YOU WILL NOT BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN.**

**IF YOU ELECT TO REJECT THE PLAN, AND THEREFORE, NOT TO GRANT THE CONSENSUAL THIRD PARTY RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF RECEIVING THE CONSENSUAL THIRD PARTY RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN IF YOU ARE A RELEASED PARTY THEREUNDER.**

Article VIII.E of the Plan provides for the following Consensual Third Party Releases:

**On and as of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Debtor Released Parties, FE Non-Debtor Released Parties and Other Released Parties to facilitate and implement the Plan, each Holder of a Claim or Interest that (i) votes to accept the Plan or (ii) is deemed to have accepted the Plan, (shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged each Debtor Released Party, FE Non-Debtor Released Party and Other Released Party from any and all claims and Causes of Action, including any derivative claims asserted or assertable by or on behalf of any of the Debtors, the Reorganized Debtors, or their Estates or Affiliates (including any FE Non-Debtor Parties), as applicable, that such Entity would have been legally entitled to assert its own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to, or in any manner arising from in whole or in part, the Debtors, the Debtors' businesses, the Debtors' property, the Debtors' capital structure, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring discussions,**

6

intercompany transactions between or among the Debtors and/or their Affiliates (including any FE Non-Debtor Parties), the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and Released Party, the PCNs, the FES Notes, any interest in the Mansfield Facility Documents, the Chapter 11 Cases and related adversary proceedings, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Restructuring Support Agreement, the Process Support Agreement, the Standstill Agreement, the FE Settlement Agreement, the Disclosure Statement, the Plan, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the foregoing, including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion, the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any obligations of any Entity arising after the Effective Date under the Plan, the Confirmation Order, any Restructuring Transaction, the FE Settlement Agreement and any related obligations under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan and the FE Settlement Agreement, (ii) any Consenting Owner Participant from its obligations to the Consenting Owner Trustee, in its individual capacity (and its successors, permitted assigns, directors, officers, employees, agents, and servants), under the Mansfield Trust Agreements or (iii) the Consenting Owner Trustee from its obligations under the Mansfield Trust Agreements with respect to periods after the Effective Date.

For the avoidance of doubt, on and as of the Effective Date, each Holder of a Claim or Interest that (i) votes to accept the Plan or (ii) is deemed to have accepted the Plan shall be deemed to provide a full and complete discharge and release to the Debtor Released Parties, FE Non-Debtor Released Parties and the Other Released Parties and their respective property from any and all Causes of Action whatsoever, whether known or unknown, asserted or unasserted, derivative or direct, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, whether for or sounding in tort, fraud, contract, violations of federal or state securities laws, veil piercing, substantive consolidation or alter-ego theories of liability, contribution, indemnification, joint or several liability, or otherwise arising from or related in any way to (i) the Debtors, the Reorganized Debtors, their businesses, their property, or any interest in the Mansfield Facility Documents; (ii) any Cause of Action against the FE Non-Debtor Released Parties or their property arising in connection with any intercompany transactions or other matters arising in the conduct of the Debtors' businesses; (iii) the Chapter 11 Cases; (iv) the formulation, preparation, negotiation, dissemination, implementation, administration, Confirmation or Consummation of the Plan, the Plan Supplement, any contract, employee pension or benefit plan instrument, release, or other agreement or document related to any Debtor, the Chapter 11 Cases or the Plan, modified, amended, terminated, or entered into in connection with either the Plan, or any agreement between the Debtors and any FE Non-Debtor

Released Party, including the FE Settlement Agreement; or (v) any other act taken or omitted to be taken in connection with the Chapter 11 Cases, including, without limitation, acts or omissions occurring after the Effective Date in connection with distributions made consistent with the terms of the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval under section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, of the Consensual Third Party Release, which includes by reference each of the related provisions and definitions contained in the Plan.

For the avoidance of doubt and notwithstanding anything else in the Plan, any Confirmation Order, or any implementing or supplementing plan documents, (i) no Governmental Units shall be deemed to accept the Plan for purposes of Article VIII.E of the Plan and (ii) the United States, Ohio Environmental Protection Agency, Ohio Department of Natural Resources, and Pennsylvania Department of Environmental Protection have agreed not to vote on the Plan and will not be subject to the releases in Article VIII.E of the Plan provided, however, if any agency of the United States or any agency of any state actually votes to accept the Plan, such agency shall be deemed to provide the releases in Article VIII.E of the Plan on the Effective Date for such agency and only for such agency.

ITEM 4.         OPTIONAL ELECTION TO BE TREATED AS A CLASS D6 CONVENIENCE CLAIM.

By checking the box below, regardless of the amount of your Class D4 FENOC Single-Box Unsecured Claim, you elect to have your Claim reduced to an amount not to exceed $1,000,000 and to have such Claim treated as a Class D6 Convenience Claim. Holders of Allowed Convenience Claims in Class D6 shall receive a distribution in Cash equal to 24.0% of the Allowed Convenience Claim. If you elect to have such Claim treated as a Class D6 Convenience Claim, you will be giving up the distribution amount for Class E4 FENOC Single-Box Unsecured Claims calculated on the full amount of your Claim.

> ❑
> **The undersigned elects to have its Class D4 FENOC Single-Box Unsecured Claim identified in Item 1 treated as a Class D6 Convenience Claim and acknowledges that any valid Claim will be Allowed in an amount not to exceed $1,000,000.**

ITEM 5.         CERTIFICATION

By signing this Ballot, the Holder certifies that:

   a. as of the Voting Record Date it is the Holder of the Claim in Item 1 to which this Ballot pertains;

8

b. it has been provided with a copy of the Solicitation Package containing the Plan, the Disclosure Statement (together with its exhibits), the Disclosure Statement Order, the notice regarding the date and time of the hearing at which the Court will consider confirmation of the Plan, and a copy of any letters recommending approval of the Plan, and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order;

c. it has the full power to vote to accept or reject the Plan; and

d. it has not submitted any other Ballots relating to the Claim in Item 1 that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name of Claim Holder (Print or Type): _____

Social Security or Federal Tax I.D. No.
(Optional): _____

Signature: _____

Name of Signatory: _____

If Authorized Agent of Claimant, Title of
Agent: _____

Street Address: _____

City, State, and Zip Code: _____

Telephone Number: _____

Email Address: _____

Date Completed: _____

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Moreover, this Ballot shall not constitute or be deemed to be proof of claim or an assertion of a claim.

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS,**

**PLEASE CONTACT THE VOTING AGENT (A) BY WRITING TO FIRSTENERGY SOLUTIONS CORP. C/O PRIME CLERK LLC, 830 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10022; (B) BY TELEPHONE AT (855) 934-8766; OR (C) BY EMAIL AT FESBALLOTS@PRIMECLERK.COM.**

**THE VOTING AGENT IS NOT AUTHORIZED TO AND WILL NOT PROVIDE LEGAL ADVICE. <u>PLEASE DO NOT DIRECT ANY INQUIRIES TO THE COURT.</u>**

# PLEASE RETURN YOUR BALLOT PROMPTLY

### If Submitting Your Vote through the E-Balloting Portal

The Voting Agent will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit https://cases.primeclerk.com/FES/, click on the "Submit E-Ballot" section of the website, and follow the instructions to submit your Ballot.

IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:

Unique E-Ballot ID#:_____

The Voting Agent's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.

Each E-Ballot ID# is to be used solely for voting only those Claims described in **Item 1** of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the E-Balloting Portal should NOT also submit a paper Ballot.

If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

### If Submitting Your Vote by First Class Mail, Overnight Courier, or Hand Delivery

Please complete and execute your ballot and submit it by first class mail in the enclosed postage prepaid envelope or by sending it to the following address:

<div align="center">

**FirstEnergy Solutions Corp. Ballot Processing**
**c/o Prime Clerk LLC**
**830 Third Avenue, 3rd Floor**
**New York, NY 10022**

</div>

If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |
|---|---|
| In re:<br><br>FIRSTENERGY SOLUTIONS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-50757 (AMK)<br>(Jointly Administered)<br><br>Hon. Judge Alan M. Koschik |

## BALLOT FOR
## ACCEPTING OR REJECTING THE *FIFTH AMENDED JOINT PLAN OF REORGANIZATION OF FIRSTENERGY SOLUTIONS CORP., ET AL., PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE*

### CLASS E4 (FGMUC SINGLE-BOX UNSECURED CLAIMS)

> **THIS BALLOT (THE "BALLOT") MUST BE COMPLETED AND (I) IF CAST ELECTRONICALLY, SUBMITTED THROUGH THE BALLOTING PORTAL OF PRIME CLERK LLC (THE "VOTING AGENT"), AS PROVIDED FOR HEREIN, OR (II) IF CAST IN PAPER FORM, DELIVERED SO AS TO BE ACTUALLY RECEIVED BY THE VOTING AGENT AT THE ADDRESS PROVIDED FOR HEREIN, IN EITHER CASE BY 4:00 P.M. (PREVAILING EASTERN TIME) ON AUGUST 2, 2019 (THE "VOTING DEADLINE") OR YOUR VOTE WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") are soliciting votes with respect to the *Fifth Amended Joint Plan of Reorganization of FirstEnergy Solutions Corp.,* et al*., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") from the Holders of certain Impaired Claims against the Debtors.[2] On [●], 2019, the United States Bankruptcy Court for the Northern District of Ohio (the "**Court**") signed an order (the "**Disclosure Statement Order**") [Docket No. ●] which approved the *Disclosure Statement for the Fifth Amended Joint Plan of Reorganization*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage LLC (6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

[2] All capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

*FirstEnergy Solutions Corp.,* et. al*., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan is attached as Exhibit B to the Disclosure Statement, which is part of the package of materials that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

This Ballot is being sent to the Holders of Class E4 FGMUC Single-Box Unsecured Claims under the Plan as of May 20, 2019 (the "**Voting Record Date**"). If you hold Claims in another Class or Classes in which you are entitled to vote, you will receive a Ballot for such other Class(es). Please use this Ballot to cast your vote to either <u>accept</u> or <u>reject</u> the Plan.

---

**YOU ARE RECEIVING THIS BALLOT BECAUSE THE DEBTORS' RECORDS INDICATED THAT YOU HOLD A CLASS E4 FGMUC SINGLE-BOX UNSECURED CLAIM AS FOLLOWS:**

DEBTOR: _____**FGMUC**_____

AMOUNT: _____

---

**Your rights are described in the Plan and the Disclosure Statement, which were included in the Solicitation Package**. Please read the Plan and Disclosure Statement carefully before submitting a Ballot. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim under the Plan. If you need to obtain additional copies of the Plan, the Disclosure Statement, or other Solicitation Materials, you may obtain free copies (a) at the dedicated website of the Voting Agent for the Debtors' chapter 11 cases at https://cases.primeclerk.com/fes/, (b) upon request by mail to FirstEnergy Solutions Corp. Balloting Center, c/o Prime Clerk LLC, 830 Third Avenue, 3rd Floor, New York, NY 10022, or (c) by contacting the Voting Agent directly by calling (855) 934-8766 or by emailing fesballots@primeclerk.com.

**If the Plan is confirmed by the Court it will be binding on you whether or not you vote**. The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the Holders of at least two-thirds (2/3) in the amount and more than one-half (1/2) in number of claims in each voting class who voted to either accept or reject the Plan, and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under Section 1129(b) of the Bankruptcy Code, the foregoing, as and to the extent applicable to the Debtors' cases.

---

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, INJUNCTION AND EXCULPATION PROVISIONS, INCLUDING **CONSENSUAL THIRD PARTY RELEASES IN ARTICLE VIII.E.** THUS, YOU SHOULD REVIEW AND CONSIDER THE PLAN CAREFULLY

---

| BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER WITH RESPECT TO THE THIRD PARTY RELEASES. |
| --- |

## **VOTING INSTRUCTIONS**

1. Capitalized terms used in the Ballot or in these instructions but not otherwise defined therein or herein shall have the meanings ascribed in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable, copies of which also accompany the Ballot.

2. The Court may confirm the Plan and thereby bind you by the terms of the Plan. Please review the Disclosure Statement for more information.

3. In order for your vote to count, you must:

    i.   Complete and certify the amount of your Claim in Item 1;

    ii.  Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

    iii. Review Item 3, the Plan provisions relating to Consensual Third Party Releases;

    iv.  Review Item 4, the Plan provisions relating to the ability to elect to be treated as a Convenience Claim, and follow the instructions therein;

    v.   Review and sign the certifications in Item 5;

    vi.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

    vii. Return the original, completed Ballot to the Voting Agent on or before the Voting Deadline, which is 4:00 p.m. (prevailing Eastern Time) on August 2, 2019, in one of the two manners described below:

---

**If Submitting Your Vote through the E-Balloting Portal**

---

**The Voting Agent will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit https://cases.primeclerk.com/FES/, click on the "Submit E-Ballot" section of the website, and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

    **Unique E-Ballot ID#:**_____

---

**The Voting Agent's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in <u>Item 1</u> of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the E-Balloting Portal should NOT also submit a paper Ballot.**

**If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.**

---

**<u>If Submitting Your Vote by First Class Mail, Overnight Courier, or Hand Delivery</u>**

**Please complete and execute your ballot and submit it by first class mail in the enclosed postage prepaid envelope or by sending it to the following address:**

<div align="center">

**FirstEnergy Solutions Corp. Ballot Processing**
**c/o Prime Clerk LLC**
**830 Third Avenue, 3rd Floor**
**New York, NY 10022**

</div>

**If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.**

---

4. You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, if a Holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

5. If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise. The method of delivery of Ballots to the Voting Agent is at the election and risk of each Holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Voting Agent actually receives the originally executed Ballot. **<u>In all cases, Holders should allow sufficient time to assure timely delivery. No Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Voting Agent), or the Debtors' financial or legal advisors, and if so sent will not be counted</u>**.

6. If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the last valid Ballot timely received will supersede and revoke any earlier received Ballot.

<div align="center">4</div>

7. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor the Voting Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

8. If you wish to have your Claim Allowed in a different amount, classification or treatment than the amount, classification or treatment listed on the Beneficial Ballot for purposes of voting on the Plan, you must serve on the Debtors and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "**Temporary Allowance Request Motion**") no later than **July 5, 2019 at 4:00 p.m. (prevailing Eastern Time) (the "Temporary Allowance Request Motion Deadline**"). All objections and responses to Temporary Allowance Request Motions must be filed and served on or before **July 19, 2019**. A claimant may file a reply to any objection or response to its motion on or before **July 22, 2019**. Any order temporarily allowing such claims must be entered on or before **August 9, 2019** or as otherwise ordered by the Court. Temporary Allowance Request Motions must adhere to the requirements set forth in the Disclosure Statement Order to be considered by the Court.

9. This Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

10. If you hold Claims in more than one Class (other than Multi-Debtor Claims) under the Plan or in multiple accounts, you may receive more than one Ballot coded for each different Class or account. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you received.

11. The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (b) any Ballot cast by a party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; and (e) any Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

12. If you believe you have received the wrong Ballot, you should contact the Voting Agent immediately at (855) 934-8766.

## ACCEPTANCE OR REJECTION OF THE PLAN

**ITEM 1.        CLAIM AMOUNT FOR VOTING PURPOSES.**

The undersigned certifies that as of May 20, 2019, it held a Class E4 FGMUC Single-Box Unsecured Claim under the Plan in the amount of _____.

ITEM 2.     VOTE.

The Holder of the Class E4 FGMUC Single-Box Unsecured Claim identified in Item 1 votes:

❑     **to ACCEPT the Plan.**     ❑     **to REJECT the Plan.**

**PLEASE FULLY COMPLETE THIS BALLOT BY CHECKING THE "ACCEPT" OR "REJECT" BOX.  IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED, BUT THE BALLOT IS OTHERWISE COMPLETED, THE BALLOT WILL BE COUNTED AS HAVING ACCEPTED THE PLAN.**

ITEM 3.     IMPORTANT INFORMATION REGARDING THIRD PARTY RELEASES.

