UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>FIRSTENERGY SOLUTIONS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-50757<br>(Jointly Administered)<br><br>Hon. Judge Alan M. Koschik |

**MOTION OF DEBTORS TO APPROVE
STIPULATION BETWEEN THE DEBTORS AND REXEL USA, INC.
REGARDING CLAIMS ASSOCIATED WITH THE REXEL AGREEMENTS**

First Energy Nuclear Operating Company ("FENOC"), FirstEnergy Generation, LLC ("FG") and their affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), by and through their undersigned counsel, submit this motion (the "Motion") and hereby move for an order approving a proposed stipulation and agreed order (the "Stipulation")[2] between FENOC, FG and Rexel USA, Inc. d/b/a Gexpro ("Rexel" and, together with FG, the "Parties"). The proposed Stipulation is attached hereto as **Exhibit A**. In support of the Motion, the Debtors respectfully state as follows:

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the Northern District of Ohio (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage L.L.C. (6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Stipulation.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

4. On March 31, 2018 (the "Petition Date"), the Debtors filed voluntary petitions with the Court for relief under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases (the "Chapter 11 Cases") are being jointly administered for procedural purposes only.

5. The Debtors continue to operate their businesses and manage their property as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On April 11, 2018, the United States Trustee for the Northern District of Ohio (the "US Trustee") appointed an official committee of unsecured creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases.

6. Rexel and certain of the Debtors and their non-Debtor affiliates entered into various written agreements (the "Rexel Agreements"), pursuant to which Rexel furnished labor, services, materials, equipment and supplies to FENOC, FG and certain of their Debtor and non-Debtor affiliates between the dates of March 24, 2016 and March 28, 2018.

7. On April 17, 2018, Rexel issued a reclamation demand pursuant to the Uniform Commercial Code and Bankruptcy Code section 546 in which Rexel demanded the return of goods delivered to certain of the Debtors on February 14, 2018 and thereafter.

8. On October 11, 2018, Rexel, as a result of claims arising from the Rexel Agreements, filed proof of claim number 1063 ("Claim No. 1063"), asserting a secured claim

against FENOC in the amount of $19,624.44, as well as proof of claim number 1066 ("Claim No. 1066," and together with Claim No. 1063, the "Rexel Claims"), asserting a secured claim against FG in the amount of $153,161.32.

9. The Parties have agreed to enter into a stipulation to consensually resolve certain issues related to Claim No. 1063 and Claim No. 1066.

**Terms of the Stipulation[3]**

10. The material terms of the Stipulation, among other things, provide for:

   a. Claim No. 1063 shall be allowed as a claim against FENOC in the amount of $70,200.00, of which $59,613.00 will be entitled to priority under Bankruptcy Code section 503(b)(9) and $10,587.00 will be allowed as a general unsecured claim;

   b. Claim No. 1066 shall be allowed as a claim against FG in the amount of $55,559.00, of which $54,580.00 will be entitled to priority under Bankruptcy Code section 503(b)(9) and $979.00 will be allowed as a general unsecured claim;

   c. neither the Rexel Claims nor any related distributions shall be subject (i) to any objections or defenses whether by way of netting, setoff, recoupment, claim, counterclaim, avoidance, disgorgement or otherwise or (ii) to any claim or defense that would have the effect of subordinating the Rexel Claims to the claims of other nonpriority general unsecured claims;

   d. The ballot submitted by Rexel with respect to Claim No. 1063 shall be tabulated by the balloting and tabulation agent in the allowed claim amount of $10,587.00;[4]

   e. The ballot submitted by Rexel with respect to Claim No. 1066 shall be tabulated by the balloting and tabulation agent in the allowed claim amount of $979.00.[5]

---

[3] This summary of the terms of the Stipulation has been included for the convenience of the parties receiving this Motion. This summary in no way alters, changes or amends the actual terms set forth in the Stipulation. In the event that there are any inconsistencies between this summary and the actual terms of the Stipulation, the language set forth in the Stipulation controls.

[4] The priority portion of Claim No. 1063 is unimpaired and thus not entitled to be voted by Rexel.

[5] The priority portion of Claim No. 1066 is unimpaired and thus not entitled to be voted by Rexel.

## Relief Requested

11. By this Motion, the Debtors seek entry of an order approving the Stipulation and authorizing the Parties to take all actions necessary to effectuate the Stipulation without the need of further order by this Court. The Stipulation resolves any uncertainty as to the existence, amount and allocation of certain priority and unsecured claims associated with the Rexel Agreements and avoids potential litigation over such claims. The Stipulation was the product of arm's-length bargaining between the Parties and represents a compromise well within the range of reasonableness and will allow the Debtors and their professionals to continue to focus their efforts on the restructuring process and on maximizing value for all stakeholders.

