UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>FIRSTENERGY SOLUTIONS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-50757<br><br>(Jointly Administered)<br><br>Hon. Judge Alan M. Koschik |

**MOTION OF THE DEBTORS TO APPROVE STIPULATION
BY AND AMONG THE DEBTORS, VALLEY FORGE INSURANCE
COMPANY, AND CONTINENTAL INSURANCE COMPANY PROVIDING
FOR LIMITED RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**

FirstEnergy Solutions Corp. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), by and through their undersigned counsel, hereby move for an order approving a proposed stipulation (the "Stipulation")[2] by and among the Debtors, Valley Forge Insurance Company ("VFIC"), and Continental Insurance Company ("CIC" and together with the Debtors and VFIC, the "Parties"). The Stipulation is attached hereto as **Exhibit A**. In support of the Motion, the Debtors respectfully state as follows:

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the Northern District of Ohio (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage L.L.C. (6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are section 362 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 4001 and 9019 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules").

**Background**

4. On March 31, 2018 (the "Petition Date"), the Debtors filed voluntary petitions with the Court for relief under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases (the "Chapter 11 Cases") are being jointly administered.

5. The Debtors continue to operate their businesses and manage their property as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On April 11, 2018, the United States Trustee for the Northern District of Ohio (the "US Trustee") appointed an official committee of unsecured creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases.

6. On March 8, 2019 and March 18, 2019, Kerri Ann Bachner, Thomas Cantwell, Alisa Gorchock, and Michael Gorchock (collectively, the "Mansfield Movants") filed motions for relief from the automatic stay [Docket Nos. 2225, 2228, 2230, 2323] (collectively, the "Mansfield Motions").

7. Each of the Mansfield Motions sought to lift the automatic stay in order to pursue claims against Debtors FirstEnergy Generation, LLC ("FG") and First Energy Generation Mansfield Unit 1 Corp. ("FGMUC" and, together with FG, the "Debtor Defendants") and other non-Debtor defendants, including FirstEnergy Corp. ("FE Corp" and together with the Debtor Defendants, the "FirstEnergy Defendants"), relating to an accident that took place at the coal-

fired plant known as the Bruce Mansfield Plant in Shippingport, Pennsylvania (the "Mansfield Plant" and the "Mansfield Incident"), in various pending civil actions.

8. The Mansfield Movants or their decedents were performing work at the Mansfield Plant as employees of Enerfab Power and Industrial, Inc. ("Enerfab") at the time of the Mansfield Incident.

9. On May 6, 2019, upon agreement and negotiated resolution of the Mansfield Motions between the Mansfield Movants and the Debtors, the Bankruptcy Court entered a stipulation and agreed order [Docket No. 2590] (the "Mansfield Movants Agreed Order") modifying the automatic stay effective on the date of entry of an order by the Bankruptcy Court confirming a plan of reorganization for the Debtor Defendants in these Chapter 11 Cases (a "Confirmation Order"), such that all parties to the pending civil actions, including the Mansfield Movants and the Debtors, shall be authorized to proceed in the civil actions from and after the date of entry of the Confirmation Order.

10. VFIC, as insurer, is party to a commercial general liability insurance contract with Enerfab, Policy GL 1077500857, effective on or about September 2016 (the "Contract").

11. CIC, as insurer, is party to an excess liability insurance contract with Enerfab, Policy No. CUE 5094596468, effective on or about September 30, 2016, which was based upon the Contract (the "Excess Contract" and together with the Contract, the "Enerfab Policies").

12. On December 1, 2017, the FirstEnergy Defendants made a request to Enerfab for defense and indemnification of the Mansfield civil actions as an additional insured under the Enerfab Policies (the "Indemnification Request"). On January 4, 2018, VFIC responded to and denied the Indemnification Request.

