This document was signed electronically on August 14, 2019, which may be different from its entry on the record.

IT IS SO ORDERED.

Dated: August 14, 2019



_____
ALAN M. KOSCHIK
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF OHIO EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] | Case No. 18-50757 (AMK) |
| | (Jointly Administered) |
| Debtors. | Hon. Judge Alan M. Koschik |

## REVISED ORDER SCHEDULING CERTAIN HEARING DATES, DEADLINES AND PROTOCOLS IN CONNECTION WITH THE CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (the "Order") scheduling certain litigation-related dates and deadlines in connection with the confirmation of the Plan; and the

---

[1] The Debtors in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. ("FE Aircraft") (9245), case no. 18-50759; FirstEnergy Generation, LLC ("FG") (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. ("FGMUC") (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC ("NG") (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company ("FENOC") (1483), case no. 18-50761; FirstEnergy Solutions Corp. ("FES") (0186); and Norton Energy Storage L.L.C. ("Norton") (6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

Court having found that it has jurisdiction over the matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein. The schedule set forth below shall govern the confirmation of the Plan (the "Confirmation Proceedings"), which, for the avoidance

of doubt, includes all discovery in connection with the Confirmation Proceedings.

2. Documents exchanged in discovery and deposition testimony, if any, shall be subject to, and governed by, the terms of the Protective Order filed with the Court on September 10, 2018 [Docket No. 1322]. The parties shall confer regarding the use of any Confidential, Highly Confidential, or Attorneys' Eyes Only information in public filings or at the Confirmation Hearing in accordance with the terms of the Protective Order.

I. **FACT DISCOVERY**

3. Any **requests for production of documents** made by non-debtor parties in

connection with the Confirmation Proceedings must be served by **May 24, 2019**; provided, however, that discovery requests served upon the Debtors to date and through **May 3, 2019** shall be subject to earlier deadlines, as described below. The Debtors and any non-debtor parties who received requests for production of documents may serve requests for production of documents on any party that served such parties with requests for production of documents by **May 29, 2019**. Federal Rule of Civil Procedure 26 shall govern the scope of written document requests. **Interrogatories** and **requests for admission** will not be permitted absent leave of the Court or further agreement between the relevant parties.

4. **Reponses and objections** to requests for production of documents served **on or before May 3, 2019** are due by **May 10, 2019**. Any party served with requests for production of documents on or before **May 3, 2019** shall **substantially complete production of documents**, subject to any objections, by **May 31, 2019**. **Responses and objections to** requests for production of documents served **after May 3, 2019,** are due one week from the date of service. Any party served with requests for production of documents after **May 3, 2019** shall **substantially complete production of documents**, subject to any objections, **within 30 days** from the date of service.

5. The parties shall conduct any **fact depositions** between **June 17, 2019 and June 26, 2019**. The parties may **begin to serve deposition notices** for fact depositions on **May 23, 2019**.

6. Fact discovery shall close on **Wednesday, June 26, 2019**.

## II. EXPERT DISCOVERY

7. Federal Rule of Civil Procedure 26 shall apply in connection with the Confirmation Proceedings, provided, however, that Federal Rule of Civil Procedure 26(a)(1)

shall not apply. Pursuant to Federal Rule of Civil Procedure 26(a)(2), **the parties must identify any testifying expert(s), if any, and serve expert report(s), if any,** on or before **July 10, 2019**, and **the parties must identify any testifying rebuttal expert(s), if any, and serve rebuttal expert report(s), if any,** on or before **July 22, 2019**. All expert reports must satisfy the requirements of Federal Rule of Civil Procedure 26(a)(2)(B), and are expressly subject to the protections in Federal Rule of Civil Procedure 26(b)(4), provided, however, that notwithstanding anything to the contrary contained in Federal Rule of Civil Procedure 26(b)(4), each party shall be responsible their own fees and expenses incurred in connection with any expert witnesses and expert reports. Simultaneously with the service of any expert report, the party serving the report must produce copies of any non-privileged documents or data that were relied on by the expert witness in forming his or her opinions. If a party is required under Federal Rule of Civil Procedure 26(a)(2)(E) and 26(e) to **supplement any expert report of its testifying expert and/or testifying rebuttal expert**, it must s**erve any supplement to any expert report or rebuttal expert report no later than August 14, 2019 at 5:00 p.m. prevailing Eastern Time**.

