**This document was signed electronically on August 26, 2019, which may be different from its entry on the record.**

**IT IS SO ORDERED.**

**Dated: August 26, 2019**



**ALAN M. KOSCHIK**
**U.S. Bankruptcy Judge**

<br>

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | Case No. 18-50757 (Jointly |
| FIRSTENERGY SOLUTIONS CORP., *et* | ) | Administered) |
| *al.*, | ) | |
| | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | Judge Alan M. Koschik |

### ORDER SUSTAINING THE OBJECTION OF UTILITY AND
### ELECTRICAL WORKERS UNIONS TO PLAN CONFIRMATION,
### <u>ADJOURNING HEARING, AND SETTING STATUS CONFERENCE</u>

On July 23, 2019, the above-captioned debtors and debtors-in-possession (the "Debtors") filed their Sixth Amended Joint Plan of Reorganization (Docket No. 2934) in these jointly administered cases. On August 2, 2019, the Utility Workers Union of America, Local 270, AFL-CIO, and International Brotherhood of Electrical Workers Local 29, AFL-CIO (collectively, the "Unions") filed an objection (Docket No. 2970) (the "Unions' Objection") to the proposed plan. On August 16, 2019, the Debtors filed their Seventh Amended Joint Plan of Reorganization (Docket No. 3056) (the "Plan"). That same day, the Debtors also filed their

memorandum of law in support of confirmation of the Plan (Docket No. 3064) (the "Confirmation Brief"), which, among many other issues, included the Debtors' response to the Unions' Objection.

The Court held a hearing to consider confirmation of the Plan (the "Confirmation Hearing") on August 20 and 21, 2019.

The Unions' Objection contains three principal arguments: (i) the Plan could not be confirmed as long as the Unions' collective bargaining agreements ("CBAs") have been neither assumed nor rejected; (ii) the Debtors' failure to reject the CBAs prior to confirmation constitutes an assumption of those CBAs by operation of law; and (iii) the Plan is unconfirmable because it constitutes a unilateral alteration of the terms of the CBAs in violation of 11 U.S.C. § 1113(f). At the Confirmation Hearing, the Court focused on the first of these arguments.

As stated in further detail on the record on the second day of the Confirmation Hearing, the Court concludes that the Bankruptcy Code and applicable precedent do not permit the CBAs to remain neither assumed nor rejected beyond the date of plan confirmation over the objection of a counterparty to such contract. Bankruptcy Code Section 365(d)(2) provides that

> "[i]n a case under chapter . . . 11 . . . of this title, the trustee may assume or reject an executory contract . . . at any time before confirmation of a plan, but the court, on the request of *any party* to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease."

11 U.S.C. § 365(d)(2) (emphasis added). Chapter 11 debtors-in-possession, such as the Debtors in these cases, have most of the powers of a bankruptcy trustee, including the power to assume or reject executory contracts. 11 U.S.C. § 1107(b). Therefore, the Debtors are considered a "trustee" for purpose of Section 365(d)(2).

At the Confirmation Hearing, the Debtors argued that Section 365(d)(2) meant that they, as parties to the CBAs, could invoke this provision to request additional time, beyond the

2

confirmation date, within which to assume or reject the CBAs. The Court is skeptical of the Debtors' suggested interpretation because the statute appears to offer a non-debtor counterparty to a contract the opportunity to ask the bankruptcy court to accelerate the deadline for the trustee or debtor-in-possession to make its assumption/rejection election, not to grant the debtor-in-possession leave for additional time to do so. The Supreme Court appears to agree. "In a Chapter 11 reorganization, a debtor-in-possession has until a reorganization plan is confirmed to decide whether to accept an executory contract, although a creditor may request the Bankruptcy Court to make such a determination within a particular time." *NLRB v. Bildisco and Bildisco*, 465 U.S. 513, 529, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984); *accord Fla. Dept. of Rev. v. Piccadilly Cafeterias, Inc.*, 554 U.S. 33, 46, 128 S.Ct. 2326, 171 L.Ed.2d 203 (2008) ("We agree with *Bildisco's* commonsense observation that the *decision* whether to reject a contract or lease must be made before confirmation," even if the effective date of such rejection could be postconfirmation).

Moreover, regardless of which interpretation of the statute is correct, the Court concludes that it would not be prudent to exercise any discretion it may have to allow the Debtors to make an election regarding the Unions' CBAs after confirmation of their Plan. Because the contracts at issue are CBAs, the Debtors cannot unilaterally reject them without complying with the provisions of 11 U.S.C. § 1113, which requires a motion to be filed after the parties have engaged in out-of-court bargaining. In addition, the Debtors have made it clear that they also cannot unilaterally assume the CBAs because it will be impossible to provide its employees participation in its corporate parent FE Corporations' retirement plan after the Debtors' complete their separation from FE Corporation. In this unique setting, even if it were within the Court's discretion to grant the Debtors leave to decide whether to assume or reject a contract after plan confirmation notwithstanding a counterparty's objection, it would be unwise to do so with

3

respect to the CBAs at issue in this case.

Confirmation of the Plan should not leave the CBAs in limbo over the objection of the Unions. Therefore, confirmation of the Plan must be delayed until that decision has been made and is approved by the Court in conjunction with plan confirmation.

Based on the foregoing and the matters discussed during the Hearing,

**IT IS HEREBY ORDERED THAT:**

1.      The Unions' Objection is **SUSTAINED** on the basis that the CBAs must be either assumed or rejected no later than plan confirmation.

2.      The Court shall hold a telephonic status conference on **<u>September 10, 2019, at 10:00 a.m.</u>**, to schedule further proceedings necessary to consider disputes between the parties regarding assumption or rejection of the CBAs and the proposed confirmation of the Plan. This status conference shall not constitute a continued Confirmation Hearing.

3.      The Confirmation Hearing is **ADJOURNED** and shall be continued on a date to be set by a further order of this Court. Absent further order of this Court, (i) the evidence at the Confirmation Hearing was closed and remains closed, (ii) briefing on the Plan remains closed, (iii) solicitation of acceptances and the voting by creditors on the Plan remains closed; and (iv) argument is complete on all objections to the Plan other than issues pertaining to the Unions' Objection. The Court's oral rulings overruling other objections to the Plan remain unaltered by this Order and will be incorporated into the Confirmation Order provided that the issues pertaining to the Unions' Objection are resolved in a manner that permits confirmation. The Court reserves its authority to require further notice and opportunity for a hearing on the proposed confirmation of the Plan if it determines that any further modifications to the Plan proposed by the Debtors are material to the interests of the creditors pursuant to 11 U.S.C. § 1127.

4.     Pursuant to Federal Rule of Bankruptcy Procedure 8002(a)(2) and (b)(1)(A), the time for appeal of any the Court's oral rulings at the Confirmation Hearing, including its decisions overruling other objections to confirmation of the Debtors' Plan, shall run from the entry on this Court's docket of the later of (i) an order either confirming the Plan or denying confirmation of the Plan, or (ii) the transcript of the Confirmation Hearing.

# # #

18-50757-amk    Doc 3109    FILED 08/26/19    ENTERED 08/26/19 16:46:29    Page 5 of 5