**This document was signed electronically on September 16, 2019, which may be different from its entry on the record.**

**IT IS SO ORDERED.**

**Dated:  September 16, 2019**



**ALAN M. KOSCHIK
U.S. Bankruptcy Judge**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>FIRSTENERGY SOLUTIONS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-50757 (AMK)<br>(Jointly Administered)<br><br>Hon. Judge Alan M. Koschik |

### FINAL ORDER ON MOTION

Upon the *Debtors' Motion for Entry of an Order Enforcing the Automatic Stay and For Contempt* [Dkt. No. 878] (the "Motion")[2] for entry of a final order (this "Order"), pursuant to sections 105(a), 362(a), 362(k), and 365(e)(1) of the Bankruptcy Code and Bankruptcy Rules

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage, LLC (6928), case no. 18-50764.  The Debtors' address is 341 White Pond Dr., Akron, OH 44320.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

9014 and 9020, enforcing the automatic stay against Meadville Forging Company, L.P. ("Meadville") as further described in the *Memorandum Decision Regarding Debtors' Motion to Enforce the Automatic Stay and for Contempt, Concluding that Meadville Forging Company's Actions to Terminate its Power Supply Contract with Debtor FES Was Unlawful and Constituted a Violation of the Automatic Stay* (the "Memorandum Decision") [Dkt. No. 1962] issued January 15, 2019; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) in which the Court is authorized to enter final judgment; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. § 1409(a); and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a preliminary hearing (the "Preliminary Hearing") having been held on the Motion on July 5, 2018; and the Court having entered a preliminary order (the "Preliminary Order") [Dkt. No. 912] with respect to the Motion on July 10, 2018; and the Court having held a final hearing (the "Final Hearing") on the Motion on September 11, 2018; and the court having issued the Memorandum Decision; and the Court having determined that the legal and factual bases set forth in the Motion and at the Preliminary Hearing and Final Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis for the reasons set forth in the Memorandum Decision.

2. In light of the Settlement Agreement between FES and Meadville, the Court takes no position on the issue of sanctions relating to Meadville's violation of the automatic stay, including whether Meadville should be sanctioned for its violation, and if so, to what extent, inasmuch as the matter has been rendered moot.

3. Notwithstanding the possible applicability of Bankruptcy Rules 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

4. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# # #

SUBMITTED BY:

*/s/ Kate M. Bradley*
**BROUSE MCDOWELL LPA**
Marc B. Merklin (0018195)
Kate M. Bradley (0074206)
Bridget A. Franklin (0083987)
388 South Main Street, Suite 500
Akron, OH 44311-4407
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
kbradley@brouse.com
bfranklin@brouse.com

- and -

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira Dizengoff (Admitted pro hac vice)
Lisa Beckerman (Admitted pro hac vice)
Joseph Sorkin (Admitted pro hac vice)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
lbeckerman@akingump.com
jsorkin@akingump.com

- and -

Scott Alberino (Admitted pro hac vice)
Kate Doorley (Admitted pro hac vice)
2001 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
salberino@akingump.com
kdoorley@akingump.com

*Counsel for Debtors
and Debtors in Possession*