**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| In re:<br><br>FirstEnergy Solutions Corp., <u>et</u> <u>al</u>.[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-50757 (AMK)<br><br>Judge: Alan M. Koschik<br><br>**Re: Docket No. 2701, 2990, 3048, 3120, 3171** |

**FEE EXAMINER'S FINAL REPORT REGARDING
FOURTH INTERIM FEE APPLICATION REQUEST OF
<u>MILBANK LLP</u>**

Direct Fee Review LLC ("DFR"), appointed and employed as the Fee Examiner in the above-captioned bankruptcy proceedings and acting in its capacity regarding the Fourth Interim Fee Application Request of Milbank LLP (the "Firm") for compensation for services rendered and reimbursement of expenses as Counsel to the Official Committee of Unsecured Creditors for the compensation period from April 1, 2019 through July 31, 2019 ("Fee Application") seeking approval of fees in the amount of $1,048,442.00 and the reimbursement of expenses in the amount of $40,098.55, submits its final report.

---

[1] The Debtors in these chapter 11 cases (collectively, the "<u>Chapter 11 Cases</u>"), along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage L.L.C. (6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

1

**BACKGROUND**

1. In performance of audit procedures and in preparation of this report designed to quantify and present factual data relevant to the requested fees, disbursements and expenses contained herein, DFR reviewed the monthly fee statement and the Application, including each of the billing and expense entries listed in the exhibits to the monthly statements, for compliance with the Bankruptcy Code, all applicable Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of the United States Bankruptcy Court for the Northern District of Ohio (the "Local Rules"), the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013, at 28 C.F.R. Part 58, Appendix B (collectively the "United States Trustee Guidelines"), and the Interim Compensation Order.

2. DFR did not prepare informal memos related to monthly fee applications of the Firm. We included our questions and issues in an initial report and this final report. We have included all responses and any recommended resolutions in this final report.

**DISCUSSION**

3. For the compensation period of April 1, 2019 through July 31, 2019 the Firm submitted fee applications in the amount of $1,048,442.00 as actual, reasonable and necessary fees and for expense reimbursement of $40,098.55. For the Fee Application period, $26,637.50 was disclosed as related to fee application preparation.

2

4. We deem it generally acceptable to have a maximum of 3% of total time charged in preparing fee applications. For Firms with more limited involvement, we consider an alternative standard of less than $50,000 in total spent on preparing fee applications. We apply these guidelines on a cumulative basis. We evaluate these charges with consideration to the length of time of the case and the practice experience of the firm. We noted that cumulatively through this period the Firm has charged $449,653.00 related to fee applications on a cumulative basis and we have calculated that 2.1% of the fees billed related to fee applications on a cumulative basis. We do not have an objection to the amount of fees charged for fee application preparation in this fee application based upon our review and procedures and we deem the amount to be reasonable.

5. Consistent with the US Trustee, we deem hotel charges (inclusive of taxes) in excess of $225 in Ohio and $525 in New York per night to be unnecessary and not reasonable. We requested that the Firm review these charges and adjust any if appropriate. The Firm provided additional explanation and it was verified that these were standard room charges. The Firm agreed to reduce the charges listed in Exhibit A to more normal levels. We recommend that reimbursement of expenses be reduced by $126.16.

6. Consistent with the US Trustee, we deem meal charges in excess of $25/breakfast, $35/lunch and $50/dinner (inclusive of tax) to be unnecessary and not reasonable. We requested that the Firm review these charges and reduce any to these limits if they are found to exceed such limits. The Firm provided additional information and agreed to reduce the meal charges listed in Exhibit B to these caps. We recommend that reimbursement of expenses be reduced by $853.96.

3

7. We noted that the Firm has charged for the miscellaneous charges listed in Exhibit C. These appear to be or include booking charges which are administrative and not reimbursable. We requested that the Firm review these entries and remove any if they are administrative charges. The Firm agreed to withdraw the agent's fees. Also, we requested and the Firm confirmed that there are no other agent's fees contained in travel charges. We recommend that reimbursement of expenses be reduced by $330.00.

8. Also, we noted that timekeeper Samir Vora's hourly rate changed from $995 in May to $1,120 in June. We requested that the Firm explain why this was appropriate or adjust the fees requested accordingly. The Firm advised us of Mr. Vora's mid-year promotion. We have no recommendation for adjustment to fees for this issue.

9. Our procedures applied to the monthly fee applications for identified entries where charges may have been duplicated. We requested that the Firm review these entries and correct the application if they are found to be duplicates. The Firm provided additional detail and explanation which clarified that these were no duplicates. Since no adjustment is required, no exhibit has been included.

10. Activity descriptions shall individually identify all meetings and hearings (conferences and conference by telephone), each participant, the subject(s) of the meeting or hearing (conferences and conference by telephone) and the participant's role. Our procedures applied to the monthly fee applications identified entries with descriptions which did not provide such detail. We requested that the Firm instruct timekeepers to identify all participants to any communications and we requested and the Firm confirmed that the

4

identity of the participants referred to as "all hands", "debtors advisors", "creditor advisors", "local counsel", "financial advisors", "internal", "Hahn Loeser", "Akin team", "environmental working group", "Jones Day", "team", "FRG", "tax team", "Akin", "GLC", "FTI", "A&M", "PJT", "Milbank", "litigation team", "Jones Day", "debtors counsel", "Davis Polk", "other advisors", "OMM", and "Kramer" are as previously advised to us. Also, we requested and the Firm provided the participants for certain entries. Since no adjustment is required, no exhibit has been included.

11. Administrative or general costs incident to the operation of the applicant's office and not particularly attributable to an individual client or case are not reimbursable. We noted entries that seemed to reflect administrative activity that would not be charged to the estate such as review procedures to correct invoice disclosure. We requested and the Firm provided additional description of the activities to support the time and need for these entries. Because there is no recommendation for a reduction in fees for these entries, no exhibit has been included.

