UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 ) |
| FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] | ) Case No. 18-50757 ) (Jointly Administered) |
| Debtors. | ) ) Hon. Judge Alan M. Koschik ) |

**MOTION OF DEBTORS TO APPROVE STIPULATION BETWEEN
FIRSTENERGY SOLUTIONS CORP. AND SENECA GENERATION, LLC
REGARDING CLAIMS ASSOCIATED WITH A RENEWABLE
ENERGY CREDITS PURCHASE AND SALE AGREEMENT**

FirstEnergy Solutions Corp. ("FES") and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), by and through their undersigned counsel, hereby move for an order approving a stipulation (the "Stipulation")[2] between FES and Seneca Generation, LLC ("Seneca" and together with FES, the "Parties"). The proposed Stipulation is attached hereto as **Exhibit A**. In support of the Motion, the Debtors respectfully state as follows:

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the Northern District of Ohio (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage L.L.C. (6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, Ohio 44320.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Stipulation.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

4. On March 31, 2018 (the "Petition Date"), the Debtors filed voluntary petitions with the Court for relief under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases (the "Chapter 11 Cases") are being jointly administered for procedural purposes only.

5. The Debtors continue to operate their businesses and manage their property as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On April 11, 2018, the United States Trustee for the Northern District of Ohio (the "US Trustee") appointed an official committee of unsecured creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases.

6. On February 12, 2014, Seneca, as seller, and FES, as buyer, entered into an agreement for the purchase and sale of renewable energy credits (the "Seneca Agreement").

7. On April 16, 2018, the Debtors filed an omnibus rejection motion [Docket No. 314] (the "Rejection Motion") seeking authority to reject certain executory contracts and unexpired leases, including the Seneca Agreement. On May 9, 2018, the Court entered an order [Docket No. 501] (the "Rejection Order") granting the Rejection Motion and approving the rejection of the executory contracts and unexpired leases, including the Seneca Agreement.

8. On September 24, 2018, Seneca filed proof of claim no. 757 against FES in the amount of $935,224.00 as a claim regarding the Seneca Agreement (the "Claim").

9. The Parties have engaged in arm's length negotiations regarding the Claim amount, which included consideration as to the amount of rejection damages relating to the Seneca Agreement, and have reached agreement upon an allowed Claim amount of $600,000.00.

10. The Parties have agreed to enter into the Stipulation which allows Claim No. 757 as a general unsecured claim against FES in the amount of $600,000.00.

### Terms of the Stipulation[3]

11. The material terms of the Stipulation, among other things, provide that:

   a. Claim No. 757 shall be allowed as a general unsecured claim against FES in the amount of $600,000.00.

### Relief Requested

12. By this Motion, the Debtors seek entry of an order approving the Stipulation and authorizing the Parties to take all actions necessary to effectuate the Stipulation without the need of further order by this Court.

### Basis for Relief

13. Bankruptcy Rule 9019(a) provides, in part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Indeed, "compromises are favored in bankruptcy" because they minimize the costs of litigation and further the parties' interest in expediting administration of a bankruptcy estate. *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996), citing COLLIER ON BANKRUPTCY ¶ 9019.03[1] (16th ed. 2011); *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1995); *John S. Marandas, P.C. v. Bishpoh (In re Sassalos)*, 160 B.R. 646, 653 (D. Or. 1993).

---

[3] This summary of the terms of the Stipulation have been included for the convenience of the parties receiving this Motion. This summary in no way alters, changes or amends the actual terms set forth in the Stipulation. In the event that there are any inconsistencies between this summary and the actual terms of the Stipulation, the language set forth in the Stipulation controls.

