**This document was signed electronically on December 24, 2019, which may be different from its entry on the record.**

**IT IS SO ORDERED.**

**Dated: December 24, 2019**



**ALAN M. KOSCHIK
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>FIRSTENERGY SOLUTIONS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-50757<br>(Jointly Administered)<br><br>Hon. Judge Alan M. Koschik |

**ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 7023 (A) PRELIMINARILY APPROVING PROPOSED SETTLEMENT; (B) CERTIFYING SETTLEMENT CLASS FOR SETTLEMENT PURPOSES ONLY, (C) APPOINTING CLASS REPRESENTATIVE AND CLASS COUNSEL; (D) APPROVING THE FORM AND MANNER OF NOTICE TO SETTLEMENT CLASS MEMBERS; AND (E) SCHEDULING A FAIRNESS HEARING TO CONSIDER FINAL APPROVAL OF THE SETTLEMENT**

Upon consideration of the *Motion of Schwebel Baking Company Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 7023 to (A) Preliminarily Approve Settlement (B)*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage L.L.C. (6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

1

*Preliminarily Certify Proposed Settlement Class; (C) Appoint Schwebel Baking As Class Representative And Its Counsel As Class Counsel; (D) Approve Form And Manner Of Notice; (E) Schedule Fairness Hearing and (F) Grant Related Relief* [Dkt. No.3401] (the "Preliminary 7023 Approval Motion")[2], and the Court having considered the Preliminary 7023 Approval Motion and any objections or oppositions thereto; and this Court having found that proper and sufficient notice of the Preliminary 7023 Approval Motion has been given; and the Court having determined, based on the range of possible outcomes and the cost, delay, and uncertainty associated with further litigation, that the proposed Settlement appears to be sufficiently fair, reasonable and adequate to the members of the proposed Settlement Class (as well as administratively cost-effective and consistent with the interests of the Debtors' estates) such as to warrant preliminary approval and the granting of the requested relief; and the Court having determined that the legal and factual bases set forth in the Preliminary 7023 Approval Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The Court reaffirms it prior Order. ECF Doc. 1451, directing the application of Bankruptcy Rule 7023 to these Bankruptcy Proceedings with respect to class certification matters relating to resolution of the Class Proof of Claim filed by Schwebel (claim no. 934), including with respect the proposed Settlement.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement attached as an exhibit to the Preliminary 7023 Approval Motion and thereto.

3. The Settlement, as set forth in the Settlement Agreement, is preliminarily approved pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 7023 (and Fed. R. Civ. P. 23 as applicable under Rule 7023), subject to final approval at the Fairness Hearing.

4. The Settlement Class is certified pursuant to Federal Rule of Civil Procedure 23, as applicable through Bankruptcy Rule 7023, and is comprised of all current or former Large and Mid-Sized Commercial or Industrial Business Customers of FES (as reflected in Debtors' books and records) that (a) had one or more accounts with FES that were invoiced, by or on behalf of FES, for Polar Vortex Surcharges in 2014; and (b) paid all or a portion of such Polar Vortex Surcharges, excluding any such customer that has settled or released any claims against the Debtors relating to its payment of all or any portion of its Polar Vortex Surcharges; provided, however, that such Settlement Class shall be certified for settlement purposes only.

5. Schwebel is appointed Class Representative for the Settlement Class.

6. Scott+Scott Attorneys at Law LLP ("Scott+Scott") and Meyers, Roman, Friedberg & Lewis ("Meyers Roman") are appointed Class Counsel for the Settlement Class pursuant to Federal Rule of Civil Procedure 23(c)(1)(B).

7. For purposes of voting on Debtors' Plan (as may be amended or modified from time to time), pursuant to Bankruptcy Rule 3018(a), Claim No. 934 (the Class Proof of Claim) shall be temporarily allowed (to the extent it has not already been allowed) in the amount of $12,000,000.00.

8. The forms of Website Notice and Individual Notice, substantially in the form attached to the Settlement Agreement as Exhibits A-1 and A-2 respectively, are hereby approved.

9. Issuance of the Individual Notice to the Settlement Class Members, as identified in the Records File provided to the Claim Administrator by the Debtors, by first class mail, postage prepaid, at their last known address is reasonable and the best notice practicable under the circumstances and constitutes due and sufficient notice to all potential Settlement Class Members in compliance with the notice requirements of Federal Rule of Civil Procedure 23 and due process.

