UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


FILED
2020 JAN 22 PM 12:32

In re:   Chapter 11

FIRSTENERGY SOLUTIONS CORP., et al.

Case No 18-50757

Jointly Administered

Hon. Alan M. Koschik

<u>Declaration of Jeff Barge of Jan. 15, 2020 Regarding Improper Billing and Duties of the Trustee</u>

I, Jeff Barge, state as true under penalty of perjury the following facts:

1. Attached as Exhibit A is a true copy of an email I sent to Bankruptcy Trustee Tiiara Patton about a billing discrepancy.

2. I have received no response to this email or to others sent previously.

3. Attached as Exhibit B is a true copy of 11 U.S. Code § 704 outlining the duties of the trustee.

*Jeff Barge* (signature)

Jeff Barge
1435 W. 117th St.
Cleveland, Ohio 44107
(773) 485 3884
Jeff.barge@yahoo.com

Exhibit A

## did you know?

From: Jeff Barge (jeff.barge@yahoo.com)

To: tiiara.patton@usdoj.gov

Date: Tuesday, January 14, 2020, 7:44 PM EST

Did you know that the law firm of Milbank Tweed is charging over $1,000 an hour for the time of the people who prepared their invoice in re: FirstEnergy Solutions?

sincerely,

Jeff Barge

Exhibit B

LII > U.S. Code > Title 11. BANKRUPTCY > Chapter 7. LIQUIDATION > Subchapter I. OFFICERS AND ADMINISTRATION > **Section 704. Duties of trustee**

# 11 U.S. Code § 704. Duties of trustee

U.S. Code      Notes

(a) The trustee shall—

(1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest;

(2) be accountable for all property received;

(3) ensure that the debtor shall perform his intention as specified in section 521(a)(2)(B) of this title;

(4) investigate the financial affairs of the debtor;

(5) if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper;

(6) if advisable, oppose the discharge of the debtor;

(7) unless the court orders otherwise, furnish such information concerning the estate and the estate's administration as is requested by a party in interest;

(8) if the business of the debtor is authorized to be operated, file with the court, with the United States trustee, and with any governmental unit charged with responsibility for collection or determination of any tax arising out of such operation, periodic reports and summaries of the operation of such business, including a statement of receipts and disbursements, and such other information as the United States trustee

or the court requires;

**(9)** make a final report and file a final account of the administration of the estate with the court and with the United States trustee;

**(10)** if with respect to the debtor there is a claim for a domestic support obligation, provide the applicable notice specified in subsection (c);

**(11)** if, at the time of the commencement of the case, the debtor (or any entity designated by the debtor) served as the administrator (as defined in section 3 of the Employee Retirement Income Security Act of 1974) of an employee benefit plan, continue to perform the obligations required of the administrator; and

**(12)** use all reasonable and best efforts to transfer patients from a health care business that is in the process of being closed to an appropriate health care business that—

> **(A)** is in the vicinity of the health care business that is closing;
>
> **(B)** provides the patient with services that are substantially similar to those provided by the health care business that is in the process of being closed; and
>
> **(C)** maintains a reasonable quality of care.

**(b)**

**(1)** With respect to a debtor who is an individual in a case under this chapter—

> **(A)** the United States trustee (or the bankruptcy administrator, if any) shall review all materials filed by the debtor and, not later than 10 days after the date of the first meeting of creditors, file with the court a statement as to whether the debtor's case would be presumed to be an abuse under section 707(b); and
>
> **(B)** not later than 7 days after receiving a statement under subparagraph (A), the court shall provide a copy of the statement to all creditors.

**(2)** The United States trustee (or bankruptcy administrator, if any) shall, not later than 30 days after the date of filing a statement under paragraph (1), either file a motion to dismiss or convert under section 707(b) or file a statement setting forth the reasons the United States

trustee (or the bankruptcy administrator, if any) does not consider such a motion to be appropriate, if the United States trustee (or the bankruptcy administrator, if any) determines that the debtor's case should be presumed to be an abuse under section 707(b) and the product of the debtor's current monthly income, multiplied by 12 is not less than—

**(A)** in the case of a debtor in a household of 1 person, the median family income of the applicable State for 1 earner; or

**(B)** in the case of a debtor in a household of 2 or more individuals, the highest median family income of the applicable State for a family of the same number or fewer individuals.

**(c)**

**(1)** In a case described in subsection (a)(10) to which subsection (a)(10) applies, the trustee shall—

**(A)**

**(i)** provide written notice to the holder of the claim described in subsection (a)(10) of such claim and of the right of such holder to use the services of the State child support enforcement agency established under sections 464 and 466 of the Social Security Act for the State in which such holder resides, for assistance in collecting child support during and after the case under this title;

**(ii)** include in the notice provided under clause (i) the address and telephone number of such State child support enforcement agency; and

**(iii)** include in the notice provided under clause (i) an explanation of the rights of such holder to payment of such claim under this chapter;

**(B)**

**(i)** provide written notice to such State child support enforcement agency of such claim; and

**(ii)** include in the notice provided under clause (i) the name, address, and telephone number of such holder; and

**(C)** at such time as the debtor is granted a discharge under section

727, provide written notice to such holder and to such State child support enforcement agency of—

 (i) the granting of the discharge;

 (ii) the last recent known address of the debtor;

 (iii) the last recent known name and address of the debtor's employer; and

 (iv) the name of each creditor that holds a claim that—

  (I) is not discharged under paragraph (2), (4), or (14A) of section 523(a); or

  (II) was reaffirmed by the debtor under section 524(c).

(2)

 (A) The holder of a claim described in subsection (a)(10) or the State child support enforcement agency of the State in which such holder resides may request from a creditor described in paragraph (1)(C)(iv) the last known address of the debtor.

 (B) Notwithstanding any other provision of law, a creditor that makes a disclosure of a last known address of a debtor in connection with a request made under subparagraph (A) shall not be liable by reason of making such disclosure.

(Pub. L. 95–598, Nov. 6, 1978, 92 Stat. 2605; Pub. L. 98–353, title III, §§ 311(a), 474, July 10, 1984, 98 Stat. 355, 381; Pub. L. 99–554, title II, § 217, Oct. 27, 1986, 100 Stat. 3100; Pub. L. 109–8, title I, § 102(c), title II, § 219(a), title IV, § 446(b), title XI, § 1105(a), Apr. 20, 2005, 119 Stat. 32, 55, 118, 192; Pub. L. 111–16, § 2(7), May 7, 2009, 123 Stat. 1607; Pub. L. 111–327, § 2(a)(24), Dec. 22, 2010, 124 Stat. 3560.)

U.S. Code Toolbox

18-50757-amk   Doc 3629   FILED 01/22/20   ENTERED 01/22/20 13:32:21   Page 8 of 8