# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: November 02, 2020

Mr. David Alan Beck
Carpenter, Lipps & Leland
280 N. High Street, Suite 1300
Columbus, OH 43215

Mr. Brian Carney
Mr. David M. Zensky
Akin, Gump, Strauss, Hauer & Feld
One Bryant Park, 44th Floor
New York, NY 10036

Mr. Z.W. Julius Chen
Mr. Pratik A. Shah
Akin Gump
2001 K Street, N.W.
Washington, DC 20036

Ms. Lisa S. DelGrosso
Mr. John C. Fairweather
Brouse McDowell
388 S. Main Street, Suite 500
Akron, OH 44311

Ms. Margrethe K. Kearney
Environmental Law & Policy Center
1514 Wealthy Street, Suite 256
Grand Rapids, MI 49506

Mr. Howard Alan Learner
Environmental Law & Policy Center
35 E. Wacker Drive, Suite 1300
Chicago, IL 60601-2110

Re: Case No. 20-3322, *In re: FirstEnergy Solutions Corp., et al*
Originating Case No. : 5:18-bk-50757

Dear Counsel,

The Court issued the enclosed opinion today in this case.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc: Ms. Sandy Opacich

Enclosure

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0620n.06

Case No. 20-3322

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| *In re* FIRSTENERGY SOLUTIONS CORP., <br><br> *Debtor.* <br> _____ <br><br> ENVIRONMENTAL LAW & POLICY CENTER, *et al.*, <br><br> *Appellants*, <br><br> v. <br><br> FIRSTENERGY SOLUTIONS CORP., <br><br> *Appellee*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **FILED** <br> Nov 02, 2020 <br> DEBORAH S. HUNT, Clerk <br><br><br> ON APPEAL FROM THE <br> UNITED STATES BANKRUPTCY <br> COURT FOR THE NORTHERN <br> DISTRICT OF OHIO |

**Before:** BATCHELDER, GRIFFIN, and DONALD, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** This is an appeal from a final bankruptcy court ruling issued in the Chapter 11 reorganization proceedings for debtors FirstEnergy Solutions Corp. and two of its subsidiaries (collectively "FES"). The appellants are the Environmental Law & Policy Center, Environmental Defense Fund, Ohio Citizen Action, and Ohio Environmental Council (collectively, the "Citizen Organizations"). Because these Citizen Organizations do not have standing to appeal, we must DISMISS this appeal for lack of jurisdiction.

During the confirmation hearing about FES's final reorganization plan, FES presented an expert witness to justify its estimated costs for decommissioning its nuclear power plants. The Citizen Organizations—contending that the estimates were inadequate—cross-examined FES's expert witness and sought to present its own expert witness. FES moved the bankruptcy court to

Case No. 20-3322, *In re FirstEnergy Solutions, Corp.*

exclude that witness for two reasons, the first being that the Citizen Organizations did not have standing (under Article III or 11 U.S.C. § 1109(b)) because they suffered no articulable, concrete, personalized injury.  The Citizen Organizations responded by emphasizing their right to advocate about nuclear decommissioning before the Nuclear Regulatory Commission (NRC).  But when pressed, the Citizen Organizations admitted that they were "not alleging that there is a provision in the plan that shuts down what we're doing in front of the NRC."  Rather, their "objection to the plan"—ergo, their putative injury—was (their contention) that FES had not set aside enough money to pay for the "non-radiological decommissioning costs"; i.e., that "decommissioning trust funding obligations [had not been] met."  Ultimately, the bankruptcy court held that the Citizen Organizations did not have standing to challenge the feasibility of the plan, so it overruled their objection to plan confirmation and excluded their proposed witness, explaining:

> I'm going to grant the motion to exclude [the Citizen Organization's proposed expert witness], and I will overrule the objection to the confirmation that was filed by the [Citizen Organizations]. . . . I'm going to conclude that the [Citizen Organizations] do[] not have standing to address feasibility.
>
> This does not mean that they don't have standing to appear in this case, or that they don't have rights under 1109(b) generally, but specifically as to whether or not [FES]'s plan will permit [FES] to avoid falling into a liquidation or the need for further financial reorganization under 1129(a)(11), is not a matter for which [the Citizen Organizations] claim[] an injury in fact.

