This document was signed electronically on November 24, 2020, which may be different from its entry on the record.

IT IS SO ORDERED.

Dated: November 24, 2020



ALAN M. KOSCHIK
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re | ) |
| | ) Case No. 18-50763 (AMK); |
| PLEASANTS CORP., *et al.*,[1] | ) Cases Jointly Administered under |
| | ) Case No. 18-50757 (AMK) |
| Debtors. | ) |
| | ) Chapter 11 |
| | ) |
| | ) Judge Alan M. Koschik |

## ORDER DIRECTING CERTAIN OF THE DEBTORS' PROFESSIONALS TO MAKE SWORN STATEMENTS IN SUPPORT OF THE SIXTH INTERIM AND FINAL APPLICATION OF AKIN GUMP STRAUSS HAUER & FELD LLP

On July 21, 2020, the Court held a hearing (the "Hearing") on the final applications for compensation and expense reimbursement (the "Final Fee Applications") for professionals employed by the debtors-in-possession and the official committee of unsecured creditors in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Energy Harbor Generation LLC (0561), case no. 18-50762; Pleasants Corp. (5914), case no. 18-50763; Energy Harbor Nuclear Generation LLC (6394), case no. 18-50760; Energy Harbor Nuclear Corp. (1483), case no. 18-50761; and Energy Harbor LLC (0186), case no. 18-50757.

jointly-administered bankruptcy cases of the above-captioned debtors and debtors-in-possession, as well as in the cases of certain other debtors whose bankruptcy cases were previously jointly-administered with the above-captioned case before their cases were closed (collectively, the "Debtors").

On the morning of July 21, 2020, minutes before the Hearing began, the Court became aware through published news reports that the United States Government (the "United States") had arrested and filed a criminal complaint against the Speaker of the Ohio House of Representatives, Larry Householder, along with certain other associated individuals (the "Criminal Defendants").

The criminal complaint against Householder describes the alleged activities of, *inter alia*, an entity known as Company A-1, which may be one of the Debtors in these jointly-administered cases, and Company A Service Co, which may be a non-debtor affiliate of the Debtors that handled cash management functions for the Debtors in these cases pursuant to authority granted by this Court early in these cases.

The criminal complaint also describes the alleged activities of Oxley Group LLC. Oxley Group served as an ordinary course professional employed by the Debtors in these cases.

Lead bankruptcy counsel to the Debtors in these cases, Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), is also engaged in lobbying work. Approximately $2.8 million of the compensation sought by that firm related to state government lobbying, including work related to the ultimate passage of Ohio House Bill 6 ("HB 6"). The Court understands that the circumstances surrounding the passage of HB 6 is relevant to the criminal complaint against the Criminal Defendants and possibly other ongoing investigations.

The Court adjourned the Hearing to August 18, 2020. At the adjourned Hearing, the United States did not appear. At the August 18, 2020 Hearing, the Court granted the Final Fee Applications of the creditors' committee's professionals on both an interim and final basis, and also approved the Final Fee Applications of the Debtors' professionals, except for Akin Gump, on an interim basis only.

On September 11, 2020, the Court entered an order stating its intention to presume that the United States did not oppose the relief requested by Akin Gum and the Debtors' other bankruptcy professionals in the Final Fee Applications if the United States did not file a written objection or statement of its position, and did not participate in the adjourned Hearing, then set to continue on November 17, 2020. (Docket No. 4235.)

On November 17, 2020, the Court resumed the Hearing. The United States again did not appear and did not file any objection or statement. The Court therefore presumes that the United States does not oppose the Final Fee Applications.

The Court approved, on a final basis, the Final Fee Applications of each of the Debtors' professionals, except for Akin Gump. (*See* Order at Docket No. 4277, entered November 20, 2020.) The Court approved the Final Fee Application of Akin Gump (the "Akin Gump Application") (Docket No. 3998) on an interim basis only. (*See* Order at Docket No. 4279, entered November 23, 2020.) Notwithstanding the lack of opposition from the United States, the Court remains concerned about the value provided to the Debtors in connection with their state-level lobbying work in Ohio, given the apparently expanding federal investigations, civil and criminal, regarding the passage of HB 6. This work is coded in Akin Gump's invoices and time records, which were included as exhibits to the Akin Gump Application, as task code 0036. This task code includes all state and local government relations efforts and therefore would also

3

include any state or local lobbying work in Pennsylvania or elsewhere over the course of these chapter 11 cases. (Government relations work involving the federal government was separated into a different task code.)

