UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 ) |
| PLEASANTS CORP., *et al.*,[1] | ) Case No. 18-50763 (AMK) ) Cases Jointly Administered under ) Case No. 18-50757 (AMK) |
| Debtors. | ) ) Hon. Judge Alan M. Koschik ) |

## SECOND MOTION TO CONTINUE AND HOLD IN ABEYANCE THE FINAL HEARING AND OTHER DEADLINES RELATED TO THE AKIN GUMP STRAUSS HAUER & FELD FINAL FEE APPLICATION

The above-captioned debtors (collectively, the "Reorganized Debtors"), by and through undersigned counsel, respectfully submit this second motion (the "Motion") requesting that the Court continue and hold in abeyance (a) the hearing on the *Sixth Interim and Final Application of Akin Gump Strauss Hauer & Feld LLP, Counsel for the Debtors, for Allowance of Compensation and for Reimbursement of Expenses for Services Rendered During the Period from March 31, 2018 Through February 27, 2020* [Docket No. 3998] (the "Application") and (b) the deadlines set forth in the *Order Directing Certain of the Debtors' Professionals to Make Sworn Statements in Support of the Sixth Interim and Final Application of Akin Gump Strauss Hauer & Feld LLP* (the "Application Order") [Docket No. 4281].

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Energy Harbor Generation LLC (0561), case no. 18-50762; Pleasants Corp. (5914), case no. 18-50763; Energy Harbor Nuclear Generation LLC (6394), case no. 18-50760; Energy Harbor Nuclear Corp. (1483), case no. 18-50761; and Energy Harbor LLC (0186), case no. 18-50757. The Debtors' address is: 168 E. Market Street, Akron, OH 44308.

## JURISDICTION

1. The United States Bankruptcy Court for the Northern District of Ohio (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 102(1) and 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the *Amended Order, Pursuant to Sections 102 and 105(A) of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, 6007, 7016, 9013 and Local Bankruptcy Rules Establishing: (I) Omnibus Hearing Dates; and (II) Certain Case Management Procedures* [Docket No. 280] (the "Case Management Order").

## BACKGROUND

4. On March 31, 2018 (the "Petition Date"), the Reorganized Debtors filed voluntary petitions for relief in this Court under chapter 11 of the Bankruptcy Code.

5. On April 6, 2018, Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), filed the *Debtors' Application for Entry of An Order Authorizing the Retention and Employment of Akin Gump Strauss Hauer & Feld LLP as Co-Counsel to the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [Docket No. 234].

6. On April 26 and June 28, 2018 [Dockets No. 432 & 860], the Court entered the retention and amended retention orders authorizing the Reorganized Debtors to retain Akin Gump as counsel to the Reorganized Debtors.

7. On October 16, 2019, the Court confirmed the Reorganized Debtors' *Eighth Amended Joint Plan of Reorganization of FirstEnergy Solutions Corp. and its Debtor Affiliates*

[Docket No. 3283] (as amended from time to time, the "Plan"). On February 27, 2020, the Effective Date (as defined in the Plan) occurred.

8. On April 27, 2020, Akin Gump filed its Application. On November 23, 2020, the Court entered the *Order (I) Awarding Interim Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period December 1, 2019 through February 27, 2020 and (II) Setting a Date for a Hearing on Akin Gump Strauss Hauer & Feld LLP's Final Fee Application* [Docket No. 4279] (the "Interim Order"). On November 24, 2020, the Court entered the Application Order.

9. Pursuant to the Interim Order and the Application Order, a further hearing on the Application was set for January 19, 2021, at 10:00 a.m. (the "Final Hearing") and certain professionals were directed to file a verified supplemental declaration in support of the Application by January 8, 2021 (the "Declaration Deadline").

10. On January 7, 2021, the Reorganized Debtors filed an *Emergency Motion to Continue and Hold in Abeyance the Final Hearing and Other Deadlines Related to the Akin Gump Strauss Hauer & Feld LLP* [Doc. # 4291].

11. On January 22, 20221, after holding a hearing, the Court entered the *Order Continuing and Holding in Abeyance the Final Hearing and Other Deadlines Related to the Akin Gump Stauss Hauer & Feld Final Fee Application* [Doc. # 4301], setting the new Declaration Deadline to July 2, 2021 and the Final Hearing to July 13, 2021 at 10:00 a.m. EST, without prejudice to any party's right to seek a further extension of these deadlines.

## RELIEF REQUESTED AND BASIS FOR RELIEF

12. The Reorganized Debtors seek to continue and hold in abeyance the Final Hearing and the Declaration Deadline for another three months.

13. Pursuant to Rule 9006 of the Bankruptcy Rules, "when an act is required . . . to be done at or within a specified period . . . by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request is therefore made before the expiration of the period originally prescribed[.]" Fed. R. Bankr. P. 9006(b)(1). Further, as set forth in the Case Management Order, "[n]othing in this [order] shall be deemed to prejudice any party-in-interest's right to seek other shortening or lengthening of any periods in these Cases." CMO ¶ D(iv).

14. As set forth in the prior motion to continue and at the hearing, the Reorganized Debtors believe that it is in the best interest of the estates to continue the Hearing and the Declaration Deadline and hold both in abeyance. The Reorganized Debtors are continuing to cooperate in the grand jury investigation as previously discussed on the record and believe that they need an additional three months before filing the declarations or having a final hearing on the Application.

15. Akin Gump has informed the Reorganized Debtors that it has no objection to the Reorganized Debtors' request to delay the Court's consideration of the Application.

16. In light of the foregoing, the Reorganized Debtors submit that good cause exists to grant the Motion.

WHEREFORE, the Reorganized Debtors respectfully request that the Court enter the proposed order, substantially in the form attached hereto as **Exhibit A**.

<u>Dated</u>: June 23, 2021　　　　　　　　　　　　　　Respectfully submitted,

*/s/ Bridget A. Franklin*
**BROUSE MCDOWELL LPA**
Marc B. Merklin (0018195)
Bridget A. Franklin (0083987)
388 South Main Street, Suite 500
Akron, OH 44311-4407
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
bfranklin@brouse.com

*Counsel for Reorganized Debtors*