The Plan includes Consensual Third Party Releases of claims and Causes of Action against the Debtor Released Parties, FE Non-Debtor Released Parties and Other Released Parties.

**IF YOU (I) VOTE TO ACCEPT THE PLAN OR (II) ARE DEEMED TO HAVE ACCEPTED THE PLAN YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN.  IF YOU (I) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (II) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN, OR (III) VOTE TO REJECT THE PLAN, IN EACH CASE YOU WILL NOT BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN.**

**IF YOU ELECT TO REJECT THE PLAN, AND THEREFORE, NOT TO GRANT THE CONSENSUAL THIRD PARTY RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF RECEIVING THE CONSENSUAL THIRD PARTY RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN IF YOU ARE A RELEASED PARTY THEREUNDER.**

Article VIII.E of the Plan provides for the following Consensual Third Party Releases:

**On and as of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Debtor Released Parties, FE Non-Debtor Released Parties and Other Released Parties to facilitate and implement the Plan, each Holder of a Claim or Interest that (i) votes to accept the Plan or (ii) is deemed to have accepted the Plan, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged each Debtor Released Party, FE Non-Debtor Released Party and Other Released Party and Debtor Released Party from any and all claims and Causes of Action, including any derivative claims asserted or assertable by or on behalf of any of the Debtors, the Reorganized Debtors, or their Estates or Affiliates (including any FE Non-Debtor Parties), as applicable, that such Entity would have been legally entitled to assert its own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to, or in any manner arising from in whole or in part, the Debtors, the Debtors'**

6

businesses, the Debtors' property, the Debtors' capital structure, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring discussions, intercompany transactions between or among the Debtors and/or their Affiliates (including any FE Non-Debtor Parties), the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and Released Party, the PCNs, the FES Notes, any interest in the Mansfield Facility Documents, the Chapter 11 Cases and related adversary proceedings, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Restructuring Support Agreement, the Process Support Agreement, the Standstill Agreement, the FE Settlement Agreement, the Disclosure Statement, the Plan, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the foregoing, including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion, the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any obligations of any Entity arising after the Effective Date under the Plan, the Confirmation Order, any Restructuring Transaction, the FE Settlement Agreement and any related obligations under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan and the FE Settlement Agreement, (ii) any Consenting Owner Participant from its obligations to the Consenting Owner Trustee, in its individual capacity (and its successors, permitted assigns, directors, officers, employees, agents, and servants), under the Mansfield Trust Agreements or (iii) the Consenting Owner Trustee from its obligations under the Mansfield Trust Agreements with respect to periods after the Effective Date.

For the avoidance of doubt, on and as of the Effective Date, each Holder of a Claim or Interest that (i) votes to accept the Plan or (ii) is deemed to have accepted the Plan shall be deemed to provide a full and complete discharge and release to the Debtor Released Parties, FE Non-Debtor Released Parties and the Other Released Parties and their respective property from any and all Causes of Action whatsoever, whether known or unknown, asserted or unasserted, derivative or direct, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, whether for or sounding in tort, fraud, contract, violations of federal or state securities laws, veil piercing, substantive consolidation or alter-ego theories of liability, contribution, indemnification, joint or several liability, or otherwise arising from or related in any way to (i) the Debtors, the Reorganized Debtors, their businesses, their property, or any interest in the Mansfield Facility Documents; (ii) any Cause of Action against the FE Non-Debtor Released Parties or their property arising in connection with any intercompany transactions or other matters arising in the conduct of the Debtors' businesses; (iii) the Chapter 11 Cases; (iv) the formulation, preparation, negotiation, dissemination, implementation, administration, Confirmation or Consummation of the Plan, the Plan Supplement, any contract, employee pension or benefit plan instrument, release, or other agreement or document related to any Debtor, the

Chapter 11 Cases or the Plan, modified, amended, terminated, or entered into in connection with either the Plan, or any agreement between the Debtors and any FE Non-Debtor Released Party, including the FE Settlement Agreement; or (v) any other act taken or omitted to be taken in connection with the Chapter 11 Cases, including, without limitation, acts or omissions occurring after the Effective Date in connection with distributions made consistent with the terms of the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval under section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, of the Consensual Third Party Release, which includes by reference each of the related provisions and definitions contained in the Plan.

For the avoidance of doubt and notwithstanding anything else in the Plan, any Confirmation Order, or any implementing or supplementing plan documents, (i) no Governmental Units shall be deemed to accept the Plan for purposes of Article VIII.E of the Plan and (ii) the United States, Ohio Environmental Protection Agency, Ohio Department of Natural Resources, and Pennsylvania Department of Environmental Protection have agreed not to vote on the Plan and will not be subject to the releases in Article VIII.E of Plan provided, however, if any agency of the United States or any agency of any state actually votes to accept the Plan, such agency shall be deemed to provide the releases in Article VIII.E of the Plan on the Effective Date for such agency and only for such agency.

**ITEM 4.**      **OPTIONAL ELECTION TO BE TREATED AS A CLASS E6 CONVENIENCE CLAIM.**

By checking the box below, regardless of the amount of your Class E4 FGMUC Single-Box Unsecured Claim, you elect to have your Claim reduced to an amount not to exceed $1,000,000 and to have such Claim treated as a Class E6 Convenience Claim. Holders of Allowed Convenience Claims in Class E6 shall receive a distribution in Cash equal to 18.0% of the Allowed Convenience Claim. If you elect to have such Claim treated as a Class E6 Convenience Claim, you will be giving up the distribution amount for Class E4 FGMUC Single-Box Unsecured Claims calculated on the full amount of your Claim.

> ❑
> **The undersigned elects to have its Class E4 FGMUC Single-Box Unsecured Claim identified in Item 1 treated as a Class E6 Convenience Claim and acknowledges that any valid Claim will be Allowed in an amount not to exceed $1,000,000.**

**ITEM 5.**      **CERTIFICATION**

By signing this Ballot, the Holder certifies that:

         a.    as of the Voting Record Date it is the Holder of the Claim in Item 1 to which this Ballot pertains;

8

b. it has been provided with a copy of the Solicitation Package containing the Plan, the Disclosure Statement (together with its exhibits), the Disclosure Statement Order, the notice regarding the date and time of the hearing at which the Court will consider confirmation of the Plan, and a copy of any letters recommending approval of the Plan, and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order;

c. it has the full power to vote to accept or reject the Plan; and

d. it has not submitted any other Ballots relating to the Claim in Item 1 that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name of Claim Holder (Print or Type): _____

Social Security or Federal Tax I.D. No. (Optional): _____

Signature: _____

Name of Signatory: _____

If Authorized Agent of Claimant, Title of Agent: _____

Street Address: _____

City, State, and Zip Code: _____

Telephone Number: _____

Email Address: _____

Date Completed: _____

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Moreover, this Ballot shall not constitute or be deemed to be proof of claim or an assertion of a claim.

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS,**

**PLEASE CONTACT THE VOTING AGENT (A) BY WRITING TO FIRSTENERGY SOLUTIONS CORP. C/O PRIME CLERK LLC, 830 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10022; (B) BY TELEPHONE AT (855) 934-8766; OR (C) BY EMAIL AT FESBALLOTS@PRIMECLERK.COM.**

**THE VOTING AGENT IS NOT AUTHORIZED TO AND WILL NOT PROVIDE LEGAL ADVICE. <u>PLEASE DO NOT DIRECT ANY INQUIRIES TO THE COURT.</u>**

# PLEASE RETURN YOUR BALLOT PROMPTLY

### If Submitting Your Vote through the E-Balloting Portal

The Voting Agent will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit https://cases.primeclerk.com/FES/, click on the "Submit E-Ballot" section of the website, and follow the instructions to submit your Ballot.

IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:

Unique E-Ballot ID#:_____

The Voting Agent's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.

Each E-Ballot ID# is to be used solely for voting only those Claims described in **Item 1** of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the E-Balloting Portal should NOT also submit a paper Ballot.

If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

### If Submitting Your Vote by First Class Mail, Overnight Courier, or Hand Delivery

Please complete and execute your ballot and submit it by first class mail in the enclosed postage prepaid envelope or by sending it to the following address:

**FirstEnergy Solutions Corp. Ballot Processing**
**c/o Prime Clerk LLC**
**830 Third Avenue, 3rd Floor**
**New York, NY 10022**

If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

18-50757-amk    Doc 2714    FILED 05/29/19    ENTERED 05/29/19 09:57:05    Page 234 of 300

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] | ) Case No. 18-50757 (AMK) |
|  | ) (Jointly Administered) |
| Debtors. | ) |
|  | ) |
|  | ) Hon. Judge Alan M. Koschik |
|  | ) |

## BALLOT FOR
## ACCEPTING OR REJECTING THE *FIFTH AMENDED*
## *JOINT PLAN OF REORGANIZATION OF FIRSTENERGY SOLUTIONS*
## *CORP., ET AL., PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE*

### CLASS F3 (GENERAL UNSECURED CLAIMS AGAINST FE AIRCRAFT)

> **THIS BALLOT (THE "BALLOT") MUST BE COMPLETED AND (I) IF CAST ELECTRONICALLY, SUBMITTED THROUGH THE BALLOTING PORTAL OF PRIME CLERK LLC (THE "VOTING AGENT"), AS PROVIDED FOR HEREIN, OR (II) IF CAST IN PAPER FORM, DELIVERED SO AS TO BE ACTUALLY RECEIVED BY THE VOTING AGENT AT THE ADDRESS PROVIDED FOR HEREIN, IN EITHER CASE BY 4:00 P.M. (PREVAILING EASTERN TIME) ON AUGUST 2, 2019 (THE "VOTING DEADLINE") OR YOUR VOTE WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") are soliciting votes with respect to the *Fifth Amended Joint Plan of Reorganization of FirstEnergy Solutions Corp.,* et al*., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") from the Holders of certain Impaired Claims against the Debtors.[2] On [●], 2019, the United States Bankruptcy Court for the Northern District of Ohio (the "**Court**") signed an order (the "**Disclosure Statement Order**") [Docket No. ●] which approved the *Disclosure Statement for the Fifth Amended Joint Plan of Reorganization*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage LLC (6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

[2] All capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

Ex-18

*FirstEnergy Solutions Corp.,* et. al*., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan is attached as Exhibit B to the Disclosure Statement, which is part of the package of materials that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

This Ballot is being sent to the Holders of Class F3 General Unsecured Claims Against FE Aircraft under the Plan as of May 20, 2019 (the "**Voting Record Date**"). If you hold Claims in another Class or Classes in which you are entitled to vote, you will receive a Ballot for such other Class(es). Please use this Ballot to cast your vote to either accept or reject the Plan.

---

**YOU ARE RECEIVING THIS BALLOT BECAUSE THE DEBTORS' RECORDS INDICATED THAT YOU HOLD A CLASS F3 GENERAL UNSECURED CLAIM AGAINST FE AIRCRAFT AS FOLLOWS:**

DEBTOR:        **FE AIRCRAFT**       

AMOUNT: _____

---

**Your rights are described in the Plan and the Disclosure Statement, which were included in the Solicitation Package**. Please read the Plan and Disclosure Statement carefully before submitting a Ballot. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim under the Plan. If you need to obtain additional copies of the Plan, the Disclosure Statement, or other Solicitation Materials, you may obtain free copies (a) at the dedicated website of the Voting Agent for the Debtors' chapter 11 cases at https://cases.primeclerk.com/fes/, (b) upon request by mail to FirstEnergy Solutions Corp. Balloting Center, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022, or (c) by contacting the Voting Agent directly by calling (855) 934-8766 or by emailing fesballots@primeclerk.com.

**If the Plan is confirmed by the Court it will be binding on you whether or not you vote**. The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the Holders of at least two-thirds (2/3) in the amount and more than one-half (1/2) in number of claims in each voting class who voted to either accept or reject the Plan, and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under Section 1129(b) of the Bankruptcy Code, the foregoing, as and to the extent applicable to the Debtors' cases.

---

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, INJUNCTION AND EXCULPATION PROVISIONS, INCLUDING **CONSENSUAL THIRD PARTY RELEASES IN ARTICLE VIII.E.** THUS, YOU SHOULD REVIEW AND CONSIDER THE PLAN CAREFULLY

---

BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER WITH RESPECT TO THE THIRD PARTY RELEASES.

## **VOTING INSTRUCTIONS**

1. Capitalized terms used in the Ballot or in these instructions but not otherwise defined therein or herein shall have the meanings ascribed in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable, copies of which also accompany the Ballot.

2. The Court may confirm the Plan and thereby bind you by the terms of the Plan. Please review the Disclosure Statement for more information.

3. In order for your vote to count, you must:

   i. Complete and certify the amount of your Claim in Item 1;

   ii. Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

   iii. Review Item 3, the Plan provisions relating to Consensual Third Party Releases;

   iv. Review and sign the certifications in Item 4;

   v. If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

   vi. Return the original, completed Ballot to the Voting Agent on or before the Voting Deadline, which is 4:00 p.m. (prevailing Eastern Time) on August 2, 2019, in one of the two manners described below:

---

**If Submitting Your Vote through the E-Balloting Portal**

**The Voting Agent will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit https://cases.primeclerk.com/FES/, click on the "Submit E-Ballot" section of the website, and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:**_____

---

**The Voting Agent's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in <u>Item 1</u> of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the E-Balloting Portal should NOT also submit a paper Ballot.**

**If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.**

---

<u>**If Submitting Your Vote by First Class Mail, Overnight Courier, or Hand Delivery**</u>

**Please complete and execute your ballot and submit it by first class mail in the enclosed postage prepaid envelope or by sending it to the following address:**

<div align="center">

**FirstEnergy Solutions Corp. Ballot Processing**
**c/o Prime Clerk LLC**
**830 Third Avenue, 3rd Floor**
**New York, NY 10022**

</div>

**If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.**

---

4. You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, if a Holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

5. If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise. The method of delivery of Ballots to the Voting Agent is at the election and risk of each Holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Voting Agent actually receives the originally executed Ballot. **In all cases, Holders should allow sufficient time to assure timely delivery. No Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Voting Agent), or the Debtors' financial or legal advisors, and if so sent will not be counted.**

6. If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the last valid Ballot timely received will supersede and revoke any earlier received Ballot.

<div align="center">4</div>

7. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor the Voting Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

8. If you wish to have your Claim Allowed in a different amount, classification or treatment than the amount, classification or treatment listed on the Beneficial Ballot for purposes of voting on the Plan, you must serve on the Debtors and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "**Temporary Allowance Request Motion**") no later than **July 5, 2019 at 4:00 p.m. (prevailing Eastern Time) (the "Temporary Allowance Request Motion Deadline**"). All objections and responses to Temporary Allowance Request Motions must be filed and served on or before **July 19, 2019**. A claimant may file a reply to any objection or response to its motion on or before **July 22, 2019**. Any order temporarily allowing such claims must be entered on or before **August 9, 2019** or as otherwise ordered by the Court. Temporary Allowance Request Motions must adhere to the requirements set forth in the Disclosure Statement Order to be considered by the Court.

9. This Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

10. If you hold Claims in more than one Class (other than Multi-Debtor Claims) under the Plan or in multiple accounts, you may receive more than one Ballot coded for each different Class or account. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you received.

11. The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (b) any Ballot cast by a party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; and (e) any Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

12. If you believe you have received the wrong Ballot, you should contact the Voting Agent immediately at (855) 934-8766.

## ACCEPTANCE OR REJECTION OF THE PLAN

**ITEM 1.** **CLAIM AMOUNT FOR VOTING PURPOSES.**

The undersigned certifies that as of May 20, 2019, it held a Class F3 General Unsecured Claim Against FE Aircraft under the Plan in the amount of _____.

5

ITEM 2.      VOTE.