## Basis for Relief

12. Bankruptcy Rule 9019(a) provides, in part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Indeed, "compromises are favored in bankruptcy" because they minimize the costs of litigation and further the parties' interest in expediting administration of a bankruptcy estate. *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996), citing COLLIER ON BANKRUPTCY ¶ 9019.03[1] (16th ed. 2011); *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1995); *John S. Marandas, P.C. v. Bishpoh (In re Sassalos)*, 160 B.R. 646, 653 (D. Or. 1993).

13. Courts will approve a compromise or settlement if it is fair and equitable and in the best interests of the estate and its creditors. *Treinish v. Topco Assocs., Inc. (In re AWF Liquidation Corp.)*, 208 B.R. 399, 400 (Bankr. N.D. Ohio 1997); *McGraw v. Yelverton (In re Bell & Beckwith)*, 87 B.R. 476, 478 (N.D. Ohio 1988); *In re Mobile Air Drilling Co.*, 53 B.R. 605, 607 (Bankr. N.D. Ohio 1985). In making this determination, the Court must consider such factors as:

a. whether the settlement is fair and equitable;

b. the probability of success in litigation, compared to the present and future benefits offered by the proposed settlement;

c. the prospect of complex litigation, as well as the expense, inconvenience and delay necessarily attendant to the litigation if the settlement is not approved;

d. the extent to which the settlement is the product of arm's length bargaining; and

e. whether the settlement falls below the lowest point in the range of reasonableness.

*See In re Bell & Beckwith*, 87 B.R. at 478-79 (internal citations omitted); *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 493, 497 (Bankr. S.D.N.Y. 1991). In reviewing a proposed settlement, the court's responsibility is "to canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *Bell & Beckwith*, 87 B.R. at 479; *see also Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 609 (2d Cir. 1983); *In re Purified Down Prods. Corp.*, 150 B.R. 519, 522 (Bankr. S.D.N.Y. 1993).

14. The Stipulation satisfies the standards discussed above and is in the best interests of the Debtors, their estates and all stakeholders. The settlement embodied in the Stipulation is fair and equitable and reasonable in light of the facts and circumstances surrounding the Rexel Agreements and potential claims arising therefrom. The Stipulation resolves certain issues related to the claims arising from the Rexel Agreements, including the amounts owed by the Debtors as opposed to non-Debtors, the prepetition amounts owed each by FENOC and FG to Rexel and the amounts entitled to priority under section 503(b)(9). The proposed settlement fixes and allows Claim No. 1063 and Claim No. 1066 and avoids the need for both Parties to incur the costs of claims litigation. The Stipulation was the product of arm's-length bargaining

between the Parties and represents a compromise well within the range of reasonableness, and it will allow the Debtors and their professionals to continue to focus their efforts on the restructuring process and maximizing value for all stakeholders.

### **Reservation of Rights**

15. Except as set forth in the Stipulation, nothing contained in this Motion or in the Stipulation or any actions taken by the Debtors pursuant to the relief granted in the order attached hereto as **Exhibit B** is intended or should be construed as (i) an admission as to the validity or amount of any particular claim against a Debtor entity; (ii) a waiver of the Debtors' rights to dispute any particular claims on any grounds; (iii) a promise or requirement to pay any particular claims; or (iv) a waiver or limitation on the Debtors' rights under the Bankruptcy Code or any other applicable law.

### **Notice**

16. Notice of this Motion has been served on the following parties and/or their counsel, if known, via facsimile, overnight delivery, e-mail and/or hand delivery: those parties listed on the General Service List (as defined in the *Amended Order Pursuant to Sections 102 and 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, 6007, 7016, 9013 and 9014 and Local Bankruptcy Rules Establishing: (I) Omnibus Hearing dates; and (II) Certain Case Management Procedures* [Docket No. 280]) and counsel to Rexel. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### **No Prior Request**

17. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached hereto as **Exhibit B** and (ii) grant such other and further relief as the Court may deem proper.

[*Remainder of page intentionally left blank*]

Dated: July 16, 2019  Respectfully submitted,

*/s/ Kate M. Bradley*
**BROUSE MCDOWELL LPA**
Marc B. Merklin (0018195)
Kate M. Bradley (0074206)
Bridget A. Franklin (0083987)
388 South Main Street, Suite 500
Akron, OH 44311-4407
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
kbradley@brouse.com
bfranklin@brouse.com

 - and -

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira Dizengoff (admitted *pro hac vice*)
David H. Botter (admitted *pro hac*)
Brad Kahn (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
dbotter@akingump.com
bkahn@akingump.com

 - and -

Scott Alberino (admitted *pro hac vice*)
Kate Doorley (admitted *pro hac vice*)
2001 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
salberino@akingump.com
kdoorley@akingump.com

*Counsel for Debtors and Debtors in Possession*