13.     As of the date hereof, the Parties maintain disagreement over the Indemnification Request.  The Parties have engaged in discussions thereof and, in order to ascertain their rights and duties with respect to the aforementioned civil actions and the Indemnification Request concurrently with the procession of the civil actions under the Mansfield Movants Agreed Order, agreed to enter into the Stipulation to provide that the automatic stay will be lifted with respect to the commencement and prosecution of litigation regarding the Indemnification Request as of the date of the entry of a Confirmation Order.

## Relief Requested

14.     By this Motion, the Debtors seek entry of an order (i) approving the Stipulation, (ii) modifying the automatic stay under Bankruptcy Code section 362(a)(1) for the sole and limited purpose of permitting the Parties to commence and prosecute litigation to determine and/or enforce the extent of VFIC and CIC's, if any, duties to defend or indemnify the FirstEnergy Defendants in connection with the pending Mansfield civil actions, and (iii) authorizing the Parties to take all actions necessary to effectuate the Stipulation without the need of further order by this Court.

## Basis for Relief

15.     Bankruptcy Rule 9019(a) provides, in part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).  Indeed, "compromises are favored in bankruptcy" because they minimize the costs of litigation and further the parties' interest in expediting administration of a bankruptcy estate. *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996), citing Collier on Bankruptcy ¶ 9019.03[1] (16th ed. 2011); *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1995); *John S. Marandas, P.C. v. Bishpoh (In re Sassalos)*, 160 B.R. 646, 653 (D. Or. 1993).

16. Courts will approve a compromise and settlement if it is fair and equitable and in the best interests of the estate and its creditors. *Treinish v. Topco Assocs., Inc. (In re AWF Liquidation Corp.)*, 208 B.R. 399, 400 (Bankr. N.D. Ohio 1997); *McGraw v. Yelverton (In re Bell & Beckwith)*, 87 B.R. 476, 478 (N.D. Ohio 1988); *In re Mobile Air Drilling Co.*, 53 B.R. 605, 607 (Bankr. N.D. Ohio 1985). In making this determination, the Court must consider such factors as:

   a. whether the settlement is fair and equitable;

   b. the probability of success in litigation, compared to the present and future benefits offered by the proposed settlement;

   c. the prospect of complex litigation, as well as the expense, inconvenience and delay necessarily attendant to the litigation if the settlement is not approved;

   d. the extent to which the settlement is the product of arms' length bargaining; and

   e. whether the settlement falls below the lowest point in the range of reasonableness.

*See In re Bell & Beckwith*, 87 B.R. at 478-79 (internal citations omitted); *In re Drexel Burnham Lambert Grp., Inc.*, 134 B.R. 493, 497 (Bankr. S.D.N.Y. 1991). In reviewing a proposed settlement, "courts must canvass the issues in order to determine whether the settlement falls below the lowest point in the range of reasonableness, and if the settlement falls within a range of reasonable compromises, it may be approved." *In re Junk*, 566 B.R. 897, 912 (Bankr. S.D. Ohio 2017) (quoting *Rankin v. Brian Lavan & Assocs., P.C. (In re Rankin)*, 438 F. App'x 420, 426 (6th Cir. 2011)); *see also In re Nicole Gas Prod.*, 518 B.R. 429, 441 (Bankr. S.D. Ohio 2014); *Bell & Beckwith*, 87 B.R. at 479; *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 609 (2d Cir. 1983); *In re Purified Down Prods. Corp.*, 150 B.R. 519, 522 (Bankr. S.D.N.Y. 1993).

17. The Stipulation satisfies the standards discussed above and is in the best interests of the Debtors and their estates. Upon the entry of the Confirmation Order, it will enable the

5

18-50757-amk    Doc 2930    FILED 07/22/19    ENTERED 07/22/19 19:21:34    Page 5 of 9

Parties to work towards gaining certainty regarding who might have the obligation to pay any potential litigation or liability costs of the FirstEnergy Defendants in connection with the Mansfield civil actions. Allowing the Parties to commence and proceed with the insurance coverage litigation contemplated in the Stipulation will enable the Debtors to understand whether there will be any insurance coverage available for the Debtors under the Enerfab Policies in connection with the Mansfield civil actions.