8. The parties shall conduct any **expert depositions** between **July 24, 2019 and August 9, 2019**, provided, however, that if a party serves a supplemental expert report pursuant to Federal Rule of Civil Procedure 26(a)(2)(E) and 26(e) and paragraph 7 of this Order, any other party may take the deposition of that testifying expert and/or testifying rebuttal expert on the information contained in the supplemental expert report prior to the date of the Confirmation Hearing.

### III. PRE-CONFIRMATION HEARING DEADLINES

9. For purposes of the Confirmation Hearing, the "Parties" shall include the

Debtors, any other party to the Restructuring Support Agreement, the U.S. Trustee, and any party-in- interest that files an objection to confirmation of the Plan or any other response in connection with confirmation of the Plan.

10. The relevant Parties shall exchange any deposition designations by **August 12, 2019 at 5:00 p.m. prevailing Eastern Time**. No later than **August 15, 2019 at 5:00 p.m. prevailing Eastern Time**, the relevant Parties shall exchange any cross designations and/or objections related to any deposition designations made in accordance with this paragraph.

11. No later than **August 14, 2019 at 5:00 p.m. prevailing Eastern Time**, the relevant Parties shall exchange with each other a list and electronic copies of all documents they intend to introduce into evidence at the Confirmation Hearing and a list of any witnesses they intend to call for direct testimony at the Confirmation Hearing. Notwithstanding the deadlines set forth in paragraphs 5 and 6 of this Order, the Parties shall be afforded an opportunity to depose any witness identified for direct testimony who was not previously made available for deposition.

12. The Court will hold a pre-hearing conference on **August 13, 2019 at 10:00 a.m. prevailing Eastern Time**, or as otherwise directed by the Court.

13. Direct testimony for witnesses (other than any adverse witnesses) shall be by written witness declarations to be exchanged among the Parties by **August 16, 2019 at 5:00 p.m. prevailing Eastern Time** except as otherwise agreed to by the parties or ordered by the Court. Any expert reports exchanged pursuant to paragraph 7 of this Order shall serve as each expert's direct testimony. Unless the Parties agree otherwise, all witnesses shall be available for live cross examination at the Confirmation Hearing. Each Party offering any

written witness declaration(s) shall also by no later than **August 19, 2019 at 12:00 p.m. prevailing Eastern Time** provide one (1) copy to the Clerk's Office and two (2) copies to Chambers of a set of any written witness declaration(s) that the Party intends to offer at the Confirmation Hearing.

14. No later than **August 19, 2019 at 12:00 p.m. prevailing Eastern Time**, the relevant Parties shall provide one (1) copy to the Clerk's Office and two (2) copies to Chambers of a set of hearing exhibits, in binders, tabbed, and with a joint exhibit list that clearly identifies each proposed exhibit and notes any outstanding objections to any documents included therein.

15. Any date or deadline set forth above, except for the deadlines contained in paragraphs 12 and 14 of this Order related to submission of materials to the Court, may be amended without leave of the Court by agreement of the relevant Parties or with leave of the Court for good cause shown. For purposes of amending any discovery dates and deadlines set forth in paragraphs 3 through 8 of this Order, the relevant Parties referenced in this paragraph shall be limited to the Debtors, the party seeking discovery subject to the date or deadline to be amended, and the party in possession of discovery subject to the date or deadline to be amended.

# # #

SUBMITTED BY:

*/s/ Kate M. Bradley*
**BROUSE MCDOWELL LPA**
Marc B. Merklin (0018195)
Kate M. Bradley (0074206)
Bridget A. Franklin (0083987)
388 South Main Street, Suite 500
Akron, OH 44311-4407
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
kbradley@brouse.com
bfranklin@brouse.com

- and -

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira Dizengoff (admitted *pro hac vice*)
Abid Qureshi (admitted *pro hac vice*)
Joseph L. Sorkin (admitted *pro hac vice*)
Brad Kahn (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
aqureshi@akingump.com
jsorkin@akingump.com
bkahn@akingump.com

- and -

Scott Alberino (admitted *pro hac vice*)
Kate Doorley (admitted *pro hac vice*)
2001 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: (202)887-4288
salberino@akingump.com
kdoorley@akingump.com

*Counsel for Debtors and Debtors in Possession*

[10691115]