12. All motions shall include complete and detailed activity descriptions; each activity description shall include the type of activity; each activity description shall include the subject matter and shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary. Our procedures applied to the monthly fee applications identified entries with descriptions which we consider vague or insufficient or non-substantive. We requested that the Firm to instruct timekeepers to avoid the use of vague activity descriptions such as "work on", "follow up", and "attention to". Also, we requested and the Firm provided the task descriptions

5

associated with these terms as used by timekeepers in the associated monthly fee applications. Because there is no recommendation for a reduction in fees for these entries, no exhibit has been included.

13. Our review and procedures applied to the fee statements and the Fee Applications, including each of the billing and expense entries listed in the exhibits to the fee statements did not disclose any other material issues or questions.

**CONCLUSION**

14. Regarding the application and the fees and expenses discussed in the previous sections, DFR submits its final report for the Fourth Interim Fee Application Request of Milbank LLP for compensation for services rendered and reimbursement of expenses as Counsel to the Official Committee of Unsecured Creditors for the compensation period from April 1, 2019 through July 31, 2019 and we recommend the approval of the fees of $1,048,442.00 and reimbursement of expenses in the amount of $38,788.43 ($40,098.55 minus $1,310.12).

Respectfully submitted,

**DIRECT FEE REVIEW LLC**
**FEE EXAMINER**

By:  _____
W. J. Dryer

1000 N. West Street, Suite 1200
Wilmington, DE 19801
Telephone: 302.287.0955
dfr.wjd@gmail.com

6

# Exhibit A:

| Description | Amount | Name |
|---|---|---|
| LODGING Hotel - Lodging: Expense Date: 06/26/2019, Business Purpose: Attend oral argument 6/26/19, Check In - Check Out: 06/25/2019-06/26/2019 | 363.08 | Renenger,Aaron L. |
| LODGING Hotel - Lodging: Expense Date: 06/26/2019, Business Purpose: Westin Hotel for Parker Milender -- Room Charge and Taxes, Check In - Check Out: 06/25/2019-06/26/2019 | 363.08 | Milender,Parker |

# Exhibit B:

| Date | Description | Amount | Name |
|---|---|---|---|
| 20190411 | ENTERTAINMENT (INCL MEALS) --VENDOR: FLIK International Corp. Catering - FES Meeting | 754.5 | Dunne,Dennis F. |
| 20190411 | ENTERTAINMENT (INCL MEALS) --VENDOR: FLIK International Corp. Catering - FES Meeting | 3097.49 | Dunne,Dennis F. |
| | MEALS - OUT OF TOWN Dinner: Expense Date: 07/29/2019, Business Purpose: Travel to NY for depositions, Merchant: CAVA Union Station/Starbucks/Acela Cafe, Guest(s): Khani, Kavon M. | 71.97 | Khani,Kavon M. |

# Exhibit C:

| Description | Amount | Name |
|---|---|---|
| OTHER APPROVED EXPENSES Travel Agency Fee: Expense Date: 04/01/2019, Business Purpose: Cleveland Trip - Ultramar Agency Fee Agency: Ultramar | 30 | Porat,Daniel |
| OTHER APPROVED EXPENSES Travel Agency Fee: Expense Date: 04/01/2019, Business Purpose: Ultramar Travel Agency Service Fee Agency: Ultramar | 30 | Fleck,Evan R. |
| OTHER APPROVED EXPENSES Travel Agency Fee: Expense Date: 04/03/2019, Business Purpose: Ultramar Travel Agency Fee for cancelled trip to Cleveland, Ohio on April 4, 2019 (same day travel) re FES. Agency: Ultramar | 30 | Fleck,Evan R. |

| | | |
|---|---|---|
| OTHER APPROVED EXPENSES Travel Agency Fee: Expense Date: 05/05/2019, Business Purpose: Ultramar Agency Fee for Flight to Ohio on May 5, 2019- FES Meeting Agency: Ultramar | 30 | Milender,Parker |
| OTHER APPROVED EXPENSES Travel Agency Fee: Expense Date: 05/19/2019, Business Purpose: Travel Agency Fee for Flight to Ohio Agency: Ultramar | 30 | Milender,Parker |
| OTHER APPROVED EXPENSES Travel Agency Fee: Expense Date: 05/19/2019, Business Purpose: Ultramar Travel Agency Fee Agency: Ultramar | 30 | Fleck,Evan R. |
| OTHER APPROVED EXPENSES Travel Agency Fee: Expense Date: 06/12/2019, Business Purpose: Attending meeting with client in Ohio Agency: Ultramar | 30 | Ahrens,Matthew |
| OTHER APPROVED EXPENSES Travel Agency Fee: Expense Date: 06/12/2019, Business Purpose: settlement meeting with state and federal governments; ULTRAMAR FEE Agency: Ultramar | 30 | Milender,Parker |
| OTHER APPROVED EXPENSES Travel Agency Fee: Expense Date: 06/25/2019, Business Purpose: Ultramar Travel Agency Fee for Parker Milender Agency: Ultramar | 30 | Milender,Parker |
| RAIL Train: Expense Date: 07/29/2019, Business Purpose: Travel to NY for depositions (RT train fare **and agent's fee**), Class of Service: Business, Merchant: Amtrak | 467 | Khani,Kavon M. |
| AIR TRAVEL Airfare: Expense Date: 07/29/2019, Business Purpose: Travel to NY for expert depositions (RT airfare, **plus agent's fee**), Itinerary: DCA-LGA-DCA, International Flight: N, 5 hours: N, Airline: American, Class of Service: Economy/Coach | 696.61 | Dexter,Erin E. |