14. Courts will approve a compromise or settlement if it is fair and equitable and in the best interests of the estate and its creditors. *Treinish v. Topco Assocs., Inc. (In re AWF Liquidation Corp.)*, 208 B.R. 399, 400 (Bankr. N.D. Ohio 1997); *McGraw v. Yelverton (In re Bell & Beckwith)*, 87 B.R. 476, 478 (N.D. Ohio 1988); *In re Mobile Air Drilling Co.*, 53 B.R. 605, 607 (Bankr. N.D. Ohio 1985). In making this determination, the Court must consider such factors as:

   a. whether the settlement is fair and equitable;

   b. the probability of success in litigation, compared to the present and future benefits offered by the proposed settlement;

   c. the prospect of complex litigation, as well as the expense, inconvenience and delay necessarily attendant to the litigation if the settlement is not approved;

   d. the extent to which the settlement is the product of arm's length bargaining; and

   e. whether the settlement falls below the lowest point in the range of reasonableness.

*See In re Bell & Beckwith*, 87 B.R. at 478-79 (internal citations omitted); *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 493, 497 (Bankr. S.D.N.Y. 1991). In reviewing a proposed settlement, the court's responsibility is "to canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *Bell & Beckwith*, 87 B.R. at 479; *see also Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 609 (2d Cir. 1983); *In re Purified Down Prods. Corp.*, 150 B.R. 519, 522 (Bankr. S.D.N.Y. 1993).

15. The Stipulation satisfies the standards discussed above and is in the best interests of the Debtors, their estates, and all stakeholders. After negotiations, the Parties reached the settlement embodied in the Stipulation. The settlement is fair and equitable and reasonable in light of the facts and circumstances surrounding the Seneca Agreement and potential claims arising therefrom. The Stipulation resolves any uncertainty as to the amount of the unsecured

claim associated with the Seneca Agreement, settles the amount of all claims, including rejection damages, of Seneca against FES, and avoids potential litigation over such claims. The Stipulation was the product of arm's-length bargaining between the Parties and represents a compromise well within the range of reasonableness, and it will allow the Debtors and their professionals to continue to focus their efforts on the restructuring process and maximizing value for all stakeholders.

## **Reservation of Rights**

16. Except as set forth in the Stipulation, nothing contained in this Motion or in the Stipulation or any actions taken by the Debtors pursuant to the relief granted in the Order is intended or should be construed as (i) an admission as to the validity or amount of any particular claim against a Debtor entity; (ii) a waiver of the Debtors' rights to dispute any particular claims on any grounds; (iii) a promise or requirement to pay any particular claims; or (iv) a waiver or limitation on the Debtors' rights under the Bankruptcy Code or any other applicable law.

## **Notice**

17. Notice of this Motion has been served on the following parties and/or their counsel, if known, via facsimile, regular U.S. Mail, e-mail, and/or hand delivery: (i) those parties listed on the General Service List (as defined in the *Amended Order Pursuant to Sections 102 and 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, 6007, 7016, 9013 and 9014 and Local Bankruptcy Rules Establishing: (I) Omnibus Hearing dates; and (II) Certain Case Management Procedures* [Docket No. 280]) and (ii) Seneca Generation, LLC. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

18. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached hereto as **Exhibit B**, and (ii) grant such other and further relief as the Court may deem proper.

Dated: December 2, 2019    Respectfully submitted,

/s/ Bridget A. Franklin
**BROUSE MCDOWELL LPA**
Marc B. Merklin (0018195)
Bridget A. Franklin (0083987)
Anastasia J. Wade (0082797)
388 South Main Street, Suite 500
Akron, OH 44311-4407
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
bfranklin@brouse.com
awade@brouse.com

  - and -

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira Dizengoff (admitted *pro hac vice*)
Lisa G. Beckerman (admitted *pro hac vice*)
Brad Kahn (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
lbeckerman@akingump.com
bkahn@akingump.com

  - and -

Scott Alberino (admitted *pro hac vice*)
Kate Doorley (admitted *pro hac vice*)
2001 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
salberino@akingump.com
kdoorley@akingump.com

*Counsel for Debtors and Debtors in Possession*

7