10. The Court hereby appoints Heffler Claims Group as the Claims Administrator. The Claims Administrator shall have the responsibilities given to it under the Settlement Agreement, and shall, as set forth herein and in the Settlement Agreement, (a) cause the Individual Notices to be prepared and mailed to Settlement Class Members and (b) cause the Website Notice to be published on a dedicated settlement website (the "Settlement Website").

11. Because the effectiveness of the proposed Settlement (i.e., the occurrence of the "Settlement Effective Date") is conditional upon Debtors' proposed Plan becoming effective, the Court finds that it is cost-effective and otherwise fair, reasonable and appropriate to delay the issuance and mailing of the Individual Notice until after the Debtors' Plan has become effective.

12. Subject to ¶18 below, however, the Claims Administrator shall (a) complete the mailing of the Individual Notice to Settlement Class Members and (b) cause the Website Notice to be published on the Settlement Website) as soon as practicable after the Plan Effective Date (*i.e.,* the date the Debtors' Plan becomes effective), and in no event less than sixty (60) days before the date (or any revised date) of the Fairness Hearing scheduled under ¶18.

13. The reasonable expenses of preparing, printing and mailing the Individual Notice to Settlement Class Members and of establishing the Settlement Website, as required by this Order, and of all other fees, costs or expenses relating to the noticing or administration of the

Settlement, shall be payable as provided in the Settlement Agreement, subject to review and approval by the Court.

14. Each Settlement Class Member shall be bound by the terms of the Settlement Agreement and the proposed Final Approval Order, unless it requests exclusion from the Settlement Class in a timely and proper manner, as provided herein. In order to be considered a valid exclusion request, one or more duly authorized representatives of a Settlement Class Member must mail a written request to be excluded from the Settlement and the Class that it is *received* at least thirty (30) calendar days before the Fairness Hearing (the "Opt-Out Deadline"), and that otherwise complies with the requirements of this paragraph. Any requests for exclusion must be sent either (a) by first class mail, in which case they must be postmarked at least five business days before the Opt-Out Deadline, or (b) by Priority Express Mail or by a reliable delivery service (such as Federal Express, UPS or DHL) for delivery on or before the Opt-Out Deadline, and addressed to the Claims Administrator at the following address:

> *In re FirstEnergy Solutions Corp. Bankruptcy*
> c/o Heffler Claims Group
> P.O. Box 58234
> Philadelphia, PA  19102-8234

Any such request must also (1) be signed, (2) include the printed name, business title or position, address and business telephone number of the person(s) executing the opt-out request on behalf of the Settlement Class Member, (3) clearly manifest an intent to exclude the Settlement Class Member from the Settlement Class; and (4) include a statement that the person(s) executing the request is authorized to do so on behalf of the Settlement Class Member, and attach a separate document (such as a corporate resolution or power of attorney) if the person(s) executing the request is not an officer or other duly-authorized employee of a Settlement Class Member that is a corporate entity. Requests for exclusion must be individually made on behalf of each

5

18-50757-amk    Doc 3546    FILED 12/24/19    ENTERED 12/26/19 09:20:36    Page 5 of 9

Settlement Class Member who seeks exclusion. Any class, mass, or collective requests for exclusion will be invalid. The Claims Administrator shall promptly furnish to counsel for Debtors and Class Counsel copies of any exclusion requests that come into its possession. Within 20 days after the Opt-Out Deadline, any Party to the Settlement Agreement may file a motion with the Court challenging the validity of any particular request for exclusion. At the Fairness Hearing, Class Counsel shall identify for the Court any person(s) that may have sought to opt-out of the Class.

15. A Settlement Class Member may object to the fairness, reasonableness, or adequacy of the Settlement or the Plan of Allocation, or to the fairness and reasonableness of any proposed award of attorneys' fees and expenses (including any service award to the Settlement Class Claimant). The Court will consider objections only if such objections and any supporting papers are filed in writing with the Clerk of Court, United States Bankruptcy Court for the Northern District of Ohio, John F. Seiberling Federal Building, 2 South Main Street, Akron, Ohio 44308. Copies of objections and all supporting papers must be both (i) *received* by the Clerk of the Court at least 20 days prior to the date of the Fairness Hearing, and (ii) served (by certified or registered mail, return receipt requested, or by a reliable delivery service for overnight or two-day delivery) at least 20 days prior to the date of the Fairness Hearing upon each of the following:

| William C. Fredericks | Seamus C. Duffy |
| --- | --- |
| **SCOTT+SCOTT, ATTORNEYS AT LAW LLP** | **AKIN GUMP STRAUSS HAUER & FELD LLP** |
| The Helmsley Building | Two Commerce Square |
| 230 Park Ave., 17th Floor | 2001 Market St. #4100 |
| New York, NY 10169 | Philadelphia, P.A. 19103 |
| Tel: (212) 223-6444 | Telephone: (215) 965-1200 |
| Fax: (212) 223-6334 | Facsimile: (212) 965-1210 |
| (on behalf of the Settlement Class) | (on behalf of the Debtors) |