The Citizen Organizations appealed here.

"Parties that file appeals from bankruptcy courts" "must satisfy Article III standing when entering Article III courts."  *In re Capital Contracting Co.*, 924 F.3d 890, 897 (6th Cir. 2019).  "This requires the litigant to prove that he has suffered a concrete and particularized injury[,] fairly traceable to the challenged conduct, and [] likely to be redressed by a favorable judicial decision."  *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013) (citation omitted).  "To have standing, a litigant must seek relief for an injury that affects him in a personal and individual way. He must possess a

2

direct stake in the outcome of the case." *Id.* at 705 (quotation marks and citations omitted). "A litigant raising only a generally available grievance" by "claiming only harm to his and every citizen's interest . . . and seeking relief that no more directly and tangibly benefits him than it does the public at large[,] does not" satisfy Article III standing. *Id.* at 706 (quotation marks and citations omitted). "Article III standing is not to be placed in the hands of 'concerned bystanders,' who will use it simply as a vehicle for the vindication of value interests." *Id.* at 707 (citation omitted).

To cut to the chase, let's assume the Citizen Organizations' claims are correct that significant non-radiological decommissioning activities will be necessary at FES's closed nuclear facilities at some point in the future and that FES did not set aside enough money to pay for those activities. The threshold question for this Article III standing analysis is whether the Citizen Organizations have "a direct stake" in any aspect of those claims so as to cause a "concrete and particularized injury" that "affects [them] in a personal and individual way." *See id.* at 705. Or, turning that question around, whether the Citizen Organizations are claiming only a generalized harm to every citizen's interest that affects them no more directly or tangibly than it does the public at large. *See id.* at 706. It is certainly possible, and reasonable to assume, that there are or could be parties with "a direct stake" in the non-radiological, post-closure condition of FES's nuclear facilities, including neighbors, downstream water recipients, governing municipalities, and state and federal agencies. Such parties might be able to state a colorable claim of a personalized injury from FES's failure to fully plan for and fund non-radiological decommissioning activities.

But the Citizen Organizations have not asserted, much less shown, any such "direct stake" or "personalized injury." They have asserted only the general claim of "concerned bystanders" who would use this litigation "simply as a vehicle for the vindication of value interests." *See id.* at 707. In their briefing here, the Citizen Organizations repeat almost two dozen times the conclusory claim that they have a "legally protected interest" or a "stake" in the proper

Case No. 20-3322, *In re FirstEnergy Solutions, Corp.*

decommissioning of FES's facilities, but they never articulate how that interest or stake is anything but general. This is the best they offer:

> There are serious risks to public health, safety, and welfare if nuclear decommissioning and environmental remediation are not conducted in a full and timely manner, and blatant unfairness if those costs are shifted from corporate responsibility onto taxpayers.

Appellant Br. at 1. Later, upon acknowledging that they have no pecuniary interest, they argue:

> [P]arty-in-interest status does not demand an actual pecuniary interest in the case. Instead, a party in interest may be anyone who has a practical stake in the outcome of a case, and those who will be impacted in any significant way in the case.
>
> The Citizen[] Organizations have this 'practical stake' because of their interest in helping enforce environmental and decommissioning requirements.

Appellant Br. at 34 (quotation marks and citations omitted).

These are not the types of particularized interests or personalized injuries necessary to establish Article III standing. These are the generalized interests that the standing doctrine prohibits. Simply put, if the Citizen Organizations were to have standing to appeal based on these claims or interests, then any and every person or entity would have standing, thus rendering the entire concept of standing meaningless.

For the foregoing reasons, we DISMISS this appeal for lack of jurisdiction.[1]

---

[1] Based on this judgment, any and all outstanding motions are denied.

4