Based on the Court's review of the Debtors' invoices and time records, the Court's questions center on the work of four Akin Gump professionals: Sean G. D'Arcy, Henry A. Terhune, James R. Tucker, and Geoffrey K. Verhoff. These professionals appear to be Akin Gump's "Ohio statehouse team," or at least the leaders of that team, and the "boots on the ground" of the Akin Gump government relations operation in Columbus. They have never appeared in this Court during these chapter 11 cases. Based upon the Court's review of the docket, they have never made written declarations in these cases. However, according to Akin Gump's invoices submitted in support of that firm's applications for compensation, these were the timekeepers involved who interacted with currently-indicted individuals or entities in the service of the Debtors. The nexus apparent in the docket between this Ohio statehouse team and currently-indicted individuals and entities compels the Court to demand that further testimony be introduced into the record, under oath, directly from the Akin Gump professionals involved, to evaluate whether the Akin Gump state and local lobbying efforts are entitled to compensation as "actual, necessary services" and "actual, necessary expenses" pursuant to 11 U.S.C. § 330(a)(1)(A) and (B), entitled to administrative priority pursuant to 11 U.S.C. §§ 503(b)(2) and 507(a)(2).

Based on the foregoing,

**IT IS HEREBY ORDERED THAT**:

1. Sean D'Arcy, Henry A. Terhune, James R. Tucker, and Geoffrey K. Verhoff shall each file, no later than **January 8, 2021**, a verified supplemental declaration in support of the

4

Akin Gump Application, containing a detailed explanation and description of the events, topics, and time and expense entries set forth below and all related legal services provided. Where the Court's inquiry is directed to a specific professional, the Court has identified that timekeeper. The remainder of the inquiries apply to all four individuals.

    a. Describe your role in the 2018 and 2019 contests for the speakership of the Ohio House of Representatives. (All.)

    b. Describe your role in the 2018 general elections for the Ohio legislature. (All.)

    c. Describe nature of your interactions and relationship with Juan Cespedes and the Oxley Group. (All.)

    d. What were the "parent developments" (August 1, 2018) and "past efforts" (September 10, 2018) referenced in Sean D'Arcy's time entries for those dates? (D'Arcy.)

    e. What was the "Columbus rollout" mentioned in Sean D'Arcy's October 8, 2018 time entry? (D'Arcy.)

    f. Describe your role in the Ohio House vote on HB 6 in April 2019. (All.)

    g. Describe your role in the Ohio Senate vote on HB 6 in July 2019. (All.)

    h. To the extent not already answered in response to paragraphs 1f and 1g above, describe your role in the "whip counts" in 2019. (D'Arcy, Tucker.)

    i. What acts were involved in "mobilizing the HB 6 vote" in July 2019? (D'Arcy.)

    j. Did you or any other Akin Gump professional advise the Debtors with respect to the $1,879,457.00 electronic transfer to Generation Now on July 5, 2019, as

disclosed in the Debtors' operating report for July 2019 (Docket No. 3139), or regarding any other transfer to or for the benefit of Generation Now?

    k. Were the Akin Gump Ohio statehouse team members aware of existence of Generation Now at any time before February 27, 2020 (the Effective Date of the Debtor's Plan of Reorganization) and did they advise the Debtors with respect to any interaction with Generation Now during that time period? (All.)

2. To the extent complete answers to any of these questions might implicate the attorney-client privilege, the Reorganized Debtors and/or the Plan Administrator may assert that privilege notwithstanding this Order. However, the Court will consider and evaluate any claims of privilege at the January 19, 2021 omnibus hearing when the Hearing on the Akin Gump Application is scheduled to continue.

# # #