The Holder of the Class F3 General Unsecured Claim Against FE Aircraft identified in Item 1 votes:

❑      **to ACCEPT the Plan.**          ❑      **to REJECT the Plan.**

**PLEASE FULLY COMPLETE THIS BALLOT BY CHECKING THE "ACCEPT" OR "REJECT" BOX.  IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED, BUT THE BALLOT IS OTHERWISE COMPLETED, THE BALLOT WILL BE COUNTED AS HAVING ACCEPTED THE PLAN.**

ITEM 3.      IMPORTANT INFORMATION REGARDING THIRD PARTY RELEASES.

The Plan contains Consensual Third Party Releases of claims and Causes of Action against Debtor Released Parties, FE Non-Debtor Released Parties and Other Released Parties.

**IF YOU (I) VOTE TO ACCEPT THE PLAN OR (II) ARE DEEMED TO HAVE ACCEPTED THE PLAN YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN.  IF YOU (I) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (II) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN, OR (III) VOTE TO REJECT THE PLAN, IN EACH CASE YOU WILL NOT BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN.**

**IF YOU ELECT TO REJECT THE PLAN, AND THEREFORE, NOT TO GRANT THE CONSENSUAL THIRD PARTY RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF RECEIVING THE CONSENSUAL THIRD PARTY RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN IF YOU ARE A RELEASED PARTY THEREUNDER.**

Article VIII.E of the Plan provides for the following Consensual Third Party Releases:

**On and as of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Debtor Released Parties, FE Non-Debtor Released Parties and Other Released Parties to facilitate and implement the Plan, each Holder of a Claim or Interest that (i) votes to accept the Plan or (ii) is deemed to have accepted the Plan, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged each Debtor Released Party, FE Non-Debtor Released Party and Other Released Party from any and all claims and Causes of Action, including any derivative claims asserted or assertable by or on behalf of any of the Debtors, the Reorganized Debtors, or their Estates or Affiliates (including any FE Non-Debtor Parties), as applicable, that such Entity would have been legally entitled to assert its own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to, or in any manner arising from in whole or in part, the Debtors, the Debtors' businesses, the Debtors' property, the Debtors' capital structure, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring discussions,**

6

intercompany transactions between or among the Debtors and/or their Affiliates (including any FE Non-Debtor Parties), the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and Released Party, the PCNs, the FES Notes, any interest in the Mansfield Facility Documents, the Chapter 11 Cases and related adversary proceedings, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Restructuring Support Agreement, the Process Support Agreement, the Standstill Agreement, the FE Settlement Agreement, the Disclosure Statement, the Plan, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the foregoing, including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion, the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any obligations of any Entity arising after the Effective Date under the Plan, the Confirmation Order, any Restructuring Transaction, the FE Settlement Agreement and any related obligations under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan and the FE Settlement Agreement, (ii) any Consenting Owner Participant from its obligations to the Consenting Owner Trustee, in its individual capacity (and its successors, permitted assigns, directors, officers, employees, agents, and servants), under the Mansfield Trust Agreements or (iii) the Consenting Owner Trustee from its obligations under the Mansfield Trust Agreements with respect to periods after the Effective Date.

For the avoidance of doubt, on and as of the Effective Date, each Holder of a Claim or Interest that (i) votes to accept the Plan or (ii) is deemed to have accepted the Plan shall be deemed to provide a full and complete discharge and release to the Debtor Released Parties, the FE Non-Debtor Released Parties and the Other Released Parties and their respective property from any and all Causes of Action whatsoever, whether known or unknown, asserted or unasserted, derivative or direct, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, whether for or sounding in tort, fraud, contract, violations of federal or state securities laws, veil piercing, substantive consolidation or alter-ego theories of liability, contribution, indemnification, joint or several liability, or otherwise arising from or related in any way to (i) the Debtors, the Reorganized Debtors, their businesses, their property, or any interest in the Mansfield Facility Documents; (ii) any Cause of Action against the FE Non-Debtor Released Parties or their property arising in connection with any intercompany transactions or other matters arising in the conduct of the Debtors' businesses; (iii) the Chapter 11 Cases; (iv) the formulation, preparation, negotiation, dissemination, implementation, administration, Confirmation or Consummation of the Plan, the Plan Supplement, any contract, employee pension or benefit plan instrument, release, or other agreement or document related to any Debtor, the Chapter 11 Cases or the Plan, modified, amended, terminated, or entered into in connection with either the Plan, or any agreement between the Debtors and any FE Non-Debtor

**Released Party, including the FE Settlement Agreement; or (v) any other act taken or omitted to be taken in connection with the Chapter 11 Cases, including, without limitation, acts or omissions occurring after the Effective Date in connection with distributions made consistent with the terms of the Plan.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval under section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, of the Consensual Third Party Release, which includes by reference each of the related provisions and definitions contained in the Plan.**

**For the avoidance of doubt and notwithstanding anything else in the Plan, any Confirmation Order, or any implementing or supplementing plan documents, (i) no Governmental Units shall be deemed to accept the Plan for purposes of Article VIII.E of the Plan and (ii) the United States, Ohio Environmental Protection Agency, Ohio Department of Natural Resources, and Pennsylvania Department of Environmental Protection have agreed not to vote on the Plan and will not be subject to the releases in Article VIII.E of the Plan provided, however, if any agency of the United States or any agency of any state actually votes to accept the Plan, such agency shall be deemed to provide the releases in Article VIII.E of the Plan on the Effective Date for such agency and only for such agency.**

ITEM 4.        CERTIFICATION

By signing this Ballot, the Holder certifies that:

a. as of the Voting Record Date it is the Holder of the Claim in Item 1 to which this Ballot pertains;

b. it has been provided with a copy of the Solicitation Package containing the Plan, the Disclosure Statement (together with its exhibits), the Disclosure Statement Order, the notice regarding the date and time of the hearing at which the Court will consider confirmation of the Plan, and a copy of any letters recommending approval of the Plan, and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order;

c. it has the full power to vote to accept or reject the Plan; and

d. it has not submitted any other Ballots relating to the Claim in Item 1 that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name of Claim Holder (Print or Type):    _____

Social Security or Federal Tax I.D. No.
(Optional):                              _____

8

Signature: _____

Name of Signatory: _____

If Authorized Agent of Claimant, Title of
Agent: _____

Street Address: _____

City, State, and Zip Code: _____

Telephone Number: _____

Email Address: _____

Date Completed: _____

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Moreover, this Ballot shall not constitute or be deemed to be proof of claim or an assertion of a claim.

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT (A) BY WRITING TO FIRSTENERGY SOLUTIONS CORP. C/O PRIME CLERK LLC, 830 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10022; (B) BY TELEPHONE AT (855) 934-8766; OR (C) BY EMAIL AT FESBALLOTS@PRIMECLERK.COM.**

**THE VOTING AGENT IS NOT AUTHORIZED TO AND WILL NOT PROVIDE LEGAL ADVICE. <u>PLEASE DO NOT DIRECT ANY INQUIRIES TO THE COURT.</u>**

# PLEASE RETURN YOUR BALLOT PROMPTLY

### If Submitting Your Vote through the E-Balloting Portal

The Voting Agent will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit https://cases.primeclerk.com/FES/, click on the "Submit E-Ballot" section of the website, and follow the instructions to submit your Ballot.

IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:

Unique E-Ballot ID#:_____

The Voting Agent's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.

Each E-Ballot ID# is to be used solely for voting only those Claims described in **Item 1** of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the E-Balloting Portal should NOT also submit a paper Ballot.

If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

### If Submitting Your Vote by First Class Mail, Overnight Courier, or Hand Delivery

Please complete and execute your ballot and submit it by first class mail in the enclosed postage prepaid envelope or by sending it to the following address:

**FirstEnergy Solutions Corp. Ballot Processing**
**c/o Prime Clerk LLC**
**830 Third Avenue, 3rd Floor**
**New York, NY 10022**

If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

18-50757-amk    Doc 2714    FILED 05/29/19    ENTERED 05/29/19 09:57:05    Page 244 of 300

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
|  | ) Case No. 18-50757 (AMK) |
| FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] | ) (Jointly Administered) |
|  | ) |
| Debtors. | ) |
|  | ) Hon. Judge Alan M. Koschik |
|  | ) |

## BALLOT FOR
## ACCEPTING OR REJECTING THE *FIFTH AMENDED*
## *JOINT PLAN OF REORGANIZATION OF FIRSTENERGY SOLUTIONS*
## *CORP., ET AL., PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE*

### CLASS G4 (GENERAL UNSECURED CLAIMS AGAINST NORTON)

> **THIS BALLOT (THE "BALLOT") MUST BE COMPLETED AND (I) IF CAST ELECTRONICALLY, SUBMITTED THROUGH THE BALLOTING PORTAL OF PRIME CLERK LLC (THE "VOTING AGENT"), AS PROVIDED FOR HEREIN, OR (II) IF CAST IN PAPER FORM, DELIVERED SO AS TO BE ACTUALLY RECEIVED BY THE VOTING AGENT AT THE ADDRESS PROVIDED FOR HEREIN, IN EITHER CASE BY 4:00 P.M. (PREVAILING EASTERN TIME) ON AUGUST 2, 2019 (THE "VOTING DEADLINE") OR YOUR VOTE WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") are soliciting votes with respect to the *Fifth Amended Joint Plan of Reorganization of FirstEnergy Solutions Corp.,* et al*., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") from the Holders of certain Impaired Claims against the Debtors.[2] On [●], 2019, the United States Bankruptcy Court for the Northern District of Ohio (the "**Court**") signed an order (the "**Disclosure Statement Order**") [Docket No. ●] which approved the *Disclosure Statement for the Fifth Amended Joint Plan of Reorganization*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage LLC (6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

[2] All capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

*FirstEnergy Solutions Corp.,* et. al*., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan is attached as Exhibit B to the Disclosure Statement, which is part of the package of materials that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

This Ballot is being sent to the Holders of Class G4 General Unsecured Claims Against Norton under the Plan as of May 20, 2019 (the "**Voting Record Date**"). If you hold Claims in another Class or Classes in which you are entitled to vote, you will receive a Ballot for such other Class(es). Please use this Ballot to cast your vote to either <u>accept</u> or <u>reject</u> the Plan.

<div style="border:1px solid black;padding:8px">

**YOU ARE RECEIVING THIS BALLOT BECAUSE THE DEBTORS' RECORDS INDICATED THAT YOU HOLD A CLASS G4 GENERAL UNSECURED CLAIM AGAINST NORTON AS FOLLOWS:**

**DEBTOR:** _____**NORTON**_____

**AMOUNT:** _____

</div>

**Your rights are described in the Plan and the Disclosure Statement, which were included in the Solicitation Package**. Please read the Plan and Disclosure Statement carefully before submitting a Ballot. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim under the Plan. If you need to obtain additional copies of the Plan, the Disclosure Statement, or other Solicitation Materials, you may obtain free copies (a) at the dedicated website of the Voting Agent for the Debtors' chapter 11 cases at https://cases.primeclerk.com/fes/, (b) upon request by mail to FirstEnergy Solutions Corp. Balloting Center, c/o Prime Clerk LLC, 830 Third Avenue, 3rd Floor, New York, NY 10022, or (c) by contacting the Voting Agent directly by calling (855) 934-8766 or by emailing fesballots@primeclerk.com.

**If the Plan is confirmed by the Court it will be binding on you whether or not you vote**. The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the Holders of at least two-thirds (2/3) in the amount and more than one-half (1/2) in number of claims in each voting class who voted to either accept or reject the Plan, and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under Section 1129(b) of the Bankruptcy Code, the foregoing, as and to the extent applicable to the Debtors' cases.

<div style="border:1px solid black;padding:8px">

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, INJUNCTION AND EXCULPATION PROVISIONS, INCLUDING **CONSENSUAL THIRD PARTY RELEASES IN ARTICLE VIII.E.** THUS, YOU SHOULD REVIEW AND CONSIDER THE PLAN CAREFULLY

</div>

BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER WITH RESPECT TO THE THIRD PARTY RELEASES.

## **<u>VOTING INSTRUCTIONS</u>**

1. Capitalized terms used in the Ballot or in these instructions but not otherwise defined therein or herein shall have the meanings ascribed in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable, copies of which also accompany the Ballot.

2. The Court may confirm the Plan and thereby bind you by the terms of the Plan. Please review the Disclosure Statement for more information.

3. In order for your vote to count, you must:

   i.    Complete and certify the amount of your Claim in Item 1;

   ii.   Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

   iii.  Review Item 3, the Plan provisions relating to Consensual Third Party Releases;

   iv.   Review and sign the certifications in Item 4;

   v.    If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and provide proof of your authorization to so sign. In addition, please provide your name and mailing address that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

   vi.   Return the original, completed Ballot to the Voting Agent on or before the Voting Deadline, which is 4:00 p.m. (prevailing Eastern Time) on August 2, 2019, in one of the two manners described below:

---

**<u>If Submitting Your Vote through the E-Balloting Portal</u>**

**The Voting Agent will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit https://cases.primeclerk.com/FES/, click on the "Submit E-Ballot" section of the website, and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

   **Unique E-Ballot ID#:_____**

---

18-50757-amk    Doc 2714    FILED 05/29/19    ENTERED 05/29/19 09:57:05    Page 247 of 300

**The Voting Agent's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in <u>Item 1</u> of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the E-Balloting Portal should NOT also submit a paper Ballot.**

**If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.**

<u>**If Submitting Your Vote by First Class Mail, Overnight Courier, or Hand Delivery**</u>

**Please complete and execute your ballot and submit it by first class mail in the enclosed postage prepaid envelope or by sending it to the following address:**

<div align="center">

**FirstEnergy Solutions Corp. Ballot Processing**
**c/o Prime Clerk LLC**
**830 Third Avenue, 3rd Floor**
**New York, NY 10022**

</div>

**If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.**

4. You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, if a Holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

5. If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise. The method of delivery of Ballots to the Voting Agent is at the election and risk of each Holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Voting Agent actually receives the originally executed Ballot. **In all cases, Holders should allow sufficient time to assure timely delivery. No Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Voting Agent), or the Debtors' financial or legal advisors, and if so sent will not be counted.**

6. If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the last valid Ballot timely received will supersede and revoke any earlier received Ballot.

<div align="center">4</div>

7. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor the Voting Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

8. If you wish to have your Claim Allowed in a different amount, classification or treatment than the amount, classification or treatment listed on the Beneficial Ballot for purposes of voting on the Plan, you must serve on the Debtors and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "**Temporary Allowance Request Motion**") no later than **July 5, 2019 at 4:00 p.m. (prevailing Eastern Time) (the "Temporary Allowance Request Motion Deadline**"). All objections and responses to Temporary Allowance Request Motions must be filed and served on or before **July 19, 2019**. A claimant may file a reply to any objection or response to its motion on or before **July 22, 2019**. Any order temporarily allowing such claims must be entered on or before **August 9, 2019** or as otherwise ordered by the Court. Temporary Allowance Request Motions must adhere to the requirements set forth in the Disclosure Statement Order to be considered by the Court.

9. This Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

10. If you hold Claims in more than one Class (other than Multi-Debtor Claims) under the Plan or in multiple accounts, you may receive more than one Ballot coded for each different Class or account. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you received.

11. The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (b) any Ballot cast by a party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; and (e) any Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

12. If you believe you have received the wrong Ballot, you should contact the Voting Agent immediately at (855) 934-8766.


## ACCEPTANCE OR REJECTION OF THE PLAN

**ITEM 1.**          **CLAIM AMOUNT FOR VOTING PURPOSES.**

The undersigned certifies that as of May 20, 2019, it held a Class G4 General Unsecured Claim Against Norton under the Plan in the amount of _____.

5

ITEM 2.    VOTE.