18. Regarding the probability of success in litigation and the prospect of complex litigation, the Debtors do not believe that either VFIC or CIC would likely succeed in lifting the automatic stay prior to emergence through a method other than this Stipulation with the Debtors, or that any such motion to lift the automatic stay would result in particularly complex litigation in front of the Court.[3] Regardless, the Debtors believe that the present and future benefits of the Stipulation to the Debtors and their estates place the Stipulation well within the range of reasonableness for settlement. The Stipulation stays any civil litigation between the Parties until the Debtors' management and counsel are able to divert their focus from obtaining confirmation of a plan of reorganization in these Chapter 11 Cases. Regarding future benefits, the applicability of the Enerfab Policies to the Debtors' litigation exposure is an issue that the Debtors will eventually need to address in order to most effectively protect the interests of themselves and their estates. Any delay in such determination while the Mansfield civil actions proceed could cause inconvenience, uncertainty, and unnecessary expenses for the Debtors.

19. For the aforementioned reasons, the settlement between the Parties is fair and equitable and in the best interests of the estate and its creditors. It is the product of arm's-length

---

[3] The Debtors reserve their rights with respect to any such motion.

bargaining between the Parties and represents a compromise well within the range of reasonableness. The Debtors respectfully request that the Court approve the Stipulation.

### The Requirements of Bankruptcy Rule 4001(d) Have Been Satisfied

20. Bankruptcy Rule 4001(d) provides that a motion for approval of an agreement to modify or terminate the stay shall be accompanied by a copy of the agreement and a proposed form of order. Attached hereto as **Exhibit A** is a copy of the Stipulation. Attached hereto as **Exhibit B** is a proposed form of order granting the relief requested herein.

### Reservation of Rights

21. Nothing contained in this Motion or in the Stipulation or any actions taken by the Debtors pursuant to the relief granted in the Order is intended or should be construed as (i) an admission as to the validity or amount of any particular claim against a Debtor entity; (ii) a waiver of the Debtors' rights to dispute any particular claims on any grounds; (iii) a promise or requirement to pay any particular claims; or (iv) a waiver or limitation on the Debtors' rights under the Bankruptcy Code or any other applicable law.

### Notice

22. Notice of this Motion has been served on the following parties and/or their counsel, if known, via facsimile, regular mail, e-mail and/or hand delivery: (i) those parties listed on the General Service List (as defined in the *Amended Order Pursuant to Sections 102 and 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, 6007, 7016, 9013 and 9014 and Local Bankruptcy Rules Establishing: (I) Omnibus Hearing dates; and (II) Certain Case Management Procedures* [Docket No. 280]) and (ii) counsel to VFIC and CIC. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

23. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached hereto as <u>Exhibit B</u> and (ii) grant such other and further relief as the Court may deem just and proper.

*[remainder of page intentionally left blank]*

Dated: July 22, 2019 **Respectfully submitted,**

*/s/ Kate M. Bradley*
**BROUSE MCDOWELL LPA**
Marc B. Merklin (0018195)
Kate M. Bradley (0074206)
Bridget A. Franklin (0083987)
388 South Main Street, Suite 500
Akron, OH 44311-4407
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
kbradley@brouse.com
bfranklin@brouse.com

- and -

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira Dizengoff (admitted *pro hac vice*)
Lisa Beckerman (admitted *pro hac vice*)
Brad Kahn (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
lbeckerman@akingump.com
bkahn@akingump.com

- and -

Scott Alberino (admitted *pro hac vice*)
Kate Doorley (admitted *pro hac vice*)
2001 K Street N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
salberino@akingump.com
kdoorley@akingump.com

*Counsel for Debtors and Debtors in Possession*