In its objection, any Settlement Class Member who objects must (a) state all supporting bases and reasons for the objection; (b) provide a statement or attach documentary evidence confirming that the person submitting the objection has been authorized to do so on behalf of the Settlement Class Member; (c) clearly identify any and all witnesses, documents and any other evidence of any kind that it may seek to proffer at the Fairness Hearing in connection with its objection; and (d) provide a summary description of the substance of any testimony that it may wish to offer itself or through any supporting witnesses in support of its objection. Any Settlement Class Member who does not object in the manner prescribed herein (and as further described in the Settlement Class Notice) shall be deemed to have waived such objection and shall be foreclosed from making any objection to (A) the fairness, adequacy or reasonableness of the Settlement, the Plan of Allocation, or any Final Approval Order that may be entered that approves the Settlement and allows the Class Proof of Claim, and to any proposed award of attorneys' fees and expenses.

16. Any objector who files and serves a timely objection in accordance with the immediately preceding paragraph may also request permission to appear at the Fairness Hearing, either in person or through counsel retained at the objector's expense. Objectors or their counsel intending to appear at the Fairness Hearing must follow the procedures as prescribed in the

Settlement Class Notice and in the immediately preceding paragraph 15. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph and the procedures set forth in the Notice shall not be permitted to appear at the Fairness Hearing, except for good cause shown

17. Class Counsel shall file, no later than forty-five (45) days prior to the Fairness Hearing, motions for final approval of the Settlement and the proposed Plan of Allocation, and any Professional Fees and Expenses Application (and any application for a Service Award to the Class Representative), together with any papers in support thereof. Class Counsel shall also cause the Claims Administrator to promptly post such any such filed materials on the Settlement Website.

18. Consistent with the Court's intention to schedule the Fairness Hearing regarding the Settlement on a date that is at least seventy-five (75) days after the Plan Effective date (and to allow time for the Individual Notices to be printed and mailed to Settlement Class Members at least sixty (60) days *before* the Fairness Hearing), the Fairness Hearing is hereby scheduled to be held on **May 21, 2020, at 10:00 a.m., prevailing Eastern Time**, at the United States Bankruptcy Court, Northern District of Ohio, Eastern Division, located in the John F. Seiberling Federal Building, 2 South Main Street, Akron, Ohio 44308. However, should the Plan Effective Date ultimately occur on a date that is less than 75 days before the date set for the Fairness Hearing in the preceding sentence, or for other good cause at any time prior to actual issuance of the Notice, counsel for the Parties shall promptly ask the Court to set a new date and time for the Fairness Hearing that is at least 75 days after the Plan Effective Date (in which case, absent contrary Order of the Court, the deadline for the Claims Administrator to issue the Notice under

¶12 shall be reset to the first business day falling fifteen (15) days after entry of the Order setting a new date and time for the Fairness Hearing.

19. The Fairness Hearing may also be rescheduled or continued from time to time by the Court even after issuance of the Notice, without further notice to the Parties or to any Settlement Class Members beyond (a) the Court's entry of an order rescheduling or continuing the Fairness Hearing, or (b) the posting of appropriate Notice of such order and the rescheduled Fairness Hearing date on the Settlement Website.

20. The Court shall retain jurisdiction over all matters arising pursuant to or related to the relief granted by this Order.

###

**Prepared by:**

/s/ William C. Fredericks_____
William C. Fredericks (admitted pro hac vice)
Scott Jacobsen (admitted pro hac vice)
**SCOTT+SCOTT, ATTORNEYS AT LAW, LLP**
The Helmsley Building
230 Park Ave., 17th Floor
New York, NY 10169
Tel: (212) 223-6444
Fax: (212) 223-6334

/s/ David Neumann_____
Richard Bain (0016525)
David Neumann (0068747)
**MEYERS, ROMAN, FRIEDBERG & LEWIS**
28601 Chagrin Blvd, Suite 500
Cleveland, OH 44122
Tel: (216) 831-0042
Fax: (216) 831-0542
rbain@meyersroman.com
dneumann@meyersroman.com

*Counsel for Class Claimant Schwebel Baking Co.*