The Holder of the Class G4 General Unsecured Claim Against Norton identified in Item 1 votes:

❑    **to ACCEPT the Plan.**        ❑    **to REJECT the Plan.**

**PLEASE FULLY COMPLETE THIS BALLOT BY CHECKING THE "ACCEPT" OR "REJECT" BOX.  IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED, BUT THE BALLOT IS OTHERWISE COMPLETED, THE BALLOT WILL BE COUNTED AS HAVING ACCEPTED THE PLAN.**

ITEM 3.    IMPORTANT INFORMATION REGARDING THIRD PARTY RELEASES.

The Plan contains Consensual Third Party Releases of claims and Causes of Action against the Debtor Released Parties, FE Non-Debtor Released Parties and Other Released Parties.

**IF YOU (I) VOTE TO ACCEPT THE PLAN OR (II) ARE DEEMED TO HAVE ACCEPTED THE PLAN YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN.  IF YOU (I) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, (II) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN, OR (III) VOTE TO REJECT THE PLAN, IN EACH CASE YOU WILL NOT BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN.**

**IF YOU ELECT TO REJECT THE PLAN, AND THEREFORE, NOT GRANT THE CONSENSUAL THIRD PARTY RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF RECEIVING THE CONSENSUAL THIRD PARTY RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN IF YOU ARE A RELEASED PARTY THEREUNDER.**

Article VIII.E of the Plan provides for the following Consensual Third Party Releases:

**On and as of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Debtor Released Parties, FE Non-Debtor Released Parties and Other Released Parties to facilitate and implement the Plan, each Holder of a Claim or Interest that (i) votes to accept the Plan or (ii) is deemed to have accepted the Plan, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged each Debtor Released Party, FE Non-Debtor Released Party and Other Released Party from any and all claims and Causes of Action, including any derivative claims asserted or assertable by or on behalf of any of the Debtors, the Reorganized Debtors, or their Estates or Affiliates (including any FE Non-Debtor Parties), as applicable, that such Entity would have been legally entitled to assert its own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to, or in any manner arising from in whole or in part, the Debtors, the Debtors' businesses, the Debtors' property, the Debtors' capital structure, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring discussions,**

6

intercompany transactions between or among the Debtors and/or their Affiliates (including any FE Non-Debtor Parties), the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and Released Party, the PCNs, the FES Notes, any interest in the Mansfield Facility Documents, the Chapter 11 Cases and related adversary proceedings, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Restructuring Support Agreement, the Process Support Agreement, the Standstill Agreement, the FE Settlement Agreement, the Disclosure Statement, the Plan, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the foregoing, including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion, the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any obligations of any Entity arising after the Effective Date under the Plan, the Confirmation Order, any Restructuring Transaction, the FE Settlement Agreement and any related obligations under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan and the FE Settlement Agreement, (ii) any Consenting Owner Participant from its obligations to the Consenting Owner Trustee, in its individual capacity (and its successors, permitted assigns, directors, officers, employees, agents, and servants), under the Mansfield Trust Agreements or (iii) the Consenting Owner Trustee from its obligations under the Mansfield Trust Agreements with respect to periods after the Effective Date.

For the avoidance of doubt, on and as of the Effective Date, each Holder of a Claim or Interest that (i) votes to accept the Plan or (ii) is deemed to have accepted the Plan shall be deemed to provide a full and complete discharge and release to the Debtor Released Parties, the FE Non-Debtor Released Parties and the Other Released Parties and their respective property from any and all Causes of Action whatsoever, whether known or unknown, asserted or unasserted, derivative or direct, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, whether for or sounding in tort, fraud, contract, violations of federal or state securities laws, veil piercing, substantive consolidation or alter-ego theories of liability, contribution, indemnification, joint or several liability, or otherwise arising from or related in any way to (i) the Debtors, the Reorganized Debtors, their businesses, their property, or any interest in the Mansfield Facility Documents; (ii) any Cause of Action against the FE Non-Debtor Released Parties or their property arising in connection with any intercompany transactions or other matters arising in the conduct of the Debtors' businesses; (iii) the Chapter 11 Cases; (iv) the formulation, preparation, negotiation, dissemination, implementation, administration, Confirmation or Consummation of the Plan, the Plan Supplement, any contract, employee pension or benefit plan instrument, release, or other agreement or document related to any Debtor, the Chapter 11 Cases or the Plan, modified, amended, terminated, or entered into in connection with either the Plan, or any agreement between the Debtors and any FE Non-Debtor

7

**Released Party, including the FE Settlement Agreement; or (v) any other act taken or omitted to be taken in connection with the Chapter 11 Cases, including, without limitation, acts or omissions occurring after the Effective Date in connection with distributions made consistent with the terms of the Plan.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval under section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, of the Consensual Third Party Release, which includes by reference each of the related provisions and definitions contained in the Plan.**

**For the avoidance of doubt and notwithstanding anything else in the Plan, any Confirmation Order, or any implementing or supplementing plan documents, (i) no Governmental Units shall be deemed to accept the Plan for purposes of Article VIII.E of the Plan and (ii) the United States, Ohio Environmental Protection Agency, Ohio Department of Natural Resources, and Pennsylvania Department of Environmental Protection have agreed not to vote on the Plan and will not be subject to the releases in Article VIII.E of the Plan provided, however, if any agency of the United States or any agency of any state actually votes to accept the Plan, such agency shall be deemed to provide the releases in Article VIII.E of the Plan on the Effective Date for such agency and only for such agency.**

ITEM 4.        CERTIFICATION

By signing this Ballot, the Holder certifies that:

    a.  as of the Voting Record Date it is the Holder of the Claim in Item 1 to which this Ballot pertains;

    b.  it has been provided with a copy of the Solicitation Package containing the Plan, the Disclosure Statement (together with its exhibits), the Disclosure Statement Order, the notice regarding the date and time of the hearing at which the Court will consider confirmation of the Plan, and a copy of any letters recommending approval of the Plan, and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order;

    c.  it has the full power to vote to accept or reject the Plan; and

    d.  it has not submitted any other Ballots relating to the Claim in Item 1 that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

8

| Name of Claim Holder (Print or Type): | _____ |
| Social Security or Federal Tax I.D. No. (Optional): | _____ |
| Signature: | _____ |
| Name of Signatory: | _____ |
| If Authorized Agent of Claimant, Title of Agent: | _____ |
| Street Address: | _____ |
| City, State, and Zip Code: | _____ |
| Telephone Number: | _____ |
| Email Address: | _____ |
| Date Completed: | _____ |

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Moreover, this Ballot shall not constitute or be deemed to be proof of claim or an assertion of a claim.

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT (A) BY WRITING TO FIRSTENERGY SOLUTIONS CORP. C/O PRIME CLERK LLC, 830 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10022; (B) BY TELEPHONE AT (855) 934-8766; OR (C) BY EMAIL AT FESBALLOTS@PRIMECLERK.COM.**

**THE VOTING AGENT IS NOT AUTHORIZED TO AND WILL NOT PROVIDE LEGAL ADVICE. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE COURT.**

18-50757-amk    Doc 2714    FILED 05/29/19    ENTERED 05/29/19 09:57:05    Page 253 of 300

# PLEASE RETURN YOUR BALLOT PROMPTLY

### If Submitting Your Vote through the E-Balloting Portal

The Voting Agent will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit https://cases.primeclerk.com/FES/, click on the "Submit E-Ballot" section of the website, and follow the instructions to submit your Ballot.

IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:

Unique E-Ballot ID#:_____

The Voting Agent's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.

Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the E-Balloting Portal should NOT also submit a paper Ballot.

If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

### If Submitting Your Vote by First Class Mail, Overnight Courier, or Hand Delivery

Please complete and execute your ballot and submit it by first class mail in the enclosed postage prepaid envelope or by sending it to the following address:

FirstEnergy Solutions Corp. Ballot Processing
c/o Prime Clerk LLC
830 Third Avenue, 3rd Floor
New York, NY 10022

If your Ballot is not received by the Voting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
|  | ) | Case No. 18-50757 (AMK) |
| FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] | ) | (Jointly Administered) |
|  | ) |  |
| Debtors. | ) |  |
|  | ) |  |
|  | ) | Hon. Judge Alan M. Koschik |
|  | ) |  |

**NOTICE OF NON-VOTING STATUS WITH RESPECT TO UNIMPAIRED CLASSES**
**PRESUMED TO ACCEPT THE DEBTORS' PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. **APPROVAL OF DISCLOSURE STATEMENT**. By order dated May [●], 2019 [Docket No. ●] (the "Disclosure Statement Order"), the United States Bankruptcy Court for the Northern District of Ohio (the "Court") approved the *Disclosure Statement for the Fifth Amended Joint Plan of Reorganization FirstEnergy Solutions Corp., et. al., Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified or supplemented, the "Disclosure Statement") [Docket No. ●] as containing adequate information, and directed the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit votes with regard to the approval or rejection of the *Fifth Amended Joint Plan of Reorganization of FirstEnergy Solutions Corp., et. al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as modified, amended or supplemented from time to time, the "Plan"). Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan or Disclosure Statement, as the context so requires.

2. **NOTICE OF NON-VOTING STATUS**. You are receiving this notice because, pursuant to the terms of Article III of the Plan and the applicable provisions of the Bankruptcy Code, your Claim(s) against the Debtors are Unimpaired. Pursuant to Bankruptcy Code section 1126(f), you are conclusively presumed to have accepted the Plan and are therefore, not entitled to vote on the Plan. Accordingly, this notice is being sent to you for informational purposes only.

---

[1]The Debtors in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage L.L.C. (6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

Ex-20

3. **CONFIRMATION HEARING**. A hearing (the "Confirmation Hearing") to consider the confirmation of the Plan will be held at the John F. Seiberling Federal Building and U.S. Courthouse, 260 U.S. Courthouse, 2 South Main Street, Akron, Ohio 44308 on **August 20, 2019 at 9:30 a.m. (prevailing Eastern Time)** before the Honorable Alan M. Koschik, United States Bankruptcy Judge for the Northern District of Ohio. The Confirmation Hearing may be adjourned from time to time by the Court or the Plan Proponents without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for a particular hearing that is filed with the Court. The Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the terms of the Plan, and other applicable law, without further notice, prior to, or as a result of, the Confirmation Hearing.

4. **SETTLEMENT, RELEASE, INJUNCTION AND RELATED PROVISIONS**. The Plan contains certain release, injunction, and exculpation provisions, including third party releases, which are subject to approval by the Court and may be found at Article VIII of the Plan and Article V.I of the Disclosure Statement.

---

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, INJUNCTION AND EXCULPATION PROVISIONS, AND **ARTICLE VIII.E CONTAINS CONSENSUAL THIRD PARTY RELEASES**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER WITH RESPECT TO SUCH THIRD PARTY RELEASES.

---

5. **THIRD PARTY RELEASES**. The Plan contains Consensual Third Party Releases of claims and Causes of Action against the Debtor Released Parties, FE Non-Debtor Released Parties and Other Released Parties. **All Holders of a Claim or Interest that (i) vote to accept the Plan or (ii) are deemed to have accepted the Plan shall be deemed to have granted the Consensual Third Party Releases.** Holders of Claims that are Unimpaired and deemed to accept the Plan are deemed to grant the Consensual Third Party Releases.

Article VIII.E of the Plan provides for the following Consensual Third Party Releases:

**On and as of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Debtor Released Parties, FE Non-Debtor Released Parties and Other Released Parties to facilitate and implement the Plan, each Holder of a Claim or Interest that (i) votes to accept the Plan or (ii) is deemed to have accepted the Plan, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged each Debtor Released Party, FE Non-Debtor Released Party and Other Released Party from any and all claims and Causes of Action, including any derivative claims asserted or assertable by or on behalf of any of the Debtors, the Reorganized Debtors, or their Estates or Affiliates (including any FE Non-Debtor Parties), as applicable, that such Entity would have been legally entitled to assert its own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to, or in any manner arising from in whole or in part, the Debtors, the Debtors' businesses, the Debtors'**

property, the Debtors' capital structure, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring discussions, intercompany transactions between or among the Debtors and/or their Affiliates (including any FE Non-Debtor Parties), the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and Released Party, the PCNs, the FES Notes, any interest in the Mansfield Facility Documents, the Chapter 11 Cases and related adversary proceedings, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Restructuring Support Agreement, the Process Support Agreement, the Standstill Agreement, the FE Settlement Agreement, the Disclosure Statement, the Plan, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the foregoing, including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion, the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any obligations of any Entity arising after the Effective Date under the Plan, the Confirmation Order, any Restructuring Transaction, the FE Settlement Agreement and any related obligations under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan and the FE Settlement Agreement, (ii) any Consenting Owner Participant from its obligations to the Consenting Owner Trustee, in its individual capacity (and its successors, permitted assigns, directors, officers, employees, agents, and servants), under the Mansfield Trust Agreements or (iii) the Consenting Owner Trustee from its obligations under the Mansfield Trust Agreements with respect to periods after the Effective Date.

For the avoidance of doubt, on and as of the Effective Date, each Holder of a Claim or Interest that (i) votes to accept the Plan or (ii) is deemed to have accepted the Plan shall be deemed to provide a full and complete discharge and release to the Debtor Released Parties, the FE Non-Debtor Released Parties and the Other Released Parties and their respective property from any and all Causes of Action whatsoever, whether known or unknown, asserted or unasserted, derivative or direct, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, whether for or sounding in tort, fraud, contract, violations of federal or state securities laws, veil piercing, substantive consolidation or alter-ego theories of liability, contribution, indemnification, joint or several liability, or otherwise arising from or related in any way to (i) the Debtors, the Reorganized Debtors, their businesses, their property, or any interest in the Mansfield Facility Documents; (ii) any Cause of Action against the FE Non-Debtor Released Parties or their property arising in connection with any intercompany transactions or other matters arising in the conduct of the Debtors' businesses; (iii) the Chapter 11 Cases; (iv) the formulation, preparation, negotiation, dissemination, implementation, administration, Confirmation or Consummation of the Plan, the Plan Supplement, any contract, employee pension or benefit plan instrument, release, or other agreement or document related to any Debtor, the

Chapter 11 Cases or the Plan, modified, amended, terminated, or entered into in connection with either the Plan, or any agreement between the Debtors and any FE Non-Debtor Released Party, including the FE Settlement Agreement; or (v) any other act taken or omitted to be taken in connection with the Chapter 11 Cases, including, without limitation, acts or omissions occurring after the Effective Date in connection with distributions made consistent with the terms of the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval under section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, of the Consensual Third Party Release, which includes by reference each of the related provisions and definitions contained in the Plan.

For the avoidance of doubt and notwithstanding anything else in the Plan, any Confirmation Order, or any implementing or supplementing plan documents, (i) no Governmental Units shall be deemed to accept the Plan for purposes of Article VIII.E of the Plan and (ii) the United States, Ohio Environmental Protection Agency, Ohio Department of Natural Resources, and Pennsylvania Department of Environmental Protection have agreed not to vote on the Plan and will not be subject to the releases in Article VIII.E of Plan provided, however, if any agency of the United States or any agency of any state actually votes to accept the Plan, such agency shall be deemed to provide the releases in Article VIII.E of the Plan on the Effective Date for such agency and only for such agency.

   6. __RESPONSES AND OBJECTIONS TO CONFIRMATION__.  Responses and objections, if any, to confirmation of the Plan __must__ (i) be in writing, (ii) state the name and address of the objecting or responding party and the amount and nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be incorporated into the Plan to resolve any such objection or response, (iv) be filed together with proof of service, with the Clerk of Court, United States Bankruptcy Court for the Northern District of Ohio, Eastern Division, John F. Seiberling Federal Building and U.S. Courthouse, 455 U.S. Courthouse, 2 South Main Street, Akron, Ohio 44308 and served so that they are received by the following parties: (i) counsel for the Debtors; (ii) the Office of the United States Trustee; and (iii) all other parties in interest that have filed a notice of appearance in accordance with Federal Rules of Bankruptcy Procedure Rule 2002 in the Debtors' chapter 11 cases on or before on or before __4:00 p.m. (prevailing Eastern Time) on August 2, 2019__.  Request for notice information regarding these parties should be directed to the Debtors' claims and noticing agent, Prime Clerk LLC, 830 Third Avenue, 3rd Floor, New York, NY 10022.

   __IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO THE ADEQUACY OF THE PLAN AND MAY NOT BE HEARD AT THE HEARING.__

   7. __ADDITIONAL INFORMATION__.  Copies of the Disclosure Statement and Plan may be obtained (i) from Prime Clerk LLC (a) at www.primeclerk.com/FES, by clicking on the "Docket" link, (b) upon request by mail to FirstEnergy Solutions Corp. Ballot Processing, c/o Prime Clerk LLC, 830 Third Avenue, 3rd Floor, New York, NY 10022, or (c) upon request by calling the FES restructuring hotline at (855) 934-8766 or emailing at

fesballots@primeclerk.com or (ii) for a fee via PACER at https://ecf.ohnb.uscourts.gov/ (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). A copy of the Disclosure Statement and the Plan is also on file with the Office of the Clerk of Court, United States Bankruptcy Court for the Northern District of Ohio, John F. Seiberling Federal Building and U.S. Courthouse, 455 U.S. Courthouse, 2 South Main Street, Akron, Ohio 44308 and may be examined by any party in interest during normal business hours.

---

**If you have any questions related to this notice,
please call the Debtors' restructuring hotline at (855) 934-8766 or email at
fesballots@primeclerk.com.**

**Please note that Prime Clerk LLC is not authorized to provide,
and will not provide, legal advice.**

---

Ex-20

Dated: [____], 2019                   Respectfully submitted,

/s/ Draft
**BROUSE MCDOWELL LPA**
Marc B. Merklin (0018195)
Kate M. Bradley (0074206)
Bridget A. Franklin (0083987)
388 South Main Street, Suite 500
Akron, OH 44311-4407
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
kbradley@brouse.com
bfranklin@brouse.com

- and -

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira Dizengoff (admitted *pro hac vice*)
Lisa Beckerman (admitted *pro hac vice*)
Brad Kahn (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
lbeckerman@akingump.com
bkahn@akingump.com

- and -

Scott Alberino (admitted *pro hac vice*)
Kate Doorley (admitted *pro hac vice*)
2001 K Street, N.W.,
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
salberino@akingump.com
kdoorley@akingump.com

*Counsel for Debtors*
*and Debtors in Possession*

Ex-20

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
|  | ) Case No. 18-50757 (AMK) |
| FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] | ) (Jointly Administered) |
|  | ) |
| Debtors. | ) |
|  | ) |
|  | ) Hon. Judge Alan M. Koschik |
|  | ) |

**NOTICE OF NON-VOTING STATUS WITH RESPECT TO**
**IMPAIRED CLASSES PRESUMED TO REJECT THE DEBTORS' PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      **APPROVAL OF DISCLOSURE STATEMENT**.   By order dated May [●], 2019 [Docket No. ●] (the "Disclosure Statement Order"), the United States Bankruptcy Court for the Northern District of Ohio (the "Court") approved the *Disclosure Statement for the Fifth Amended Joint Plan of Reorganization FirstEnergy Solutions Corp*., et. al., *Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified or supplemented, the "Disclosure Statement") [Docket No. ●] as containing adequate information, and directed the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit votes with regard to the approval or rejection of the *Fifth Amended Joint Plan of Reorganization of FirstEnergy Solutions Corp.*, et. al., *Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as modified, amended or supplemented from time to time, the "Plan").   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan or Disclosure Statement, as the context so requires.

2.      **NOTICE OF NON-VOTING STATUS**.   You are receiving this notice because, pursuant to the terms of Article III of the Plan and the applicable provisions of the Bankruptcy Code, your Claim(s) against the Debtors are Impaired and you will receive no distribution on account of such Claim(s) under the Plan.   Accordingly, pursuant to Bankruptcy Code section 1126(g), you are deemed to have rejected the Plan and are therefore, not entitled to vote on the Plan.   Accordingly, this notice is being sent to you for informational purposes only.

---

[1]The Debtors in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage L.L.C. (6928), case no. 18-50764.  The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

Ex-21

3. **CONFIRMATION HEARING**. A hearing (the "Confirmation Hearing") to consider the confirmation of the Plan will be held at the Court, John F. Seiberling Federal Building and U.S. Courthouse, 260 U.S. Courthouse, 2 South Main Street, Akron, Ohio 44308 on **August 20, 2019 at 9:30 a.m. (prevailing Eastern Time)** before the Honorable Alan M. Koschik, United States Bankruptcy Judge for the Northern District of Ohio. The Confirmation Hearing may be adjourned from time to time by the Court or the Plan Proponents without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for a particular hearing that is filed with the Court. The Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the terms of the Plan, and other applicable law, without further notice, prior to, or as a result of, the Confirmation Hearing.

4. **SETTLEMENT, RELEASE, INJUNCTION AND RELATED PROVISIONS**. The Plan contains certain release, injunction, and exculpation provisions, including third party releases, which are subject to approval by the Court and may be found at Article VIII of the Plan and Article V.I of the Disclosure Statement.

---

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, INJUNCTION AND EXCULPATION PROVISIONS, AND **ARTICLE VIII.E CONTAINS CONSENSUAL THIRD PARTY RELEASES**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER WITH RESPECT TO SUCH THIRD PARTY RELEASES.

---

5. **RESPONSES AND OBJECTIONS TO CONFIRMATION**. Responses and objections, if any, to confirmation of the Plan **must** (i) be in writing, (ii) state the name and address of the objecting or responding party and the amount and nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be incorporated into the Plan to resolve any such objection or response, (iv) be filed together with proof of service, with the Clerk of Court, United States Bankruptcy Court for the Northern District of Ohio, Eastern Division, John F. Seiberling Federal Building and U.S. Courthouse, 455 U.S. Courthouse, 2 South Main Street, Akron, Ohio 44308 and served so that they are received by the following parties: (i) counsel for the Debtors; (ii) the Office of the United States Trustee; and (iii) all other parties in interest that have filed a notice of appearance in accordance with Federal Rules of Bankruptcy Procedure Rule 2002 in the Debtors' chapter 11 cases on or before on or before **4:00 p.m. (prevailing Eastern Time) on August 2, 2019**. Request for notice information regarding these parties should be directed to the Debtors' claims and noticing agent, Prime Clerk LLC, 830 Third Avenue, 3rd Floor, New York, NY 10022.

**IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO THE ADEQUACY OF THE PLAN AND MAY NOT BE HEARD AT THE HEARING.**

6. **ADDITIONAL INFORMATION**. Copies of the Disclosure Statement and Plan may be obtained (i) from Prime Clerk LLC (a) at www.primeclerk.com/FES, by clicking on the

"Docket" link, (b) upon request by mail to FirstEnergy Solutions Corp. Ballot Processing, c/o Prime Clerk LLC, 830 Third Avenue, 3rd Floor, New York, NY 10022, or (c) upon request by calling the FES restructuring hotline at (855) 934-8766 or emailing at fesballots@primeclerk.com or (ii) for a fee via PACER at https://ecf.ohnb.uscourts.gov/ (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). A copy of the Disclosure Statement and the Plan is also on file with the Office of the Clerk of Court, United States Bankruptcy Court for the Northern District of Ohio, John F. Seiberling Federal Building and U.S. Courthouse, 455 U.S. Courthouse, 2 South Main Street, Akron, Ohio 44308 and may be examined by any party in interest during normal business hours.

---

**If you have any questions related to this notice,
please call the Debtors' restructuring hotline at (855) 934-8766 or email at
<u>fesballots@primeclerk.com</u>.**

**Please note that Prime Clerk LLC is not authorized to provide,
and will not provide, legal advice.**

---

Ex-21

Dated: [__], 2019                    Respectfully submitted,

/s/ _____
**BROUSE MCDOWELL LPA**
Marc B. Merklin (0018195)
Kate M. Bradley (0074206)
Bridget A. Franklin (0083987)
388 South Main Street, Suite 500
Akron, OH 44311-4407
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
kbradley@brouse.com
bfranklin@brouse.com

- and -

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira Dizengoff (admitted *pro hac vice*)
Lisa Beckerman (admitted *pro hac vice*)
Brad Kahn (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
lbeckerman@akingump.com
bkahn@akingump.com

- and -

Scott Alberino (admitted *pro hac vice*)
Kate Doorley (admitted *pro hac vice*)
2001 K Street, N.W.,
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
salberino@akingump.com
kdoorley@akingump.com

*Counsel for Debtors*
*and Debtors in Possession*

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
|  | ) Case No. 18-50757 (AMK) |
| FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] | ) (Jointly Administered) |
|  | ) |
| Debtors. | ) |
|  | ) Hon. Judge Alan M. Koschik |
|  | ) |

## NOTICE OF FILING OF EXHIBITS TO *FIFTH AMENDED JOINT PLAN OF REORGANIZATION OF FIRSTENERGY SOLUTIONS CORP., ET. AL., PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE*

**PLEASE TAKE NOTICE** that the Debtors submit this plan supplement (the "Plan Supplement") for the *Fifth Amended Joint Plan of Reorganization of FirstEnergy Solutions Corp., et. al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (the "Plan")[2] filed in these chapter 11 cases on May 17, 2019.

**PLEASE TAKE FURTHER NOTICE** that the Plan Supplement includes the following documents, as may be modified, amended, or supplemented from time to time by the Debtors in accordance with the Plan:

- **Exhibit A** – New Organizational Documents

- **Exhibit B** – List of Assumed Executory Contracts and Unexpired Leases

- **Exhibit C** – List of Rejected Executory Contracts and Unexpired Leases

- **Exhibit D** – List of Assigned Executory Contracts

---

[1] The Debtors in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage L.L.C. (6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the Plan.

- **Exhibit E** – List of Retained Causes of Action

- **Exhibit F** – Management Incentive Plan

- **Exhibit G** – Identities of the New Board Members and Management for the Reorganized Debtors

- **Exhibit H** – Plan Administrator Agreement

- **Exhibit I** – Reorganized Debtor Stockholders' Agreement

- **Exhibit J** – Transition Working Group Management Agreement

- **Exhibit K** – New Management Employment Contracts

- **Exhibit L** – Form of Mansfield Unit 1 Transfer Agreement

**PLEASE TAKE FURTHER NOTICE** that the Debtors reserve all rights to amend, modify, or supplement the Plan Supplement and any of the documents contained therein, in accordance with the terms of the Plan. To the extent material amendments or modifications are made to any of the Plan Supplement documents, the Debtors will file a blackline with the Bankruptcy Court prior to the Confirmation Hearing marked to reflect the same.

**PLEASE TAKE FURTHER NOTICE** that the documents contained in the Plan Supplement are integral to, part of, and incorporated by reference into the Plan. These documents have not yet been approved by the Bankruptcy Court. If the Plan is approved, the documents contained in the Plan Supplement will be approved by the Bankruptcy Court pursuant to the Confirmation Order.

**PLEASE TAKE FURTHER NOTICE** that the hearing to consider confirmation of the Plan is currently scheduled for **August 20, 2019, at 9:30 a.m. (Eastern Time)** before the Honorable Alan M. Koschik, United States Bankruptcy Judge, at the John F. Seiberling Federal Building and U.S. Courthouse, 260 U.S. Courthouse, 2 South Main Street, Akron, Ohio 44308.

**PLEASE TAKE FURTHER NOTICE** that any party wishing to obtain copies of the Plan, the Plan Supplement documents referred to on the attached list, or the Disclosure Statement related to the Plan may download copies from the Debtors' claims and noticing agent, Prime Clerk LLC at https://cases.primeclerk.com/FES.

Dated: [_____], 2019

Respectfully submitted,

/s/ Draft

**BROUSE MCDOWELL LPA**
Marc B. Merklin (0018195)
Kate M. Bradley (0074206)
Bridget A. Franklin (0083987)
388 South Main Street, Suite 500
Akron, OH 44311-4407
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
kbradley@brouse.com
bfranklin@brouse.com

- and -

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira Dizengoff (admitted *pro hac vice*)
Lisa Beckerman (admitted *pro hac vice*)
Brad Kahn (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
lbeckerman@akingump.com
bkahn@akingump.com

- and -

Scott Alberino (admitted *pro hac vice*)
Kate Doorley (admitted *pro hac vice*)
2001 K Street, N.W.,
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
salberino@akingump.com
kdoorley@akingump.com

*Counsel for Debtors*
*and Debtors in Possession*

Ex-22

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| | ) Case No. 18-50757 (AMK) |
| FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] | ) (Jointly Administered) |
| | ) |
| Debtors. | ) |
| | ) Hon. Judge Alan M. Koschik |
| | ) |

**NOTICE OF (I) APPROVAL OF DISCLOSURE**
**STATEMENT, (II) DEADLINE FOR VOTING ON PLAN,**
**(III) HEARING TO CONSIDER CONFIRMATION OF PLAN, AND**
**(IV) DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.     **APPROVAL OF DISCLOSURE STATEMENT**.  By order dated May [●], 2019 [Docket No. ●] (the "Disclosure Statement Order"), the United States Bankruptcy Court for the Northern District of Ohio (the "Court") approved the *Disclosure Statement for the Fifth Amended Joint Plan of Reorganization of FirstEnergy Solutions Corp., et. al., Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified or supplemented, the "Disclosure Statement") [Docket No. ●] as containing adequate information, and directed the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit votes with regard to the approval or rejection of the *Fifth Amended Joint Plan of Reorganization of FirstEnergy Solutions Corp., et. al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as modified, amended or supplemented from time to time, the "Plan").  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan or Disclosure Statement, as the context so requires.

---

[1] The Debtors in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage L.L.C. (6928), case no. 18-50764.  The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

Ex-23

2.    **KEY DATES AND DEADLINES**.

| Event | Proposed Date[2] |
|---|---|
| Equity Election Record Date | January 23, 2019[3] |
| Voting Record Date | May 20, 2019 |
| Security Position Report Deadline | May 24, 2019 |
| Solicitation Deadline | Ten (10) business days after entry of the Order |
| Deadline to Publish Confirmation Hearing Notice | Ten (10) business days after entry of the Order |
| Deadline for Objections to Claims for Voting Purposes | June 21, 2019 |
| Deadline for Filing Temporary Allowance Request Motions | July 5, 2019 at 4:00 p.m. |
| Deadline for Objections/Responses to Temporary Allowance Request Motions | July 19, 2019 |
| Deadline for Replies to Objections/Responses to Temporary Allowance Request Motions | July 22, 2019 |
| Deadline to File Plan Supplement | July 23, 2019 |
| Deadline for Entry of Order Granting Temporary Allowance Request Motions | August 9, 2019 |
| Deadline for Objections/Responses to Confirmation of the Plan | August 2, 2019 at 4:00 p.m. |
| Voting Deadline | August 2, 2019 at 4:00 p.m. |
| Voting Certification Deadline | August 13, 2019 |
| Deadline for Replies to Objections/Responses to Confirmation of Plan | August 16, 2019 |
| Confirmation Hearing | August 20, 2019 at 9:30 a.m. |

3.    **RECORD DATE FOR VOTING PURPOSES**.    Only creditors who held Claims on May 20, 2019 (the "Voting Record Date") are entitled to vote on the Plan.

---

[2]Unless otherwise specified, the proposed deadlines listed herein will be 11:59 p.m. on the date listed. All times noted are in the prevailing Eastern Time zone.

[3] Or such later date as agreed to by the Debtors with the consent of the Requisite Supporting Parties (as such term is defined in the Restructuring Support Agreement) and the Committee.

4.    **VOTING DEADLINE**.  All votes to accept or reject the Plan must be actually received by the Debtors' voting agent, Prime Clerk LLC ("Prime Clerk") by no later than **4:00 p.m. (prevailing Eastern Time) on August 2, 2019** (the "Voting Deadline").  Any failure to follow the voting instructions included with your Ballot may disqualify your Ballot and your vote.  Ballots received by facsimile or e-mail, or any other means other than by submission via Prime Clerk's e-balloting portal, mail, hand delivery or overnight courier, **will not** be counted.

5.    **ENTITLEMENT TO VOTE ON PLAN.  Holders of Claims in the following classes are entitled to vote to accept or reject the Plan: <u>A3, A4, A5, A6, A7, A8, B4, B5, B6, B7, B8, B9, C3, C4, C5, C6, C7, C8, D3, D4, D5, D6, E3, E4, E5, E6, F3 and G3</u>** (collectively, the "Voting Classes").

The following holders are **not** entitled to vote on the Plan: (i) holders of Claims and Interests in the following classes: **<u>A1, A2, A9, A10, B1, B2, B3, B10, B11, C1, C2, C9, C10, D1, D2, D7, D8, E1, E2, E7, E8, F1, F2, F4, F5, G1, G2, G4 and G5</u>** (collectively, the "Non-Voting Classes"), (ii) holders of Claims that have been disallowed or expunged as of the Voting Record Date, (iii) holders of Claims scheduled by the Debtors as contingent, unliquidated, or disputed when a proof of claim was not filed by the General Bar Date or deemed timely filed by order of the Bankruptcy Court at least five (5) business days prior to the Voting Deadline, and (iv) holders of Claims that are subject to an objection that remains unresolved as of July 26, 2019.

6.    **TEMPORARY ALLOWANCE REQUEST MOTION FOR VOTING PURPOSES**.  If you elect to challenge the disallowance, classification or treatment of your Claim for voting purposes (including, without limitation, the treatment of the claim for voting purposes), you must file with the Court a motion (a "Temporary Allowance Request Motion") pursuant to Bankruptcy Rule 3018(a) requesting such relief as you may assert is proper, including the temporary allowance or reclassification of your claim solely for voting purposes.  Your Ballot will not be counted, unless temporarily allowed by an order entered on or before **August 9, 2019** or as otherwise ordered by the Court.  All Temporary Allowance Request Motions must be filed and served no later **than 4:00 p.m. (prevailing Eastern Time) on July 5, 2019** (the "Temporary Allowance Request Motion Deadline").  All objections and responses to Temporary Allowance Request Motions must be filed and served on or before **July 19, 2019**.  A claimant may file a reply to any objection or response to its motion on or before **July 22, 2019**.  Any order temporarily allowing such claims must be entered on or before **August 9, 2019** or as otherwise ordered by the Court.  Temporary Allowance Request Motions must: (i) be made in writing; (ii) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (iii) identify the proof of claim or Scheduled Claim in question; (iv) set forth the name of the claimant(s) pursuing the Temporary Allowance Request Motion; (v) set forth the name(s) of the Debtor(s) against which the Claim(s) is/are asserted; (vi) state with particularity the legal and factual bases relied upon for the relief requested by the Temporary Allowance Request Motion; and (vii) be filed and served pursuant to automatic electronic service provided by the Court's ECF system, in each case so as to be received by the Notice Parties (with a copy to the chambers of the Honorable Alan M. Koschik, United States Bankruptcy Judge) no later than the Temporary Allowance Request Motion Deadline.  Temporary Allowance Request Motions that do not comply with the foregoing may not be considered by the Court and may be deemed denied except as otherwise ordered by

the Court. Any claimant who timely files and serves a Temporary Allowance Request Motion which has not been resolved by July 19, 2019, and who has not otherwise received a Solicitation Package shall be provided with a Ballot and shall be allowed to cast a provisional vote to accept or reject the Plan on or before the Voting Deadline, pending a determination of such motion by the Court. Creditors may contact Prime Clerk at (855) 934-8766 to receive an appropriate ballot for any claim for which a proof of claim has been timely filed and a Temporary Allowance Request Motion has been granted.

7. **CONFIRMATION HEARING**. A hearing (the "Confirmation Hearing") to consider the confirmation of the Plan will be held at the John F. Seiberling Federal Building and U.S. Courthouse, 260 U.S. Courthouse, 2 South Main Street, Akron, Ohio 44308 on **August 20, 2019 at 9:30 a.m. (prevailing Eastern Time)** before the Honorable Alan M. Koschik, United States Bankruptcy Judge for the Northern District of Ohio. The Confirmation Hearing may be adjourned from time to time by the Debtors without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for a particular hearing that is filed with the Court. The Plan may be modified in accordance with the Bankruptcy Code, the Bankruptcy Rules, the terms of the Plan and the Restructuring Support Agreement, and other applicable law, without further notice, prior to, or as a result of, the Confirmation Hearing.

8. **INJUNCTIONS, RELEASES, AND EXCULPATION**. The Plan contains certain release, injunction, and exculpation provisions, including third party releases, which are subject to approval by the Court and may be found at Article VIII of the Plan and Article V.I of the Disclosure Statement.

> ARTICLE VIII OF THE PLAN CONTAINS RELEASE, INJUNCTION AND EXCULPATION PROVISIONS, AND **ARTICLE VIII.E CONTAINS CONSENSUAL THIRD PARTY RELEASES**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER WITH RESPECT TO SUCH THIRD PARTY RELEASES.

9. **THIRD PARTY RELEASES**. The Plan contains Consensual Third Party Releases of claims and Causes of Action against the Debtor Released Parties, FE Non-Debtor Released Parties and Other Released Parties.

Article VIII.E of the Plan provides for the following Consensual Third Party Releases:

**On and as of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Debtor Released Parties, the FE Non-Debtor Released Parties and Other Released Parties to facilitate and implement the Plan, each Holder of a Claim or Interest that (i) votes to accept the Plan or (ii) is deemed to have accepted the Plan, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged each Debtor Released Party, FE Non-Debtor Released Party and Other Released Party from any and all claims and Causes of Action, including any derivative claims asserted or assertable by or on behalf of any of the Debtors, the Reorganized Debtors, or their Estates or Affiliates (including any**

FE Non-Debtor Parties), as applicable, that such Entity would have been legally entitled to assert its own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to, or in any manner arising from in whole or in part, the Debtors, the Debtors' businesses, the Debtors' property, the Debtors' capital structure, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring discussions, intercompany transactions between or among the Debtors and/or their Affiliates (including any FE Non-Debtor Parties), the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and Released Party, the PCNs, the FES Notes, any interest in the Mansfield Facility Documents, the Chapter 11 Cases and related adversary proceedings, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Restructuring Support Agreement, the Process Support Agreement, the Standstill Agreement, the FE Settlement Agreement, the Disclosure Statement, the Plan, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the foregoing, including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion, the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any obligations of any Entity arising after the Effective Date under the Plan, the Confirmation Order, any Restructuring Transaction, the FE Settlement Agreement and any related obligations under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan and the FE Settlement Agreement, (ii) any Consenting Owner Participant from its obligations to the Consenting Owner Trustee, in its individual capacity (and its successors, permitted assigns, directors, officers, employees, agents, and servants), under the Mansfield Trust Agreements or (iii) the Consenting Owner Trustee from its obligations under the Mansfield Trust Agreements with respect to periods after the Effective Date.

For the avoidance of doubt, on and as of the Effective Date, each Holder of a Claim or Interest that (i) votes to accept the Plan or (ii) is deemed to have accepted the Plan shall be deemed to provide a full and complete discharge and release to the Debtor Released Parties, the FE Non-Debtor Released Parties and the Other Released Parties and their respective property from any and all Causes of Action whatsoever, whether known or unknown, asserted or unasserted, derivative or direct, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, whether for or sounding in tort, fraud, contract, violations of federal or state securities laws, veil piercing, substantive consolidation or alter-ego theories of liability, contribution, indemnification, joint or several liability, or otherwise arising from or related in any way to (i) the Debtors, the Reorganized Debtors, their businesses, their property, or any interest in the Mansfield Facility Documents; (ii) any Cause of Action against the FE Non-Debtor Released Parties or their property arising in connection with any intercompany transactions or other

matters arising in the conduct of the Debtors' businesses; (iii) the Chapter 11 Cases; (iv) the formulation, preparation, negotiation, dissemination, implementation, administration, Confirmation or Consummation of the Plan, the Plan Supplement, any contract, employee pension or benefit plan instrument, release, or other agreement or document related to any Debtor, the Chapter 11 Cases or the Plan, modified, amended, terminated, or entered into in connection with either the Plan, or any agreement between the Debtors and any FE Non-Debtor Released Party, including the FE Settlement Agreement; or (v) any other act taken or omitted to be taken in connection with the Chapter 11 Cases, including, without limitation, acts or omissions occurring after the Effective Date in connection with distributions made consistent with the terms of the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval under section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, of the Consensual Third Party Release, which includes by reference each of the related provisions and definitions contained in the Plan.

For the avoidance of doubt and notwithstanding anything else in the Plan, any Confirmation Order, or any implementing or supplementing plan documents, (i) no Governmental Units shall be deemed to accept the Plan for purposes of Article VIII.E of the Plan and (ii) the United States, Ohio Environmental Protection Agency, Ohio Department of Natural Resources, and Pennsylvania Department of Environmental Protection have agreed not to vote on the Plan and will not be subject to the releases in Article VIII.E of the Plan provided, however, if any agency of the United States or any agency of any state actually votes to accept the Plan, such agency shall be deemed to provide the releases in Article VIII.E of the Plan on the Effective Date for such agency and only for such agency.

10. **RESPONSES AND OBJECTIONS TO CONFIRMATION**. Responses and objections, if any, to confirmation of the Plan **must** (i) be in writing, (ii) state the name and address of the objecting or responding party and the amount and nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be incorporated into the Plan to resolve any such objection or response, (iv) be filed together with proof of service, with the Clerk of Court, United States Bankruptcy Court for the Northern District of Ohio, Eastern Division, John F. Seiberling Federal Building and U.S. Courthouse, 455 U.S. Courthouse, 2 South Main Street, Akron, Ohio 44308 and served so that they are received by the following parties: (i) counsel for the Debtors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036 (Attn: Brad M. Kahn, bkahn@akingump.com, Tel: 212-872-1000; Fax: 212-872-1002) and 2001 K Street, NW, Washington, DC 20006 (Attn: Scott Alberino, salberino@akingump.com and Kate Doorley, kdoorley@akingump.com, Tel: 202-887-4000, Fax: 202-887-4288); (ii) the Office of the United States Trustee, Howard M. Metzenbaum U.S. Courthouse, 201 Superior Avenue East, Suite 441, Cleveland, OH 44014 (Attn; Tiiara Patton, tiiara.patton@usdoj.gov); and (iii) all other parties in interest that have filed a notice of appearance in accordance with Federal Rules of Bankruptcy Procedure Rule 2002 in the Debtors' chapter 11 cases on or before on or before **4:00 p.m. (prevailing Eastern Time) on August 2, 2019**. Request for notice information regarding these parties should be directed to the Debtors' claims and noticing agent, Prime Clerk LLC, 830 Third Avenue, 3rd Floor, New York, NY 10022.

**IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO THE ADEQUACY OF THE PLAN AND MAY NOT BE HEARD AT THE HEARING.**

11.     **ADDITIONAL INFORMATION**.  Copies of the Disclosure Statement and Plan may be obtained (i) from Prime Clerk LLC (a) at www.primeclerk.com/FES, by clicking on the "Docket" link, (b) upon request by mail to FirstEnergy Solutions Corp. Ballot Processing, c/o Prime Clerk LLC, 830 Third Avenue, 3rd Floor, New York, NY 10022, or (c) upon request by calling the FES restructuring hotline at (855) 934-8766 or email at fesballots@primeclerk.com or (ii) for a fee via PACER at https://ecf.ohnb.uscourts.gov/ (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov).  A copy of the Disclosure Statement and the Plan is also on file with the Office of the Clerk of Court, United States Bankruptcy Court for the Northern District of Ohio, Eastern Division, John F. Seiberling Federal Building and U.S. Courthouse, 455 U.S. Courthouse, 2 South Main Street, Akron, Ohio 44308 and may be examined by any party in interest during normal business hours.

---

**If you have any questions related to this notice,
please call the Debtors' restructuring hotline at (855) 934-8766 or email at
fesballots@primeclerk.com.**

**Please note that Prime Clerk LLC is not authorized to provide,
and will not provide, legal advice.**

---

Ex-23

Dated: [    ], 2019

Respectfully submitted,

/s/ _____

**BROUSE MCDOWELL LPA**
Marc B. Merklin (0018195)
Kate M. Bradley (0074206)
Bridget A. Franklin (0083987)
388 South Main Street, Suite 500
Akron, OH 44311-4407
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
kbradley@brouse.com
bfranklin@brouse.com

- and -

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira Dizengoff (admitted *pro hac vice*)
Lisa Beckerman (admitted *pro hac vice*)
Brad Kahn (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
lbeckerman@akingump.com
bkahn@akingump.com

- and -

Scott Alberino (admitted *pro hac vice*)
Kate Doorley (admitted *pro hac vice*)
2001 K Street, N.W.,
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
salberino@akingump.com
kdoorley@akingump.com

*Counsel for Debtors*
*and Debtors in Possession*

Ex-23

# List of Publications

Akron Beacon Journal
Akron Legal News
Crain's Cleveland Business
Dayton Daily News
Herald-Star
Intelligencer Journal/Lancaster New Era
Martins Ferry Times Leader
Perry County Tribune
Pittsburgh Business Times
Pittsburgh Post-Gazette
Port Clinton News Herald
Reading Eagle
The Beacon
The Blade
The Cincinnati Enquirer
The Columbus Dispatch
The Doylestown Intelligencer/Bucks County
Courier Times/Burlington County Times
The Morning Call
The Morning Journal
The New York Times
The News-Herald
The Patriot News
The Plain Dealer
The Repository
The Times (The Beaver County Times)
The Times-Tribune
The Toledo Journal
The Vindicator
Tribune Review
USA Today
Wall Street Journal

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] | ) Case No. 18-50757 (AMK) |
|  | ) (Jointly Administered) |
| Debtors. | ) |
|  | ) Hon. Judge Alan M. Koschik |

## Bondholder Election Notice

The United States Bankruptcy Court for the Northern District of Ohio (the "**Court**") confirmed the *Fifth Amended Joint Plan of Reorganization of FirstEnergy Solutions Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ●] (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**")[2] by its order entered on [●], 2019 [Docket No. ●].

Under the Plan, Holders of Unsecured Bondholder Claims in Classes **A3, A4, B5, B6, C4, C5**, and **E3** have the option to elect to receive, in lieu of New Common Stock, their pro rata share (based on the Allowed principal amount of such Claims) of Cash equal to the aggregate value of New Common Stock distributed to Holders of Allowed General Unsecured Claims who have an election to receive New Common Stock and make such an election; *provided* that to the extent the Unsecured Bondholder Cash Pool is insufficient to provide each Electing Bondholder its allocable recovery of Unsecured Creditor Distributable Value in accordance with the Plan, Electing Bondholders shall receive the remainder of their distribution in New Common Stock in accordance with the Plan. For the avoidance of doubt, the maximum amount of Cash contributed to the Unsecured Bondholder Cash Pool shall be the amount of Cash that is equal to the aggregate value of New Common Stock distributed to Holders of Allowed General Unsecured Claims who have made an election to receive New Common Stock.

You have received this Bondholder Election Notice (this "**Notice**") because the Debtors' records indicate that you are the beneficial holder of an Unsecured Bondholder Claim and entitled to make an election to receive Cash on account of your Unsecured Bondholder Claims. If

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage LLC (6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

[2] Capitalized terms used in this Notice but not otherwise defined herein shall have the meanings ascribed in the Plan.

you elect to receive Cash, you much do so on account of all of your Unsecured Bondholder Claims against all applicable Debtors.

       **If you want to make the election to receive Cash pursuant to the Plan provisions described above, you must direct the record holder of your Unsecured Bondholder Claim, (the "<u>Nominee</u>") to tender your PCNs, FES Notes and/or Mansfield Certificates following the instructions provided to you by your Nominee as soon as possible but in no event later than five (5) days prior to the Effective Date (as defined in the Plan).** As part of the election process, following such a direction to your Nominee, the related PCNs, FES Notes or Mansfield Certificates held through DTC will be frozen from trading as described below. All forms required by your Nominee must be returned to the applicable Nominee in sufficient time to allow such Nominee to process and deliver the underlying PCNs, FES Notes or Mansfield Certificates through the DTC Automated Tender Offer Program ("**ATOP**").

       By giving the instruction to your Nominee to submit the underlying PCNs, FES Notes or Mansfield Certificates through ATOP, you are (i) authorizing your Nominee to exercise an election to receive Cash in lieu of New Common Stock in accordance with the terms set forth above; and (ii) certifying that you understand that, once submitted, the underlying PCNs, FES Notes or Mansfield Certificates will be frozen from trading until the Effective Date.

       **If you do not want to make the election to receive Cash pursuant to the Plan provisions described above, you do not need to take any action.**

       <u>**If you have any questions, please contact Prime Clerk at 855-934-8766 or via email at fesballots@primeclerk.com.**</u>

<div align="center">2</div>

Dated: May [___], 2019

Respectfully submitted,

/s/ Draft
_____

**BROUSE MCDOWELL LPA**
Marc B. Merklin (0018195)
Kate M. Bradley (0074206)
Bridget A. Franklin (0083987)
388 South Main Street, Suite 500
Akron, OH 44311-4407
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
kbradley@brouse.com
bfranklin@brouse.com

- and -

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira Dizengoff (admitted *pro hac vice*)
Lisa Beckerman (admitted *pro hac vice*)
Brad Kahn (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
lbeckerman@akingump.com
bkahn@akingump.com

- and -

Scott Alberino (admitted *pro hac vice*)
Kate Doorley (admitted *pro hac vice*)
2001 K Street, N.W.,
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
salberino@akingump.com
kdoorley@akingump.com

*Counsel for Debtors*
*and Debtors in Possession*

3

| | | |
|---|---|---|
| | ) | Chapter 11 |
| In re: | ) | |
| | ) | Case No. 18-50757 (AMK) |
| FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | Hon. Judge Alan M. Koschik |
| | ) | |

## NOTICE TO RETAIL CUSTOMERS REGARDING PROPOSED PLAN OF REORGANIZATION, ASSUMPTION AND ASSIGNMENT OF <u>ELECTRIC SERVICE CONTRACTS, AND RELATED DEADLINES</u>

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      **You are receiving this notice because you may be a retail electricity customer of FirstEnergy Solutions Corp. ("<u>FES</u>" or "<u>FirstEnergy Solutions</u>"). FirstEnergy Solutions is a Debtor in the above captioned chapter 11 cases (collectively, with its subsidiaries and affiliates that commenced chapter 11 cases, the "<u>Debtors</u>").[2] Please read this notice carefully as your rights may be affected by the transactions described herein.**

2.      <u>**CONTACTS FOR QUESTIONS**</u>.  If you have questions concerning this notice, please contact your sales representative (for Large Commercial and Industrial customers) or call the FirstEnergy Solutions customer service center at 1-888-254-6359.  Residential customers with questions about their rights as a consumer of electricity under state law and regulations may contact their state regulator or residential consumer representative.

3.      <u>**APPROVAL OF DISCLOSURE STATEMENT**</u>. By order dated May [•], 2019 [Docket No. •] (the "<u>Disclosure Statement Order</u>"), the United States Bankruptcy Court for the Northern District of Ohio (the "<u>Court</u>") approved the *Disclosure Statement for the Fifth Amended Joint Plan of Reorganization of FirstEnergy Solutions Corp., et. al., Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified or supplemented, the "<u>Disclosure Statement</u>") [Docket No. •] as containing adequate information, and directed the Debtors to solicit votes with regard to the approval or rejection of the *Fifth Amended Joint Plan of Reorganization of FirstEnergy Solutions Corp., et. al., Pursuant to Chapter 11 of the*

---

[1] The Debtors in these chapter 11 cases (the "<u>Chapter 11 Cases</u>"), along with the last four digits of each Debtor's federal tax identification number, are:  FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage LLC(6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

1

Ex-26

*Bankruptcy Code* [Docket No. •] (as modified, amended or supplemented from time to time, the "Plan"). Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan or Disclosure Statement, as the context so requires.

4. **TREATMENT OF ELECTRIC SERVICE CONTRACTS**. Under the Plan, FES will assume all of its retail customer contracts (collectively, the "Customer Contracts") and assign them to a newly created entity that will own and operate FES's competitive retail electricity business after effective date under the Plan ("New FES"). This means that FES will be replaced as the supplier under your current contract with FES upon the assignment of your contract by FES to New FES. However, your current contract will not otherwise be amended or changed in any way and your service will continue on its current terms and conditions. You do not need to take any action for your service to continue in this manner.

**Please be assured that there will be no interruption of service under your electricity contract as a result of the Plan. You will not need to take any action to switch to New FES. New FES will provide your electricity service on the same rates, terms and conditions as your current customer contract with FirstEnergy Solutions. Other than the change in your supplier, your electricity service will NOT be affected by the assignment of your contract to New FES. You may have related rights as a consumer of electricity under state law and regulations (as those rights may be impacted by FirstEnergy Solutions' chapter 11 case).**

**If you do not object to the assignment of your Customer Contract to New FES, on the same rates, terms and conditions that you have already agreed to with FirstEnergy Solutions, you do not need to take any action for your service to be transferred. As stated above, only the provider of your service will change and you will see the new supplier's name and/or logo on your electric bills going forward after assumption and assignment. Your service will continue on the same rates terms and conditions in your current electric service contract.** Be aware that if you do not file an objection to the assumption and assignment of your Customer Contract by **August 2, 2019 at 4:00 pm (prevailing Eastern Time),** you will not be able to object to the assumption and assignment later in these Chapter 11 cases.

5. **OBJECTION TO ASSUMPTION AND ASSIGNMENT OF YOUR CUSTOMER CONTRACT OR TO CONFIRMATION OF THE PLAN.** If you wish to object to the FES's assumption and assignment of your Customer Contract to New FES or to confirmation of the Plan, your objection **must** (i) be in writing, (ii) state the name and address of the objecting or responding party and the amount and nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be incorporated into the Plan to resolve any such objection or response, (iv) be filed together with proof of service, with the Clerk of Court, United States Bankruptcy Court for the Northern District of Ohio, Eastern Division, John F. Seiberling Federal Building and U.S. Courthouse, 455 U.S. Courthouse, 2 South Main Street, Akron, Ohio 44308 and served so that they are received by the following parties: (a) counsel for the Debtors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036-6745 (Attn: Brad Kahn, Esq. and Zachary Wittenberg, Esq.) (bkahn@akingump.com and zwittenberg@akingump.com) and 2001 K Street, N.W., Washington, DC 20006 (Attn: Scott L.

Alberino, Esq. and Kate Doorley, Esq.) (salberino@akingump.com and kdoorley@akingump.com); (c) local counsel for the Debtors, Brouse McDowell LPA, 388 South Main St., Suite 500, Akron, OH 44311 (Attn: Kate Bradley, Esq. and Bridget A. Franklin, Esq.) (kbradley@brouse.com and bfranklin@brouse.com); (d) the Office of the United States Trustee, Howard M. Metzenbaum U.S. Courthouse, 201 Superior Avenue East, Suite 441, Cleveland, OH 4414 (Attn: Tiiara Patton, Esq.) (tiiara.patton@usdoj.gov) on or before on or before **4:00 p.m. (prevailing Eastern Time) on August 2, 2019**. The Debtors will then provide a copy of your objection to (x) counsel to the Ad Hoc Noteholder Group, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Amy Caton, Esq.) (acaton@kramerlevin.com); (y) counsel to the Mansfield Certificateholders' Group, Latham &Watkins LLP, 885 Third Avenue, New York, NY 10022 (Attn: Andrew M. Parlen, Esq.) (Andrew.Parlen@lw.com); and (z) counsel to the Committee, Milbank, Tweed, Hadley & McCloy LLP, 55 Hudson Yards, New York, NY 10001 (Attn: Evan Fleck, Esq.) (efleck@milbank.com).

6.      **CONFIRMATION HEARING.** A hearing (the "Confirmation Hearing") to consider the confirmation of the Plan will be held at the Court, John F. Seiberling Federal Building and U.S. Courthouse, 260 U.S. Courthouse, 2 South Main Street, Akron, Ohio 44308 on **August 20, 2019 at 9:30 a.m. (prevailing Eastern Time)** before the Honorable Alan M. Koschik, United States Bankruptcy Judge for the Northern District of Ohio. The Confirmation Hearing may be adjourned from time to time by the Debtors without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for a particular hearing that is filed with the Court. The Plan may be modified in accordance with the Bankruptcy Code, the Bankruptcy Rules, the terms of the Plan and the Restructuring Support Agreement, and other applicable law, without further notice, prior to, or as a result of, the Confirmation Hearing.

7.      **ADDITIONAL INFORMATION.** Copies of the Disclosure Statement and Plan may be obtained (i) from Prime Clerk LLC (a) at www.primeclerk.com/FES, by clicking on the "Docket" link, (b) upon request by mail to FirstEnergy Solutions Corp. Ballot Processing, c/o Prime Clerk LLC, 830 Third Avenue, 3rd Floor, New York, NY 10022, or (c) upon request by calling the FES restructuring hotline at (855) 934-8766 or email at fesballots@primeclerk.com or (ii) for a fee via PACER at https://ecf.ohnb.uscourts.gov/ (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). A copy of the Disclosure Statement and the Plan is also on file with the Office of the Clerk of Court, United States Bankruptcy Court for the Northern District of Ohio, John F. Seiberling Federal Building and U.S. Courthouse, 455 U.S. Courthouse, 2 South Main Street, Akron, Ohio 44308 and may be examined by any party in interest during normal business hours.

**If you have any questions related to this notice,
please call the Debtors' restructuring hotline at (855) 934-8766 or email at
fesballots@primeclerk.com.**

**Please note that Prime Clerk LLC is not authorized to provide,
and will not provide, legal advice.**

Ex-26

Dated: [___], 2019                     Respectfully submitted,


                                        /s/_____
                                        **BROUSE MCDOWELL LPA**
                                        Marc B. Merklin (0018195)
                                        Kate M. Bradley (0074206)
                                        Bridget A. Franklin (0083987)
                                        388 South Main Street, Suite 500
                                        Akron, OH 44311-4407
                                        Telephone: (330) 535-5711
                                        Facsimile: (330) 253-8601
                                        mmerklin@brouse.com
                                        kbradley@brouse.com
                                        bfranklin@brouse.com

                                        - and -

                                        **AKIN GUMP STRAUSS HAUER & FELD LLP**
                                        Ira Dizengoff (admitted *pro hac vice*)
                                        Lisa Beckerman (admitted *pro hac vice*)
                                        Brad Kahn (admitted *pro hac vice*)
                                        One Bryant Park
                                        New York, New York 10036
                                        Telephone: (212) 872-1000
                                        Facsimile: (212) 872-1002
                                        idizengoff@akingump.com
                                        lbeckerman@akingump.com
                                        bkahn@akingump.com

                                        - and -

                                        Scott Alberino (admitted *pro hac vice*)
                                        Kate Doorley (admitted *pro hac vice*)
                                        2001 K Street, N.W.,
                                        Washington, D.C. 20006
                                        Telephone: (202) 887-4000
                                        Facsimile: (202) 887-4288
                                        salberino@akingump.com
                                        kdoorley@akingump.com

                                        *Counsel for Debtors and Debtors in Possession*

18-50757-amk     Doc 2714     FILED 05/29/19     ENTERED 05/29/19 09:57:05     Page 284 of 300

|  |  |
|---|---|
| In re:<br><br>FIRSTENERGY SOLUTIONS CORP., *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 18-50757<br>) (Jointly Administered)<br>)<br>)<br>) Hon. Judge Alan M. Koschik<br>) |

### NOTICE OF (A) POST-PETITION CONTRACTS AND UNEXPIRED LEASES TO BE ASSIGNED BY THE DEBTORS PURSUANT TO THE PLAN AND (B) RELATED PROCEDURES IN CONNECTION THEREWITH

       You are receiving this *Notice of (A) Post-Petition Contracts and Unexpired Leases to Be Assigned By the Debtors Pursuant to the Plan and (B) Related Procedures in Connection Therewith* (the "**Notice of Assignment**") because you are a counterparty to an executory contract or unexpired lease with FirstEnergy Solutions Corp. ("**FES**"), and/or certain affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") which was entered in on or after April 1, 2018. Please read this notice carefully as your rights may be affected by the transactions described herein.

       **PLEASE TAKE NOTICE** that on May 20 2019, the Debtors filed solicitation versions of the *Disclosure Statement for the Fifth Amended Joint Plan of Reorganization of FirstEnergy Solutions Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 2675] (the "Disclosure Statement") and the *Fifth Amended Joint Plan of Reorganization of FirstEnergy Solutions Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 2675] (the "Plan") in the United States Bankruptcy Court for the Northern District of Ohio (the "Court"). A hearing was held on May 20, 2019, whereby the Court approved the Disclosure Statement and the Court entered such order on [●] [Docket No. ●].

       **PLEASE TAKE FURTHER NOTICE** that the hearing to confirm the Plan (the "Confirmation Hearing") will commence before the Honorable Alan M. Koschik, United States Bankruptcy Judge, United States Bankruptcy Court, Northern District of Ohio, 260 U.S. Courthouse, 2 South Main Street, Akron, Ohio 44308 on **August 20, 2019 at 9:30 a.m. (Eastern Time)**.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage L.L.C. (6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

1

PLEASE TAKE FURTHER NOTICE that pursuant to the Plan, the Debtors have established procedures for the assignment of certain post-petition contracts and unexpired leases (collectively, the "Contracts") which will be assigned from FES to New Holdco or New FES (each as defined in the Plan). The Debtors file this notice identifying the Contracts which will be assigned in connection with confirmation of the Plan (the "Assigned Contracts") as set forth on **Exhibit 1** attached hereto.

PLEASE TAKE FURTHER NOTICE that any objections to the assignment of any Assigned Contract identified in this notice must be (i) in writing, (ii) comply with the Bankruptcy Rules, (iii) filed with the Bankruptcy Court and (iv) be served, so as to be actually received by (a) counsel for the Debtors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036 (Attn: Lisa G. Beckerman, lbeckerman@akingump.com and Brad M. Kahn, bkahn@akingump.com, Tel: 212-872-1000; Fax: 212-872-1002) and 2001 K Street, NW, Washington, DC 20006 (Attn: Scott Alberino, salberino@akingump.com and Kate Doorley, kdoorley@akingump.com, Tel: 202-887-4000, Fax: 202-887-4288); (b) the Office of the United States Trustee, Howard M. Metzenbaum U.S. Courthouse, 201 Superior Avenue East, Suite 441, Cleveland, OH 44014 (Attn: Tiiara Patton, tiiara.patton@usdoj.gov); and (c) all other parties in interest that have filed a notice of appearance in accordance with Federal Rules of Bankruptcy Procedure Rule 2002 in the Debtors' chapter 11 cases on or before on or before **August 2, 2019 at 4:00 p.m. (Eastern Time)** (the "Assignment Objection Deadline"). Any such objections must set forth the proposed objection to the assignment of the Assigned Contracts (and must state, with specificity, the legal and factual basis thereof).

PLEASE TAKE FURTHER NOTICE all objections to the proposed assignment of the Debtors' rights, title and interest in, to and under the Assigned Contracts, including objections to the proposed form of adequate assurance, shall be heard at the Confirmation Hearing or at such future hearing as may be scheduled by the Debtors.

PLEASE TAKE FURTHER NOTICE that each non-Debtor party to any Assigned Contract that does not timely file an objection by the Assignment Objection Deadline shall be forever barred from asserting any objection with regard to the assignment set forth on **Exhibit 1** and, as of the Effective Date of the Plan, the counterparty to the Assigned Contract will no longer be FES but will be New Holdco or New FES, as applicable, and FES will be relieved of all obligations under the Assigned Contract.

2

Date: [\_\_\_\_], 2019

Respectfully submitted,

/s/

**BROUSE MCDOWELL LPA**
Marc B. Merklin (0018195)
Kate M. Bradley (0074206)
Bridget A. Franklin (0083987)
388 South Main Street, Suite 500
Akron, OH 44311-4407
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
kbradley@brouse.com
bfranklin@brouse.com

- and -

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira Dizengoff (admitted *pro hac vice*)
Lisa Beckerman (admitted *pro hac vice*)
David H. Botter (admitted *pro hac vice*)
Brad Kahn (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
lbeckerman@akingump.com
bkahn@akingump.com

- and -

Scott Alberino (admitted *pro hac vice*)
Kate Doorley (admitted *pro hac vice*)
2001 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
salberino@akingump.com
kdoorley@akingump.com

*Counsel for Debtors and Debtors in Possession*

3

## Exhibit 1

**Assigned Contracts**

| Counterparty Name | Contract Description | Purchase Order # | Assigned Entity |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] | ) Case No. 18-50757 |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |
| | ) Hon. Judge Alan M. Koschik |
| | ) |

**NOTICE OF (A) EXECUTORY CONTRACTS AND UNEXPIRED LEASES
TO BE ASSUMED OR ASSUMED AND ASSIGNED BY THE DEBTORS
PURSUANT TO THE PLAN, (B) CURE AMOUNTS, IF ANY, AND
(C) RELATED PROCEDURES IN CONNECTION THEREWITH**

      You are receiving this *Notice of (A) Executory Contracts and Unexpired Leases to Be Assumed or Assumed and Assigned By the Debtors Pursuant to the Plan, (B) Cure Amounts, if any, and, (C) Related Procedures in Connection Therewith* (the "<u>Notice of Assumption and Assignment</u>") because you are a counterparty to an executory contract or unexpired lease with FirstEnergy Solutions Corp. ("<u>FES</u>"), and/or certain affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>"). Please read this notice carefully as your rights may be affected by the transactions described herein.

      **PLEASE TAKE NOTICE** that on May 20 2019, the Debtors filed solicitation versions of the *Disclosure Statement for the Fifth Amended Joint Plan of Reorganization of FirstEnergy Solutions Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 2675] (the "<u>Disclosure Statement</u>") and the *Fifth Amended Joint Plan of Reorganization of FirstEnergy Solutions Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 2675] (the "<u>Plan</u>") in the United States Bankruptcy Court for the Northern District of Ohio (the "<u>Court</u>"). A hearing was held on May 20, 2019, whereby the Court approved the Disclosure Statement and the Court entered such order on [●] [Docket No. ●].

      **PLEASE TAKE FURTHER NOTICE** that the hearing to confirm the Plan (the "<u>Confirmation Hearing</u>") will commence before the Honorable Alan M. Koschik, United States Bankruptcy Judge, United States Bankruptcy Court, Northern District of Ohio, 260 U.S.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage L.L.C. (6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

Courthouse, 2 South Main Street, Akron, Ohio 44308 on **August 20, 2019 at 9:30 a.m. (Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Plan, the Debtors have established procedures for the assumption or the assumption and assignment of certain executory contracts and unexpired leases from FES to New Holdco or New FES (as defined in the Plan) (collectively, the "Contracts"). The Debtors file this notice identifying (i) the Contracts which will be assumed by the Debtor counterparty to the Contract or assumed and assigned by FES to New Holdco or New FES in connection with confirmation of the Plan (the "Assumed Contracts") and (ii) the proposed amounts, if any, the Debtors believe are owed to the counterparty of the Assumed Contracts to cure any default or arrears existing under the Assumed Contract (the "Cure Costs"), both as set forth on **Exhibit 1** attached hereto.

**PLEASE TAKE FURTHER NOTICE** that section 365(b)(1) of the Bankruptcy Code requires a chapter 11 debtor to cure, or provide adequate assurance that it will promptly cure, any defaults under executory contracts and unexpired leases at the time of assumption. Accordingly, the Debtors have conducted a thorough review of their books and records and have determined the amounts required to cure defaults, if any, under the executory contract(s), which amounts are listed in **Exhibit 1**. Please note that if no amount is stated for a particular Contract, the Debtors believe that there is no cure amount outstanding for such Contract.

**PLEASE TAKE FURTHER NOTICE** that any objections to the assumption and assignment of any Assumed Contract identified in this notice must be (i) in writing, (ii) comply with the Bankruptcy Rules, (iii) filed with the Bankruptcy Court and (iv) be served, so as to be actually received by (a) counsel for the Debtors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036 (Attn: Lisa G. Beckerman, lbeckerman@akingump.com and Brad M. Kahn, bkahn@akingump.com, Tel: 212-872-1000; Fax: 212-872-1002) and 2001 K Street, NW, Washington, DC 20006 (Attn: Scott Alberino, salberino@akingump.com and Kate Doorley, kdoorley@akingump.com, Tel: 202-887-4000, Fax: 202-887-4288); (b) the Office of the United States Trustee, Howard M. Metzenbaum U.S. Courthouse, 201 Superior Avenue East, Suite 441, Cleveland, OH 44014 (Attn: Tiiara Patton, tiiara.patton@usdoj.gov); and (c) all other parties in interest that have filed a notice of appearance in accordance with Federal Rules of Bankruptcy Procedure Rule 2002 in the Debtors' chapter 11 cases on or before on or before **August 2, 2019 at 4:00 p.m. (Eastern Time)** (the "Assumption and Assignment Objection Deadline"). Any such objections must set forth the proposed objection to the assumption and assignment of the Assumed Contracts (and must state, with specificity, the legal and factual basis thereof) and, if applicable, the proposed Cure Costs (and must state, with specificity, what Cure Costs are required with appropriate documentation in support thereof). Other than the Cure Costs listed on **Exhibit 1**, the Debtors are not aware of any amounts due and owing under the Assumed Contracts listed therein.

**PLEASE TAKE FURTHER NOTICE** that if a counterparty to an Assumed Contract files a timely objection asserting a higher Cure Cost than the Cure Cost set forth in this Notice of Assumption and Assignment, and the parties are unable to consensually resolve the dispute prior to the Confirmation Hearing, the amount to be paid or reserve with respect to such objection shall be determined at the Confirmation Hearing. All other objections to the proposed

assumption and assignment of the Debtors' rights, title and interest in, to and under the Assumed Contracts, including objections to the proposed form of adequate assurance, shall be heard at the Confirmation Hearing or at such future hearing as may be scheduled by the Debtors.

**PLEASE TAKE FURTHER NOTICE** that each non-Debtor party to any Assumed Contract that does not timely file an objection by the Assumption and Assignment Objection Deadline shall be forever barred from asserting any objection with regard to the assumption, assumption and assignment, and/or the Cure Costs set forth on **Exhibit 1**. The Cure Costs set forth in the Notice of Assumption and Assignment shall be controlling, notwithstanding anything to the contrary in any Assumed Contract or any other document, and the counterparty to the Assumed Contract shall be deemed to have consented to the Cure Costs and shall be forever barred from asserting any other claims related to such Assumed Contract against the Debtors or assigned party, or the property of any of them to the extent such counterparty does not file a timely objection to the Cure Costs set forth above. As of the Effective Date of the Plan, with respect to the Assumed Contracts being assumed and assigned by FES, the contract counterparty will no longer be FES but will be New Holdco or New FES, as applicable, and FES will be relieved of all obligations under the Assumed Contract.

Date: [____], 2019                    Respectfully submitted,


                                       /s/ _____
                                       **BROUSE MCDOWELL LPA**
                                       Marc B. Merklin (0018195)
                                       Kate M. Bradley (0074206)
                                       Bridget A. Franklin (0083987)
                                       388 South Main Street, Suite 500
                                       Akron, OH 44311-4407
                                       Telephone: (330) 535-5711
                                       Facsimile: (330) 253-8601
                                       mmerklin@brouse.com
                                       kbradley@brouse.com
                                       bfranklin@brouse.com

                                        - and -

                                       **AKIN GUMP STRAUSS HAUER & FELD LLP**
                                       Ira Dizengoff (admitted *pro hac vice*)
                                       Lisa Beckerman (admitted *pro hac vice*)
                                       David H. Botter (admitted *pro hac vice*)
                                       Brad Kahn (admitted *pro hac vice*)
                                       One Bryant Park
                                       New York, New York 10036
                                       Telephone: (212) 872-1000
                                       Facsimile: (212) 872-1002
                                       idizengoff@akingump.com
                                       lbeckerman@akingump.com
                                       bkahn@akingump.com

                                        - and -

                                       Scott Alberino (admitted *pro hac vice*)
                                       Kate Doorley (admitted *pro hac vice*)
                                       2001 K Street, N.W.
                                       Washington, D.C. 20006
                                       Telephone: (202) 887-4000
                                       Facsimile: (202) 887-4288
                                       salberino@akingump.com
                                       kdoorley@akingump.com

                                       *Counsel for Debtors and Debtors in Possession*

## Exhibit 1

**Assumed and Assigned Contracts**

| Counterparty Name | Counterparty Debtors(s) | Description of Contract | Purchase Order # | Cure Amount ($'s) | Assigned? (Y/N) | New Counterparty |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] | ) Case No. 18-50757 |
| | ) (Jointly Administered) |
| | ) |
| Debtors. | ) |
| | ) Hon. Judge Alan M. Koschik |
| | ) |

**NOTICE OF (A) CONTRACTS AND UNEXPIRED LEASES TO BE
REJECTED BY THE DEBTORS PURSUANT TO THE PLAN AND
(B) RELATED PROCEDURES IN CONNECTION THEREWITH**

You are receiving this ***Notice of (A) Contracts and Unexpired Leases to Be Rejected By the Debtors Pursuant to the Plan and (B) Related Procedures in Connection Therewith* (the "Notice of Assignment") because you are a counterparty to an executory contract or unexpired lease with FirstEnergy Solutions Corp. ("FES"), and/or certain affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"). Please read this notice carefully as your rights may be affected by the transactions described herein.**

**PLEASE TAKE NOTICE** that on May 20 2019, the Debtors filed solicitation versions of the *Disclosure Statement for the Fifth Amended Joint Plan of Reorganization of FirstEnergy Solutions Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 2675] (the "Disclosure Statement") and the *Fifth Amended Joint Plan of Reorganization of FirstEnergy Solutions Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 2675] (the "Plan") in the United States Bankruptcy Court for the Northern District of Ohio (the "Court"). A hearing was held on May 20, 2019, whereby the Court approved the Disclosure Statement and the Court entered such order on [●] [Docket No. ●].

**PLEASE TAKE FURTHER NOTICE** that the hearing to confirm the Plan (the "Confirmation Hearing") will commence before the Honorable Alan M. Koschik, United States Bankruptcy Judge, United States Bankruptcy Court, Northern District of Ohio, 260 U.S. Courthouse, 2 South Main Street, Akron, Ohio 44308 on **August 20, 2019 at 9:30 a.m. (Eastern Time)**.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage L.L.C. (6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

1

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Plan, the Debtors have established procedures for the rejection of certain contracts and unexpired leases (collectively, the "Contracts"). The Debtors file this notice identifying the Contracts which will be rejected in connection with confirmation of the Plan (the "Rejected Contracts") as set forth on **Exhibit 1** attached hereto.

**PLEASE TAKE FURTHER NOTICE** that any objections to the rejection of any Rejected Contract identified in this notice must be (i) in writing, (ii) comply with the Bankruptcy Rules, (iii) filed with the Bankruptcy Court and (iv) be served, so as to be actually received by (a) counsel for the Debtors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036 (Attn: Lisa G. Beckerman, lbeckerman@akingump.com and Brad M. Kahn, bkahn@akingump.com, Tel: 212-872-1000; Fax: 212-872-1002) and 2001 K Street, NW, Washington, DC 20006 (Attn: Scott Alberino, salberino@akingump.com and Kate Doorley, kdoorley@akingump.com, Tel: 202-887-4000, Fax: 202-887-4288); (b) the Office of the United States Trustee, Howard M. Metzenbaum U.S. Courthouse, 201 Superior Avenue East, Suite 441, Cleveland, OH 44014 (Attn: Tiiara Patton, tiiara.patton@usdoj.gov); and (c) all other parties in interest that have filed a notice of appearance in accordance with Federal Rules of Bankruptcy Procedure Rule 2002 in the Debtors' chapter 11 cases on or before on or before **August 2, 2019 at 4:00 p.m. (Eastern Time)** (the "Rejection Objection Deadline"). Any such objections must set forth the proposed objection to the rejection of the Rejected Contracts (and must state, with specificity, the legal and factual basis thereof).

**PLEASE TAKE FURTHER NOTICE** that unless otherwise provided by an order of the Bankruptcy Court, all Proofs of Claim with respect to Claims arising from the rejection of the Rejected Contracts pursuant to the Plan or Confirmation Order, if any, must be filed within 30 days after the later of: (1) the date of entry of an order of the Bankruptcy Court (including the Confirmation Order) approving such rejection; and (2) the effective date of such rejection. **Any Claims arising from the rejection of any Rejected Contract not filed within such time will be automatically disallowed, forever barred from assertion, and shall not be enforceable against the Debtors or the Reorganized Debtors, the Estates, or their property without the need for any objection by the Reorganized Debtors or further notice to, or action, order, or approval of the Bankruptcy Court, and any Claim arising out of the rejection of the Rejected Contract shall be deemed fully satisfied, released, and discharged, notwithstanding anything in the Schedules or a Proof of Claim to the contrary.** All Allowed Claims arising from the rejection of the Rejected Contracts shall be classified as General Unsecured Claims against the applicable Debtor and shall be treated in accordance with the Plan, unless a different security or priority is otherwise asserted in such Proof of Claim and Allowed in accordance with the Plan.

**PLEASE TAKE FURTHER NOTICE** all objections to the proposed rejection of the Debtors' rights, title and interest in, to and under the Rejected Contracts shall be heard at the Confirmation Hearing or at such future hearing as may be scheduled by the Debtors.

2

**PLEASE TAKE FURTHER NOTICE** that each non-Debtor party to any Rejected Contract that does not timely file an objection by the Rejection Objection Deadline shall be forever barred from asserting any objection with regard to the rejections set forth on **Exhibit 1**.

Date: [ ___ ], 2019

Respectfully submitted,

*/s/*_____

**BROUSE MCDOWELL LPA**
Marc B. Merklin (0018195)
Kate M. Bradley (0074206)
Bridget A. Franklin (0083987)
388 South Main Street, Suite 500
Akron, OH 44311-4407
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
kbradley@brouse.com
bfranklin@brouse.com

- and -

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira Dizengoff (admitted *pro hac vice*)
Lisa Beckerman (admitted *pro hac vice*)
David H. Botter (admitted *pro hac vice*)
Brad Kahn (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
lbeckerman@akingump.com
bkahn@akingump.com

- and -

Scott Alberino (admitted *pro hac vice*)
Kate Doorley (admitted *pro hac vice*)
2001 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
salberino@akingump.com
kdoorley@akingump.com

*Counsel for Debtors and Debtors in Possession*

3

**Exhibit 1**

**Rejected Contracts**

| Counterparty Name | Debtor Counterparty | Contract Description | Purchase Order # |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |